R. Joseph Trojan  CA Bar No. 137,067
trojan@trojanlawoffices.com
TROJAN LAW OFFICES
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA  90212
Telephone:   310-777-8399
Facsimile:    310-777-8348

Attorneys for Plaintiffs
Passages Silver Strand, LLC and
Grasshopper House, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Grasshopper House, LLC**, a California limited liability company doing business as Passages Malibu, **Passages Silver Strand, LLC**, a California limited liability company,<br><br>Plaintiffs,<br>vs.<br><br>**Accelerated Recovery Centers, LLC**, a Georgia limited liability company,<br><br>Defendant. | CASE NO. CV 09-08128 DMG (PLAx)<br><br>**PLAINTIFF'S MEMORANDUM AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(B)(1) AND 12(B)(6)**<br><br>Hon. Dolly M. Gee<br>Courtroom 7<br>Hearing: March 1, 2010; 9:30 a.m. |

-1-

Pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(1) and 12(b)(6), Plaintiffs Grasshopper House, LLC ("Grasshopper House") and Passages Silver Strand, LLC ("Passages") (collectively "Plaintiffs" or "Counter-Defendants") hereby move to dismiss Counterclaim Counts 3 and 4 of the Answer and Counterclaims filed by Defendant Accelerated Recovery Centers, LLC (hereinafter "Defendant" or "Accelerated"). Specifically, Accelerated has failed to allege any particular damage to Accelerated and has failed to sufficiently allege standing to sue. Accordingly, for the reasons stated herein, Counter-Defendants respectfully request that Counterclaim Counts 3 and 4 of Accelerated's Answer and Counterclaims be dismissed.

## ARGUMENT

### I. With Regards to Counter-Defendants' Online Advertising Activities, Accelerated Lacks Standing to Assert Its Counterclaim Count 3.

Under the Lanham Act, in order to sue for unfair competition as a result of false advertising, Accelerated must show: (1) a commercial injury based upon a misrepresentation about a product; and (2) that the injury is "competitive," or harmful to the Accelerated's ability to compete with Counter-Defendants; and (3) the misrepresentation implicates some purpose of the Lanham Act regarding the use of trademarks. *See Kournikova v. General Media Communications Inc.*, 278 F.Supp.2d 1111, 1117 (C.D.Cal.2003); *see also New.Net, Inc. v. Lavasoft*, 356 F.Supp.2d 1090, 1116 (C.D.Cal.2004).

The alleged false advertisements at issue do not disparage Accelerated's products or services, nor do the alleged false advertisements tout Counter-Defendants' products or services. Accelerated does not claim that any customers were diverted by the online advertisement activities or that the online advertising have a tendency to deceive. In fact, with regards to the online advertisement

-2-

activities, Accelerated does not claim any injury at all, nor does Accelerated claim even a likelihood of harm. Therefore, Accelerated lacks standing to assert its Counterclaim Count 3 with respect to the online advertisement activities. Because Counterclaim Count 3 fails to allege facts sufficient to support Accelerated's standing to sue, it should be dismissed for lack of jurisdiction and for failure to state a claim on which relief can be granted. *See* Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## II. With Regards to Counter-Defendants' Claims of Curing Addiction, Accelerated Lacks Standing to Assert Its Counterclaim Count 3.

As noted in Section I, *supra.*, under the Lanham Act, in order to sue for unfair competition as a result of false advertising, Accelerated must show that the misrepresentation implicates some purpose of the Lanham Act regarding the use of trademarks. *See Kournikova*, 278 F.Supp.2d at 1117; *see also New.Net, Inc.*, 356 F.Supp.2d at 1116.

In pleading Counterclaim Count 3, Accelerated makes no attempt at connecting Counter-Defendants' claims of curing addiction to any purpose of the Lanham Act. Simply construing Counter-Defendants' statements as false misrepresentations does not entitle Accelerated to a claim under the Lanham Act. Accelerated must show that the injury caused to Accelerated is of a type the Lanham Act seeks to redress. Because Counterclaim Count 3 fails to allege facts sufficient to support Accelerated's standing to sue, it should be dismissed for lack of jurisdiction and for failure to state a claim on which relief can be granted. *See* Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## III. Accelerated Lacks Standing to Assert Its California Unfair Competition Counterclaim Count 4

Accelerated's Counterclaim Count 4 under California Business and Professions Code Section 17200 et al. fails for lack of standing. In November 2004, California passed Proposition 64 to limit standing under California Business and Professions Code Sections 17200 and 17500 to individuals that have suffered "injury in fact and lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code §§ 17204, 17535; *Californians for Disability Rights v. Mervyn's, LLC*, 39 Cal. 4th 223, 228-29 (2006). Here, Accelerated lacks standing for two reasons. First, Accelerated has not "lost money or property" as interpreted by the courts. Second, Accelerated has failed to show that any "injury in fact" or "lost money or property" occurred "*as a result*" of Counter-Defendants' actions, which requires actual reliance under a recent California Supreme Court decision.

