

R. Joseph Trojan  CA Bar No. 137,067
trojan@trojanlawoffices.com
TROJAN LAW OFFICES
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA  90212
Telephone:   310-777-8399
Facsimile:   310-777-8348

Attorneys for Plaintiffs/Counterdefendants
Passages Silver Strand, LLC and
Grasshopper House, LLC
and Counterdefendants
Chris Prentiss and Pax Prentiss

James E. Doroshow (SBN 112920)
jdoroshow@foxrothschild.com
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Tel 310.598.4150 / Fax 310.556.9828

Attorneys for Defendant/Counterclaimant
Accelerated Recovery Centers, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **Grasshopper House, LLC**, a California limited liability company doing business as Passages Malibu, **Passages Silver Strand, LLC**, a California limited liability company,<br><br>            Plaintiffs,<br>     vs.<br><br>**Accelerated Recovery Centers, LLC**, a Georgia limited liability company, | CASE NO. CV-09-08128 DMG (PLAx)<br><br>**[PROPOSED] JOINT RULE 26(f) CONFERENCE REPORT** |

-1-

|   |   |
|---|---|
| 1 | Defendant. |
| 2 | **Accelerated Recovery Centers, LLC**, |
| 3 |   |
| 4 | Counterclaimant, |
| 5 |   |
| 6 | v. |
| 7 | **Grasshopper House, LLC**, d/b/a Passages Malibu, **Passages Silver Strand, LLC**, **Chris Prentiss**, and **Pax Prentiss**, |
| 8 |  |
| 9 |  |
| 10 | Counterdefendants |

The parties hereby submit their Joint Rule 26(f) Conference Report pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 26(f) and Local Rule 26-1. The meet and confer pursuant FRCP Rule 26 was conducted on January 25, 2010, and was attended by R. Joseph Trojan, Esq., for Plaintiffs and Counterdefendants Grasshopper House, LLC ("Grasshopper House") and Passages Silver Strand, LLC ("Passages") (collectively "Plaintiffs") and Counterdefendants Chris Prentiss and Pax Prentiss, and James E. Doroshow, Esq. and Joshua M. Hummel, Esq., for Defendant and Counterclaimant Accelerated Recovery Centers, LLC (hereinafter, "Accelerated"). The parties discussed and hereby report the following matters:

## I. BRIEF SYNOPSIS OF THE CASE

On November 5, 2009, Plaintiffs brought an action for damages and injunctive relief against Defendant for alleged trademark infringement, unfair competition, and unjust enrichment. The alleged trademark infringement involves

-2-

trademarks registered as California State Registration numbers 65498, 65499, and 65510 (hereinafter "the asserted Marks").

Accelerated filed an Answer on December 23, 2009, denying liability for Plaintiffs' claims and asserting Affirmative Defenses and Counterclaims against Plaintiffs/Counterdefendants, Grasshopper House and Passages and against additional Counterdefendants, Chris Prentiss and Pax Prentiss. Accelerated asserts claims for declaratory judgment of non-infringement and non-registerability of the Plaintiffs' marks, a claim for unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), and a claim for unfair competition pursuant to Cal. Bus. & Prof. Code § 17200, *et seq*. Counterdefendants Grasshopper House and Passages were served with Accelerated's Counterclaims on December 29, 2009. Pursuant to a stipulated Order entered by the Court on January 20, 2010, Grasshopper House and Passages are due to file a response to Accelerated's Counterclaims on or before January 29, 2010. During the parties' meet and confer on January 25, 2010, counsel for Grasshopper House and Passages indicated that he also represents Counterdefendants Chris Prentiss and Pax Prentiss, and has agreed to accept service of Accelerated's Counterclaims on their behalf. The parties agreed that the deadline for Counterdefendants Chris Prentiss and Pax Prentiss to file a response to Accelerated's Counterclaims is February 18, 2010.

## II. MATTERS TO BE ADDRESSED PURSUANT TO FRCP RULE 26(f)

### A. Rule 26(a) Disclosures

Rule 26(a) disclosures will be made by March 5, 2010. The disclosures will provide names of witnesses and location of documents. The parties do not propose to modify or change the form or requirement for disclosures under Rule 26(a). The parties have not conducted any additional discovery at this time.

-3-

**B.     Subjects for Discovery**

The parties' respective proposed discovery schedules are set forth below.

Plaintiffs anticipate that fact discovery will be needed concerning Defendant's infringement and other alleged actions, extent of damages, and basis of Defendant's affirmative defenses and counterclaims.

Accelerated expects there to be written discovery, and fact and/or expert depositions, related to at least the following subjects:

1. How the asserted Marks are used in commerce and the dates of such use, including the types, dates and duration of any advertising or promotional materials related to the asserted Marks.

2. The geographic scope of any advertising used in connection with the asserted Marks.

3. The target audience of any advertising related to the asserted Marks or of any services offered under the asserted Marks.

