James E. Doroshow (State Bar No. 112920)
jdoroshow@foxrothschild.com
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Tel 310.598.4150 / Fax 310.556.9828

Phillip F. Shinn (State Bar No. 112051)
pshinn@foxrothschild.com
FOX ROTHSCHILD LLP
235 Pine Street, Suite 1500
San Francisco, CA 94104-2734
Tel 415.364.5540 / Fax 415.391.4436

Attorneys for Defendant/Counterclaimant
ACCELERATED Recovery Centers, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRASSHOPPER HOUSE, LLC, a California limited liability company doing business as Passages Malibu, PASSAGES SILVER STRAND, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>ACCELERATED RECOVERY CENTERS, LLC, a Georgia limited liability company,<br><br>Defendant.<br><br>ACCELERATED RECOVERY CENTERS, LLC,<br><br>Counterclaimant,<br><br>v.<br><br>GRASSHOPPER HOUSE, LLC, d/b/a Passages Malibu, PASSAGES SILVER STRAND, LLC, CHRIS PRENTISS, and PAX PRENTISS,<br><br>Counterdefendants. | Case No. CV 09-08128 DMG (PLAx)<br><br>DEFENDANT / COUNTER-CLAIMANT ACCELERATED RECOVERY CENTER'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS COUNTER-CLAIMS 3 AND 4; DECLARATION OF JAMES E. DOROSHOW IN SUPPORT THEREOF<br><br>Hearing Date: March 1, 2010<br>Time: 9:30 a.m.<br>Courtroom: 7<br>Hon. Dolly M. Gee<br><br>Complaint filed November 5, 2009 |

Def/Counterclaimant's Opposition to Motion to Dismiss Counterclaims   CASE NO:CV 09-08128 DMG (PLAx)
3 and 4; Memorandum of Points and Authorities thereto
SF1 28563v7 02/08/10

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................... 1

II. STATEMENT OF FACTS ............................................................................. 1

III. LEGAL STANDARD FOR MOTION TO DISMISS UNDER 12(b)(6) ........ 2

IV. ARGUMENT .................................................................................................. 3

   A. THE COURT HAS SUBJECT MATTER JURISDICTION ....................... 3

   B. COUNTER-DEFENDANT FAILED TO COMPLY WITH THE LOCAL RULES ........................................................................................................ 3

   C. ACCELERATED HAS STANDING TO ASSERT COUNTER-CLAIM COUNT THREE – FALSE ADVERTISING UNDER THE LANHAM ACT ............................................................................................................ 5

      1. ACCELERATED HAS ADEQUATELY ALLEGED A COMPETITIVE INJURY .................................................................................................. 5

      2. COUNTER-DEFENDANT'S FALSE STATEMENTS ARE ACTIONABLE UNDER THE LANHAM ACT ......................................... 7

   D. ACCELERATED HAS STATED A CLAIM UNDER CALIFORNIA'S UNFAIR COMPETITION LAW – BUS. & PROF. CODE 17200 ET SEQ. .. 8

      1. ACCELERATED HAS ALLEGED AN INJURY IN FACT AND LOSS OF MONEY ................................................................................................ 8

      2. ACCELERATED HAS ADEQUATELY ALLEGED CAUSATION ....... 10

   E. ACCELERATED CONDITIONALLY REQUESTS LEAVE TO AMEND ........................................................................................................................ 13

V. CONCLUSION ............................................................................................... 13

ii

Def/Counterclaimant's Opposition to Motion to Dismiss Counterclaims   CASE NO:CV 09-08128 DMG (PLAx)
3 and 4; Memorandum of Points and Authorities thereto
SF1 28563v7 02/08/10

FOX ROTHSCHILD LLP
235 Pine Street, Suite 1500
San Francisco, CA 94104
Telephone: (415) 364-5540  Facsimile: (415) 391-4436

# TABLE OF AUTHORITIES

**Cases**

*Alkayali v. Geni, Inc.*,
   2007 U.S. Dist. LEXIS 61950 (C.D. Cal. 2007) ................................................................6

*Allen v. City of Beverly Hills*,
   911 F.2d 367 (9th Cir. 1990) ............................................................................................13

*Annunziato v. eMachines, Inc.*,
   402 F. Supp. 2d 1133 (C.D. Cal. 2005) ............................................................................10

