R. Joseph Trojan  CA Bar No. 137,067
trojan@trojanlawoffices.com
TROJAN LAW OFFICES
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA  90212
Telephone:   310-777-8399
Facsimile:    310-777-8348

Attorneys for Plaintiffs
Passages Silver Strand, LLC and
Grasshopper House, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Grasshopper House, LLC**, a California limited liability company doing business as Passages Malibu, **Passages Silver Strand, LLC**, a California limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>**Accelerated Recovery Centers, LLC**, a Georgia limited liability company,<br><br>Defendant. | CASE NO. CV 09-08128 DMG (PLAx)<br><br>**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS PURSUANT TO FRCP 12(B)(1) AND 12(B)(6)**<br><br>Hon. Dolly M. Gee<br>Courtroom 7<br>Hearing: March 1, 2010; 9:30 a.m. |

-1-

Plaintiffs/Counter-Defendants Grasshopper House, LLC and Passages Silver Strand, LLC (collectively "Grasshopper") hereby respectfully submit this Reply to Defendant/Counterclaimant Accelerated Recovery Centers, LLC (hereinafter "Accelerated")'s Opposition to Grasshopper's Motion to Dismiss Counterclaim Counts 3 and 4 in this action.

## ARGUMENT

### I.   Accelerated Overstates a Non-actionable Claim Under the Lanham Act

Underlying Accelerated's Counterclaim Count 3 for Federal Unfair Competition are allegations of (1) false and misleading online advertising activities, and (2) false and misleading claims of "curing" addiction. *See* Accelerated's Answer and Counterclaims at ¶¶ 18-24. Both allegations are not actionable for the following reasons.

First, regarding Grasshopper's allege false online advertising activities, Accelerated claims that Grasshopper uses or has improperly used thirty-seven (37) trademarks or trade names as keywords for its online advertising. *Id*. at ¶ 20. Yet Accelerated has not established that any of the identifiers are in fact protected trademarks. Moreover, Accelerated has not alleged ownership interest in any of the identifiers. Accelerated has appointed itself as the defender of the alleged trademark rights of thirty-six (36) other businesses with which it has no connection.

Accelerated cannot assert that it has been injured by Grasshopper's alleged use of the alleged identifiers of thirty-six (36) other businesses and cannot assert a Lanham Act claim on this basis. *See Credit One Corp. v. Credit One Financial, Inc.*, 661 F. Supp. 2d 1134, 1137 (C.D. Cal. 2009) ("In order to prevail on a Lanham Act false designation claim … a plaintiff must show that it owns a valid mark, that the mark was used without its consent, and that such unauthorized use is likely to cause confusion, mistake, or deception.").

Second, Accelerated claims that it is injured by Grasshopper's alleged false and misleading claims of "curing" addiction. *Id*. at ¶¶ 22-24. Accelerated does not allege that Grasshopper does not successfully treat addiction. Instead, it objects to Grasshopper's use of the term "cure." *Id*. Whether Grasshopper's rehabilitation services "treat" or "cure" a disease is completely subjective. For example, when one treats a cold and recovers, is the person cured? What if the person catches a cold six months later? When one treats a smoking addiction and quits smoking, is the person cured? When does a treatment become a cure? Accelerated is asking the courts to decide as a matter of law when a treatment becomes a cure and when a cure is only a treatment. That is not the purpose of the Lanham Act and is a waste of judicial resources.

Such subjective expressions that do not assert or imply facts capable of being proven true or false are nonactionable. *See Partington v. Bugliosi*, 56 F.3d 1147, 1156 (9th Cir. 1995) ("[I]f it is plain that the speaker is expressing a subjective view, an interpretation, a theory, conjecture, or surmise, rather than claiming to be in possession of objectively verifiable facts, the statement is not actionable.") (quoting *Haynes v. Alfred A. Knopf, Inc.*, 8 F.3d 1222, 1227 (7th Cir. 1993); *TMJ Implants, Inc. v. Aetna, Inc.*, 405 F. Supp. 2d 1242, 1251-52 (D. Colo. 2005) (a company's negative policy bulletin on a medical device held nonactionable because the company's opinion depended in part on "views of physicians practicing in relevant clinical areas" and therefore was "not provably false").

