R. Joseph Trojan  CA Bar No. 137,067
trojan@trojanlawoffices.com
TROJAN LAW OFFICES
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA  90212
Telephone:    310-777-8399
Facsimile:    310-777-8348

Attorneys for Counter-Defendants Chris Prentiss and Pax Prentiss

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Grasshopper House, LLC**, a California limited liability company d/b/a **Passages Malibu**, **Passages Silver Strand, LLC**, a California limited liability company,<br><br>Plaintiffs,<br>vs.<br>**Accelerated Recovery Centers, LLC**, a Georgia limited liability company,<br>Defendant. | CASE NO. CV 09-08128 DMG (PLAx)<br><br>**COUNTER-DEFENDANTS CHRIS PRENTISS AND PAX PRENTISS'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS COUNTERCLAIM COUNTS 3 AND 4 PURSUANT TO FRCP 12(B)(6)**<br>Hon. Dolly M. Gee<br>Courtroom 7<br>Hearing: March 22, 2010; 9:30 a.m. |
| **Accelerated Recovery Centers, LLC**, a Georgia limited liability company,<br>Counterclaimant,<br>vs.<br>**Grasshopper House, LLC**, a California limited liability company d/b/a **Passages Malibu**, **Passages Silver Strand, LLC**, a California limited liability company, **Chris Prentiss**, and **Pax Prentiss**, individuals,<br>Counterdefendants. | |

TROJAN LAW OFFICES
BEVERLY HILLS

-1-

Counter-Defendants Chris Prentiss and Pax Prentiss (collectively "Prentiss") hereby move to dismiss Counterclaim Counts 3 and 4 of Accelerated Recovery Centers, LLC (hereinafter "Accelerated")'s Answer and Counterclaims. In particular, Accelerated has not pled facts sufficient to state a claim for relief under the Lanham Act and has failed to sufficiently allege standing to sue under California Unfair Competition law. For the reasons stated herein, Prentiss respectfully requests that Counterclaim Counts 3 and 4 of Accelerated's Answer and Counterclaims be dismissed.

## ARGUMENT

### I. Legal Standard

The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the claims stated in the complaint. *See* Fed. R. Civ. P. 12(b)(6); *Beliveau v. Caras*, 873 F. Supp. 1393, 1395 (C.D. Cal. 1995). In ruling on a motion to dismiss, the Court does not need to accept conclusory allegations or unreasonable inferences as true. *See Transphase Systems, Inc. v. Southern California Edison Co.*, 839 F. Supp. 711, 718 (C.D. Cal. 1993).

### II. Accelerated Overstates a Non-actionable Claim Under the Lanham Act

Underlying Accelerated's Counterclaim Count 3 for Federal Unfair Competition are allegations of (1) false and misleading online advertising activities, and (2) false and misleading claims of "curing" addiction. *See* Accelerated's Answer and Counterclaims at ¶¶ 18-24. Both allegations are not actionable for the following reasons.

First, regarding Prentiss's allege false online advertising activities, Accelerated claims that Prentiss uses or has improperly used thirty-seven (37) trademarks or trade names as keywords for its online advertising. *Id*. at ¶ 20. Yet Accelerated has not established that any of the identifiers are in fact protected trademarks. Moreover, Accelerated has not alleged ownership interest in any of the

-2-

identifiers. Accelerated has appointed itself as the defender of the alleged trademark rights of thirty-six (36) other businesses with which it has no connection.

Accelerated cannot assert that it has been injured by Prentiss's alleged use of the alleged identifiers of thirty-six (36) other businesses and cannot assert a Lanham Act claim on this basis. *See Credit One Corp. v. Credit One Financial, Inc.*, 661 F. Supp. 2d 1134, 1137 (C.D. Cal. 2009) ("In order to prevail on a Lanham Act false designation claim … a plaintiff must show that it owns a valid mark, that the mark was used without its consent, and that such unauthorized use is likely to cause confusion, mistake, or deception.").

Second, Accelerated claims that it is injured by Prentiss's alleged false and misleading claims of "curing" addiction. *Id*. at ¶¶ 22-24. Accelerated does not allege that Prentiss does not successfully treat addiction. Instead, it objects to Prentiss's use of the term "cure." *Id*. Whether Prentiss's rehabilitation services "treat" or "cure" a disease is completely subjective. For example, when one treats a cold and recovers, is the person cured? What if the person catches a cold six months later? When one treats a smoking addiction and quits smoking, is the person cured? When does a treatment become a cure? Accelerated is asking the courts to decide as a matter of law when a treatment becomes a cure and when a cure is only a treatment. That is not the purpose of the Lanham Act and is a waste of judicial resources.

