1  James E. Doroshow (State Bar No. 112920)
     jdoroshow@foxrothschild.com
2  Phillip F. Shinn (State Bar No. 112051)
     pshinn@foxrothschild.com
3  Alan Chen (SBN 224420)
     achen@foxrothschild.com
4  FOX ROTHSCHILD LLP
   1800 Century Park East, Suite 300
5  Los Angeles, CA 90067-3005
   Tel 310.598.4150 / Fax 310.556.9828
6
   Attorneys for Defendant/Counterclaimant
7  Accelerated Recovery Centers, LLC

8

9                    UNITED STATES DISTRICT COURT

10                   CENTRAL DISTRICT OF CALIFORNIA

11  GRASSHOPPER HOUSE, LLC, a            Case No. CV 09-08128 DMG (PLAx)
    California limited liability company
12  doing business as Passages Malibu,   **DEFENDANT / COUNTER-
    PASSAGES SILVER STRAND, LLC,         CLAIMANT ACCELERATED
13  a California limited liability company,  RECOVERY CENTER, LLC'S
                                         NOTICE OF MOTION AND
14              Plaintiffs,              MOTION FOR LEAVE TO FILE
                                         FIRST AMENDED ANSWER AND
15       v.                              COUNTER-CLAIMS**

16  ACCELERATED RECOVERY             Hearing Date:  May 3, 2010
    CENTERS, LLC, a Georgia limited  Time:          9:30 a.m.
17  liability company,               Courtroom:     7
                                     Judge:         Hon. Dolly M. Gee
18              Defendant.

19                                   Complaint filed November 5, 2009

20  AND RELATED
    COUNTERCLAIMS.
21

22

23  **TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF

24  RECORD:**

25      PLEASE TAKE NOTICE THAT on May 3, 2010, at 9:30 a.m., or as soon

26  thereafter as the matter may be heard, in the United States District Court for the

27  Central District of California - Spring Street Courthouse, located at 312 North

28  Spring Street, Los Angeles, California, 90012, before the Honorable Dolly M. Gee,

Defendant/Counterclaim Plaintiff Accelerated Recovery Centers, LLC ("Accelerated") will move for an order pursuant to Federal Rules of Civil Procedure 15 and 20, permitting Accelerated to file an Amended Answer and Counterclaim in the instant action. (See accompanying Doroshow Decl., Exh. 1.)

By its proposed Amendments, Accelerated seeks to name additional parties believed to have conspired with the originally-named Counter-Defendants to disseminate false and misleading statements about their services and to add a new count for civil conspiracy.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on March 26, 2010 and March 27, 2010. At the time of conferring, counsel were not able to reach an agreement, thus necessitating the filing of this motion.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, and accompanying Declarations of James E. Doroshow, as well as the pleadings on file in this action, the attached proposed Order, and on such other matters as may be presented to the Court before or at the time of the hearing.

Respectfully submitted,

DATED: April 5, 2010

FOX ROTHSCHILD LLP

/s/ James E. Doroshow
James E. Doroshow
Philip F. Shinn
Alan Chen

Attorneys for Defendant/Counterclaimant
Accelerated Recovery Centers, LLC

James E. Doroshow (State Bar No. 112920)
  jdoroshow@foxrothschild.com
Phillip F. Shinn (State Bar No. 112051)
  pshinn@foxrothschild.com
Alan Chen (SBN 224420)
  achen@foxrothschild.com
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Tel 310.598.4150 / Fax 310.556.9828

Attorneys for Defendant/Counterclaimant
Accelerated Recovery Centers, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRASSHOPPER HOUSE, LLC, a California limited liability company doing business as Passages Malibu, PASSAGES SILVER STRAND, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>ACCELERATED RECOVERY CENTERS, LLC, a Georgia limited liability company,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. CV 09-08128 DMG (PLAx)<br><br>**DEFENDANT / COUNTER-CLAIMANT ACCELERATED RECOVERY CENTER, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND COUNTER-CLAIMS**<br><br>Hearing Date: May 3, 2010<br>Time: 9:30 a.m.<br>Courtroom: 7<br>Judge: Hon. Dolly M. Gee<br><br>Complaint filed November 5, 2009 |

COUNTERCLAIMANT'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND COUNTER - CLAIMS

## I. PRELIMINARY STATEMENT

In its original filing, Accelerated Recevoery Center, LLC ("Accelerated") Accelerated brought, among others, a counter-claim against Grasshopper House, LLC, Passages Silver Strand, LLC, Chris Prentiss and Pax Prentiss (collectively "Grasshopper") for unfair competition under Section 43(a) of the Lanham Act. In that filing, Accelerated alleges that Grasshopper's claim that it knows how to "cure" alcoholism and addiction, despite the fact that Grasshopper fully knows and understands that there is no permanent "cure" for addictive diseases, is false and misleading, and improperly diverts consumers away from Accelerated's rehabilitation services. Grasshopper filed two separate motions to dismiss Accelerated's claims, but this Court has now found that Accelerated has properly stated a claim under the Lanham Act against Grasshopper. (See Order, Doc. No. 41.)

