James E. Doroshow (State Bar No. 112920)
jdoroshow@foxrothschild.com
Phillip F. Shinn (State Bar No. 112051)
pshinn@foxrothschild.com
Alan Chen (SBN 224420)
achen@foxrothschild.com
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Tel 310.598.4150 / Fax 310.556.9828

Attorneys for Defendant/Counterclaimant
Accelerated Recovery Centers, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

GRASSHOPPER HOUSE, LLC, a California limited liability company doing business as Passages Malibu, PASSAGES SILVER STRAND, LLC, a California limited liability company,

Plaintiffs,

v.

ACCELERATED RECOVERY CENTERS, LLC, a Georgia limited liability company,

Defendant.

RELATED COUNTERCLAIMS.

Case No. CV 09-08128 DMG (PLAx)

**DEFENDANT / COUNTER-CLAIMANT ACCELERATED RECOVERY CENTER, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Hearing Date: May 3, 2010
Time: 9:30 a.m.
Courtroom: 7
Judge: Hon. Dolly M. Gee

Complaint filed November 5, 2009

## I. INTRODUCTION

On Monday, April 3, 2010, both parties in this action filed motions for leave to amend their respective pleadings.

Both prior to and after Plaintiffs filed their motion to amend, Defendant and Counterclaimant Accelerated Recovery Centers LLC ("Accelerated") agreed to stipulate that Plaintiffs could file their proposed First Amended Complaint on one simple condition, *i.e.*, that Plaintiffs merely stipulate that Accelerated could file an Amended Counterclaim. Notwithstanding all of their protestations about how Accelerated and its counsel have not acted reasonably in conferring on this motion, to this day Plaintiffs have still refused to agree to a simple stipulation on what should have been a routine matter. Thus, this limited opposition now becomes necessary.

## II. PROCEDURAL BACKGROUND

On November 5, 2009, Grasshopper House, LLC and Passages Silver Strand, LLC (collectively, "Plaintiffs") filed this action against Accelerated alleging claims for trademark infringement and unfair competition, among others. On December 23, 2009, Accelerated filed its Answer and Counterclaims against Grasshopper House, LLC, Passages Silver Strand, LLC, Chris Prentiss and Pax Prentiss (collectively, "Counter-Defendants"). Accelerated's current Counterclaims consist of current four claims including claims for: (i) Declaratory Judgment of Non-Infringement; (ii) Declaratory Judgment of Non-Registerability of Marks; (iii) Federal Unfair Competition (15 U.S.C. § 1125(a)); and (iv) California Unfair Competition (Calif. Bus. & Prof. Code § 17200 *et seq.)*.

On February 22, 2010, the Court held a scheduling and management conference in this action pursuant to Rule 16 of the Federal Rules of Civil Procedure. During the conference, the Court set the cut-off for amending pleadings and adding parties in this action for May 3, 2010.

Accelerated's unfair competition claim under the Lanham Act and state

unfair competition claims are brought because Plaintiffs falsely claim that they know how to "cure" alcoholism and addiction, despite the fact that Plaintiffs fully know and understand that there is no permanent "cure" for addictive disease. In response to Accelerated's existing Counterclaim, Counter-Defendants filed two separate motions to dismiss Accelerated's claims for Federal Unfair Competition and California Unfair Competition. The Court denied the motions in part and granted them in part with leave to amend. (See Order, Doc. No. 41). Importantly, the Court has now found that Accelerated has alleged sufficient facts to state a claim under the Lanham Act against each Counter-Defendant. (See i*d.*).

Since filing its original Counterclaims, as set forth in Accelerated's motion for leave to amend its counterclaims, Accelerated has learned that Counter-Defendants have conspired with various third-parties in representing that they know how to "cure" alcoholism and addiction. (*See* Doroshow Decl. ¶3).

Shortly after deciding to name additional parties and add a count for conspiracy, Accelerated notified counsel for Counter-Defendants of its intent to amend its Counterclaims and requested a meet and confer in accordance with Local Rules 7-3. (Doroshow Decl. ¶4). At the meet and confer, Plaintiffs informed Accelerated for the first time, and without prior notice, that they too intended to file a motion for leave to amend their Complaint. (Doroshow Decl. ¶5). In response, Accelerated immediately offered a mutual stipulation to allow the parties the right to amend their respective pleadings without motion practice. (*Id.*) Plaintiffs however refused to cooperate, thus forcing Accelerated to prepare and file a motion for leave on Monday, April 3, 2010. (Doroshow Decl. ¶6-14). Plaintiffs in turn filed their motion to amend on Monday, April 3, 2010.

One day after the motions were filed, on Tuesday, April 4, 2010, Accelerated again reached out to Plaintiffs to inform their counsel that Accelerated remained willing to enter into a mutual stipulation to allow the parties to amend their pleadings. (Doroshow Decl. ¶15). Because the parties' opposition papers were due

on Monday, April 12, 2010, Accelerated's counsel asked for a response from counsel by the end of the day on Thursday, April 8, 2010. (*Id.*) Plaintiffs however have never even bothered to respond to Accelerated's offer; thus once again requiring Accelerated to incur the time and expense of filing their limited opposition in response to Plaintiffs' motion. (Doroshow Decl. ¶16).

## III. ARGUMENT

Federal Rule of Civil Procedure 15(a), which governs requests for leave to amend, provides that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit requires that this policy be applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Accordingly, requests for leave to amend the pleadings are typically granted, unless there is evidence of undue delay, bad faith, dilatory motive, prejudice to defendants, futility of the amendments, or repeated failure to cure deficiencies in the Complaint by prior amendment. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *see also Ascon Props., Inc. v. Mobil Oil Co.,* 866 F.2d 1149, 1160 (9th Cir. 1989).

In light of this policy, Accelerated has repeatedly offered to enter into a stipulation with Plaintiffs allowing the parties to amend their respective pleadings without motion practice. But each and every time, Plaintiffs has delayed and refused to respond to Accelerated's offer, thereby necessitating the filing of the parties' respective motions.

Moreover, even after the motions were filed, Accelerated reached out to Plaintiffs' counsel to advise counsel that Accelerated remained willing to stipulate to Plaintiffs' proposed amendment, if counsel would simply reciprocate. This obviously would have allowed the parties to avoid the expense associated with having to reply to each other's motions, and would have prevented unnecessary waste of the Court's resources in ruling on the motions. Plaintiffs, however, have

steadfastly refused to enter into a mutual stipulation. In fact, they never even bothered to respond to Accelerated's latest offer.

Although Plaintiffs' proposed, amended complaint lacks merit, Accelerated does not oppose Plaintiffs' filing an Amended Complaint provided the Court simply allow Accelerated a similar right to amend its Counterclaims. Given the strong federal policy that leave to amend "shall be freely given," Accelerated's decision not to oppose Plaintiffs' motion avoids the unnecessary waste of this Court's time considering and ruling on the parties' respective motions.

## IV. **CONCLUSION**

Subject to Accelerated's right to file its Amended Counterclaims, Accelerated does not oppose Plaintiffs' motion for leave to amend its Complaint.

Respectfully submitted,

DATED: April 12, 2010

FOX ROTHSCHILD LLP

*/s/ James E. Doroshow*
James E. Doroshow
Philip F. Shinn
Alan Chen
Attorneys for Defendant/Counterclaimant
Accelerated Recovery Centers, LLC