James E. Doroshow (State Bar No. 112920)
    jdoroshow@foxrothschild.com
Phillip F. Shinn (State Bar No. 112051)
    pshinn@foxrothschild.com
Alan Chen (SBN 224420)
    achen@foxrothschild.com
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Tel 310.598.4150 / Fax 310.556.9828

Attorneys for Defendant/Counterclaimant
Accelerated Recovery Centers, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRASSHOPPER HOUSE, LLC, a California limited liability company doing business as Passages Malibu, PASSAGES SILVER STRAND, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>ACCELERATED RECOVERY CENTERS, LLC, a Georgia limited liability company,<br><br>Defendant.<br><br>RELATED COUNTERCLAIMS. | Case No. CV 09-08128 DMG (PLAx)<br><br>**DECLARATION OF JAMES E. DOROSHOW IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Hearing Date:  May 3, 2010<br>Time:          9:30 a.m.<br>Courtroom:     7<br>Judge:         Hon. Dolly M. Gee<br><br>Complaint filed November 5, 2009 |

I, JAMES E. DOROSHOW, declare and state as follows:

1. I am a partner with the law firm of Fox Rothschild LLP, attorneys for Defendant/Counterclaimant Accelerated Recovery Centers, LLC ("Accelerated") in this action. I am duly licensed to practice law in the State of California and the United States District Court, Central District of California. Except as otherwise stated, I know the following facts based upon personal knowledge, and if called to testify as a witness, I could and would testify competently to such facts.

2. In his declaration in support of Plaintiffs' motion for leave to amend, Plaintiffs' counsel misrepresents a number of facts regarding our meet and confer prior to the filing of Plaintiffs' motion. In my Declaration in support of Accelerated's motion for leave, I did not discuss the details of the meet and confer process because I did not want to burden the Court with counsel's unprofessional conduct unrelated to the substance of the motion. However, by misrepresenting the facts in his declaration, Plaintiffs' counsel has left me no choice other than to briefly address the false allegations made by counsel against me and my client.

3. Since filing its original counterclaims, Accelerated has learned that Counter-Defendants have conspired with various third-parties to perpetuate the notion that they know how to "cure" alcoholism and addiction, which is the premise of Accelerated's unfair competition claim under the Lanham Act.

4. Promptly after deciding to name additional parties and to add a count for civil conspiracy, I initiated a meet and confer process with opposing counsel in accordance with Local Rules 7-3. I informed Plaintiffs' counsel during the telephonic meet and confer conference on Monday, March 29, 2010, as well as before the conference, that Accelerated intended to add several additional parties. During the conference, Plaintiffs' counsel asked me to identify the names of these parties, and I offered to provide that information to him if he would simply tell me within a couple of business days whether his office intended to oppose my client's motion to amend should we have to file it. Plaintiffs' counsel refused to do so.

5. For the first time during the meet and confer I initiated, and without prior notice, Plaintiffs' counsel informed me that Plaintiffs also wanted to add additional parties, and amend their Complaint. In response, I told opposing counsel that Accelerated would agree to allow his clients to amend their Complaint if they would merely do the same and agree to allow Accelerated to amend its Counterclaims.

6. I called Plaintiffs' counsel again in the morning of Tuesday, March 30, 2010. During the call, I again agreed to exchange the names of the parties we intended to add, indeed I even offered to read them over the phone, so long as he merely agreed to tell me by Thursday, April 1, 2010, whether or not he would stipulate to the filing of our proposed amendment. The reason I asked for a response by April 1, 2010 was to ensure sufficient time for my office to prepare a motion to amend should Plaintiffs' counsel refuse to stipulate to allowing us to file our amended pleading. This was necessary, among other reasons, because Friday, April 2, 2010 was Good Friday (and my office would be closed), and because a motion had to be filed by Monday, April 5, 2010, in order to be heard by this Court's deadline of May 3, 2010 for adding new parties. This was clearly and thoroughly explained to Plaintiffs' counsel during our conference.

7. During our discussion regarding the exchange of information, Plaintiffs' counsel became irritated and emotional and hang the phone up on me, without warning and without cause. I was not smug or demeaning as Plaintiffs' counsel asserts, but merely intent on reaching closure on our meet and confer process, and to hopefully get counsel to stipulate to both parties amending their pleadings, what should have been a routine matter.

