WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
CHARLES J. HARDER (BAR NO. 184593)
NICHOLAS A. MERKIN (BAR NO. 219604)
11400 West Olympic Boulevard, Ninth Floor
Los Angeles, California 90064-1582
Telephone: (310) 478-4100
Facsimile: (310) 479-1422
Email: charder@wrslawyers.com
       nmerkin@wrslawyers.com

Attorneys for Plaintiffs and Counter-Defendants
GRASSHOPPER HOUSE, LLC and
PASSAGES SILVER STRAND, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRASSHOPPER HOUSE, LLC, a California limited liability company doing business as "Passages Malibu," PASSAGES SILVER STRAND, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>ACCELERATED RECOVERY CENTERS, LLC, a Georgia limited liability company,<br><br>Defendant.<br><br>AND RELATED COUNTER-CLAIM | Case No.: 2:09-cv-08128-DMG-PLA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF AND COUNTER-DEFENDANT'S OPPOSITION TO DEFENDANT AND COUNTER-CLAIMANT'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND COUNTERCLAIMS**<br><br>Date: May 3, 2010<br>Time: 9:30 a.m.<br>Location: Courtroom 7 |

Plaintiff and counter-defendants GRASSHOPPER HOUSE, LLC and PASSAGES SILVER STRAND, LLC (collectively, "Plaintiffs") hereby submit the following memorandum of points and authorities in support of Plaintiffs' opposition to defendant and counter- claimant ACCELERATED RECOVERY CENTERS, LLC's ("Defendant") Motion for Leave to File First Amended Answer and Counterclaims (the "Motion").

## MEMORANDUM OF POINTS AND AUTHORITIES

## I

## INTRODUCTION

Defendant's Motion is sorely misplaced.

As the Court is aware, on or about December 23, 2009, Defendant filed an Answer and Counterclaims against Plaintiffs and additional counter-defendants Chris Prentis and Pax Prentis.

On or about January 29, 2010, Plaintiffs filed a Motion to Dismiss certain of Defendant's Counterclaims. The Motion to Dismiss was granted in part and denied in part.

Pursuant to the Court's Order, Defendant was given until April 12, 2010 to amend its Fourth Counterclaim for Unfair Competition.

On or about March 29, 2010, Defendant suddenly "discovered" that it now had "information" and a newfound "belief" that a laundry list of nineteen (19) individuals – who Defendant admits are merely Plaintiffs' "employees or consultants" – should be named as counter-defendants in the action. [Proposed Amended Answer/Counterclaims at paras. 6-7]

Defendant's proposed amendments to its counterclaims solely allege the following against these new counter-defendants:

(1) "[V]arious counterdefendants"[1] are listed on Plaintiffs' webpage as therapists who "claim to know how to cure dependency." [Proposed Amended Answer/Counterclaims at para. 37]

(2) New counter-defendants Mullen, Rothschild, and Kenworthy "provide answers to commonly asked questions" in a book allegedly

---

[1] The proposed counterclaims do not even specify exactly which of the new counter-defendants are allegedly listed on the webpage.

published by Plaintiffs. [Proposed Amended Answer/Counterclaims at para. 38]

(3) New counter-defendant Barrett produced a marketing video for Plaintiffs, interviewed another counter-defendant on the video, and made various representations on such video. [Proposed Amended Answer/Counterclaims at paras. 28-30]

As such, put plainly, the proposed amended counterclaims constitute nothing more than harassment, which will not survive a Rule 12 motion.

Consequently, Plaintiffs respectfully request that the Court deny the Motion.

## II
## LEAVE TO AMEND NEED NOT BE GIVEN IF A PLEADING, AS AMENDED, IS SUBJECT TO DISMISSAL

Under applicable law, leave to amend need not be given if a pleading, as amended, is subject to dismissal. *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (citing *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 546 (5th Cir.1980), *cert. denied*, 454 U.S. 927, 102 S.Ct. 427 (1981)).

