James E. Doroshow (State Bar No. 112920)
  jdoroshow@foxrothschild.com
Phillip F. Shinn (State Bar No. 112051)
  pshinn@foxrothschild.com
Alan Chen (SBN 224420)
  achen@foxrothschild.com
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Tel 310.598.4150 / Fax 310.556.9828

Attorneys for Defendant/Counterclaimant
Accelerated Recovery Centers, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRASSHOPPER HOUSE, LLC, a California limited liability company doing business as Passages Malibu, PASSAGES SILVER STRAND, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>ACCELERATED RECOVERY CENTERS, LLC, a Georgia limited liability company,<br><br>Defendant.<br><br>RELATED COUNTERCLAIMS. | Case No. CV 09-08128 DMG (PLAx)<br><br>**DEFENDANT / COUNTER-CLAIMANT ACCELERATED RECOVERY CENTER, LLC'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND COUNTER-CLAIMS**<br><br>Hearing Date: May 3, 2010<br>Time: 9:30 a.m.<br>Courtroom: 7<br>Judge: Hon. Dolly M. Gee<br><br>Complaint filed November 5, 2009 |

## I. PRELIMINARY STATEMENT

On Monday, April 5, 2010, both parties filed motions for leave to amend their respective pleadings. Both prior to and after the parties filed their motions to amend, Defendant and Counterclaimant Accelerated Recovery Centers LLC ("Accelerated") agreed to stipulate that Plaintiffs could file their proposed First Amended Complaint on the simple condition that Plaintiffs reciprocate. This obviously would have allowed the parties to avoid the expense associated with having to prepare and reply to each other's motions, and would have prevented unnecessary waste of the Court's time and resources in considering and ruling on the motions, but Plaintiffs refused to cooperate.

After wasting the parties' and the Court's time and resources on what should be a routine matter, Plaintiffs now argue that Accelerated's motion for leave should be denied because the proposed counterclaims are purportedly insufficient to state a claim. Ironically, Plaintiffs' own proposed, amended complaint alleges less than Accelerated's proposed new counterclaims. In fact, it lacks many of the same elements that Plaintiffs now argue should be included in Accelerated's amended counterclaims. In the end, in view of the liberal amendment policies under the federal rules, both motions should be granted and both parties should be granted leave to amend. Alternatively, if Accelerated's motion for leave to amend is denied, Plaintiff should similarly be denied leave to amend.

## II. INTRODUCTION

The deadline for amending pleadings and adding parties in this action is May 3, 2010. Accordingly, on April 5, 2010, Defendant and Counterclaimant Accelerated Recovery Centers LLC ("Accelerated") filed a motion for leave to file amended counterclaims, seeking to name additional counter-defendants and add a new counterclaim for civil conspiracy.

In its original Answer and Counterclaims, Accelerated brought a claim for unfair competition under Section 43(a) of the Lanham Act against Plaintiffs

Grasshopper House, LLC and Passages Silver Strand, LLC (collectively "Plaintiffs"), and Chris Prentiss and Pax Prentiss (collectively "Counter-Defendants"). The basis of Accelerated's existing counterclaims is that Counter-Defendants falsely represent that they know how to "cure" alcoholism and addiction, when of course they have no support for this assertion. Counter-Defendants filed two separate motions to dismiss Accelerated's existing counterclaims, but this Court has now found that Counter-Defendants' claim that they know how to "cure" alcoholism and addiction is actionable under the Lanham Act, and that Accelerated has properly stated a claim for federal unfair competition against the existing Counter-Defendants. (See Order, Doc. No. 41.)

The proposed amended counterclaims simply seek to add 19 parties who are believed to have represented or participated in representing to consumers and potential clients that Counter-Defendants know how to "cure" alcoholism and addiction.

