UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRASSHOPPER HOUSE, LLC, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>ACCELERATED RECOVERY CENTERS, LLC,<br><br>   Defendant.<br>ACCELERATED RECOVERY CENTERS, LLC,<br><br>   Counter-claimant,<br><br>   v.<br><br>GRASSHOPPER HOUSE, LLC, et al.,<br><br>   Counter-defendants. | Case No. CV 09-08128 DMG (PLAx)<br><br>**ORDER RE (1) PLAINTIFFS AND COUNTER-DEFENDANTS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; AND (2) DEFENDANT AND COUNTER-CLAIMANT'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND COUNTER-CLAIMS [42,43]** |

This matter is before the Court on Plaintiffs/Counter-defendants' Motion for Leave to File First Amended Complaint and on Defendant/Counter-claimant's Motion for Leave to File First Amended Answer and Counter-claims, set for hearing on May 3, 2010. The parties waived oral argument. For the reasons set forth below, the motions are GRANTED.

-1-

# I.

# **FACTUAL AND PROCEDURAL HISTORY**

On September 5, 2009, Plaintiffs Grasshopper House, LLC ("Grasshopper House") and Passages Silver Strand, LLC ("Passages") filed a complaint against Defendant Accelerated Recovery Centers, LLC ("Accelerated"), alleging claims for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, unfair business practices under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*, unjust enrichment, and injury to business reputation. Defendant filed its Answer on December 23, 2009, raising counterclaims against Plaintiffs and Counter-defendants Chris Prentiss and Pax Prentiss under the Lanham Act and UCL and seeking a declaratory judgment of non-infringement and non-registrability.

Plaintiffs filed a motion to dismiss Defendant's counterclaims under the Lanham Act and UCL. On March 23, 2010, the Court granted Plaintiff's motion to dismiss with respect to Defendant's UCL counterclaim only and granted Defendant leave to amend its counterclaim. Pursuant to the Court's February 22, 2010 scheduling order, the cutoff for amended pleadings and the addition of parties is May 3, 2010.

On March 29, 2010, the parties had a telephonic "meet and confer" to discuss the possibility of entering into a stipulation to amend the Complaint and Counterclaims. (Harder Decl. ¶ 2; Doroshow Decl. ¶¶ 7, 10.) The parties' counsel agreed to discuss the proposed stipulation with their respective clients. (Harder Decl. ¶ 2.) At some point during the next few days, however, the negotiations broke down and counsel exchanged a series of personal barbs via phone and e-mail. (Harder Decl. ¶¶ 3-6, Ex. B.)

On April 5, 2010, the parties filed cross motions for leave to amend their respective pleadings. Plaintiffs seek to amend the Complaint to remove their UCL claim and replace it with a claim for false marking under 35 U.S.C. § 292. In addition, Plaintiffs intend to re-style their trademark infringement claim under 15 U.S.C. § 1114 as an unfair competition claim under 15 U.S.C. § 1125(a), although the underlying allegations would remain the same. Plaintiffs also intend to add two individual

1 defendants: Kevin M. Kelly and Jan Holt Watkins. Defendant/Counter-claimant seeks to amend its Answer and Counter-claims to add 19 individual counter-defendants and 10 unnamed Doe counter-defendants. In addition, Defendant/Counter-claimant proposes to replace its UCL counter-claim with a civil conspiracy counter-claim.

The parties filed oppositions on April 12, 2010. Defendant/Counter-claimant does not oppose Plaintiffs' filing an amended complaint provided that the Court allows Defendant/Counter-claimant to file an amended answer and counter-claims. Plaintiffs oppose Defendant/Counter-claimant's proposed amended counter-claim on the grounds that it (1) fails to identify which counter-claims apply to each counter-defendant and (2) fails to supply details about how each counter-defendant committed the alleged misconduct. Plaintiffs do not specifically object to Defendant/Counter-claimant's proposed civil conspiracy counter-claim.

On April 19, 2010, the parties filed replies. In its Reply, Defendant/Counter-claimant maintains its position that both parties should be granted leave to amend but asserts that Plaintiffs' proposed amended complaint suffers from the same deficiencies that Plaintiffs identify in the proposed amended counter-claims. Specifically, Defendant/Counter-claimant argues that the proposed amended complaint fails to specify which causes of action apply to each defendant.

## II.
## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading with the court's leave, which should be freely given "when justice so requires." Requests for leave should be granted with "extreme liberality." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (internal quotation marks omitted) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). A court should not deny leave to amend except in the presence of bad faith, undue delay, prejudice to the opposing party, and/or futility of amendment. *William O. Gilley Enters., Inc. v. Atl.*

*Richfield Co.*, 588 F.3d 659, 669 n.8 (9th Cir. 2009). "[T]his determination should be performed with all inferences in favor of granting the motion." *Id*.

### III.
### DISCUSSION

These motions waste scarce judicial resources and could have been easily avoided with the exercise of sound professional judgment. The Court exhorts the parties henceforth to resolve their differences in a civil manner so as to avoid such unnecessary proceedings.

The Court finds that both amended pleadings are deficient for the reasons identified by the parties. In particular, the claims and counter-claims against the individual defendants and counter-defendants lack specificity regarding each person's role in the alleged misconduct. As currently formulated, neither of the proposed amended pleadings would survive a motion to dismiss some or all of the individual defendants or counter-defendants. To survive a motion to dismiss, a pleading must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). It must articulate enough facts so that the claim for relief is plausible on its face. *Id*. at 570. A claim is plausible on its face when it contains factual content allowing a court to draw the reasonable inference that the defendant or counter-defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

The parties can readily correct the lack of specificity in their respective proposed amended pleadings and shall be given leave to do so. Moreover, the Court finds no bad faith, undue delay, or prejudice to any party that would counsel against allowing amendment. Consequently, given the liberality of the standard for amendments, the Court grants both motions for leave to amend. The parties shall meet and confer in accordance with Local Rule 7-3 in an effort to avoid further motions to dismiss from each side.

## IV.
## **CONCLUSION**

In light of the foregoing:

1. Plaintiffs' motion for leave to amend is GRANTED;
2. Defendant/Counter-claimant's motion for leave to amend is GRANTED;
3. Plaintiffs and Defendant/Counter-claimant shall have seven days from the date of this Order within which to file their respective amended pleadings; and
4. Plaintiffs and Defendant/Counter-claimant shall have 21 days thereafter to file a responsive pleading.

IT IS SO ORDERED.

DATED:    May 3, 2010

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE