FILED

WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
CHARLES J. HARDER (CA Bar No. 184593)
NICHOLAS A. MERKIN (CA Bar No. 219604)
11400 West Olympic Boulevard, Ninth Floor
Los Angeles, California 90064-1582
Telephone: (310) 478-4100
Facsimile: (310) 479-1422
E-mail: charder@wrslawyers.com
E-mail: nmerkin@wrslawyers.com

2010 MAY 10  PM 3: 48

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

Attorneys for Plaintiffs
GRASSHOPPER HOUSE, LLC and
PASSAGES SILVER STRAND, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRASSHOPPER HOUSE, LLC, a California limited liability company doing business as "Passages Malibu," PASSAGES SILVER STRAND, LLC, a California limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> ACCELERATED RECOVERY CENTERS, LLC, a Georgia limited liability company, <br><br> Defendant. <br><br>_____ <br> AND RELATED COUNTER-CLAIM | CASE NO.: CV 09-08128 DMG (PLAx) <br><br> **FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:** <br><br> 1. **UNFAIR COMPETITION;** <br> 2. **FALSE MARKINGS;** <br> 3. **UNJUST ENRICHMENT; and** <br> 4. **INJURY TO BUSINESS REPUTATION** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs Grasshopper House, LLC and Passages Silver Strand, LLC allege:

1.     This is a civil action for unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, for unfair business practices arising under California Business and Professions Code § 17200 *et seq.*, for unjust enrichment, and for injury to business reputation.

//

//

1

FIRST AMENDED COMPLAINT

**THE PARTIES**

2.      Plaintiff GRASSHOPPER HOUSE, LLC ("Grasshopper House")  is a limited liability company organized and existing under the laws of the State of California, with its principal place of business at 6428 Meadows Court, Malibu, California 90265.

3.      Plaintiff PASSAGES SILVER STRAND, LLC ("Passages Silver Strand") is a limited liability company organized and existing under the laws of the State of California, with its principal place of business at 6428 Meadows Court, Malibu, California 90265. (Plaintiffs Grasshopper House and Passages Silver Strand are collectively referred to herein as "Plaintiffs.")

4.      Plaintiffs are informed and believe and based thereon allege that Defendant ACCELERATED RECOVERY CENTERS, LLC ("Accelerated") is a limited liability company organized and existing under the laws of the State of Georgia, which conducts business within the Central District of California, the location in which infringing acts have occurred.

5.      Plaintiffs are informed and believe and based thereon allege that Defendant KEVIN M. KELLY ("Kelly") is an individual who resides in the State of Georgia and conducts business within the Central District of California, the location in which infringing acts have occurred.

6.      Plaintiffs are informed and believe and based thereon allege that Defendant JAN HOLT WATKINS ("Watkins") is an individual who resides in the State of Georgia and conducts business within the Central District of California, the location in which infringing acts have occurred. (Accelerated, Kelly and Watkins are collectively referred to herein as "Defendants.")

7.      Plaintiffs are informed and believe and based thereon allege that Defendants, and each of them, were and are the agents, employees, partners, joint-venturers, co-conspirators, owners, principals and employers of the remaining Defendants, and at all times herein mentioned were, acting within the course and

2

1 | scope of that agency, partnership, employment, conspiracy, ownership or joint
2 | venture. Plaintiffs further are informed and believe and based thereon allege that the
3 | acts and conduct herein alleged of Defendants, and each of them, were known to,
4 | authorized by and/or ratified by the other Defendants, and each of them.

5 |      8.    Plaintiffs are informed and believe that Kelly is the President and Chief
6 | Executive Officer of Accelerated and that Watkins is the Senior Vice President of
7 | Accelerated. Plaintiffs are further informed and believe that Kelley and Watkins have,
8 | at all times relevant hereto, directed, controlled, supervised, ratified, and participated
9 | in all of the infringing activities and misconduct described below.

