James E. Doroshow (SBN 112920)
  jdoroshow@foxrothschild.com
Phillip F. Shinn (State Bar No. 112051)
  pshinn@foxrothschild.com
Alan Chen (SBN 224420)
  achen@foxrothschild.com
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, California  90067-3005
Tel 310.598.4150 / Fax 310.556.9828

Attorneys for Defendant/Counterclaimants
Accelerated Recovery Centers, LLC, Kevin
M. Kelly and Jan Holt Kelly.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRASSHOPPER HOUSE, LLC, d/b/a PASSAGES MALIBU, a California limited liability company, d/b/a Passages Malibu, PASSAGES SILVER STRAND, LLC, a California limited liability company,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>ACCELERATED RECOVERY CENTERS, LLC, a Georgia Limited Liability Company, KEVIN M. KELLY and JAN HOLT KELLY, individuals,<br><br>                    Defendant. | Case No.: CV 09-08128 RGK (PLAx)<br><br>**ACCELERATED RECOVERY CENTERS LLC'S ANSWER TO FIRST AMENDED COMPLAINT** |
| ACCELERATED RECOVERY CENTERS, LLC, A Georgia Limited Liability Company, KEVIN M. KELLY and JAN HOLT KELLY, individuals,<br><br>                    Counterclaimants,<br><br>          vs.<br><br>GRASSHOPPER HOUSE, LLC, d/b/a Passages Malibu, a California limited liability company, PASSAGES SILVER STRAND, LLC, a California limited liability company, CHRIS PRENTISS, PAX PRENTISS, KEITH MCMULLEN, LAURE WEBER, LISA MENESHIAN, NOAH ROTHSCHILD, ATHENA LENNON, MARYLOU KENWORTHY, | |

LA1 44558v1 06/01/10

1
2
3
4
5
6

CARRIE FREEMAN, PAULA
ANDERSON, FLO LAWRENCE,
MICHAEL COSTA, JONATHAN
JIANG, ROSS REMIEN, PHONG DAO,
DAVID APPELL, RYAN SORENSEN,
JEREMY MINAMI, KIM BOURDON,
ANNA JAMES, JACKIE GHYCZY,
DEBBIE WIEDLUND, MICHAEL
SHANER, JEFF McNAIRY, CHRIS DE
LA MADRID, DONALD BARRETT,
JOHN DOES 1-10, individuals,

7                    CounterDefendant.

8

9

10      Defendant Accelerated Recovery Centers, LLC ("Accelerated") by and

11   through its undersigned counsel, respectfully submits its Answer to the First

12   Amended Complaint as follows:

13

14      1.      For its answer to paragraph 1 of the Complaint, Defendant admits that

15   the Complaint purports to state claims for trademark infringement and unfair

16   competition under 15 U.S.C. § 1051 *et seq.*, a claim for unfair business practices

17   under California Business and Profession Code sections 17200 *et. seq.*, and claims

18   for unjust enrichment and injury to business reputation.  Defendant denies all other

19   allegations in paragraph 1.

20

21                    **THE PARTIES**

22      2.      For their answer to paragraph 2 of the Complaint, Defendant alleges it

23   is without sufficient knowledge to form a belief as to the truth of the allegations of

24   paragraph 2 and therefore denies the same.

25      3.      For its answer to paragraph 3 of the Complaint, Defendant alleges it

26   without sufficient knowledge to form a belief as to the truth of the allegations of

27   paragraph 3 and therefore denies the same.

28      4.      For its answer to paragraph 4 of the Complaint, Defendant admits that

2

ANSWER TO FIRST AMENDED COMPLAINT

Accelerated is a limited liability company organized and existing under the laws of the State of Georgia, and further admits that Accelerated conducts internet advertising within the Central District of California.  Defendant denies the remaining allegations in paragraph 4.

5.      For its answer to paragraph 5 of the Complaint, Defendant admits that Kevin M. Kelly  is an individual residing in the State of Georgia.  Defendant denies the remaining allegations in paragraph 5.

