CHARLES J. HARDER (BAR NO. 184593)
charder@wrslawyers.com
NICHOLAS A. MERKIN (BAR NO. 219604)
nmerkin@wrslawyers.com
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
11400 West Olympic Boulevard, Ninth Floor
Los Angeles, California 90064-1582
Telephone: (310) 478-4100/Facsimile: (310) 479-1422

Attorneys for Plaintiffs/Counterdefendants
GRASSHOPPER HOUSE, LLC and
PASSAGES SILVER STRAND, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

GRASSHOPPER HOUSE, LLC, a California limited liability company doing business as "Passages Malibu," PASSAGES SILVER STRAND, LLC, a California limited liability company,

Plaintiffs,

v.

ACCELERATED RECOVERY CENTERS, LLC, a Georgia limited liability company,

Defendant.

AND RELATED COUNTER-CLAIM

Case No.: 2:09-cv-08128-DMG-PLA

**PLAINTIFFS AND COUNTER-DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AND FOR A MORE DEFINITE STATEMENT OF FIRST AMENDED COUNTER-CLAIMS OF DEFENDANT AND COUNTER-CLAIMANT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

[F.R.C.P. 12(b)(6) and 12(e)]

Date: July 12, 2010
Time: 9:30 a.m.
Location: Courtroom 7

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 12, 2010 at 9:30 a.m., or as soon thereafter as the matter may be heard, the Honorable Dolly M. Gee, presiding, in Courtroom "7" of the above-entitled court, located at 312 North Spring Street, Los Angeles, California 90012, Counterdefendants Grasshopper House, LLC and Passages Silver Strand, LLC (collectively, the "Corporate Counterdefendants") will move the Court to dismiss the First Amended Counterclaims of Accelerated

Recovery Centers, LLC ("Counterclaimant"), or in the alternative, for a more definite statement, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e), because the First Amended Counterclaims are so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading thereto, and because the First Amended Counterclaims fail to state claims upon which relief can be granted.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on June 1, 2010.

The Motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, and the pleadings and papers filed herein.

DATED: June 1, 2010

WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP

By: ______________________
CHARLES J. HARDER
NICHOLAS A. MERKIN
Attorneys for Plaintiff
GRASSHOPPER HOUSE, LLC and
PASSAGES SILVER STRAND, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I

## INTRODUCTION

The First Amended Counterclaims herein purport to assert claims for:

(1) declaratory judgment solely against the Corporate Counterdefendants (counts 1 and 2);

(2) federal unfair competition against the Corporate Counterdefendants and Chris Prentiss, Pax Prentiss, Keith McMullen, Laure Weber, Lisa Meneshian, Noah Rothschild, Athena Lennon, Marylou Kenworthy, Carrie Freeman, Paula Anderson, Flo Lawrence, Michael Costa, Jonathan Jiang, Ross Remien, Phong Dao, David Appell, Ryan Sorensen, Jeremy Minami, Kim Bourdon, Anna James, Jackie Ghyczy, Debbie Wiedlund, Michael Shaner, Jeff McNairy, Chris De La Madrid, and Donald Barrett (collectively, the "Individual Counterdefendants") (count 3); and

(3) civil conspiracy against the Corporate Counterdefendants and the Individual Counterdefendants (count 4).

As set forth in detail below, counts three (3) and four (4) are so vague and ambiguously pled that the counterdefendants cannot reasonably be required to frame a responsive pleading thereto.

Furthermore, because the First Amended Counterclaims fail to adequately allege the essential elements of each of the claims contained therein – including which of the Individual Counterdefendants committed the purported wrongdoing, what conduct by the Individual Counterdefendants constitutes wrongdoing, and when the alleged wrongdoing occurred – counts three (3) and four (4) in the First Amended Counterclaims fail to state claims upon which relief can be granted.

