UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRASSHOPPER HOUSE, LLC, et al.,<br><br>        Plaintiffs,<br><br>        v.<br><br>ACCELERATED RECOVERY CENTERS, LLC,<br><br>        Defendant.<br><br>ACCELERATED RECOVERY CENTERS, LLC,<br><br>        Counter-claimant,<br><br>        v.<br><br>GRASSHOPPER HOUSE, LLC, et al.,<br><br>        Counter-defendants. | Case No. CV 09-08128 DMG (PLAx)<br><br>**ORDER RE PLAINTIFFS/COUNTER-DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COUNTERCLAIM [56]** |

     This matter is before the Court on Grasshopper House, LLC and Passages Silver Strand, LLC's Motion to Dismiss the third and fourth causes of action in Accelerated Recovery Centers, LLC's First Amended Counterclaim. The Court deems this matter suitable for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons set forth below, the Motion is GRANTED in part and DENIED in part.

# I.

# **PROCEDURAL HISTORY**

On November 5, 2009, Plaintiffs Grasshopper House, LLC ("Grasshopper House") and Passages Silver Strand, LLC ("Passages Silver Strand") filed a Complaint against Defendant Accelerated Recovery Centers, LLC ("Accelerated"), alleging claims for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, unfair business practices under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*, unjust enrichment, and injury to business reputation. Defendant/Counter-claimant filed its Answer and Counterclaim on December 23, 2009, raising causes of action against Plaintiffs/Counter-defendants as well as Counter-defendants Chris Prentiss and Pax Prentiss under the Lanham Act and UCL and seeking a declaratory judgment of non-infringement and non-registrability.

Counter-defendants filed a motion to dismiss Counter-claimant's third and fourth causes of action under the Lanham Act and UCL, respectively. On March 23, 2010, the Court granted Counter-defendants' motion to dismiss with respect to Counter-claimant's UCL claim only and granted Counter-claimant leave to amend its Counterclaim.

On May 10, 2010, Plaintiffs filed the operative First Amended Complaint adding as defendants Kevin M. Kelly and Jan Holt Watkins ("Kelly" and "Watkins"). On May 10, 2010, Counter-claimant filed a First Amended Counterclaim adding as counter-defendants Keith McMullen, Laure Weber, Lisa Meneshian, Noah Rothschild, Athena Lennon, MaryLou Kenworthy, Carrie Freeman, Paula Anderson, Flo Lawrence, Michael Costa, Jonathan Jiang, Ross Remien, Phong Dao, David Appell, Ryan Sorensen, Jeremy Minami, and Kim Bourdon ("Therapist Counter-Defendants"); Anna James, Jackie Ghyczy, Chris De La Madrid, Debbie Wiedlund, Michael Shaner, and Jeff McNairy ("Admissions Counter-Defendants"); and Donald Barrett.[1]

---

[1] The Court refers to these new counter-defendants, collectively, as "Individual Counter-Defendants."

On June 1, 2010, Grasshopper House and Passages Silver Strand (the "Moving Counter-defendants") filed their Motion to Dismiss the First Amended Counterclaim.[2] Counter-claimant filed its Opposition on June 21, 2010. Counter-defendants did not file a reply.

## II.

## ALLEGATIONS OF THE FIRST AMENDED COUNTERCLAIM

The following factual allegations, assumed to be true solely for the purpose of evaluating Counter-defendants' Motion to Dismiss, are taken from the First Amended Counterclaim:

Accelerated, a Georgia-based corporation, provides rehabilitation services related to alcohol addiction. (1st Am. Counter-cl. ¶ 3.) Grasshopper House d/b/a Passages Malibu and Passages Silver Strand operate addiction treatment facilities and related services in Malibu, California. (*Id*. ¶¶ 4, 26.) Chris and Pax Prentiss are co-founders, owners, and co-directors of Grasshopper House. (*Id.* ¶ 5.)