### A. Accelerated Fails to Allege "Lost Money or Property" to Satisfy Standing

The "lost money or property" requirement for standing under Section 17200 is satisfied only by losses of money or property that are eligible for restitution. *See Citizens of Humanity, LLC v. Costco Wholesale Corp.*, 171 Cal. App. 4th 1, 22 (2009) citing *Buckland v. Threshold Enters.*, 155 Cal. App. 4th 798, 818 (2007). Restitution covers "the return of money or property that was once in the possession of that person … [and] money or property in which he or she has a vested interest." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1149-50 (2003); *Walker v. USAA Casualty Ins. Co.*, 474 F. Supp. 2d 1168, 1172 (E.D. Ca. 2007) (To sufficiently allege lost money or property, "a plaintiff must have either prior possession or a vested legal interest in the money or property lost."). Thus, Accelerated must allege losses for which it could obtain restitution from money or property obtained *by* Counter-Defendants *from* Accelerated. *Id.* ("[T]he question of what constituted 'lost money or property' for purposes of the UCL" should "be interpreted in accordance with the construction already given to the 'lost money or

-4-

property' required to seek restitution under section 17203 [the remedies provision]."); *Buckland*, 155 Cal. App. 4th 798, 818 (2007) ("Because remedies for individuals under the UCL are restricted to injunctive relief and restitution, the import of the requirement is to limit standing to individuals who suffer losses of money or property that are eligible for restitution.").

Accelerated has not and cannot allege facts to satisfy the "lost money or property" standing requirement of Section 17200, as Accelerated is not seeking return of money or property from Counter-Defendants that was once in its possession. *See Korea Supply Co.*, 29 Cal. 4th 1134, 1149-50 (2003). Accelerated does not allege that Counter-Defendants are currently in possession of any money or property that Accelerated had an ownership interest. Accelerated further fails to allege any actual money or property it has lost beyond a mere hope for potential profits from third party consumers. The California Supreme Court has explicitly held that "contingent expectancy of payment from a third party" does not constitute lost money or property under Section 17200 because the expectancy is too speculative. *Id.* at 1150. Accelerated therefore fails to allege "lost money or property" sufficient to support its standing to sue, and its Counterclaim Count 4 under Section 17200 should be dismissed.

### B. Accelerated Fails to Allege Reliance to Satisfy Standing

Under California Business and Professions Code, Accelerated must "plead and prove *actual reliance*" to satisfy the requirement that its injury occurred "as a result of" Counter-Defendants' actions. *In re Tobacco II Cases*, 46 Cal. 4th 298, 328 (2009) (emphasis added); s*ee also Medina v. Safe-Guar Prods.*, 164 Cal. App. 4th 105, 115 (2008) ("[T]he 'as a result' language imports a reliance or causation element into Business and Professions Code section 17204.").

Accelerated does not allege that it relied on any of Counter-Defendants' statements or actions. Instead, Accelerated alleges that Counter-Defendants'

-5-

alleged unfair actions are made "in an attempt to mislead the public, customers, and potential customers." *See* Answer and Counterclaims ¶ 20. Accelerated therefore fails to allege actual reliance required to meet Section 17200 standing requirements. *See Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181, 1194 (S.D. Cal. 2005) ("Because plaintiffs fail to allege they actually relied on false or misleading advertisements, they fail to adequately allege causation as required by Proposition 64. Thus, … Plaintiffs lack standing to bring their [unfair competition] and [false advertising] claims.").

Accordingly, Accelerated's Counterclaim Count 4 must be dismissed because it presents the incurable defect of lack of standing.

## CONCLUSION

For reasons set forth above, Counter-Defendants respectfully move the Court to dismiss Counterclaim Counts 3 and 4 with prejudice.

Respectfully submitted,
TROJAN LAW OFFICES
by

Dated: January 29, 2010    /s/ R. Joseph Trojan
R. Joseph Trojan

Attorneys for Plaintiffs
Passages Silver Strand, LLC and
Grasshopper House, LLC.