4. Consumer recognition of the asserted Marks.

5. Public recognition of the asserted Marks.

6. Whether the asserted Marks have acquired any secondary meaning or distinctiveness.

7. When the asserted Marks were first used in connection with Plaintiffs' services.

8. Ownership and licensing of the asserted Marks and any policing related thereto.

9. Any federal registrations or applications for federal registration related to the asserted Marks.

10. The alleged use and infringement of the asserted Marks by Accelerated.

-4-

11. Instances of actual consumer confusion, the likelihood of consumer confusion, and surveys related thereto, regarding the respective claims of all parties.

12. Plaintiffs' damages, including alleged injuries to Plaintiffs' goodwill and business reputation.

13. Plaintiffs' financial, sales, and marketing/advertising information.

14. Accelerated's affirmative defenses.

15. The Plaintiffs' respective treatment methodologies and procedures, including how the procedures are performed or administered, how these procedures were developed, the effectiveness of these procedures, how long the procedures have been in use and how many patients have been treated thereby.

16. Assertions made by Plaintiffs concerning their respective treatment methodologies and procedures and the veracity of such assertions.

17. Assertions made by Plaintiffs concerning the effectiveness of their respective treatment methodologies and procedures and the veracity of such assertions.

18. Commonly or widely accepted medical beliefs, conclusions or research related to the treatment of drug and/or alcohol addiction.

The parties believe that experts will be required.

**C.   Electronically Stored Information**

Parties shall preserve discoverable electronically stored information. Further, electronically stored information shall be produced in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms as provided in the

-5-

Federal Rules of Civil Procedure. The format produced should be text-searchable if the form the electronically stored information was ordinarily maintained was also text-searchable.

Data should be compiled in native format with metadata preserved. Data may be compiled as TIFF documents as long as metadata is preserved and can be searched across documents. Documents should be produced in text-searchable PDF format whenever possible. No other changes to the limitations placed on discovery are contemplated.

By Accelerated:

Accelerated proposes that each party shall bear the reasonable costs for producing its own documents, and that all hardcopy and electronically stored documents shall be produced in both native format (including any existing Metadata) and as a Single-Page TIFF format with corresponding Concordance/Option load files, with document-level optical-character-recognition ("OCR") searchable text, except that the parties may produce ESI in a format other than a TIFF format when converting a document to a TIFF format is either impossible or not practicable. The parties agree that the load files will include "beginning document" and "ending document" Bates ranges to account for the breaks between documents. The parties shall preserve discoverable electronically stored information, along with metadata.

By Plaintiffs:

Plaintiffs do not use the Concordance/Option software programs and thus will be producing electronic data in PDF format to the extent it is practicable.

**D.     Privileges**

In order to protect the confidentiality of the documents and things produced during this action, the parties request that a protective order be entered by the Court

-6-

pursuant to Federal Rule of Civil Procedure 26(c). The parties will work together to prepare a proposed protective order and will jointly submit the protective order to the Court for approval or resolution of any outstanding issues.

By Accelerated:

Accelerated proposes that documents withheld on the grounds of the attorney-client privilege or work product immunity generated for this litigation after the filing of the original complaint in this litigation need not be included in a privilege log provided for this litigation.

Accelerated also proposes that documents that are produced that contain privileged information or attorney work product shall be immediately returned if the documents appear on their face to have been inadvertently produced, or if the producing party provides notice of the inadvertent production.

By Plaintiffs:

Plaintiffs are in agreement with Accelerated's proposals, except that a post-filing privilege log may be required if Accelerated asserts any opinion of counsel as a defense to willfulness in this action.

**E.  Proposed Modification of the Discovery Rules**

Except as expressly stated herein, the parties propose that no modifications be made in regards to limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rules. The parties respectfully reserve the right to seek leave of Court to amend or deviate from these limits upon agreement or for good cause.

**F.  Bifurcation**

The parties agree that discovery should commence on all subjects concurrently, and that bifurcation of certain issues or phased discovery on particular

subject matters does not appear necessary in this case at this time, except that expert discovery shall commence after the close of fact discovery.

At this time, the parties do not have any other proposals regarding severance, bifurcation or other ordering of proof.

### G.   Other Matters

The parties stipulate to service by e-mail as if mailed by first class U.S. mail. The serving party must send a courtesy copy for documents longer than 100 pages in length total. Dividing documents into multiple e-mails is not permitted.

### III.   PROPOSED DISCOVERY SCHEDULE

The parties propose the following, respective schedules.

| Event | Plaintiff's Proposed Dates | Defendant's Proposed Dates | Court Ordered /Joint Proposed Dates |
|---|---|---|---|
| Answer or Pleading of Individual Third Party Defendants Chris Prentiss and Pax Prentiss | -- | -- | February 18, 2010 |
| Scheduling Conference | -- | -- | February 22, 2010 |
| Initial Disclosures | -- | -- | March 5, 2010 |
| Cutoff to File Motions to | -- | -- | June 16, 2010 |