*Barrus v. Sylvania*,
   55 F.3d 468 (9th Cir. 1995) ................................................................................................5

*Clegg v. Cult Awareness Network*,
   18 F.3d 752 (9th Cir. 1994) ........................................................................................... 2, 6

*Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*,
   173 F.3d 725 (9th Cir. 1999) ..............................................................................................7

*Conley v. Givson*,
   355 U.S. 41 (1957) .............................................................................................................2

*Doe v. United States*,
   58 F.3d 494 (9th Cir. 1995) ..............................................................................................13

*Gilligan v. Jamco Dev. Corp.*,
   108 F.3d 246 (9th Cir. 1997) ..............................................................................................2

*Hall v. Time, Inc.*,
   158 Cal. App. 4th 847 (Cal. Ct. App. 2008) ......................................................................8

*In Re Tobacco II Cases*,
   46 Cal. 4th 298 (2009) .....................................................................................................11

*Kournikova v. Gen. Media Commc'ns, Inc.*,
   278 F. Supp. 2d 1111 (C.D. Cal. 2003) ....................................................................... 5, 10

*Laster v. T-Mobile USA, Inc.*,
   407 F. Supp. 2d 1181 (S.D. Cal. 2005) ............................................................................12

iii

Def/Counterclaimant's Opposition to Motion to Dismiss Counterclaims     CASE NO:CV 09-08128 DMG (PLAx)
3 and 4; Memorandum of Points and Authorities thereto
SF1 28563v7 02/08/10

*Medina v. Safe-Guar. Products*,
   164 Cal. App. 4th 105, 115 (Cal. Ct. App. 2008).................................................................. 11, 12

*Pareto v. F.D.I.C.*,
   139 F.3d 696 (9th Cir. 1998) ...............................................................................................10

*Schreiber Distributing Co. v. Serv-Well Furniture Co. Inc.*,
   368 F.3d 1053 (9th Cir. 2004) ..............................................................................................13

*Trafficschool.com, Inc. v. Edriver, Inc.*,
   633 F. Supp. 2d 1063 (C.D. Cal. 2008) ..................................................................... 5, 8, 9, 10

*U-Haul Int'l, Inc. v. Jartran, Inc.*,
   681 F.2d 1159 (9th Cir. 1982) ................................................................................................7

*Waits v. Frito-Lay. Inc.*,
   978 F.2d 1093 (9th Cir. 1992) ............................................................................................ 5, 7

**Statutes**

15 U.S.C. § 1114 ..............................................................................................................................1

15 U.S.C. § 1125(a) ............................................................................................................... 1, 2, 5

28 U.S. C. § 2201 ............................................................................................................................3

28 U.S.C. § 1331 .............................................................................................................................3

28 U.S.C. § 1338 .............................................................................................................................3

28 U.S.C. § 1367 .............................................................................................................................3

Business & Professions Code § 17203................................................................................... 1, 12

Business & Professions Code § 17204............................................................................... 1, 8, 12

**Rules**

Fed. R. Civ. P. 12(b)(1).......................................................................................................... 1, 2, 13

Fed. R. Civ. P. 12(b)(6).................................................................................................... 1, 2, 10, 13

Fed. R. Civ. P.15(a).......................................................................................................................13

Local Rule 7-3 ........................................................................................................................... 3, 4

FOX ROTHSCHILD LLP
235 Pine Street, Suite 1500
San Francisco, CA 94104
Telephone: (415) 364-5540  Facsimile (415) 391-4436

## I. INTRODUCTION

Counter-Defendants GRASSHOPPER HOUSE's and PASSAGES SILVER STRAND's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is based upon an erroneous legal standard. At the pleading stage, Counter-Claimant ACCELERATED need not prove its case, but must only plead facts sufficient to state claims for relief. ACCELERATED has alleged facts sufficient to meet the standing requirements under both the Lanham Act, 15 U.S.C. § 1125(a), and under California's Unfair Competition Law (UCL), Business & Professions Code §§ 17203, 17204. Accordingly, the 12(b)(6) motion should be denied.