Here, Grasshopper's claim of "curing" addiction is clearly non-actionable as it is not a specific measurable claim and cannot be reasonably interpreted as objective fact. *See American Italian Pasta Co. v. New World Pasta Co.*, 371 F.3d 387, 391 (8th Cir. 2004). For this incurable defect, the Court should dismiss Accelerated's Lanham Act Counterclaim Count 3 based on Grasshopper's statement that it can cure addiction. *Kahn v. Bower*, 232 Cal. App. 3d 1599, 1608

(Cal. Ct. App. 1991) ("[I]t is a question of law for the court whether a challenged statement is reasonably susceptible of an interpretation which implies a provably false assertion of actual fact.").

**II. Accelerated Has Not Stated a Claim Under California's Unfair Competition Law – Bus. & Prof. Code 17200 Et Seq. Because It Has Not Sufficiently Alleged Standing[1]**

    A. <u>Accelerated Has Not and Cannot Allege the Requisite Lost Money or Property</u>

Under California law, "loss of money or property" required for standing on an unfair competition law claim is construed identically to the "lost money or property" California courts require for purposes of a restitution claim. *See Walker v. USAA Cas. Ins. Co.*, 474 F. Supp. 2d 1168, 1172 (E.D. Cal. 2007). Accordingly, to have standing to assert a California unfair competition claim, Accelerated "must show either prior possession or a vested legal interest in the money or property allegedly lost." *Id*. This standing limitation applies whether or not injunctive relief is requested. *Buckland v. Threshold Enters.*, 155 Cal. App. 4th 798, 818 (2007); *Trafficschool.com, Inc. v. Edriver, Inc.*, 633 F. Supp. 2d 1063, 1073 (C.D. Cal. 2008).

---

[1] Accelerated objects to Grasshopper's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). Courts have held that standing can be a jurisdictional matter. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (standing pertains to subject matter jurisdiction under Rule 12 (b)(1)); *National Rifle Ass'n of America v. Magaw*, 132 F.3d 272, 279 (6th Cir. 1997) (standing pertains to court's subject matter jurisdiction); *Stalley ex rel. United States v. Orlando Regional Healthcare System, Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (dismissal for lack of standing treated as dismissal for lack of subject matter jurisdiction under FRCP 12(b)(1)); *Alliance For Environmental Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 88, fn. 6 (2nd Cir. 2006).

-4-

Here, Accelerated does not allege that Grasshopper ever possessed any money or property that was formerly in Accelerated's possession. Accelerated also does not contend it has a vested legal interest in any money or property in Grasshopper's possession. Accelerated does not refute that it must assert prior possession or a vested legal interest in the money or property allegedly lost. Rather, Accelerated ignores the requirement and alleges that damages incurred from an alleged diversion of customers away from Accelerated are sufficient to confer standing under California unfair competition law. *See* Accelerated's Opp. at 10:6-8. This is not the case.

The California Supreme Court has explicitly held that "contingent expectancy of payment from a third party" does not constitute "lost money or property" under California unfair competition law because the expectation is too attenuated. *See Korea Supply Co.*, 29 Cal. 4th 1134, 1150 (2003). Accelerated does not and cannot allege prior possession or a vested interest in prospective customers. Any damages resulting from a diversion of customers are contingent; they are based on uncertain future events. *National Rural Telecommunications Co-op. v. DIRECTV, Inc.*, 319 F.Supp.2d 1059, 1080 (C.D. Cal. 2003) ("A "vested" interest is one that is "unconditional," "absolute," and "not contingent." … A contingent interest, on the other hand, is dependent upon an uncertain future event."). Because Accelerated cannot allege that its contingent losses were certain, it has not met the "lost money or property" requirement and cannot meet the standing requirements under California unfair competition law.

Accelerated argues that completely different federal Lanham Act standing requirements should apply to California unfair competition law at the pleadings stage. *See* Accelerated's Opp. at 9:25-10:6. No case law supports this. In support of its argument, Accelerated misleadingly relies on a case that recites federal Lanham Act standing requirements. *See* Accelerated's Opp. at 9:25-10:3, citing

-5-

*Kournikova v. Gen. Media Commc'ns, Inc.*, 278 F. Supp. 2d 1111, 1117-18 (C.D. Cal. 2003). Accelerated also relies on *Trafficschool.com, Inc. v. Edriver, Inc.*, which distinguishes the federal and state statutory standing requirements but does not import a federal standard to the California statute at the pleadings stage. *See Trafficschool.com, Inc. v. Edriver, Inc.*, 633 F. Supp. 2d 1063 (C.D. Cal. 2008).