Such subjective expressions that do not assert or imply facts capable of being proven true or false are nonactionable. *See Partington v. Bugliosi*, 56 F.3d 1147, 1156 (9th Cir. 1995) ("[I]f it is plain that the speaker is expressing a subjective view, an interpretation, a theory, conjecture, or surmise, rather than claiming to be in possession of objectively verifiable facts, the statement is not actionable.") (quoting *Haynes v. Alfred A. Knopf, Inc.*, 8 F.3d 1222, 1227 (7th Cir. 1993); *TMJ Implants, Inc. v. Aetna, Inc.*, 405 F. Supp. 2d 1242, 1251-52 (D. Colo. 2005) (a

-3-

company's negative policy bulletin on a medical device held nonactionable because the company's opinion depended in part on "views of physicians practicing in relevant clinical areas" and therefore was "not provably false").

Here, Prentiss's alleged statement of "curing" addiction is clearly not actionable as it is not a specific measurable claim and cannot be reasonably interpreted as objective fact. *See American Italian Pasta Co. v. New World Pasta Co.*, 371 F.3d 387, 391 (8th Cir. 2004).[1]  For this incurable defect, the Court should dismiss Accelerated's Lanham Act Counterclaim Count 3 based on Prentiss's statement that it can cure addiction. *Kahn v. Bower*, 232 Cal. App. 3d 1599, 1608 (Cal. Ct. App. 1991) ("[I]t is a question of law for the court whether a challenged statement is reasonably susceptible of an interpretation which implies a provably false assertion of actual fact.").

In the alternative, Prentiss respectfully requests the Court strike Accelerated's impertinent allegations regarding the aforementioned thirty-six (36) identifiers to which it has no connection and its impertinent allegations based on "curing" addiction on its own. Fed. R. Civ. P. 12(f)(1) ("The court may strike from a pleading…any redundant, immaterial, impertinent, or scandalous matter…on its own…"); *see Corrections USA v. Dawe*, 504 F. Supp. 2d 924, 931 (E.D. Cal. 2007).

//
//
//

---

[1] Likewise, Accelerated's California unfair competition claim may not be based on such opinion. *See Bernardo v. Planned Parenthood Fed'n of Am.*, 115 Cal. App. 4th 322, 349-350 (Cal. Ct. App. 2004) (finding insufficient likelihood of success for injunctive relief on false advertising and unfair competition claims based on statements on a subject of genuine scientific dispute).

-4-

**III. Accelerated Has Not Stated a Claim Under California's Unfair Competition Law – Bus. & Prof. Code 17200 Et Seq. Because It Has Not Sufficiently Alleged Standing**

Accelerated's Counterclaim Count 4 under California Business and Professions Code Section 17200 et seq. fails for lack of standing.  In November 2004, California passed Proposition 64 to limit standing under California Business and Professions Code Sections 17200 and 17500 to individuals that have suffered "injury in fact and lost money or property as a result of the unfair competition."  Cal. Bus. & Prof. Code §§ 17204, 17535; *Californians for Disability Rights v. Mervyn's, LLC*, 39 Cal. 4th 223, 228-29 (2006).  Here, Accelerated lacks standing because it has not "lost money or property" as interpreted by the courts and it has failed to show that any "lost money or property" occurred "as a result" of Prentiss's actions.

A. <u>Accelerated Has Not and Cannot Allege the Requisite Lost Money or Property</u>

Under California law, "loss of money or property" required for standing on an unfair competition law claim is construed identically to the "lost money or property" California courts require for purposes of a restitution claim.  *See Walker v. USAA Cas. Ins. Co.*, 474 F. Supp. 2d 1168, 1172 (E.D. Cal. 2007).  Accordingly, to have standing to assert a California unfair competition claim, Accelerated "must show either prior possession or a vested legal interest in the money or property allegedly lost."  *Id*.  This standing limitation applies whether or not injunctive relief is requested.  *Buckland v. Threshold Enters.*, 155 Cal. App. 4th 798, 818 (2007); *Trafficschool.com, Inc. v. Edriver, Inc.*, 633 F. Supp. 2d 1063, 1073 (C.D. Cal. 2008).  Therefore, restitution is available where "a defendant has wrongfully acquired funds or property in which a plaintiff has an ownership or vested interest."

(*Feitelberg v. Credit Suisse First Boston, LLC*, 134 Cal. App. 4th 997, 1012 (Cal. Ct. App. 2005).