Since the filing of its original pleading, Accelerated has learned that Grasshopper has conspired with various third-parties to perpetuate the false notion that Grasshopper somehow knows how to "cure" alcoholism and addiction. Accordingly, Accelerated now seeks leave of this Court to name these third-parties and add a count for civil conspiracy against Grasshopper and these third-parties. The cut-off for amending pleadings and adding parties in this action is May 3, 2010.

## II. STATEMENT OF FACTS

Accelerated offers rehabilitation services related to alcohol addiction. On November 5, 2009, Grasshopper House, LLC and Passages Silver Strand, LLC filed this action against Accelerated alleging claims for trademark infringement and unfair competition, among others. On December 23, 2009, Accelerated filed its Answer and Counterclaims against Grasshopper House, LLC, Passages Silver Strand, LLC, Chris Prentiss and Pax Prentiss.

COUNTERCLAIMANT'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND COUNTER - CLAIMS
LA1 40558v1 04/05/10

The primary thrust of Accelerated's counter-claims is that Grasshopper has represented in commerce that it knows how to "cure" alcoholism and addiction, despite the fact that Grasshopper fully knows and understands that there is no permanent "cure" for addictive diseases. Such false and misleading statements have damaged and continue to damage Accelerated, including by improperly diverting consumers away from Accelerated's rehabilitation services. Grasshopper filed two separate motions to dismiss Accelerated's counter-claims, both of which this Court denied. The Court found that Accelerated has alleged sufficient facts to state a claim under the Lanham Act against Grasshopper. (See Order, Doc. No. 41.)

Since filing its original counterclaims, Accelerated has learned that Grasshopper has conspired with various third-parties to perpetuate the notion that Grasshopper knows how to "cure" alcoholism and addiction. (Doroshow Decl. ¶2). For example, Grasshopper's websites states that therapists, who provide their services to Grasshopper's patients, "believe we can cure dependency." (Exh. A). Additionally, Donald Barrett produced and participated in an informational commercial advertisement promoting Grasshopper' services, in which Chris Prentiss falsely claims that, "[w]e learned how to cure addiction and alcoholism," and discusses Prentiss' book "The Alcoholism and Addiction Cure." This unlawful conspiracy further compromises and damages Accelerated's ability to compete with Grasshopper on fair terms.

Accelerated's counsel notified opposing counsel promptly after deciding to name additional parties and add a count for conspiracy, and initiated a meet and confer in accordance with Local Rules 7-3. (Doroshow Decl. ¶6). At the meet and confer, Accelerated's counsel offered a mutual stipulation to allow the parties to amend their respective pleadings without motion practice. Counsel were unable to reach an agreement in a timely manner, thus necessitating the preparation and filing of this motion. (Doroshow Decl. ¶9-12).

COUNTERCLAIMANT'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND COUNTER - CLAIMS
LA1 40558v1 04/05/10

Pursuant to the Scheduling and Case Management Order in this case, the cut-off for the amending pleadings and adding of parties is May 3, 2010. Accordingly, Accelerated now seeks leave of this Court to amend its Counter-claims to name third-parties that, upon information and belief, have conspired with Grasshopper, including by publishing, promoting, and/or disseminating false and misleading statements about Grasshopper's services, thus causing further damage to Accelerated, and to add a count for civil conspiracy.

### III. LEGAL ARGUMENT

Accelerated's motion for leave to name additional counter-defendants and add a count for civil conspiracy should be granted because it meets the liberal amendment requirements of Rules 15 and 20 of the Federal Rules of Civil Procedure. *See Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371, 1374 (9th Cir. 1980); *The 2M Group, Inc., v. Solstice Management, LLC*, 2009 U.S. Dist. LEXIS 6668, at * 7 (N.D. Cal. 2009).

#### A. The Rule 15 Requirements Are Met

Federal Rule of Civil Procedure 15(a), which governs requests for leave to amend, provides that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Grant or denial of leave to amend rests in the sound discretion of the trial court. *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996). The burden of persuading the court that leave should not be granted rests with the non-moving party. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987). The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Accordingly, unless there is evidence of undue delay, bad faith, dilatory motive, prejudice to defendants, futility of the amendments, or repeated failure to cure deficiencies in the Complaint by prior amendment, leave to amend should be given freely. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149,

4

COUNTERCLAIMANT'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND COUNTER - CLAIMS
LA1 40558v1 04/05/10

1160 (9th Cir. 1989).

Accelerated has not unduly delayed filing this motion. On the contrary, the Court ruled less than two weeks ago that Accelerated had pled facts sufficient to state a claim for false advertisement under the Lanham Act against Grasshopper. Based on recent information and to conform to the evidence, Accelerated now seeks to name additional parties that, upon information and belief, have participated in Grasshopper's false advertisement campaign. Accelerated's counsel notified opposing counsel promptly after deciding to name additional parties and to add a count for conspiracy, and initiated a meet and confer in accordance with Local Rules 7-3. Importantly, Accelerated seeks to amend its Answer and Counterclaim within the early deadline specifically set in this case for amending pleading and adding new parties.