8. Although I found his conduct extremely unprofessional, I still emailed Plaintiffs' counsel later in the morning to tell him that I will provide to him the list of individuals we intended to add first, expecting him to provide me with his list shortly thereafter. I also explained to Plaintiffs' counsel why I needed his answer

1 | by April 1, 2010.

9. Since this was not the first time Plaintiffs' counsel acted unprofessionally, and had actually made baseless malpractice threats against me and my firm, I also asked him and his colleagues to conduct themselves in a more professional manner in the future in order for us to be able to work together as professionals and officers of the court.

10. Due to Plaintiffs' counsel's continued refusal to commit to my requested response date, so to ensure sufficient time for my office to prepare a motion to amend should it become necessary, the parties ultimately did not exchange lists of new parties.

11. Instead, on Thursday, April 1, 2010, Plaintiffs' counsel emailed me a copy of Plaintiffs' proposed amended complaint. Prior to receiving his email, counsel never discussed exchanging the parties' respective pleadings. In response, I again reiterated to Plaintiffs' counsel that we would stipulate to his clients' amending their pleading, if they simply stipulated to Accelerated amending its pleadings. Plaintiffs' counsel refused to do so.

12. As a result, my office had no choice other than to file our motion for leave to amend on Monday, April 5, 2010.

13. One day after the motions were filed, I again contacted Plaintiffs' counsel to inform him that Accelerated was still committed to a mutual stipulation to allow the parties to amend their respective pleadings. At that time, I asked counsel to apprise me of Plaintiffs' position by the close of business on Thursday, April 8, 2010, because the parties' reply papers were due on Monday, April 12, 2010. Attached hereto as Exhibit A is a true and correct copy of my email to Plaintiffs' counsel after the motions for leave were filed.

/ / /

/ / /

/ / /

4

DECLARATION OF JAMES E. DOROSHOW IN OPPOSITION OF PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

14. Once again, Plaintiffs' counsel refused to cooperate. In fact, he has never even bothered to respond to my email.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct of my personal knowledge, and if called as a witness, I could and would testify competently thereto.

Executed on April 12, 2010, in Los Angeles, California.

/s/ *James E. Doroshow*
JAMES E. DOROSHOW

---

5

DECLARATION OF JAMES E. DOROSHOW IN OPPOSITION OF PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

EXHIBIT A

Monday, April 12, 2010 11:29:32 AM

**Fayerberg, Roman**

**From**: Doroshow, James E.
**To**: 'charder@wrslawyers.com'
**Cc**: 'brad@ganzlaw.com' ; 'ejs@SimmonsTrialPractice.com' ; 'nmerkin@wrslawyers.com' ; 'NZaccaro@wrslawyers.com'
**Sent**: Thu Apr 08 21:27:00 2010
**Subject**: Re: Grasshopper - Accelerated; Revised FAC

We will let the court know you refused to stipulate to our filing an amended counterclaim, and failed to respond to my email. If there is any doubt whose been acting in good faith here you just laid it to rest. Jim

---

**From**: Doroshow, James E.
**To**: 'charder@wrslawyers.com'
**Cc**: 'brad@ganzlaw.com' ; 'ejs@SimmonsTrialPractice.com' ; 'nmerkin@wrslawyers.com' ; 'NZaccaro@wrslawyers.com'
**Sent**: Tue Apr 06 22:47:07 2010
**Subject**: Re: Grasshopper - Accelerated; Revised FAC

Mr harder,

I have reviewed your motion to amend your complaint. As before, we are prepared to stipulate that you may file an amended pleading if you will agree that we may file our amended counterclaims. Please apprise me of your position no later than the close of business this thursday, april 8, 2010, as the parties otherwise have to file their oppositions to each others motions by moinday, april 12, 2010.

I have also read your declaration in support of the motion. It is obvious you have difficulty with being honest. As such, I have instructed all of the lawyers and staff working on this matter with me that, in the future. they should only communicate with you in writing to ensure we have an accurate record of all of our interactions with you.