Here, the proposed amendments are clearly subject to dismissal for the following reasons.

First, on their face, the proposed counterclaims do not even specify which of the four counterclaims applies to which counter-defendants. Are the new counter-defendants parties to the declaratory judgment counterclaims (Counts 1 and 2), the Federal Unfair Competition counterclaim (Count 3), or the Civil Conspiracy claim (Count 4); or are the new counter-defendants parties to all of these claims collectively?

As such, even if this were the only defect in the proposed counterclaims, the counterclaims should be dismissed under Federal Rule of Civil Procedure 12(e).

1   One long-established federal decision – <u>Van Dyke Ford, Inc. v. Ford Motor
2   Co.</u> – is precisely on point. In <u>Van Dyke</u>, an antitrust complaint was filed by
3   several plaintiffs against several defendants. The charging allegations refer
4   generally to "defendants," although it was apparent that, as here, not all defendants
5   were involved in each claim.

6   The Court held that on a Rule of Civil Procedure 12(e) motion, plaintiffs
7   were required to specify which defendants were involved. <u>Van Dyke Ford, Inc. v.
8   Ford Motor Co.</u>, 399 F.Supp. 277, 284 (E.D. Wis. 1975).

9   Consequently, the Motion should be denied because the proposed counter-
10  claims are subject to dismissal.

11  <u>Second</u>, Exhibit 10 to the proposed amended counterclaims purports to
12  contain evidence that some or all (again, it is entirely unclear in the pleadings) of
13  the new counter-defendants make claims that they "know how to cure
14  dependency." [Proposed Amended Answer/Counterclaims at para. 37]

15  Here, even a cursory review of Exhibit 10 – which is nothing more than
16  Plaintiffs' employee list – demonstrates that no such claim is made by any party.
17  Perhaps most troublingly, Defendant's (mis)statement reveals exactly how
18  Defendant "discovered" the identities of the new counter defendants; namely,
19  Defendant's counsel simply cut and pasted the list of Plaintiffs' employees from
20  Plaintiffs' website into the proposed amendments!

21  To take just one particularly egregious example, Defendant has even named
22  Ms. Danielle Davis, Plaintiffs' admissions assistant, as a party to its federal
23  conspiracy claim. The details of Ms. Davis's purported misconduct are – of
24  course – left to the imagination of the reader. Such a "shotgun" approach to
25  pleading claims is not only ethically dubious, but unquestionably subject to
26  dismissal under Federal Rules of Civil Procedure 12(c) or 12(b)(6) for failing to
27  state a claim upon which relief can be granted.

28  As such, the Motion should be denied.

<u>Last</u>, in a similar vein, Defendant's remaining allegations against the new counter-defendants are unsustainable subject to Federal Rules of Civil Procedure 12(c) or 12(b)(6).

Even taking Defendant's allegations as true, the mere fact that new counter-defendants Mullen, Rothschild, and Kenworthy may "provide answers to commonly asked questions" in a book allegedly published by Plaintiffs. [Proposed Amended Answer/Counterclaims at para. 38] or that new counter-defendant Barrett produced a marketing video for Plaintiffs, interviewed another counter-defendant on the video, and made various representations on such video. [Proposed Amended Answer/Counterclaims at paras. 28-30] are simply not sufficient to state claims against the new counter-defendants.

In light of the above, the proposed amendments are clearly subject to dismissal and the Motion should be denied.

## III

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Motion be denied in full.

DATED: April 12, 2010        WOLF, RIFKIN, SHAPIRO,
                             SCHULMAN & RABKIN, LLP

                                     /s/ Nicholas A. Merkin
                             By:_____
                             CHARLES J. HARDER
                             NICHOLAS A. MERKIN
                             Attorneys for Plaintiff
                             GRASSHOPPER HOUSE, LLC and
                             PASSAGES SILVER STRAND, LLC