Specifically, the proposed amended counterclaims seek to add 18 new parties who are each alleged to be "employees or consultants or otherwise affiliated with" Grasshopper; as well as another individual (Donald Barrett) who is alleged to have produced an infomercial, and "interviewed" Counter-Defendant Chris Prentiss in the infomercial, all for the purpose of promoting the false idea that Counter-Defendants can "cure" alcoholism and other forms of addictive disease. See Proposed Amended Counterclaim ("PAC") at paragraphs 6-7, 24-39. Contrary to Plaintiffs' contention that there is no specificity in the PAC to support liability against the new parties, the PAC is filled with allegations about all counter-Defendants' role in promoting false advertisements. *See, e.g.*, PAC paragraph 24 ("...Counter-Defendants, and/or their agents, officers and others *acting in concert with them*, have made are continuing to make false and misleading statements of material fact..."); paragraph 25 ("[a]mong other forms of misleading advertising ... Counter-Defendants have, *individually or collectively,* caused to be released

commercial advertisements, statements or both claiming to be able to 'cure' drug, alcohol and other forms of addiction ..."); paragraph 27 ("... Counter-Defendants' website features an informational commercial advertisement ('infomercial') promoting Chris Prentiss' book and the services offered by Plaintiffs in which Chris Prentiss, *speaking on behalf of himself and the other Counter-Defendants*, repeatedly falsely claims that Plaintiffs learned how to 'cure' addiction and alcoholism"). (Emphasis supplied). *See also, id.* at paragraph 37 (attaching a copy of a webpage from Grasshopper's website, "providing names and credential of various Counter-Defendants, including ..." the nine therapists or staff that claim to "know how to cure dependency"); paragraph 38 (alleging how three of the newly named Counter-Defendants are featured in Counter-Defendants' book entitled "The Alcoholism and Addiction Cure" which teaches readers how to 'cure" alcoholism and addiction; and how they "... provide answers to commonly asked questions related to their respective proffered areas of expertise").

For his part, newly named Counter-Defendant Barrett, in addition to producing Prentiss' infomercial and interviewing him in it, is also specifically alleged to have made false statements *on his own*, including how "... Chris Prentiss' program described in [his] book is helping people all over the world get cured from alcohol or drug addiction." *See* PAC at paragraph 29. In accord, *see also* paragraph 31 ("... Counter-Defendant Barrett has represented that, some people have been cured just by reading [Prentiss'] book").

These allegations are clearly sufficient to support a claim for false advertising under the Lanham Act against each of the new Counter-Defendants, as well as Accelerated's new proposed claim for "Civil Conspiracy." Counterclaim Count 4.

By contrast, Plaintiffs' Proposed Amended Complaint, which seeks to add two defendants, Kevin M. Kelly and Jan Holt Watkins, is completely devoid of any factual allegations to support adding claims against these parties. Thus,

4

COUNTERCLAIMANT'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION FOR LEAVE TO FILE
FIRST AMENDED ANSWER AND COUNTER-CLAIMS

LA1 41587v1 04/19/10

Plaintiffs' proposed, amended complaint, does not specify the relationship between Accelerated and Mr. Kelly and Ms. Watkins; does not specify which counts are brought against which defendants; and does not describe Mr. Kelly' or Ms. Watkins' involvement in any of the complained of acts.

In fact, the only new allegations in the Complaint against these two individuals are as follows:

"5.   Plaintiffs are informed and believe and based thereon allege that Defendant KEVIN M. KELLY ("Kelly") is an individual who resides in the State of Georgia and conducts business within the Central District, the location in which infringing acts have occurred.

6.   Plaintiffs are informed and believe and based thereon allege that Defendant JAN HOLT WATKINS ("Watkins") is an individual who resides in the State of Georgia and conducts business within the Central District, the location in which infringing acts have occurred. (Accelerated, Kelly and Watkins are collectively referred to herein as "Defendants.")

7.   Plaintiffs are informed and believe and based thereon allege that Defendants, and each of them, were and are the agents, employees, partners, joint-venturers, co-conspirators, owners, principals and employers of the remaining Defendants, and each of them are, and at all times herein mentioned were, acting within the course and scope of that agency, partnership, employment, conspiracy, ownership or joint venture. Plaintiffs further are informed and believe and based thereon allege that the acts and conduct herein alleged of each of the Defendants were known to, authorized by and/or ratified by the other Defendants, and each of them."

Therefore, there is clearly less factual support in Plaintiffs' proposed amended complaint than that which is found in Accelerated's proposed amended counterclaims.

As has been already briefed for the Court, both prior to and after the parties filed their motions to amend, Accelerated agreed to stipulate that Plaintiffs could file their proposed First Amended Complaint on the simple condition that Plaintiffs reciprocate and allow Grasshopper to file its first Amended

Counterclaims. This obviously would have allowed the parties to avoid the expense associated with having to prepare and reply to each other's motions, and would have prevented unnecessary waste of this Court's resources in considering and ruling on the motions, but Plaintiffs repeatedly refused to cooperate.