10 | **JURISDICTION AND VENUE**

11 |      9.    This Court has federal-question subject matter jurisdiction over
12 | Plaintiffs' federal unfair competition claim pursuant to 28 U.S.C. §§ 1331 and 1338.

13 |     10.    The Court has supplemental jurisdiction over the remaining claims
14 | pursuant to 28 U.S.C. § 1367.

15 |     11.    This Court has personal jurisdiction over Defendants, and each of them,
16 | because they conduct business in the State of California and within the Central District
17 | of California.

18 |     12.    Venue properly lies in the Central District of California pursuant to 28
19 | U.S.C. §1391 and §1400, because the acts complained of herein have been committed
20 | and are being committed in this Judicial District, Defendants, and each of them, are
21 | subject to personal jurisdiction within this Judicial District, and Plaintiffs have their
22 | principal place of business within the Judicial District.

23 | **FACTUAL BACKGROUND**

24 |     13.    Grasshopper House operates a leading alcohol and drug addiction
25 | treatment facility, with a national clientele. For many years, Grasshopper House has
26 | been doing business as "Passages" and "Passages Malibu," and has used PASSAGES
27 | and PASSAGES MALIBU as its trademarks. Grasshopper House uses the domain
28 | name PassagesMalibu.com and maintains a website at http://passagesmalibu.com.

FIRST AMENDED COMPLAINT

14.     Passages Silver Strand is affiliated with Grasshopper House and uses the trademark PASSAGES under a license agreement.  Passages Silver Strand also has begun using the mark PASSAGES VENTURA, and has used the mark PASSAGES SILVER STRAND during relevant periods of infringement described below.

**Overview of Google AdWords Program**

15.     Google is a well-known search engine that has emerged as the nationwide leader in search queries by internet users.  Yahoo has the second position in search queries.  The discussion below describes the Google advertising process.  The Yahoo process is similar.

16.     In addition to retrieving "hits" based on search terms, Google also features "sponsored links" on search results pages.  These "sponsored links" are links that are paid for by users through Google's AdWords advertising program.  AdWords allows users to create their own advertisements which will be displayed as "sponsored links" on Google's search results web pages and on other websites that are part of Google's advertising network.  Both the content of the AdWords advertisement and the search terms, known as "keywords," which trigger the appearance of the advertisement on the Google search results page and other websites, are controlled by the AdWords advertiser.

17.     Each advertisement consists of five parts, all of which are created by the AdWords advertiser: (i) a headline of 25 or fewer characters; (ii) a first descriptive line of 35 or fewer characters; (iii) a second descriptive line of 35 or fewer characters; (iv) a display URL of 35 or fewer characters; and (iv) a destination URL, which is linked to both the display URL and to the advertisement's headline.  These user-supplied components are then incorporated to generate a text advertisement generally of the following form:

//

//

//

4

FIRST AMENDED COMPLAINT

EXAMPLE HEADLINE

Example description line 1

Example description line 2

www.??.com

18. After creating an advertisement, the AdWords user sets up a list of keywords (words or phrases) to be associated with the given advertisement or ad group. Google uses the keywords to determine when the advertisement may appear on Google search results pages and website pages of a Google search partner or member of the Google content network.

19. "Sponsored" AdWords advertisements appear, among other places, on Google search results pages, either alongside or above the search results, on Gmail webpages, and on the pages of websites that are members of the Google Network.

20. Whether an advertisement shows up on a page, and where that advertisement is positioned in relation to the other advertisements, are determined in large part by the keywords that the advertiser lists to associate with that advertisement.

21. Defendants, and each of them, use various domain names in advertising their alcohol and drug addiction facilities, including without limitation the domain names AcceleratedRecoveryCenters.com and IWantToStopNow.com.