6.      For its answer to paragraph 6 of the Complaint, Defendant has no knowledge of an individual named "Jan Holt Watkins," is thus without sufficient knowledge to form a belief as to the truth of the allegations of paragraph 6 and therefore denies the same.  Defendant states, however, that Jan Watkins Kelly is an individual residing in the State of Georgia.

7.      Defendant admits that Kevin and Jan Kelly are the owners and principals of Accelerated .  Defendant denies the remaining allegations of paragraph 7.

8.      For its answer to paragraph 8 of the Complaint, Defendant admits that Kevin M. Kelly is the President and Chief Executive Officer of Accelerated. Defendant further admits that Jan Watkins Kelly is the Senior Vice President of Accelerated.  Defendant denies the remaining allegations of paragraph 8.

## JURISDICTION AND VENUE

9.      For its answer to paragraph 9 of the Complaint, Defendant admits the allegations.

10.     For its answer to paragraph 10 of the Complaint, Defendant admits the allegations.

11.     For its answer to paragraph 11 of the Complaint, Defendant admits that Accelerated conducts internet advertising in California including in the Central District of California.  Defendant denies the remaining allegations in paragraph 11.

ANSWER TO FIRST AMENDED COMPLAINT

12.     For its answer to paragraph 12 of the Complaint, Defendant responds that it is without sufficient knowledge to form a belief as to whether Plaintiffs have their principal place of business within the Central District, and, on that basis, denies such allegations.  Defendant denies the remaining allegations of paragraph 12.

## FACTUAL BACKGROUND

13.     For its answer to paragraph 13 of the Complaint, Defendant is without sufficient knowledge to form a belief as to the truth of the allegations of paragraph 13 and therefore denies the same.

14.     For its answer to paragraph 14 of the Complaint, Defendant is without sufficient knowledge to form a belief as to the truth of the allegations of paragraph 14 and therefore denies the same.

**Overview of Google AdWords Program**

15.     For its answer to paragraph 15 of the Complaint, Defendant is without sufficient knowledge to form a belief as to the truth of the allegations of paragraph 15 and therefore denies the same.

16.     For its answer to paragraph 16 of the Complaint, Defendant is without sufficient knowledge to form a belief as to the truth of the allegations of paragraph 16 and therefore denies the same.

17.     For its answer to paragraph 17 of the Complaint, Defendant is without sufficient knowledge to form a belief as to the truth of the allegations of paragraph 17 and therefore denies the same.

18.     For its answer to paragraph 18 of the Complaint, Defendant is without sufficient knowledge to form a belief as to the truth of the allegations of paragraph 18 and therefore denies the same.

19.     For its answer to paragraph 19 of the Complaint, Defendant is without sufficient knowledge to form a belief as to the truth of the allegations of paragraph 19 and therefore denies the same.

ANSWER TO FIRST AMENDED COMPLAINT

20.     For its answer to paragraph 20 of the Complaint, Defendant is without sufficient knowledge to form a belief as to the truth of the allegations of paragraph 20 and therefore denies the same.

21.     For its answer to paragraph 21 of the Complaint, Defendant admits that Accelerated uses the domain names "IWantToStopNow.com" and "AcceleratedRecoveryCenters.com".  Defendant denies all other allegations in paragraph 21.

22.     For its answer to paragraph 22 of the Complaint, Defendant denies the allegations.

23.     For its answer to paragraph 23 of the Complaint, Defendant denies the allegations.

24.     For its answer to paragraph 24 of the Complaint, Defendant denies the allegations.

25.     For its answer to paragraph 25 of the Complaint, Defendant admits that Accelerated's websites contain no disclaimers that Defendant is not affiliated or sponsored by Plaintiffs, but alleges that no such disclaimer(s) are required. Defendant denies the remaining allegations of paragraph 25.

26.     For its answer to paragraph 26 of the Complaint, Defendant denies  the allegations.

27.     For its answer to paragraph 27 of the Complaint, Defendant denies the allegations.

28.     For its answer to paragraph 28 of the Complaint, Defendant admits that Accelerated has made some of the statements set forth in sub-paragraphs a-w of paragraph 28; denies that any of the statements set forth in sub-paragraphs a-w of paragraph 28 constitute misleading advertising; and denies all other allegations in paragraph 28.