///

///

///

Consequently, counterdefendants respectfully request that the Court dismiss counts three (3) and four (4) as against all counterdefendants, or in the alternative, require Counterclaimant to amend the First Amended Counterclaims by filing a more definite statement of the claims therein.

## II

## ARGUMENT

### A. The Court Should Grant a Motion to Dismiss, or in the Alternative, for a More Definite Statement When Counterclaims are Made That Fail to State Claims Upon Which Relief May be Granted or Where They are so Vague and Ambiguous That a Party Cannot Reasonably be Required to Frame a Responsive Pleading

Under Federal Rule of Civil Procedure 12(b)(6), "the following defenses may at the option of the pleader be made by motion . . . (6) failure to state a claim upon which relief can be granted . . . ."

Furthermore, under Federal Rule of Civil Procedure 12(e), the Court should grant a motion for a more definite statement where a claim or counterclaim is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading.

### B. The Third Counterclaim for Federal Unfair Competition is so Vague and Ambiguous That the Counterdefendants Cannot Reasonably be Required to Frame a Responsive Pleading and Fails to State a Claim Upon Which Relief may be Granted

The third counterclaim is for federal unfair competition pursuant to 15 U.S.C. § 1125(a).

///

///

Under Ninth Circuit precedent, the elements of this counterclaim are:

(1) a false statement of fact by the defendant in commercial advertisement about its own or another's product;

(2) the false statement actually deceived, or has a tendency to deceive, a substantial segment of its audience;

(3) the deception is material, in that it is likely to influence a purchasing decision;

(4) the defendant caused its false statement to enter interstate commerce; and

(5) the plaintiff has been, or is likely to be, injured as result of the false statement, either by direct diversion of sales from itself to defendant or by lessening of goodwill associated with its products. Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, 1139 (9th Cir. 1997).

Moreover, to demonstrate falsity within the meaning of this provision, a plaintiff must allege that the statement was literally false, either on its face or by necessary implication, or that the statement was literally true but likely to mislead or confuse consumers. Id.

Here, the First Amended Counterclaims fail to adequately set forth the required elements.

First, the First Amended Counterclaims identify only two (2) allegedly false statements, which were or continue to purportedly be made collectively by all the Corporate Counterdefendants and the Individual Counterdefendants – the improper use of trademarks in internet advertising [FAC at p. 8, ln. 1– p. 9, ln. 13] and the alleged claims, again purportedly made by all parties collectively, that the treatment offered at the Passages treatment facility may cure addiction [FAC at p. 9, ln. 19 – p. 10, ln. 6].

///

///

Nowhere in the First Amended Counterclaims, however, does it specify how each of the Individual Counterdefendants or Corporate Counterdefendants participated in the alleged making of false statements.

For example, the First Amended Counterclaims acknowledge that Individual Counterdefendant Kim Bourdon's affiliation with the Corporate Counterdefendants is as a personal trainer. [FAC at p.4, ln. 16-18.] Surely, Ms. Bourdon[1] is entitled to know, in order to effectively defend the allegations against her, exactly how her role as a personal trainer contributed to any alleged improper internet advertising on the part of the Corporate Counterdefendants and in what way she participated in any of the other purported misconduct.

Similarly, the First Amended Counterclaims do not even state when any of the alleged misconduct by any party took place. Again, surely Ms. Bourdon is entitled to know, for purposes of her defense, if she were even affiliated with the Corporate Counterdefendants at the time or times of the purported misconduct.

Second, the First Amended Counterclaims do not allege that the purported false statements actually deceived, or have a tendency to deceive, a substantial segment of its audience – or even who this audience might be. The Counterdefendants unquestionably have a right to this information because among the defenses to this claim is that no statements made actually deceived. Without knowing who the alleged audience for these statements constitutes, it is effectively impossible to pursue a defense on this basis.

Third, the First Amended Counterclaims fail to allege that the purported deception was or is material, in that it is likely to influence a purchasing decision.

///

///

///

---

[1]Ms. Bourdon's name is used here and throughout as a representative example. The above arguments apply equally to all counterdefendants.