### A. Counter-Defendants' Attempts To Register Trademarks

On January 31, 2003, Grasshopper House attempted to register the mark "PASSAGES" with the United States Patent and Trademark Office ("USPTO"), which assigned the application serial number 78/209,585 (the "'585 Application"). (1st Am. Counter-cl. ¶ 12.) The USPTO rejected the '585 Application under 15 U.S.C. § 1052(d) as being likely to cause confusion with a then-pending registration for "PASSAGES TO RECOVERY," application serial number 78/179,709 (the "'709 Application").[3] (*Id*. ¶ 13.) On April 20, 2004, the USPTO issued trademark number 2,834,366 (the "'366

---

[2] Accelerated argues that Grasshopper House and Passages Silver Strand failed to meet and confer at least five days prior to filing the motion, in violation of Local Rule 7-3 and in violation of the Court's May 3, 2010 Order. (Opp'n at 1-4.) The Moving Parties are admonished that in the future they must comply with the Local Rules or be subject to monetary sanctions. While the Court does not countenance violations of the Local Rules, The Moving Parties' failure to comply with them does not alter the fact that Accelerated's First Amended Counterclaim is deficient in certain respects.

[3] Accelerated does not allege the identity of the party that filed the '709 Application.

1  Mark") for the '709 Application.  The '366 Mark has now become incontestable.  (*Id.* ¶
2  14.)  On March 4, 2005, Grasshopper House's '585 Application was deemed abandoned
3  for failure to prosecute.  (*Id.* ¶ 15, Ex. 1.)

4    On August 5, 2009, Passages Silver Strand filed an application with the USPTO to
5  register the mark "PASSAGES SILVER STRAND," which was assigned serial number
6  77/797,990.  (1st Am. Counter-cl. ¶ 16, Ex. 4.)  On November 16, 2009, the USPTO
7  required Passages Silver Strand to disclaim "SILVER STRAND" because that term is
8  primarily geographically descriptive.  (*Id.* ¶ 17, Ex. 5.)  In a November 19, 2009
9  amendment to its application, Passages disclaimed the exclusive right to "SILVER
10 STRAND" apart from the mark "PASSAGES SILVER STRAND."  (*Id.* ¶ 18, Ex. 6.)  In
11 this amendment, Passages alleged a first use of the mark "PASSAGES SILVER
12 STRAND" on April 14, 2009.  (*Id.* ¶ 19.)  The USPTO has never afforded federal
13 registration or granted any other rights to Grasshopper House or Passages Silver Strand in
14 the marks that they assert in their Complaint.  (*Id.* ¶ 17.)

15   On October 14, 2009, Grasshopper House filed an intent-to-use trademark
16 application with the USPTO for the mark "PASSAGES MALIBU," which was assigned
17 serial number 77/848,719.  (1st Am. Counter-cl. ¶ 20.)  Neither Grasshopper House nor
18 Passages Silver Strand has had any federally registered trademarks for the asserted
19 marks, including "PASSAGES," "PASSAGES SILVER STRAND," and "PASSAGES
20 MALIBU."  (*Id.* ¶ 21.)

21   Grasshopper House and Passages Silver Strand registered the mark "Passages"
22 with the State of California on May 18, 2009, which was assigned registration number
23 65498.  They also registered the marks "Passages Malibu," and "Passages Silver Strand,"
24 which were assigned registration numbers 65499 and 65510, respectively.  Grasshopper
25 House and Passages Silver Strand did not disclose to the State of California that they had
26 applied for federal registration of these marks, that the applications had been rejected by
27 the USPTO or abandoned, and that there was no federal registration at the time they
28 applied for state registration.  (1st Am. Counter-cl. ¶ 22.)