-8-

| | | | |
|---|---|---|---|
| Amend Pleadings or Add Parties | | | |
| Fact Discovery Cutoff | -- | -- | September 3, 2010 |
| Deadline for Disclosure of Experts | September 10, 2010 | September 17, 2010 | |
| Deadline to Provide Opening Expert Reports by Party Bearing the Burden of Proof | -- | -- | September 17, 2010 |
| Deadline to Provide Rebuttal Expert Disclosures and Reports | -- | -- | October 1, 2010 |
| Expert Discovery Cutoff (Deadline to Complete Expert Depositions) | -- | -- | November 1, 2010 |
| Discovery Motion Cutoff | -- | -- | November 8, 2010 |
| Dispositive Motion Cutoff | -- | -- | November 8, 2010 |

| | | | |
|---|---|---|---|
| Deadline for Filing Opposition to Dispositive Motions | -- | -- | November 22, 2010 |
| Deadline for Filing Reply Briefs for Dispositive Motions | -- | -- | December 6, 2010 |
| Hearing Date for Dispositive Motions | -- | -- | December 13, 2010 (subject to Court availability) |
| • Joint Final Pretrial Statement<br>• Jury Instructions, Voir Dire, Verdict Form<br>• Depo. Designations | -- | -- | January 7, 2011 |
| Pretrial Conference | -- | -- | January 21, 2011 (subject to Court availability) |
| Jury Trial | -- | -- | January 25, 2011 (subject to Court availability) |

## IV. MATTERS TO BE ADDRESSED PURSUANT TO LOCAL RULES

### A. Complex Case

The parties do not believe this is a complex case or that the procedures of the Manual For Complex Litigation should be utilized.

### B. Motion Schedule

Counterdefendants expect that the following motions may be made: motions in limine, and a Rule 12 motion.

Accelerated believes that this case has common issues of fact and law with, and involves some of the same parties and trademarks involved in, other pending actions, and that the cases may be appropriate for consolidation. Therefore, Accelerated may file a motion to consolidate this case with other cases, including but not limited to *Grasshopper House, LLC, et al. v. Central Recovery Treatment, LLC*, U.S.D.C., C. Dist. of Calif., No. 09-cv-9352. In addition, counsel for Plaintiffs has indicated that a judgment involving similar parties and claims has been entered against a third party, Renaissance Malibu Foundation, and that said judgment has been registered in the Central District in California. To the extent that any such judgment is vacated, Accelerated believes that that case may similarly be appropriate for consolidation.

The parties do not know at this time whether they will file motions to (i) add other parties or claims or (ii) amend pleadings. Proposed deadlines to file motions to add parties or amend pleadings are included in the proposed case schedule provided in Section III above.

The parties anticipate that they may each file one or more motions for partial or complete summary judgment. With respect to dispositive motions, the parties

-11-

propose that: (i) the motion and brief in support thereof be filed and served five (5) weeks prior to the hearing date, (ii) the opposition brief be filed and served two (2) weeks after service of the motion and supporting brief, and (iii) reply briefs to be filed and served two (2) weeks after service of the opposition brief.

At this early stage of the litigation, the parties have not identified any other issues that may lend themselves to motions for summary judgment or motions in limine. A dispositive motion cut-off date is included in the proposed case schedule provided in Section III above.

### C.    Settlement and Settlement Mechanism

Settlement discussions have taken place.  However, settlement prospects are unknown at this time.  The parties have stipulated to conducting settlement procedure before a magistrate judge pursuant to Settlement Procedure No. 1 under Local Rule 16.15-4.

### D.    Trial Estimate

Plaintiffs and Accelerated have each requested that their respective claims and counterclaims be tried to a jury.  The parties estimate that the jury trial including counterclaims will last 6 to 8 days, with each side having 3 to 4 days to present their case. Proposed dates for the Final Pretrial Conference and for trial are set forth in the proposed case schedule provided in Section III above.

### E.    Additional Parties

Accelerated does not anticipate new parties or claims at this time unless discovery reveals additional basis for such amendments.

Plaintiff has not yet made a determination of whether to include new parties and claims.

### F.    Expert Witness

The following experts may be required: Internet expert concerning meta tags and search engines, expert concerning survey evidence for likelihood of confusion, and damages experts. The parties' proposal concerning the timing of expert witness disclosures and reports under Fed. R. Civ. P. 26(a)(2) is set forth in the table in the proposed case schedule provided in Section III above.

### G.    Amendment of Pleadings

The parties are not aware of any amendments to the pleadings that are necessary or contemplated at this point. The parties' proposal concerning the deadline for amending the pleadings is set forth in the table in the proposed case schedule provided in Section III above.

### H.    Magistrate Judge

The parties decline to consent to have a magistrate judge preside over all proceedings pursuant to 28 U.S.C. § 636.

//
//
//
//
//
//
//
//
//
//

-13-

Respectfully submitted,

Date: February 1, 2010

| TROJAN LAW OFFICES | FOX ROTHSCHILD LLP |
|---|---|
| by | by |
| /s/ R. Joseph Trojan | /s/ James E. Doroshow |
| R. Joseph Trojan | James E. Doroshow |
| Attorneys for Plaintiffs Passages Silver Strand, LLC and Grasshopper House, LLC. and Counterdefendants Chris Prentiss and Pax Prentiss | Attorneys for Defendant Accelerated Recovery Centers, LLC |

-14-