Counter-Defendants' purported Motion to Dismiss under Fed. R. Civ. P. 12(b)(1), purportedly for lack of subject matter jurisdiction, is not supported by any citation to law or facts in Counter-Defendant's Memorandum of Points and Authorities, and should be denied on its face. As shown below, the motion is devoid of merit because the Court clearly has subject matter jurisdiction over the federal law claims and supplemental jurisdiction over the California UCL claim. The motion should also be summarily denied based upon counsel's failure to comply with this Court's
meet and confer requirements under Local Rule 7-3.

## II. STATEMENT OF FACTS

On November 29, 2009, Plaintiffs/Counter-Defendants GRASSHOPPER HOUSE, LLC and PASSAGES SILVER STRAND, LLC (collectively "Counter-Defendants") filed this action against Defendant/Counter-Claimant, ACCELERATED RECOVERY CENTERS, LLC (hereafter "ACCELERATED") alleging claims for (i) Trademark Infringement (15 U.S.C. § 1114); (ii) Federal Unfair Competition (15 U.S.C. § 1125(a)); (iii) California Unfair Competition (Cal. Bus. & Prof. § 17200 *et seq.*); (iv) Unjust Enrichment; and (v) Injury to Business Reputation.

On December 23, 2009, ACCELERATED filed its Answer and

1
Def/Counterclaimant's Opposition to Motion to Dismiss Counterclaims   CASE NO:CV 09-08128 DMG (PLAx)
3 and 4; Memorandum of Points and Authorities thereto
SF1 28563v7 02/08/10

Counterclaims for (i) Declaratory Judgment of Non-Infringement; (ii) Declaratory Judgment of Non-Registerability of Marks; (iii) Federal Unfair Competition (15 U.S.C. § 1125(a)); and (iv) California Unfair Competition (Calif. Bus. & Prof. Code § 17200 *et seq.*)

On January 29, 2010, Counter-Defendant filed a Notice of Motion and Motion to Dismiss ACCELERATED's federal and state unfair competition counterclaims (Counterclaims 3 and 4) pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Although Counter-Defendants list 12(b)(1) on the caption page of their motion, they make no argument and cite no authority supporting a challenge to subject matter jurisdiction in the body of their motion or supporting memorandum. In fact, they do not even mention it. As we now demonstrate, the motion to dismiss is devoid of merit, and should be summarily denied.

### III.    LEGAL STANDARD FOR MOTION TO DISMISS UNDER 12(B)(6)

A complaint, or in this case a counter-claim, may be dismissed for failure to state a claim for relief if it either: a) lacks a cognizable legal theory; or b) fails to state sufficient fact to state a claim under a cognizable legal theory. *Conley v. Givson*, 355 U.S. 41, 45-46 (1957). In ruling on a motion to dismiss, all allegations of material fact in the counter-claim should be taken as true and construed in the light most favorable to the non-moving party. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994).

A counter-claim should not be dismissed "unless it appears beyond doubt that plaintiff [counter-claimant] can prove no set of facts in support of his claim that would entitle him to relief." *Id.*

Finally, motions to dismiss are generally viewed with disfavor under the liberal federal pleading standard, and are rarely granted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

///

2

Def/Counterclaimant's Opposition to Motion to Dismiss Counterclaims    CASE NO:CV 09-08128 DMG (PLAx)
3 and 4; Memorandum of Points and Authorities thereto
SF1 28563v7 02/08/10

FOX ROTHSCHILD LLP
235 Pine Street, Suite 1500
San Francisco, CA 94104
Telephone: (415) 364-5540  Facsimile: (415) 391-4436

## IV. ARGUMENT

### A. THE COURT HAS SUBJECT MATTER JURISDICTION OVER ALL COUNTERCLAIMS

This Court clearly has federal question subject matter jurisdiction over all of ACCELERATED's Counter-Claims under 28 U.S.C. §§ 1331 and 1338. The trademark and unfair competition claims arise under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, and the Lanham Act. As to the California Business & Profession Code § 17200 *et seq.* claims, the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. The state claim arises from the same set of facts and circumstances as the federal claims, and therefore clearly constitutes a "related claims" within the meaning of section 1367. *See***,** Counterclaims at ¶¶ 1, 6-25, 37-56.) Moreover, since Counter-Defendants offer no explanation as to why or how they are challenging the jurisdiction of this Court, there is obviously no support for this "argument" even if it had been made.