To the contrary, at the pleadings stage, the "injury in fact" and "lost money or property" requirements apply to any private plaintiff. *See Walker*, 474 F. Supp. 2d 1168 (the District Court held that the plaintiff did not have a vested legal interest required to establish "loss of money or property" needed for standing at the pleadings stage); *Citizens of Humanity, LLC v. Costco Wholesale Corp.*, 171 Cal. App. 4th 1 (Cal. Ct. App. 2009) (Court of Appeal held that the plaintiffs lacked standing at the pleadings stage); *Buckland*, 155 Cal. App. 4th 798 (Court of Appeal held that the plaintiffs lacked standing at the pleadings stage). Accelerated has not and cannot distinguish the case here from *Walker*, nor has it distinguished or refuted *Citizens* and *Buckland*, cited by Grasshopper in its opening memorandum in support of its motion to dismiss. Accelerated simply cannot import federal standing requirements into California's statute which requires "lost money or property." Cal. Bus. & Prof. Code § 17204.

Accelerated also relies on *Hall v Time, Inc.*, 158 Cal. App. 4th 847 (Cal. Ct. App. 2008), to support its argument that the "actual injury" and "lost money or property" can include (1) expended money due to the defendant's acts of unfair competition; (2) lost money or property; or (3) been denied money to which he or she has a cognizable claim. *See* Accelerated's Opp. at 8:18-21. Accelerated has not met this standard either. As discussed above, Accelerated has not and cannot allege lost money or property. Accelerated also has not and cannot allege that it expended money due to the Grasshopper's acts, or that it was denied money to which it has a cognizable claim.

-6-

Because the facts pled by Accelerated cannot confer standing, this Court should dismiss Accelerated's Counterclaim Count 4 for failure of jurisdiction and failure to state a claim for relief. *See* Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

### B. Accelerated Has Not Adequately Alleged Causation

As set forth above, Accelerated has not alleged that it has restitutionary losses and therefore it cannot assert that Grasshopper caused such non-existent restitutionary losses. Accelerated cannot allege that, by an alleged diversion of customers, Grasshopper is in possession of Accelerated's property in which it had prior possession or a vested interest. Therefore, there are no certain losses alleged that incurred "as a result of" Grasshopper's actions. *See* Cal. Bus. & Prof. Code § 17204.

Due to the aforementioned incurable defects, Accelerated cannot state a claim for California Unfair Competition and the Court should dismiss Counterclaim Count 4.

### III. Grasshopper Respectfully Requests That the Court Exercise its Discretion to Consider Its Motion to Dismiss on the Merits

Accelerated requests denial of Grasshopper's motion to dismiss in its entirety without considering the merits of the motion because Grasshopper failed to comply with Local Rule 7-3. *See* Accelerated's Opposition at 4:22-25. Accelerated has not indicated that it was prejudiced by Grasshopper's inadvertent technical failure to comply. Instead, Accelerated indicated that it would oppose Grasshopper's motion, received a full and fair opportunity to oppose to the motion, and fully briefed its position.

While Accelerated has not indicated that it has been prejudiced, Grasshopper will be greatly prejudiced upon denial of its motion without consideration of the substantive arguments. Because the prejudicial effect on Grasshopper greatly outweighs that on Accelerated, who substantively opposed the motion, Grasshopper

-7-

respectfully requests that the Court exercise its discretion to consider the motion on the merits. *See Fitzgerald v. City of Los Angeles*, 485 F. Supp. 2d 1137, 1141 (C.D. Cal. 2007) (the District Court elected to hear a motion in the interest of deciding the case on the merits despite the plaintiffs' failure to comply with Local Rule 7-3).

## CONCLUSION

For the reasons set forth above, respectfully moves the Court to dismiss Counterclaim Counts 3 and 4 with prejudice.

Respectfully submitted,
TROJAN LAW OFFICES
by

Dated: February 12, 2010        /s/ R. Joseph Trojan
R. Joseph Trojan

Attorneys for Plaintiffs
Passages Silver Strand, LLC and
Grasshopper House, LLC.

-8-