Here, Accelerated does not allege that either Chris Prentiss or Pax Prentiss possess any money or property that was formerly in Accelerated's possession. Accelerated also does not contend it has a vested legal interest in any money or property in Prentiss's possession. Prentiss cannot be required to return or restore to Accelerated something Prentiss never obtained. *See Bradstreet v. Wong*, 161 Cal. App. 4th 1440, 1461 (Cal. Ct. App. 2008) ("Defendants cannot be required to return or restore to intervener something they never obtained."); *Madrid v. Perot Systems Corp.*, 130 Cal. App. 4th 440, 456 (Cal. Ct. App. 2005) (noting absence of authority for proposition that "a UCL plaintiff may recover money from a defendant who never received it ...").

Moreover, the California Supreme Court has explicitly held that "contingent expectancy of payment from a third party" does not constitute "lost money or property" under California unfair competition law because the expectation is too attenuated. *See Korea Supply Co.*, 29 Cal. 4th 1134, 1150 (2003). Accelerated does not and cannot allege prior possession or a vested interest in prospective customers. Any damages resulting from a diversion of customers are contingent; they are based on uncertain future events. *National Rural Telecommunications Co-op. v. DIRECTV, Inc.*, 319 F.Supp.2d 1059, 1080 (C.D. Cal. 2003) ("A "vested" interest is one that is "unconditional," "absolute," and "not contingent." … A contingent interest, on the other hand, is dependent upon an uncertain future event."). Because Accelerated cannot allege that its contingent losses were certain, it has not met the "lost money or property" requirement and cannot meet the standing requirements under California unfair competition law.

The "injury in fact" and "lost money or property" requirements apply to any private plaintiff at all stages of litigation, including the pleadings stage. *See*

-6-

*Walker*, 474 F. Supp. 2d 1168 (the District Court held that the plaintiff did not have a vested legal interest required to establish "loss of money or property" needed for standing at the pleadings stage); *Citizens of Humanity, LLC v. Costco Wholesale Corp.*, 171 Cal. App. 4th 1 (Cal. Ct. App. 2009) (Court of Appeal held that the plaintiffs lacked standing at the pleadings stage); *Buckland*, 155 Cal. App. 4th 798 (Court of Appeal held that the plaintiffs lacked standing at the pleadings stage). As in *Walker*, *Citizens of Humanity*, and *Buckland*, the standing requirement should be determined here at the pleadings stage because Accelerated has not and cannot allege "lost money or property" eligible for restitution based on a diversion of customers. *See Citizens of Humanity, LLC*, 171 Cal. App. 4th at 22, citing *Buckland*, 155 Cal. App. 4th at 818.

Because the facts pled by Accelerated cannot confer standing, this Court should dismiss Accelerated's Counterclaim Count 4 for failure to state a claim for relief. *See* Fed. R. Civ. P. 12(b)(6).

### B. Accelerated Has Not Adequately Alleged Causation

As set forth above, Accelerated has not alleged that it has restitutionary losses and therefore it cannot assert that Prentiss caused such non-existent restitutionary losses. Accelerated cannot allege that, by an alleged diversion of customers, Prentiss is in possession of Accelerated's property in which it had prior possession or a vested interest. Therefore, there are no certain losses alleged that incurred "as a result of" Prentiss's actions. *See* Cal. Bus. & Prof. Code § 17204.

Further, the California Supreme Court recently held that a unfair competition law action based on a fraud theory involving false advertising and misrepresentations to consumers requires "actual reliance" to satisfy the requirement that its injury occurred "as a result of" Counter-Defendants' actions. *In re Tobacco II Cases*, 46 Cal. 4th 298, 328 (2009). Because Accelerated's California unfair competition claim sounds in fraud and is based on allegations of

-7-

false advertising and misrepresentations to consumers, and Accelerated has not pled reliance, Accelerated's Counterclaim Count 4 fails.

Due to the aforementioned incurable defect of lack of standing, Accelerated cannot state a claim for California Unfair Competition and the Court should dismiss Counterclaim Count 4.

## CONCLUSION

For the reasons set forth above, Prentiss respectfully moves the Court to dismiss Counterclaim Counts 3 and 4 with prejudice.

Respectfully submitted,
TROJAN LAW OFFICES
by

Dated: February 18, 2010        /s/ R. Joseph Trojan
                                R. Joseph Trojan

                                Attorneys for Counter-Defendants Chris Prentiss and Pax Prentiss