Accelerated is not acting in bad faith by seeking to name additional parties, and the amendment is not futile. Naming additional parties is necessary to ensure that Accelerated receives complete and fair relief from the false advertising campaign perpetrated by Grasshopper and the parties that Accelerated now seeks to name. As set forth above, the Court has recently ruled that Grasshopper's statements about its services are actionable under the Lanham Act. The parties that Accelerated now seeks to name as additional counter-defendants are believed to have conspired with Grasshopper to disseminate such statements, thus causing further damage to Accelerated. Accordingly, Accelerated needs to ensure that these parties are enjoined from making and/or disseminating false representations about Grasshopper's services that damage Accelerated and others.

Most importantly, Grasshopper will not be prejudiced by the proposed amendments because the amendment is made at an early stage of the litigation and is closely related to the claims asserted in the original pleadings. *See e.g. Compression Labs, Inc. v. Oklahoma State Univ. Educ. and Research Found., Inc.*, 1995 U.S. Dist. LEXIS 2246, at *8 (N.D. Cal. 1995) (finding that the proposed

5

COUNTERCLAIMANT'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND COUNTER - CLAIMS
LA1 40558v1 04/05/10

amendment will not result in undue prejudice where the new claim arose out of the same transaction and was clearly related to the original claim and the litigation was in the pretrial discovery phase.) The instant action is just entering the discovery period, and Accelerated acted promptly to amend its counterclaims within the deadline specifically set by the Court for this purpose. The proposed amendment asserts a claim that is closely related to, and in fact is based upon, Accelerated's claim under the Lanham Act as set forth in its original pleading. Grasshopper will thus not be prejudiced by the new count.

Accordingly, Accelerated's proposed amendment clearly meets the requirement of Rule 15, and leave to amend should be granted.

### B. The Rule 20 Requirements Are Also Satisfied

Under Rule 20(a), additional parties may be joined as defendants, or in this case counter-defendants, if: (1) a right to relief asserted against each defendant relates to or arises out of the same transaction or occurrence or series of transactions or occurrences, and (2) there exist a question of law or fact common to all parties. *See Fed. R. Civ. P. 20(a)(2)*; *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980); *Daryvyth Oum v. Rite Aid Corp.*, 2009 U.S. Dist. LEXIS 5959, at *1 (C.D. Cal. 2009).

Accelerated's proposed amendment also satisfies both requirements of Rule 20. Each of the parties that Accelerated seeks to add are believed to have represented or participated in representing to consumers and potential clients that either they individually or through Grasshopper know how to "cure" alcoholism and addiction. Such false representations improperly divert consumers away from Accelerated and are the basis of Accelerated's existing claim for relief under the Lanham Act asserted against Grasshopper in its original pleading. Accordingly, to grant full relief, there are a number of common questions of law and fact that will have to be decided in this action against Grasshopper and the additional parties that

Accelerated now seeks to add in its proposed amended pleading.

The parties that Accelerated now seeks to add as counter-defendants will not be prejudiced. The instant action is in the very early stages of litigation. Moreover, since these parties are closely associated with Grasshopper, they are most likely aware of the claims asserted in the instant action, especially given their involvement in Grasshopper's false advertisement campaign. Accordingly, they have had notice that they may also be named in this action.

More importantly, there can be no prejudice against these parties because Accelerated is free to bring a separate action against them. There is no statute of limitation that would prevent Accelerated from bringing such a separate action. However, doing so would be a waste of judicial resources because, as set forth above, many of the same questions of law and fact would have to be decided in multiple actions.

Accordingly, none of the new counter-defendants will be prejudiced in defending themselves on the merits. *See Precise Exercise Equipment, Inc. KMART Corp.*, 2000 U.S. Dist. LEXIS 21499, at * 6 (C.D. Cal. 2000) (holding that the notice of the original complaint was sufficient to preclude the party to be named from being prejudiced in maintaining a defense on the merits).

Accordingly, Accelerated's proposed amendment also clearly meets the requirement of Rule 20, and leave to add additional parties should be granted.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

COUNTERCLAIMANT'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND COUNTER - CLAIMS
LA1 40558v1 04/05/10

### IV. CONCLUSION

For all the foregoing reasons, Accelerated respectfully requests that the Court grant its Motion, including granting it leave to file its First Amended Answer and Counterclaims in the form attached hereto.

Respectfully submitted,

DATED: April 5, 2010

FOX ROTHSCHILD LLP

/s/ *James E. Doroshow*
James E. Doroshow
Philip F. Shinn
Alan Chen
Attorneys for Defendant/Counterclaimant
Accelerated Recovery Centers, LLC