Jim doroshowl

---

**From**: Charles Harder
**To**: Doroshow, James E.
**Cc**: Bradley Ganz ; E. J. Simmons ; Nicholas A. Merkin ; Nancy Zaccaro
**Sent**: Fri Apr 02 20:48:00 2010
**Subject**: Grasshopper - Accelerated; Revised FAC

Dear Mr. Doroshow:

Following on our meet and confer conferences of Monday, March 29 at 4:00 p.m., and Tuesday, March 30 at 9:30 a.m., and related emails from those dates and thereafter regarding the amending of Plaintiffs' Complaint, I am attaching a revised version of the proposed First Amended Complaint for your review. It contains an additional cause of action for False Markings pursuant to 35 U.S.C. sec. 292(s) - the Third Cause of Action in the attached document. As you know, Federal Rule of Civil Procedure 15(a) provides that leave to file an amended complaint shall be freely given when justice so requires. As such, please let me know by 10:00 a.m. on Monday if your clients will agree to stipulate to the filing of the First Amended Complaint. Otherwise, we will file a Motion for Leave to Amend on Monday.

Sincerely,

Charles J. Harder, Esq.
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP
11400 W. Olympic Blvd., Ninth Floor
Los Angeles, California 90064
(310) 478-4100 x255
(310) 479-1422 (fax)

4/12/2010

Monday, April 12, 2010 11:29:32 AM

E-Mail: CHarder@WRSlawyers.com
Web: www.WRSlawyers.com
Bio: http://www.wrslawyers.com/attorneys/charles-harder.asp

This message contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive e-mails for the addressee), you may not use, copy or disclose to anyone this message or any information contained in this message. If you have received this message in error, please advise the sender by reply e-mail to charder@wrslawyers.com, and delete the message. Thank you.

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by U.S. Treasury Regulation Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

Monday, April 12, 2010 11:28:14 AM

**Fayerberg, Roman**

**From**: Doroshow, James E.
**To**: 'charder@wrslawyers.com'
**Cc**: 'brad@ganzlaw.com' ; 'ejs@SimmonsTrialPractice.com' ; 'nmerkin@wrslawyers.com' ; 'NZaccaro@wrslawyers.com'
**Sent**: Tue Apr 06 22:47:07 2010
**Subject**: Re: Grasshopper - Accelerated; Revised FAC

Mr harder,

I have reviewed your motion to amend your complaint. As before, we are prepared to stipulate that you may file an amended pleading if you will agree that we may file our amended counterclaims. Please apprise me of your position no later than the close of business this thursday, april 8, 2010, as the parties otherwise have to file their oppositions to each others motions by moinday, april 12, 2010.

I have also read your declaration in support of the motion. It is obvious you have difficulty with being honest. As such. I have instructed all of the lawyers and staff working on this matter with me that, in the future. they should only communicate with you in writing to ensure we have an accurate record of all of our interactions with you.

Jim doroshowl

---

**From**: Charles Harder
**To**: Doroshow, James E.
**Cc**: Bradley Ganz ; E. J. Simmons ; Nicholas A. Merkin ; Nancy Zaccaro
**Sent**: Fri Apr 02 20:48:00 2010
**Subject**: Grasshopper - Accelerated; Revised FAC

Dear Mr. Doroshow:

Following on our meet and confer conferences of Monday, March 29 at 4:00 p.m., and Tuesday, March 30 at 9:30 a.m., and related emails from those dates and thereafter regarding the amending of Plaintiffs' Complaint, I am attaching a revised version of the proposed First Amended Complaint for your review. It contains an additional cause of action for False Markings pursuant to 35 U.S.C. sec. 292(s) - the Third Cause of Action in the attached document. As you know, Federal Rule of Civil Procedure 15(a) provides that leave to file an amended complaint shall be freely given when justice so requires. As such, please let me know by 10:00 a.m. on Monday if your clients will agree to stipulate to the filing of the First Amended Complaint. Otherwise, we will file a Motion for Leave to Amend on Monday.

Sincerely,

Charles J. Harder, Esq.
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP
11400 W. Olympic Blvd., Ninth Floor
Los Angeles, California  90064
(310) 478-4100 x255
(310) 479-1422 (fax)
E-Mail:  CHarder@WRSlawyers.com
Web:     www.WRSlawyers.com
Bio:     http://www.wrslawyers.com/attorneys/charles-harder.asp

This message contains information that may be confidential and privileged.  Unless you are the addressee (or authorized to receive e-mails for the addressee), you may not use, copy or disclose to anyone this message or any information contained in this message.  If you have received this message in error, please advise the sender by reply e-mail to charder@wrslawyers.com, and delete the message.  Thank you.

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by U.S. Treasury

Monday, April 12, 2010 11:28:14 AM

Regulation Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

4/12/2010