In fact, while Grasshopper does not oppose Plaintiffs' motion to amend provided that Grasshopper is granted leave to amend, Plaintiffs have now opposed Grasshopper's motion to amend its Counterclaims. As we now demonstrate, Plaintiff's opposition is devoid of merit.

### III. ARGUMENT

Accelerated's motion for leave to name additional counter-defendants and add a count for civil conspiracy should be granted because it meets the liberal amendment requirements of Rules 15 and 20 of the Federal Rules of Civil Procedure, see *Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371, 1374 (9th Cir. 1980); *The 2M Group, Inc., v. Solstice Management, LLC*, 2009 U.S. Dist. LEXIS 6668, at * 7 (N.D. Cal. 2009), and because doing so would serve the interests of judicial economy.

#### A. THE RULE 15 REQUIREMENTS ARE MET

Plaintiffs cannot and do not dispute that Federal Rule of Civil Procedure 15(a), which governs requests for leave to amend, provides that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). In fact, relying on *Foman v. Davis,* Plaintiffs state in their own motion for leave to amend that: "the role of pleadings is limited, and leave to amend the pleading is freely given unless *the opposing party* makes a showing of undue prejudice, or bad faith or dilatory motive on the part of the moving party." *Foman v. Davis,* 371 U.S. 178, 182 (1962) (emphasis added). Plaintiffs have failed to make the required showing here.

Plaintiffs make no effort to show undue prejudice, or bad faith or dilatory motive on the part of Accelerated; but merely argue that Accelerated's

proposed amendments are subject to dismissal; and thus Accelerated's motion should be denied. Plaintiffs' arguments, however, are misplaced.

This Court has already ruled that Accelerated has stated a claim of unfair competition under the Lanham Act against the existing counter-defendants. The proposed amended counterclaims simply add new individuals who have conspired with the existing counter-defendants to carry out a false advertising campaign. Accordingly, Accelerated proposed counterclaims clearly support a claim of unfair competition against these new individuals, especially in light of the liberal system of "notice pleading" pursuant to the Federal Rules of Civil Procedure. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) (citing Conley v. Gibson, 355 U.S. 41, 47(1957) (stating that it is enough that the complaint gives the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests so that the defendant can frame a responsive pleading.); *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 167 F. Supp. 2d 1114, 1119 (C. D. Cal. 2001) ("The Supreme Court has explained that the "liberal system of 'notice pleading' does not require a claimant to set out in detail the facts upon which it bases its claim").

Plaintiffs argue that Accelerated's proposed counterclaims should not be allowed because under Federal Rule of Civil Procedure 12(e) the counterclaims do not specify which counterclaims apply to which counter-defendants. This argument is not only wrong (as all Counter-Defendants and claims are clearly identified), it also grossly misinterprets the purpose of Rule 12(e), which is simply to clarify what could be a vague or ambiguous pleading in order to prevent, rather than to allow, dismissal of pleadings. In fact, courts view motions under Rule 12(e) as a preferred alternative to Rule 12(b) motions. *See Barnett v. Bailey*, 956 F.2d 1036, 1043–44 (11th Cir. 1992) (if the complaint is ambiguous or contains insufficient information to frame a responsive pleading, the proper remedy is Fed. R. Civ. P. 12(e) motion, rather than dismissal.)

In support of their makeshift argument, Plaintiffs cite only a single case - a 1975 case from a district court in Wisconsin - and even in that case (involving a Rule 12(e) motion) the Court ordered plaintiffs to simply clarify their pleading, but did not dismiss the pleading. *See Van Dyke Ford, Inc. v. Ford Motor Co.*, 399 F.Supp. 277, 284 (E.D. Wis. 1975).