22. Defendants, and each of them, have used, and continue to use Plaintiffs' trademarks, without authorization, in the internet advertising of Defendants, and each of them. Defendants, and each of them, do so in an effort to trade on the goodwill of Plaintiffs' trademarks and trade name, thereby tricking customers into thinking that the goods and services of Defendants, and each of them, are associated with Plaintiffs. The unauthorized use of Plaintiffs' trademarks and trade name by Defendants, and each of them, also confuses potential customers searching for Plaintiffs on the internet and misdirects them to websites of Defendants, and each of them, instead of Plaintiffs' websites.

//

FIRST AMENDED COMPLAINT

23.     In particular, and among other things, Defendants, and each of them, willfully and purposefully utilize Plaintiffs' trademarks and trade name in the Google AdWords and Yahoo advertising of Defendants, and each of them, in such a way as to create a likelihood of confusion among consumers that the goods and services of Defendants, and each of them, are associated with Plaintiffs or otherwise to lure them to the websites of Defendants, and each of them.

24.     Defendants, and each of them, have used and continue to use Plaintiffs' trademarks in their internet advertising in an effort to confuse the public.

25.     The websites of Defendants, and each of them, contain no disclaimers that they are not affiliated or sponsored by Plaintiffs.  The use by Defendants, and each of them, of Plaintiffs' trademarks and trade name in internet advertising is an attempt to trade on the goodwill of Plaintiffs' marks and confuse the consumer.

26.     Plaintiffs are informed and believe and based thereon allege that Defendants, and each of them, are willfully and purposely using Plaintiffs' trademarks and trade name as a targeted keyword phrase in their internet advertising.

27.     Defendants, and each of them, have made, and are continuing to make, false and misleading statements of material fact in their attempt to promote their addiction treatment facilities and related services.

28.     Among other forms of misleading advertising, Defendants, and each of them, have advertised their treatment program as:

    a.    "The Nation's Leading and Most Effective Alcoholism Counseling Alternative to 12 Step Alcohol Addiction Treatment and Counseling Programs"

    b.    "More individual therapeutic treatment in each week than most treatment programs provide in 28 days"

    c.    Utilizing "Patented Protocols"

    d.    "Lead[ing] the industry in curative research in the treatment of alcoholism addition"

    e.    Having a success rate of "8 times the national average"

FIRST AMENDED COMPLAINT

f.   Having "established the new standard of care for the successful treatment of alcoholism"

g.   "[M]ore one-to-one care in 2 weeks than most treatment programs would offer in 2 years."

h.   "The only company in the United States that offers optional outbound support."

i.   "All members of the Accelerated team are senior, fully licensed and credentialed clinical professionals with unmatched experience in treatment of alcohol dependence."

j.   Utilizing "those things that are proven to have a curative effect in the treatment of alcohol dependence"

k.   "Accelerated offers a permanent solution to the problem of alcoholism"

l.   Accelerated will "help you beat your alcoholism addiction"

m.   Accelerated is "[t]he first program to guarantee your success"

n.   "[W]e are confident in our ability to help you make alcohol addiction a thing of your past."

o.   Accelerated's program is "about ending addiction"

p.   Accelerated is "[c]onfirmed to be the most effective type of treatment for alcohol addiction"

q.   "We do not believe in the philosophy of perpetual recovery. We believe that the process of recovery has a beginning and an end. At the end of your relationship with Accelerated, you will be recovered. . . put alcohol addiction behind you."

r.   Accelerated is "the most sought after alternative to institutional and traditional treatment programs"

s.   "We require no more than a long weekend away from your family"

t.   Accelerated will "eliminate your cravings for alcohol. Imagine alcohol recovery without urges and cravings. . . [you will] no longer crave alcohol."

u.   After your 1 year anniversary [at Accelerated] you are done. You are recovered . . . you have conquered addiction."

v.   Accelerated will "put alcohol addiction behind you for good."

w.   Accelerated's toll free telephone number is: "1-877-STOP-4-LIFE".

FIRST AMENDED COMPLAINT

29.     Plaintiffs are informed and believe and based thereon allege that the foregoing pronouncements, among others, are false and misleading descriptions of material fact that, individually and collectively, misrepresent the nature, characteristics, qualities and results of the services offered by Defendants, and each of them.