29.     For its answer to paragraph 29 of the Complaint, Defendant denies the allegations.

30.     For its answer to paragraph 30 of the Complaint, Defendant denies the allegations.

## **FIRST CAUSE OF ACTION**

### **FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))**

31.     For its answer to paragraph 31 of the Complaint, Defendant incorporates by reference paragraphs 1-30 above.

32.     For its answer to paragraph 32 of the Complaint, Defendant denies the allegations.

33.     For its answer to paragraph 33 of the Complaint, Defendant denies the allegations.

34.     For its answer to paragraph 34 of the Complaint, Defendant denies the allegations.

35.     For its answer to paragraph 35 of the Complaint, Defendant denies the allegations.

## **SECOND CAUSE OF ACTION**

### **FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))**

36.     For its answer to paragraph 36 of the Complaint, Defendant incorporates by reference paragraphs 1-35 above.

37.     For its answer to paragraph 37 of the Complaint, Defendant denies the allegations.

38.     For its answer to paragraph 38 of the Complaint, Defendant denies the allegations.

39.     For its answer to paragraph 39 of the Complaint, Defendant denies the allegations.

40.     For its answer to paragraph 40 of the Complaint, Defendant denies the allegations.

ANSWER TO FIRST AMENDED COMPLAINT
LA1 44558v1 06/01/10 S

41.    For its answer to paragraph 41 of the Complaint, Defendant denies the allegations.

### THIRD CAUSE OF ACTION

### FALSE MARKING UNDER 35 U.S.C. § 292

42.    For its answer to paragraph 42 of the Complaint, Defendant incorporates by reference paragraphs 1-41 above.

43.    For its answer to paragraph 43 of the Complaint, Defendant admits that Accelerated has had a website that states:

> **PATENTED PROTOCOLS**.    Accelerated focuses on innovation and leads the industry in curative research in the treatment of alcohol addiction.  You can expect to make fully informed decisions with regard to your care with access to every tool that is proven to be safe, efficacious and credible; those things that are proven to have a curative effect in the treatment of alcohol dependence.

Defendant denies all remaining allegations in paragraph 43.

44.    For its answer to paragraph 44 of the Complaint, Defendant admits that they do not currently own any patents in the referenced subject matter. Defendant denies the remaining allegations of paragraph 44.

45.    For its answer to paragraph 45 of the Complaint, Defendant admits that they do not currently own any patents in the referenced subject matter. Defendant denies the remaining allegations of paragraph 45.

46.    For its answer to paragraph 46 of the Complaint, Defendant denies the allegations.

47.    For its answer to paragraph 47 of the Complaint, Defendant denies the allegations.

ANSWER TO FIRST AMENDED COMPLAINT

LA1 44558v1 06/01/10 S

**FOURTH CAUSE OF ACTION**

**UNJUST ENRICHMENT**

48.    For its answer to paragraph 48 of the Complaint, Defendant incorporates by reference paragraphs 1-47 above.

49.    For its answer to paragraph 49 of the Complaint, Defendant denies the allegations.

50.    For its answer to paragraph 50 of the Complaint, Defendant denies the allegations.

51.    For its answer to paragraph 51 of the Complaint, Defendant denies the allegations.

52.    For its answer to paragraph 52 of the Complaint, Defendant denies the allegations.

**FIFTH CAUSE OF ACTION**

**INJURY TO BUSINESS REPUTATION**

53.    For its answer to paragraph 53 of the Complaint, Defendant incorporates by reference paragraphs 1-52 above.

54.    For its answer to paragraph 54 of the Complaint, Defendant denies the allegations.

**PRAYER FOR RELIEF**

Defendant denies that Plaintiffs are entitled to any relief sought in its prayer for relief in the Complaint.

**DEMAND FOR JURY TRIAL**

Defendant opposes Plaintiffs' demand for a jury trial on Plaintiffs' request for injunctive relief and other forms of equitable relief because the right to such relief is determined by the Court, not a jury.  Otherwise, Defendant also demands a trial by

ANSWER TO FIRST AMENDED COMPLAINT

LA1 44558v1 06/01/10 S

jury on all claims and other forms of relief.