Although this may seem to be a mere technical distinction, the details of this portion of the claim are important to the defense of this action. Among other things, Counterclaimants may wish to contend that any statement made, false or otherwise, was immaterial and irrelevant to any purchasing decision by the audience to the statement. Without information as to any allegations as to the degree of materiality, counterclaimants cannot be expected to frame this defense.

Last, aside from boilerplate allegations of injury [FAC at p. 16, ln. 5-7] the First Amended Counterclaims contain no information as to the nature of the damages allegedly suffered by the misconduct alleged. Were these alleged damages caused by direct a diversion of sales or by lessening of goodwill associated with Counterclaimant's products?

As part of the defense of this action, Counterdefendants will surely argue that, regardless of any actions by counterdefendants, no harm was suffered by Counterclaimants. Counterdefendants are entitled to know the manner of any purported damages suffered in order to effectively defend this action.

Unless Counterclaimants are made to properly plead these allegations, the First Amended Counterclaims remain so vague and ambiguous as to prevent counterclaimants from meaningfully responding to this claim.

**C. The Fourth Counterclaim for Civil Conspiracy is so Vague and Ambiguous That the Counterdefendants Cannot Reasonably be Required to Frame a Responsive Pleading and Fails to State a Claim Upon Which Relief may be Granted**

Under California law, Civil conspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration. Applied Equip. Corp. v. Litton Saudi Arabia Ltd., 7 Cal.App.4th 503, (1994).

The elements of civil conspiracy are:

(1) the formation and operation of the conspiracy;

(2) a wrongful act done pursuant to the conspiracy; and

(3) damage resulting to the plaintiff from the act. Id.

Here, the First Amended Counterclaims fail to adequately set forth the required elements.

First, the First Amended Counterclaims contain no information as to the alleged formation and operation of the purported conspiracy. Surely the above-mentioned Ms. Bourdon is entitled to know how and at what point her activities as a personal trainer caused her to "conspire" with the remaining counterdefendants in the alleged misconduct.

Second, as described in detail above, the First Amended Counterclaims do not adequately allege the actions constituting misconduct and the damages purportedly suffered by Counterclaimant. No new information is provided in support of this count, and the allegations are similarly inadequate.

Again, unless Counterclaimant is made to properly plead these allegations, the First Amended Counterclaims remain so vague and ambiguous as to prevent counterclaimants from meaningfully responding to this claim.

**D. The Third and Fourth Counterclaims are so Implausible That They Fail to Meet the *Twombly* Pleading Standard and Should be Dismissed**

Pursuant to United States Supreme Court precedent, a counterclaimant must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Additionally, the factual allegations "must be enough to raise a right to relief above the speculative level." Id.

///

///

Here, the counterclaims fail to meet that standard and should be dismissed.

Here, even a cursory review of Exhibit 10 to the First Amended Counterclaims – which is nothing more than Grasshopper's employee list – reveals exactly how Counterclaimant "discovered" the identities of the new Individual Counterdefendants; namely, opposing counsel simply cut and pasted the list of Passages' employees from Passages' website into the First Amended Counterclaims.

To take just one particularly egregious example, as mentioned above, Counterclaimant has named Ms. Bourdon as a party to its federal conspiracy claim. The details of Ms. Bourdon's purported misconduct are – of course – left to the imagination of the reader. Such a "shotgun" approach to pleading claims is not only ethically dubious, but unquestionably subject to dismissal under the Twombly standard.

## III

## CONCLUSION

Counterdefendants respectfully submit that, for the reasons set forth herein, Counterdefendants' motion to dismiss or, in the alternative, for a more definite statement should be granted.

DATED: June 1, 2010

WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP

By: ______________________
CHARLES J. HARDER
NICHOLAS A. MERKIN
Attorneys for Plaintiff
GRASSHOPPER HOUSE, LLC and
PASSAGES SILVER STRAND, LLC