B. <u>Overview Of The Google AdWords Program</u>

Google is a well-known search engine that has emerged as the nationwide leader in search queries by Internet users. (Compl. ¶ 10.)[4] Yahoo has the second position in search queries. (*Id.*) Both Google and Yahoo employ a similar advertising process. (*Id.*) Google's advertising process works as follows:

Google's search engine retrieves "hits" based on search terms. (Compl. ¶ 11.) In addition, Google features "sponsored links" on search results pages. (*Id.*) These "sponsored links" are links that are paid for by users through Google's AdWords advertising program. (*Id.*) AdWords allows users to create their own advertisements which will be displayed as "sponsored links" on Google's search results web pages and on other websites that are part of Google's advertising network. (*Id.*) Both the content of the AdWords advertisement and the search terms, known as "keywords," which trigger the appearance of the advertisement on the Google search results page and other websites are controlled by the AdWords advertiser. (*Id.*)

Each advertisement consists of five parts, all of which are created by the AdWords advertiser: (i) a headline of 25 or fewer characters; (ii) a first descriptive line of 35 or fewer characters; (iii) a second descriptive line of 35 or fewer characters; (iv) a display URL of 35 or fewer characters; and (v) a destination URL, which is linked to both the display URL and to the advertisement's headline. (Compl. ¶ 12.) These user-supplied components are then incorporated to generate a text advertisement generally of the following form:

EXAMPLE HEADLINE

Example description line 1

Example description line 2

www.??.com

---

[4] Defendant alleges that Counter-defendants have engaged in keyword advertising "substantially identical in form to that alleged in the Complaint." (1st Am. Counter-cl. ¶ 23.)

(*Id.*)

After creating an advertisement, the AdWords user sets up a list of keywords (words or phrases) to be associated with the given advertisement or ad group. (Compl. ¶ 13.) Google uses the keywords to determine when the advertisement may appear on Google search results pages as well as on website pages of a Google search partner or member of the Google content network. (*Id.*) "Sponsored" AdWords advertisements appear, among other places, on Google search results pages, either alongside or above the search results, on Gmail webpages, and on the pages of websites that are members of the Google Network. (*Id.* ¶ 14.) Whether an advertisement shows up on a page, and where that advertisement is positioned in relation to the other advertisements, is determined in large part by the keywords that the advertiser lists to associate with that advertisement. (*Id.* ¶ 15.)

### C.   Plaintiffs' Online Advertising Activities

Grasshopper House and Passages Silver Strand have engaged in keyword advertising utilizing keywords that employ trademarks, trade names, and/or identifiers in, *inter alia*, Google AdWords advertising campaigns for the targeted advertising of the services based upon such keywords. (1st Am. Counter-cl. ¶ 24.) They use or have used 37 trademarks or trade names as keywords for their online advertising campaign, including "Accelerated Recovery Centers" and several keywords containing "Promises," in an attempt to mislead the public, customers, and potential customers as to the source, affiliation and/or association of Plaintiffs and their services. (*Id.* ¶ 25.)

### D.   Counter-Defendants' Claims Of Curing Addiction

Counter-defendants have released commercial advertisements, statements, or both, claiming to be able to "cure" drug, alcohol, and other forms of addiction. (1st Am. Counter-cl. ¶ 27.) Counter-defendants fully know and understand that there is no permanent "cure" for addictive disease and made these statements willfully. (*Id.*) Counter-Defendants make such statements to consumers of alcohol and drug rehabilitation services in order to generate business. (*Id.* ¶ 29.) Chris Prentiss talks every

1  day with his team of therapists, including each of the Therapist Counter-Defendants,
2  about "who's making the leap into the hyperspace of believing that they're cured." (*Id.* ¶
3  28.) Chris Prentiss also meets weekly with the remaining Counter-Defendants to design a
4  treatment program to enable patients to "walk out of Passages completely cured of . . .
5  dependency and ready to return home without the specter of relapse hanging over [their]
6  head[s]." (*Id.*)