### B. COUNTER-DEFENDANTS HAVE FAILED TO COMPLY WITH THE LOCAL RULES OF THIS COURT PRIOR TO FILING THE MOTION

Local Rule 7-3 requires "counsel contemplating the filing of any motion [to] contact opposing counsel to discuss, thoroughly, *preferably in person*, the substance of the contemplated motion and any potential resolution." L.R. 7-3 (emphasis in original). For motions under Rule 12(b), the "conference shall take place at least five (5) days prior to the last day for filing the motion." *Id.* Indeed, this Court's procedures unequivocally state that counsel shall comply with Local Rule 7-3 before filing a motion.

Here, however, Counter-Defendants have blatantly ignored the Local Rules and this Court procedure. This is evident from their own moving papers. In fact, in their Notice of Motion, Counter-Defendants state as follows:

3

Def/Counterclaimant's Opposition to Motion to Dismiss Counterclaims   CASE NO:CV 09-08128 DMG (PLAx)
3 and 4; Memorandum of Points and Authorities thereto
SF1 28563v7 02/08/10

FOX ROTHSCHILD LLP
235 Pine Street, Suite 1500
San Francisco, CA 94104
Telephone: (415) 364-5540   Facsimile: (415) 391-4436

> *On January 25, 2010*, Counter-Defendants advised ACCELERATED that Counter-Defendants *might* file a Rule 12 motion. On January 29, 2010, Counter-Defendants then elaborated their basis for bringing the motion. That same day, ACCELERATED advised Counter-Defendants that they would oppose the motion.

(D.I. 18, Plaintiff's Notice of Motion and Motion to Dismiss Counterclaims 3 and 4 Pursuant to FRCP 12(b)(1) and 12(b)(6) at 1; emphasis supplied).

ACCELERATED filed its Answer and Counterclaims on December 23, 2009. Counter-Defendants had more than a month since the filing of the Counterclaims to schedule a conference pursuant to the Court's Local Rules. Instead, in clear violation of Local Rule 7-3's requirement that they confer at least five days prior to the last day for filing the motion, Counter-Defendants waited until only *four days* prior to filing their motion to first notify ACCELERATED that Counter-Defendants *might* file a motion. At that time, counsel did not explain the basis or grounds for his motion; and as a result, the parties did not and could not discuss any substantive issues concerning the hypothetical motion (much less "thoroughly" as the rule plainly requires). In fact, it was not until the morning of the *day the motion was due* that counsel notified ACCELERATED by email that Counter-Defendants had actually decided to file a motion. As a result, ACCELERATED was unable to discuss the substance of the motion on such short notice and advised Counter-Defendant that ACCELERATED would therefore necessarily oppose any such motion. See accompanying Doroshow Declaration. Accordingly, this motion should be denied in its entirety without even reaching or considering the merits of the motion because Counter-Defendants clearly fail to comply with Local Rule 7-3 and this Court's meet and confer requirements.

### C. ACCELERATED HAS STANDING TO ASSERT COUNTER-CLAIM COUNT THREE – FALSE ADVERTISING UNDER THE LANHAM ACT

#### 1. <u>ACCELERATED Has Adequately Alleged a Competitive Injury</u>

To establish standing for a false advertisement claim under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a)(1)(B), a plaintiff must show "commercial injury based upon a misrepresentation about a product or service, and also that the injury was 'competitive,' i.e., harmful to the plaintiff's ability to compete with the defendant." *Trafficschool.com, Inc. v. Edriver, Inc.*, 633 F. Supp. 2d 1063, 1070 (C.D. Cal. 2008) (quoting *Barrus v. Sylvania*, 55 F.3d 468, 470 (9th Cir. 1995)(citations omitted)). The parties must be competitors in the sense that they "vie for the same dollars from the same consumer group," and the alleged misrepresentation must at least theoretically effect a diversion of business from the plaintiff to the defendant. *Kournikova v. Gen. Media Commc'ns, Inc.*, 278 F. Supp. 2d 1111, 1117-18 (C.D. Cal. 2003).

In sum, "if one participant in the marketplace makes false statements that could theoretically draw consumers away from similar offerings of other participants in the same marketplace, and those false statements implicate the purposes of the Lanham Act (such as protection of trademarks or *prevention of unfair competition*), then those other participants have standing to bring suit under the Lanham Act for unfair competition in the form of false advertising." *Id.* (summarizing *Waits v. Frito-Lay. Inc.*, 978 F.2d 1093, 1109 (9th Cir. 1992)) (emphasis added).