Plaintiffs also argue that the proposed counterclaims are somehow subject to dismissal because they allegedly are insufficient to state a claim. First, Plaintiffs argue that Exhibit 10 in Accelerated's amended pleading does not, in Plaintiffs' opinion, show what it purports to show. Second, Plaintiffs summarize and take out of context several allegations in the proposed counterclaim, and argue that these allegations are not sufficient to state a claim against the new counter-defendants. In other words, Plaintiffs never argue that the amended counterclaims *as a whole* fail to state a claim, but rather that a single exhibit and 4 paragraphs *by themselves* fail to state a claim. This argument is hardly persuasive given the liberal requirements of "notice pleading" under the Federal Rules of Civil Procedure. *See Leatherman*, 507 U.S. at 168. As set forth above, Accelerated's proposed amended counterclaims *as a whole* clearly state a claim, and thus are not subject to dismissal.

Accordingly, Accelerated's motion for leave should be granted, particularly in light of the strong federal policy that leave to amend "shall be freely given."

## B. ACCORDING TO PLAINTIFFS' ARGUMENTS THEIR OWN PROPOSED, AMENDED COMPLAINT IS INSUFFICIENT TO STATE A CLAIM AND, THUS, IS SUBJECT TO DISMISSAL

Ironically, Plaintiffs' own proposed, amended complaint lacks any factual specificity. Thus, if Plaintiffs' position were right (which it is not) Plaintiffs should

///

///

not be granted leave to amend.[1] For example, Plaintiffs' proposed complaint does not specify which of the causes of action applies to which defendant. It also does not specify the relationship between Accelerated and the new defendants, but simply alleges that, "Defendants, and each of them, were and are agents, employees, partners, joint-venturers, co-conspirators, owners, principals and employers of the remaining Defendants."

Similarly, for their newly proposed unfair competition claim, Plaintiffs rely on a laundry list of statements taken out of context from Accelerated's website. Yet, the connection between the new defendants and these statements is nowhere explained; much less explained how any of the defendants were involved in or responsible for making them.

Accordingly, in the unlikely event the Court finds that Accelerated should be denied leave to amend, Plaintiffs' amended complaint is also subject to dismissal for the same reasons and thus Plaintiffs' motion for leave should similarly be denied.

### C. THE INTERESTS OF JUSTICE SUPPORT ALLOWING ACCELERATED TO FILE ITS AMENDED COUNTERCLAIMS

It is not disputed that Accelerated's proposed counterclaims satisfy the requirements of Rule 20, *i.e.*, that all claims arise out of the same transaction and there is a question of law or fact common to all parties. *See Fed. R. Civ. P. 20(a)(2); Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980). There are clearly common questions of law and fact raised in Accelerated's amended counterclaim. Thus, each of the parties that Accelerated seeks to add are each alleged to have represented or participated in representing to consumers and

---

[1] This is becoming a recurring theme in this litigation. As the Court stated in its Order denying Counter-Defendants' motions to dismiss, "[p]laintiffs' position on this issue is somewhat akin to 'the pot calling the kettle black' given that Accelerated's unfair competition allegations mirror their own."

9
COUNTERCLAIMANT'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION FOR LEAVE TO FILE
FIRST AMENDED ANSWER AND COUNTER-CLAIMS

LA1 41587v1 04/19/10

potential clients that, either they individually or collectively, know how to "cure" alcoholism and addiction, which is the basis of Accelerated's existing claim for relief under the Lanham Act.

The interests of judicial economy also favor allowing Accelerated to add new counter-defendants in this action. Thus, there is no bar, including any statute of limitation, that would prevent Accelerated from bringing a separate action against the new counter-defendants, if Accelerated were not allowed to amend its counter-claims in this action. However, having multiple actions involving the same claims would clearly be a waste of judicial resources because the same questions of law and fact would have to be decided in multiple forums.

Accordingly, Accelerated should be allowed leave to amend to name all new counter-defendants in this single action.

## IV. CONCLUSION

For each of the foregoing reasons, Accelerated respectfully requests that the Court grant its Motion, including granting it leave to file its First Amended Answer and Counterclaims in the form submitted with its motion. Alternatively, if Accelerated's Motion is denied because the Court finds that Accelerated's amended counterclaims are subject to dismissal for the reasons argued by Plaintiffs, the Court should similarly deny Plaintiffs' motion for leave to amend their Complaint for the same reasons.

Respectfully submitted,

DATED: April 19, 2010

FOX ROTHSCHILD LLP

/s/ *James E. Doroshow*
James E. Doroshow
Philip F. Shinn
Alan Chen
Attorneys for Defendant/Counterclaimant
Accelerated Recovery Centers, LLC