30.     As competitors, Plaintiffs have been and will continue to be damaged by the false and misleading statements of fact of Defendants, and each of them, as they improperly divert consumers away from Plaintiffs' rehabilitation services.

## FIRST CAUSE OF ACTION

## FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))

31.     Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 30.

32.     Defendants, and each of them, have used, and continue to use, without authorization, Plaintiffs' trademarks and trade dress, or confusingly similar names, marks and trade dress or variations thereof, in interstate commerce falsely to represent, describe and designate the origin of and other facts related to goods and services in a manner that is likely to cause confusion, to cause initial interest confusion, to cause mistake, and/or to deceive as to the affiliation, connection and association of Plaintiffs' trademarks and trade dress and the origin, endorsement, sponsorship, or approval of those goods in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125. The unauthorized use by Defendants, and each of them, of Plaintiffs' trademarks and trade dress, or confusingly similar names or variations thereof, are also likely to cause consumer confusion or mistake with respect to sponsorship or endorsement of Defendants, the websites of Defendants, and each of them, and the goods and services offered on such websites, and to divert consumers away from Plaintiffs' website in violation of the Lanham Act.

33.     As a result of the wrongful and unfair acts of Defendants, and each of them, Defendants, and each of them, have been unjustly enriched, and it is inequitable

8

1   to allow Defendants, and each of them, to retain this benefit under the circumstances.

2       34.    Plaintiffs have suffered damages as a direct and proximate result of the

3   use by Defendants, and each of them, of such false descriptions or representations,

4   including confusion and deception of the trade and purchasing public, incalculable

5   injury to their goodwill and business reputation, and the expenditure of attorneys' fees,

6   for which Plaintiffs have no adequate remedy at law.  Plaintiffs will continue to suffer

7   irreparable injury unless this Court enjoins the acts of infringement by Defendants,

8   and each of them.

9       35.    The acts of infringement by Defendants, and each of them, described

10  above, were willful such as to justify the award of treble damages and attorneys' fees

11  to Plaintiffs.

12                          **SECOND CAUSE OF ACTION**

13          **FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))**

14      36.    Plaintiffs hereby incorporate by reference the allegations contained in

15  paragraphs 1 through 30.

16      37.    Defendants, and each of them, have made, and are continuing to make,

17  false and/or misleading statements of material fact in their attempt to promote their

18  addiction treatment facilities and related services, as described above.

19      38.    Such false and/or misleading statements constitute unfair trade practices

20  and are likely to damage Plaintiffs.

21      39.    As a direct and proximate result of the unfair trade practices by

22  Defendants, and each of them, Defendants, and each of them, have been unjustly

23  enriched by an amount to be determined at trial, and it is inequitable to allow

24  Defendants, and each of them, to retain this benefit under the circumstances.

25      40.    Plaintiffs have suffered, and are suffering, irreparable harm to their

26  business as a result of such unfair trade practices for which Plaintiffs have no adequate

27  remedy at law.  Plaintiffs will continue to suffer such irreparable harm unless

28  Defendants, and each of them, are enjoined by the Court from continuing to make

FIRST AMENDED COMPLAINT

I:\17875\003\Pleadings\First Amd Complaint 004.wpd

1  false and misleading statements related to the businesses, services, treatment,
2  association, affiliation and sponsorship by Defendants, and each of them.

3      41.   Defendants, and each of them, made these false and misleading
4  statements willfully and with full knowledge of the false and misleading nature of
5  their statements.

6  **THIRD CAUSE OF ACTION**
7  **FALSE MARKING UNDER 35 U.S.C. § 292**

8      42.   Plaintiffs hereby incorporate by reference the allegations contained in
9  paragraphs 1 through 41.