## AFFIRMATIVE DEFENSES

By asserting these affirmative defenses, Defendant does not contend that it necessarily bears the burden of proof or persuasion for the issues raised therein. Moreover, Defendant presently has insufficient knowledge upon which to form a belief as to whether additional defenses are available.  Defendant reserves the right to amend its Answer to add, delete, or modify defenses based on legal theories which may or will be divulged through clarification of the Complaint, through discovery, through change or clarification of the governing law, or through further legal analysis of Plaintiffs' position in this litigation.  For its affirmative defenses in this action, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE
### (Waiver and Delay)

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of waiver and delay.

ANSWER TO FIRST AMENDED COMPLAINT

LA1 44558v1 06/01/10 S

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiffs' claims are barred, in whole or in part, under the equitable doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

### (No infringement of Trademark)

Defendants' use of any mark complained of herein is not deceptive, presents no likelihood of confusion as to source, sponsorship or affiliation, and makes no false statement or misrepresentation of fact.

## SIXTH AFFIRMATIVE DEFENSE

### (Fair Use of Trademark)

Defendants' use of any mark complained of herein constitutes a fair use of such mark.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Use in Commerce)

Defendants' use of any mark complained of herein does not constitute use in commerce of such mark.

## EIGHTH AFFIRMATIVE DEFENSE

### (Invalidity of Trademark)

Plaintiffs' marks are generic, are not distinctive, or have acquired no secondary meaning.

ANSWER TO FIRST AMENDED COMPLAINT

LA1 44558v1 06/01/10 S

## NINTH AFFIRMATIVE DEFENSE

## (No Facts Alleged for Conduct Entitling Award of Attorney's Fees or Costs)

Plaintiffs have not alleged facts, and Defendants have not engaged in conduct, that entitles Plaintiffs to an award of attorneys' fees or costs.

## TENTH AFFIRMATIVE DEFENSE

## (No Willful Infringement)

Defendants assert that they have not willfully infringed any of Plaintiffs' marks complained of herein.

## ELEVENTH AFFIRMATIVE DEFENSE

## (Adequate Remedies at Law)

Plaintiffs' claims for injunctive relief are barred because, even if Plaintiffs were to prevail, Plaintiffs have adequate remedies at law.

## TWELFTH AFFIRMATIVE DEFENSE

## (No Damages and/or Damages are Speculative)

Plaintiffs have suffered no damages and/or the damages claimed by Plaintiffs are speculative and, therefore, are not recoverable.

## THIRTEENTH AFFIRMATIVE DEFENSE

## (Commercial Reasonableness)

At all times Defendants acted in a commercially reasonable and lawful manner.

## FOURTEENTH AFFIRMATIVE DEFENSE

## (No Standing – Passages Silver Strand, LLC)

Plaintiff Passages Silver Strand, LLC, lacks standing bring any claims based

LA1 44558v1 06/01/10 S

1 | upon trademark as it is a mere licensee and not the owner of any alleged marks.

2

3 | DATED: June 1, 2010                    FOX ROTHSCHILD, LLP

4 |                                        */s/ James E. Doroshow*

5 |                                        James E. Doroshow
                                          Philip F. Shinn
6 |                                        Alan Chen

7 |                                        Attorneys for Defendant/Counterclaimants
                                          Accelerated Recovery Centers, LLC, Kevin
8 |                                        M. Kelly and Jan Holt Kelly

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO FIRST AMENDED COMPLAINT

LA1 44558v1 06/01/10 S

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 1800 Century Park East, Suite 300, Los Angeles, CA  90067-1506.

On June 1, 2010, I served the following document(s) described as **ANSWER TO FIRST AMENDED COMPLAINT** on the interested parties in this action as follows:

Charles J. Harder, Esq.

Nicholas A. Merkin, Esq.

Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP

11400 W. Olympic Blvd., 9th Floor

Los Angeles, CA  90064-1582

☑ **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with Fox Rothschild LLP practice for collecting and processing correspondence for mailing.  On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**FEDERAL:**  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 1st day of June 2010 at Los Angeles, California.

_____
Judy Parrott

ANSWER TO FIRST AMENDED COMPLAINT

LA1 44558v1 06/01/10 S