7        Counter-defendants' website features an infomercial promoting Chris Prentiss'
8  book and Plaintiffs' services. The infomercial repeatedly makes the false claim that
9  Plaintiffs have leaned how to "cure" addition and alcoholism. (1st Am. Counter-cl. ¶ 30.)
10 Donald Barrett produced the infomercial. (*Id.* ¶ 31.) Barrett "interviewed" Chris Prentiss
11 in the infomercial. (*Id.*) During the infomercial Barrett makes the claim that Chris
12 Prentiss' program "is helping people over the world get cured from alcohol or drug
13 addiction." (*Id.* ¶ 32.) Barrett also states that Chris Prentiss' book is called "Alcohol and
14 Addiction Cure . . . Cure" and directs the audience to Grasshopper House's website,
15 www.theaddictioncure.com, for further information. (*Id.* ¶¶ 32, 33.) Barrett also states:
16 "Some people have been cured just by reading this book." (*Id.* ¶ 34.)

17       Barrett has a history of producing and participating in deceptive and false
18 infomercials promoting health care products. (1st Am. Counter-cl. ¶ 35.) The Federal
19 Trade Commission sued Barrett in three cases involving deceptive acts or practices, two
20 cases regarding the advertising, promotion and sale of a book entitled "The Weight Loss
21 Cure 'They' Don't Want You To Know About" and a third case concerning dietary
22 supplements (*Id.* ¶¶ 36-38.)

23       Grasshopper House's website makes statements such as: "We know how to cure
24 dependency"; "Our therapists, 9 of them, work as a team to cure the underlying causes of
25 dependency on alcohol, drugs, and other addictive behavior"; and "Our clients receive 60
26 hours of individual therapy a month with therapists who are among the finest in the
27 country, all of whom believe we can cure dependency." (1st Am. Counter-cl. ¶ 39, Ex. 9
28 (emphasis omitted).)

Chris Prentiss' book, "The Alcoholism and Addiction Cure," claims to teach readers how to "cure" alcoholism or addiction. It features Counter-defendants Keith McMullen, Noah Rothschild, MaryLou Kenworthy, and David Appell. In the book, these counter-defendants each provide answers to commonly asked questions related to their respective areas of expertise. (1st Am. Counter-cl. ¶ 41.) Their pronouncements misrepresent the nature, characteristics, and qualities of the services offered by Counter-defendants, including their ability to treat and purportedly "cure" addiction. (*Id.* ¶ 42.) As Plaintiffs' competitor, Accelerated has been and will continue to be damaged by such false and misleading statements of fact because they divert consumers away from Accelerated's rehabilitation services. (*Id.* ¶ 43.)

## III.

## STANDARD GOVERNING MOTIONS TO DISMISS

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may seek dismissal of a complaint for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). In conducting the above analysis, a court must accept all factual allegations as true even if doubtful in fact. *Twombly*, 550 U.S. at 555. Legal conclusions, however, are not entitled to a presumption of truth. *Iqbal*, 129 S.Ct. at 1949.

\\
\\

## IV.

## DISCUSSION

### A. The Court Has Already Found That Accelerated States A Lanham Act Claim Against The Moving Counter-Defendants

Grasshopper House and Passages Silver Strand move to dismiss Accelerated's third cause of action in the First Amended Counterclaim. Accelerated's third cause of action asserts unfair trade practices under the Lanham Act, 15 U.S.C. § 1125(a). It merely repeats almost verbatim the allegations in the original Counterclaim. As Accelerated points out (Opp'n at 10-12), the Court has already found that these allegations state a claim against Grasshopper House and Passages Silver Strand. (*See* Mar. 23, 2010 Order at 8-13.) Consequently, the Moving Counter-defendants' Motion to Dismiss the First Amended Counterclaim's third cause of action is DENIED.