Here, ACCELERATED has more than established standing under Section 43(a) of the Lanham Act because its Counterclaims contain sufficient allegations that Counter-Defendant's false statements about Counter-Defendant's services resulted in a competitive injury to ACCELERATED. *See, e.g., Alkayali v. Geni,*

FOX ROTHSCHILD LLP
235 Pine Street, Suite 1500
San Francisco, CA 94104
Telephone: (415) 364-5540  Facsimile: (415) 391-4436

5
Def/Counterclaimant's Opposition to Motion to Dismiss Counterclaims   CASE NO:CV 09-08128 DMG (PLAx)
3 and 4; Memorandum of Points and Authorities thereto
SF1 28563v7 02/08/10

*Inc.*, 2007 U.S. Dist. LEXIS 61950 (C.D. Cal. 2007) at *6 (denying a motion to dismiss for failure to state a counterclaim under section 43(a) of the Lanham Act for false advertising and description, where the counterclaim alleged that, as a result of its competitor's wrongful conduct, the counter-claimant had suffered damages, including lost customers and goodwill). Specifically, in its Counterclaims, ACCELERATED alleges:

> 3.   [Like Counter-Defendants] Accelerated offers rehabilitation services related to alcohol addiction.
>
> 21.   Counter-defendants … have made and are continuing to make false and misleading statements of material fact in their attempt to promote their addiction treatment facilities and related services.
>
> 22.   Counter-defendants have, individually and collectively, caused to be released commercial advertisements, statements or both claiming to be able to "cure" drug, alcohol and other forms of addiction; despite the fact Counter-defendants fully know and understand that there is no permanent "cure" for addictive disease.
>
> 23.   Attached … [is] what, upon and information and belief, is believed to be a transcript of an informational commercial advertisement ("infomercial") promoting the services offered by Plaintiffs in which Chris Prentiss, speaking on behalf of himself and other Counter-defendants, falsely claims that, "We learned how to cure addiction and alcoholism."
>
> 25.   As a competitor, Accelerated has been and will continue to be damaged by such false and misleading statements of fact as they improperly divert consumers away from Accelerated's rehabilitation services.
>
> 49.   Accelerated has suffered, and is suffering, irreparable harm to its business as a result of such unfair trade practices for which Accelerated has no adequate remedy at law.

(See Counterclaims at ¶¶ 3, 21, 22, 23, 25, 49).

Accordingly, ACCELERATED's Counterclaims clearly contain allegations that, when taken as true and considered in the light most favorable to ACCELERATED, are more than sufficient to support a claim for false advertisement under Section 43(a) of the Lanham Act. *See Clegg*, 18 F.3d at 754.

///

///

///

6
Def/Counterclaimant's Opposition to Motion to Dismiss Counterclaims    CASE NO:CV 09-08128 DMG (PLAx)
3 and 4; Memorandum of Points and Authorities thereto
SF1 28563v7 02/08/10

### 2. Counter-Defendants' False Statements Are Actionable Under the Lanham Act

Counter-Defendants do not dispute that their false statements concerning curing addiction caused competitive injury to ACCELERATED, but only argue that ACCELERATED has purportedly failed to establish standing because it has allegedly failed to show that these false statements implicate some purpose of the Lanham Act *regarding the use of trademarks*. This reading of the Lanham Act is overly narrow and contrary to the well-settled law of this Circuit. The Ninth Circuit has recognized that "its drafters wrote the purposes of the Lanham Act, two of which are relevant here, into the statute itself: to make 'actionable the deceptive and misleading use of marks in ... commerce' and 'to protect persons engaged in ... commerce against unfair competition.'" *Waits*, 978 F.2d at 1108. Accordingly, "claims of false representations in advertising are actionable under section 43(a) when brought by competitors of the wrongdoer, *even though they do not involve misuse of a trademark*." *Waits*, 978 F.2d at 1109 (emphasis added); see also *U-Haul Int'l, Inc. v. Jartran, Inc.*, 681 F.2d 1159, 1160-61 (9th Cir. 1982).

As alleged, Counter-Defendants' false statements about their own services put ACCELERATED at an unfair commercial disadvantage unrelated to the merits of ACCELERATED's services. As a result, as also alleged, consumers were improperly diverted to Counter-Defendants and away from ACCELERATED. Accordingly, contrary to Counter-Defendants' makeshift arguments, their false statements are clearly actionable under Section 43(a) of the Lanham Act because the false statements have caused and continue to cause ACCELERATED the exact type of injury the Lanham Act seeks to redress. *See Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 735 (9th Cir. 1999) ("In this case, there is no question that the injury to [Plaintiff] was competitive; [Defendant's officer] sought by his statements to divert business from [Plaintiff] to [Defendant]. The injury is the type that section 43(a) of the Lanham Act was intended to remedy.").

7
Def/Counterclaimant's Opposition to Motion to Dismiss Counterclaims   CASE NO:CV 09-08128 DMG (PLAx)
3 and 4; Memorandum of Points and Authorities thereto
SF1 28563v7 02/08/10

1  For these reasons, Count Three of ACCELERATED's Counterclaims clearly
2  alleges facts sufficient to support a claim under the Lanham Act and Counter-
3  Defendants' motion should therefore be denied.

### D. ACCELERATED HAS STATED A CLAIM UNDER CALIFORNIA'S UNFAIR COMPETITION LAW – BUS. & PROF. CODE 17200 ET SEQ.

#### 1. ACCELERATED Has Alleged Injury in Fact and Loss of Money

Since the November 2, 2004 passage of California's Proposition 64, a private party has standing to assert a claim under the Unfair Competition Law (Bus. & Prof. Code 17200 *et seq.)* if he or she (1) "has suffered injury in fact," and (2) "has lost money or property as a result of the unfair competition." Calif. Bus. & Prof. Code § 17204.

In *Hall v. Time, Inc.*, 158 Cal. App. 4th 847 (Cal. Ct. App. 2008)*,* the California Court of Appeal considered what constitutes "injury in fact" or "loss of money" as a result of unfair competition. In that case, the Court surveyed three categories of cases in which it was found that a plaintiff had suffered an injury in fact for purposes of standing under the California UCL. Those categories included cases where the plaintiff has: (1) expended money due to the defendant's acts of unfair competition; (2) lost money or property; or (3) been denied money to which her or she has a cognizable claim. *Id.* at 854. The plaintiff must also prove that the defendant's actions caused the injury *Id.* at 855-57. *See Trafficschool.com*, 633 F. Supp. 2d at 1073.

In *Trafficschool*, the Central District of California published its Findings of Fact and Conclusions of Law *after a court trial*. The case involved both federal and California UCL claims under the same statutes at issue here: i.e., Calif. Bus. & Prof. Code, Section 17200 *et seq.* and 15 U.S.C. § 1125(a). *Trafficschool*, 633 F. Supp. 2d at 1069, 1070. The facts in *Trafficschool* also included claims of false or

FOX ROTHSCHILD LLP
235 Pine Street, Suite 1500
San Francisco, CA 94104
Telephone: (415) 364-5540  Facsimile: (415) 391-4436

8
Def/Counterclaimant's Opposition to Motion to Dismiss Counterclaims    CASE NO:CV 09-08128 DMG (PLAx)
3 and 4; Memorandum of Points and Authorities thereto
SF1 28563v7 02/08/10

misleading internet advertising. The plaintiff and defendant were competitors in the market for driver's education and training schools. The plaintiff claimed that the defendant's website, www.dmv.org, falsely portrayed the defendant as an official government motor vehicle agency, thereby injuring plaintiff's business by diverting potential customers away from plaintiff. *Id.* at 1071-72.

Although the District Court found that the plaintiff had failed to offer sufficient admissible evidence at trial to establish actual injury and loss of money, that ruling was based upon a failure of proof *at trial* by that particular plaintiff. *Id.* at 1073-74. The fact that the *Trafficschool* case even went to trial demonstrates that facts sufficient to demonstrate standing had been sufficiently pled.

In the present case, the parties are only at the pleadings stage. Moreover, ACCELERATED's Counterclaims contain allegations that, when taken as true and considered in the light most favorable to ACCELERATED (*see Clegg*, 18 F.3d at 754), clearly plead actual injury and loss of money. Thus, in its Counter-Claims, ACCELERATED alleges:

> 25. As a competitor, Accelerated has been and will continue to be damaged by such false and misleading statements of fact as they improperly divert consumers away from Accelerated's rehabilitation services.
>
> …
>
> 53. These untrue and misleading statements made by or at the behest of Counter-Defendants constitute unfair competition that, unless restrained, has and will continue to damage Accelerated and others.
>
> …
>
> 55. Accelerated has suffered, and is continuing to suffer, irreparable harm to its business as a result of such unfair competition for which Accelerated has no adequate remedy at law.

(*See*, Counterclaims at ¶¶ 25, 53, 55.)

As stated in Section C, above, "if one participant in the marketplace makes false statements that could theoretically draw consumers away from similar offerings of other participants in the same marketplace, and those false statements implicate the purposes of the Lanham Act (such as protection of trademarks or

9

FOX ROTHSCHILD LLP
235 Pine Street, Suite 1500
San Francisco, CA 94104
Telephone: (415) 364-5540   Facsimile: (415) 391-4436

prevention of unfair competition), then those other participants have standing to bring suit under the Lanham Act for unfair competition in the form of false advertising." *Kournikova*, 278 F. Supp. 2d at 1117-18.

*At the pleadings stage*, a similar analysis should apply in considering whether facts have been sufficiently pled to meet the standing requirement under California's Business & Professions Code § 17200 *et seq*. The alleged use of false advertising to divert customers away from a competing business should be deemed sufficient to constitute actual injury and loss of money.

Clearly, if ACCELERATED's customers are diverted away by Counter-Defendant's false advertising, ACCELERATED has suffered a loss of money. Under Fed. R. Civ. P.12(b)(6), the Court must accept as true all reasonable inferences to be drawn from the material allegations in the Counterclaims. *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). Here, there are more than adequate allegations to show standing to bring a state law unfair competition claim.

2.  <u>ACCELERATED Has Adequately Alleged Causation</u>

Counter-Defendants misstate the causation requirement of California's UCL by characterizing it as a "reliance" requirement. Properly stated, "To have standing, a plaintiff must prove that the defendant's actions *caused* the injury." *Trafficschool*, 633 F. Supp. 2d at 1073 (emphasis added). In the context of a claim of false advertising by a competitor, the causation requirement for standing need not be limited to reliance. In fact, Courts in the Central District have previously declined to impose a reliance requirement in a California UCL claim. *See Annunziato v. eMachines, Inc.*, 402 F. Supp. 2d 1133, 1139 (C.D. Cal. 2005)("…the Court declines to read a reliance requirement into the 'as a result of' language in either Section 17200 or Section 17500").

Here, ACCELERATED's Counterclaims alleges that Counter-Defendants caused injury:

- "Accelerated has been…*damaged by* such false and misleading statements";

- "Accelerated has suffered…*as a result of* such unfair trade practices";
- "These false and misleading statements…will *continue to damage* Accelerated; and
- "Accelerated has suffered…as a result of such unfair competition."

(*See*, Counterclaims at ¶¶ 25, 49, 53, 55.)

The causation requirement in Business & Professions Code § 17204 is couched in terms that are mirrored in Paragraphs 49 and 55 of ACCELERATED's Counterclaims. Section 17204 of the UCL provides: "…who has suffered injury in fact and has lost money or property *as a result* of the unfair competition." (emphasis added).

The cases relied upon by Counter-Defendant to impose a "reliance" requirement are easily distinguishable. *In Re Tobacco II Cases*, 46 Cal. 4th 298, cited by Counter-Defendants at p.5 of their motion, was a consumer class action, alleging deceptive and misleading advertising by tobacco companies. In finding that the plaintiff class members were required to show reliance upon the defendant tobacco companies' advertisements, the California Supreme Court specifically *limited its holding to consumer fraud cases*. In footnote 17, the Court wrote:

> N. 17   We emphasize that our discussion of causation in this case is limited to such cases where, as here, a UCL action is based on a fraud theory involving false advertising and misrepresentations to consumers. The UCL defines "unfair competition" as "includ[ing] any unlawful, unfair or fraudulent business act or practice ... ." (§ 17200) **There are doubtless many types of unfair business practices in which the concept of reliance, as discussed here, has no application.** (emphasis added)

*In Re Tobacco II Cases*, 46 Cal.4th at 326 n. 17.

In a consumer fraud case against a deceptive advertiser, it stood to reason that the consumer's detrimental reliance was essential to meeting the causation requirement of section 17204. That is not the case in an action between competitors, where injury can and does result to the plaintiff competitor even if it does not itself rely upon the defendant's misleading or deceptive advertisement.

Counter-Defendants' reliance upon *Medina v. Safe-Guar. Products*, 164 Cal. App. 4th 105, 115 (Cal. Ct. App. 2008),   is also misplaced. *Medina* was another

11

Def/Counterclaimant's Opposition to Motion to Dismiss Counterclaims   CASE NO:CV 09-08128 DMG (PLAx)
3 and 4; Memorandum of Points and Authorities thereto
SF1 28563v7 02/08/10

consumer case against a vehicle services contract company that had improperly done business without an insurance license. *Id.* It was not an action between business competitors. Based on the facts of *Medina*, the Court of Appeal found that the plaintiff had failed to allege that he had suffered any injury as a result of the defendant's failure to obtain an insurance license. *Id.* at 114.

Citing *Hall*, the Court also acknowledged that the clause "as a result of" in Business & Professions Code § 17204, referred to either reliance *or* causation:

> This court in *Hall* also stated that even if there was injury in fact by virtue of payment for the book, the "as a result" language imports a *reliance or causation* element into Business and Professions Code section 17204.

*Medina*, 164 Cal. App.4th at 115.

The final case cited by Counter-Defendants, *Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181 (S.D. Cal. 2005), is also a consumer class action, alleging deceptive advertising by a cell-phone company that offered free cell phones but charged its customers with sales tax on the full retail value of the phones. *Laster*, 407 F. Supp.2d at 1183. The court held that the class representative plaintiffs had failed to meet the causation requirement of section 17203 because they had failed to allege that they had seen, read or relied upon the allegedly deceptive advertising, and had thus failed to meet the *causation* requirement. *Id.* at 1194. Reliance is not universally required to establish causation in all California UCL cases.

Nothing in the *Laster* court's decision suggests that reliance is the sole means by which any and all plaintiffs must allege injury "as a result of" a defendant's deceptive advertising, or that reliance upon the deceptive advertising is a necessary element of a section 17204 claim by one business competitor against another. The requisite element is *causation*, and detrimental reliance happens to be the means by which *consumers* alleging false advertising under section 17203 can meet the causation element. It does not so limit false advertising claims between competitors.

///

12

Def/Counterclaimant's Opposition to Motion to Dismiss Counterclaims   CASE NO:CV 09-08128 DMG (PLAx)
3 and 4; Memorandum of Points and Authorities thereto
SF1 28563v7 02/08/10

### E. ACCELERATED CONDITIONALLY REQUESTS LEAVE TO AMEND

In the unlikely event the Court finds that Counts 3 and 4 of the Counterclaims fail to state a claim for relief, ACCELERATED hereby requests leave to amend its Counterclaims. Fed. R. Civ. P.15(a) provides that leave to amend "shall be freely given when justice so requires." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Leave to amend should be granted even if the plaintiff [or in this case the Counter-claimant] fails to request leave to amend, unless it is clear that the complaint cannot be cured by the allegation of different facts. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

Leave to amend should only be denied if the court determines that "allegation(s) of other facts consistent with the challenged pleadings could not possibly cure the deficiency." *Schreiber Distributing Co. v. Serv-Well Furniture Co. Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004).

While ACCELERATED maintains that its present Counterclaims do adequately allege both federal and California UCL claims, if the claims are deemed insufficient ACCELERATED seek leave to amend to cure any deficiency.

### V. CONCLUSION

For the foregoing reason, ACCELERATED respectfully asks the Court to deny Counter-Defendants' Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) motions.

DATED: February 8, 2010

Respectfully submitted,

FOX ROTHSCHILD LLP

By: \_\_\_\_\_/s/ Phillip F. Shinn\_\_\_\_\_
James E. Doroshow
Phillip F. Shinn

Attorneys for Defendant/Counterclaimant
ACCELERATED Recovery Centers, LLC

13