10     43.   During all times relevant hereto, the website(s) of Defendants, and each
11 of them, contained the statement:

12      **PATENTED  PROTOCOLS.** Accelerated  focuses  on
13      innovation and leads the industry in curative research in the
14      treatment of alcohol addiction. You can expect to make
15      fully informed decisions with regard to your care with
16      access to every tool that is proven to be safe, efficacious
17      and credible; those things that are proven to have a curative
18      effect in the treatment of alcohol dependence.

19     44.   Plaintiffs are informed and believe and based thereon allege that
20 Defendants, and each of them, do not own any patents, nor have they obtained any
21 licenses for any patents, related to any articles, products or services that they provide
22 with respect to the treatment of alcohol addiction and dependence.

23     45.   Plaintiffs are informed and believe and based thereon allege that
24 Defendants, and each of them, were aware, at all times in which they used the words
25 "PATENTED PROTOCOLS" or made other representations that they owned or
26 licensed a patent in connection with their alcohol treatment services, at their
27 website(s) and within any other marketing materials concerning their alcohol
28 treatment services, that Defendants, and each of them, did not own any patents nor

10

**FIRST AMENDED COMPLAINT**

1    license any patents in connection therewith.

2        46.    Plaintiffs are informed and believe and based thereon allege that

3    Defendants, and each of them, deliberately, willfully and knowingly made false

4    markings through their website(s) and other marketing materials indicating that

5    treatment methods and/or related goods were patented, or that patents or

6    "PATENTED PROTOCOLS" were utilized by Defendants, and each of them.

7        47.    The false markings of Defendants, and each of them, were and are made

8    each time the portion of the website(s) of Defendants, and each of them, relating to

9    the section stating "PATENTED PROTOCOLS" was or is accessed by a customer,

10   prospective customer, competitor or other visitor, as well as each time a service

11   offered by Defendants, and each of them, is provided to a customer of Defendants, and

12   each of them.   Pursuant to 35 U.S.C. § 292(a), Defendants, and each of them, are

13   liable for a $500 fine for each such instance of false marking, including each time a

14   false marking created through the website(s) of Defendants, and each of them, was

15   and is transmitted for display by a web-site visitor's web browser, and separately, for

16   each instance a service advertised on the website(s) of Defendants, and each of them,

17   and in any other marketing materials is provided to a customer of Defendant, and each

18   of them.   On information and belief, these separate and distinct false markings have

19   been made multiple times per day, for many years, resulting in a total fine of millions

20   of dollars.   The actual amount of the fine attributable to the false markings of

21   Defendants, and each of them, will be developed during discovery and proven at trial.

22                    **FOURTH CAUSE OF ACTION**

23                        **UNJUST ENRICHMENT**

24       48.    Plaintiffs hereby incorporate by reference the allegations contained in

25   paragraphs 1 through 47.

26       49.    Defendants, and each of them, have used and continue to use Plaintiffs'

27   trademarks and trade dress without authorization in connection with the

28   advertisement, sale and offering for sale of their competitive goods and services.

---

11

FIRST AMENDED COMPLAINT

1      50.    The wrongful and unauthorized use by Defendants, and each of them, of

2 Plaintiffs' trademarks and trade dress is likely to cause confusion as to the source or

3 sponsorship of the goods and services of Defendants, and each of them, and further

4 is likely to cause the consumer confusion when searching for Plaintiffs on the internet

5 and to divert the consumers to the websites of Defendants, and each of them, and

6 services rather than those of Plaintiffs.

7      51.    The continuous advertising campaign by Defendants, and each of them,

8 emphasizing "PATENTED PROTOCOLS" and other false marking activities and

9 statements importing that a patent has issued or an application for patent has been

10 made has deceived the public, and, unabated, is likely to continue to deceive the

11 public, further diverting customers to use the services of Defendants, and each of

12 them, rather than those of Plaintiffs.

13      52.    As a result of their wrongful acts, as alleged herein, Defendants, and each

14 of them, have been unjustly enriched in an amount to be determined at the time of

15 trial. It is inequitable to allow Defendants, and each of them, to retain this benefit

16 under the circumstances.

17                    **FIFTH CAUSE OF ACTION**

18             **INJURY TO BUSINESS REPUTATION**

19      53.    Plaintiffs hereby incorporate by reference the allegations contained in

20 paragraphs 1 through 52.

21      54.    Plaintiffs allege that the use of Plaintiffs' trademark and trade dress by

22 Defendants, and each of them, injures and creates a likelihood of injury to Plaintiffs'

23 business reputation because persons encountering Plaintiffs and their products and

24 services will believe that Plaintiffs are affiliated with or related to or have the approval

25 of Defendants, and each of them, and any adverse reaction by the public to

26 Defendants, and each of them, and the quality of their products and the nature of their

27 business will injure the business reputation of Plaintiffs and the goodwill that they

28 enjoy in connection with their trademark and trade dress.

12

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray to the Court that it grant the following relief:

1.   That this Court permanently enjoin Defendants, and each of them, and their officers, directors, employees, agents, servants, and all persons, firms, corporations, franchisees and associates in concert or participation with Defendants, and each of them, from doing any of the following:

a.   conducting or doing business, in any capacity, using Plaintiffs' trade dress or trademarks, or any confusingly similar marks, trade dress, designations or variations thereof;

b.   using Plaintiffs' trademarks or trade dress, or any confusingly similar marks, trade dress, derivative or form thereof, in connection with the advertisement, sale or offering for sale of goods and services, including the use in any internet advertising programs (including as text, headlines or keywords), promotional materials, and web sites;

c.   falsely or inaccurately describing or designating the origin of or other facts related to any goods or services in any manner that is likely to cause confusion, mistake or deception as to the affiliation, connection and association of Defendants, and each of them, with Plaintiffs;

d.   falsely or inaccurately describing the nature, characteristics, qualities and results of the services offered by Defendants, and each of them;

e.   engaging in any conduct violative of 15 U.S.C. § 1125(a);

f.   engaging in any conduct violative of 35 U.S.C. § 292.

2.   That this Court require Defendants, and each of them, to pay Plaintiffs damages in a sum to be proven at trial and including the profits of Defendants, and each of them, and the actual damages suffered by Plaintiffs as a result of the acts of Defendants, and each of them;

//

//

13

FIRST AMENDED COMPLAINT

3.     That Defendants, and each of them, pay treble damages because of the willful acts described in this Complaint, all of which were in disregard of Plaintiffs' rights;

4.     For restitution and disgorgement of all profits and other benefits unjustly obtained by Defendants, and each of them, as a result of their wrongful actions;

5.     For an award of damages of $500 for every false marking offense by Defendants, and each of them, (including each time a false marking has been made through the  websites of Defendants, and each of them, and displayed by a web browser), with one-half of this damages award to Plaintiffs and the other half to the United States;

6.     That this Court award Plaintiffs their reasonable costs of suit, including attorneys' fees; and

7.     That this Court grant such other and further relief as is just.

WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP

Dated: May 10 , 2010          By: _____
                                  CHARLES J. HARDER
                                  Attorneys for Plaintiffs
                                  GRASSHOPPER HOUSE, LLC and
                                  PASSAGES SILVER STRAND, LLC

14

FIRST AMENDED COMPLAINT

I:\17875\003\Pleadings\First Amd Complaint 004.wpd

1   **DEMAND FOR JURY TRIAL**

2       Plaintiffs hereby exercise their right to a jury trial under the Seventh

3   Amendment to the United States Constitution, and pursuant to Fed. R. Civ. Proc.,

4   Rule 38, demand a jury trial in accordance therewith.

5

6                                   WOLF, RIFKIN, SHAPIRO,
                                    SCHULMAN & RABKIN, LLP
7

8   Dated: May 10, 2010            By

9                                     CHARLES J. HARDER
                                    Attorneys for Plaintiffs
10                                  GRASSHOPPER HOUSE, LLC and
                                    PASSAGES SILVER STRAND, LLC
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I:\17875\003\Pleadings\First Amd Complaint 004.wpd