### B. Accelerated Fails To State A Civil Conspiracy Claim Against Grasshopper House And Passages Silver Strand

Grasshopper House and Passages Silver Strand also move to dismiss Accelerated's fourth cause of action for civil conspiracy. "Conspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 510-11, 28 Cal. Rptr. 2d 475 (1994) (citation omitted). The essence of civil conspiracy is not the conspiracy to act but rather the act performed and the resulting damage to the aggrieved party. *Klistoff v. Superior Court*, 157 Cal. App. 4th 469, 479, 68 Cal. Rptr. 3d 704 (2007). To prevail on a civil conspiracy theory, a party must show (1) formation and operation of the conspiracy, and (2) damage to the party resulting from an act or acts done in furtherance of the common design. *Id.*

Accelerated bases its civil conspiracy claim on Counter-defendants' alleged Lanham Act violations. As discussed, *supra*, Accelerated states a viable Lanham Act claim against the Moving Counter-defendants. As such, Accelerated's civil conspiracy

allegations are redundant against these counter-defendants. The civil conspiracy cause of action is therefore DISMISSED as to Grasshopper House and Passages Silver Strand.

### C. The Court *Sua Sponte* Dismisses Accelerated's Claims Against All Counter-Defendants Except Grasshopper House, Passages Silver Strand, Chris And Pax Prentiss, And Donald Barrett

In their Motion, Grasshopper House and Passages Silver Strand argue that Accelerated fails to state a claim against their employees whom Accelerated names as counter-defendants. (Mot. at 4-5.) The Moving Counter-defendants lack standing to assert such arguments on behalf of the non-moving counter-defendants. *See Pratt v. Rowland*, 769 F. Supp. 1128, 1133 (N.D. Cal. 1991). Nonetheless, the Court on its own motion will address the obvious deficiencies in the First Amended Counterclaim with respect to the newly added counter-defendants.

While Accelerated asserts that each counter-defendant has "actively participated" in promoting a cure for addiction (1st Am. Counter-cl. ¶ 28), it fails to allege plausible facts supporting this assertion. For instance, Accelerated alleges that Chris Prentiss speaks regularly with the Individual Counter-defendants about patient treatment programs. Accelerated also alleges that Counter-defendants McMullen, Rothschild, Kenworthy, and Appell appeared in Chris Prentiss' book, in which they "provide answers to commonly asked questions related to their respective professed areas of expertise." (*Id*. ¶ 41.) These allegations fails to show active participation. Moreover, it is unclear how the Individual Counter-defendants' discussions about the status of current patients would injure Accelerated in any way, as those patients had already chosen Grasshopper House and/or Passages Silver Strand for their recovery needs.

Accordingly, the Court will dismiss the newly added counter-defendants, with the sole exception of Donald Barrett. Accelerated plausibly alleges that Barrett violated the Lanham Act by producing an infomercial in which misleading statements were made.

\\
\\

## V.

## **CONCLUSION**

In light of the foregoing:

1. Grasshopper House and Passages Silver Strand's Motion to Dismiss Accelerated's third cause of action in the First Amended Counterclaim, for violations of the Lanham Act, is DENIED;

2. Grasshopper House and Passages Silver Strand's Motion to Dismiss Accelerated's fourth cause of action in the First Amended Counterclaim, for civil conspiracy, is GRANTED, without leave to amend;

3. Accelerated's claims against Counter-defendants Keith McMullen, Laure Weber, Lisa Meneshian, Noah Rothschild, Athena Lennon, MaryLou Kenworthy, Carrie Freeman, Paula Anderson, Flo Lawrence, Michael Costa, Jonathan Jiang, Ross Remien, Phong Dao, David Appell, Ryan Sorensen, Jeremy Minami, Kim Bourdon, Anna James, Jackie Ghyczy, Chris De La Madrid, Debbie Wiedlund, Michael Shaner, and Jeff McNairy are DISMISSED, with leave to amend;

4. Accelerated shall file any amended counterclaim within 15 days of the date of this Order; and

5. Counter-defendants shall have 15 days within which to file a responsive pleading.

IT IS SO ORDERED.

DATED: July 12, 2010

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE