James E. Doroshow (State Bar No. 112920)
  jdoroshow@foxrothschild.com
Phillip F. Shinn (State Bar No. 112051)
  pshinn@foxrothschild.com
Alan Chen (SBN 224420)
  achen@foxrothschild.com
Eric C. Osterberg (pro hac vice)
eosterberg@foxrothschild.com
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Tel 310.598.4150 / Fax 310.556.9828

Attorneys for Defendant/Counterclaimant
Accelerated Recovery Centers, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRASSHOPPER HOUSE, LLC, a California limited liability company doing business as Passages Malibu, PASSAGES SILVER STRAND, LLC, a California limited liability company,<br><br>Grasshoppers,<br><br>v.<br><br>ACCELERATED RECOVERY CENTERS, LLC, a Georgia limited liability company,<br><br>Defendant.<br><br>_____<br><br>And Related Counterclaims. | Case No. CV09-08128-DMG (PLAx)<br><br>DEFENDANT / COUNTER-CLAIMANT ACCELERATED RECOVERY CENTER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES, AND FOR SANCTIONS<br><br>Hearing Date:  August 17, 2010<br>Time:          10:00 a.m.<br>Courtroom:     G, 9th Floor<br>Honorable Paul L. Abrams<br><br>Discovery Cut-Off: Nov. 1, 2010<br>Pretrial Conf.:    Jan. 25, 2011<br>Trial Date:        Feb. 22, 2011 |

# TABLE OF CONTENTS

I.  INTRODUCTION ........................................................................................ 1

II.  PERTINENT FACTS ................................................................................ 2

III.  ARGUMENT ............................................................................................ 6

    A)  GRASSHOPPER SHOULD BE COMPELLED TO FULLY
        RESPOND TO INTERROGATORIES ...................................................... 6

       1.  GRASSHOPPER'S OBJECTIONS LACK MERIT ............................ 6

          (1)  Grasshopper's Untimely Responses Waived All Objections .......... 6

       2.  Accelerated's Interrogatories Are Not Compound ................................ 7

       3.  The Privacy Objection is Not Valid ........................................................ 7

       4.  Grasshopper's Vagueness Objection is Without Merit ....................... 9

    B)  GRASSHOPPER'S INTERROGATORY RESPONSES
        ARE INCOMPLETE ................................................................................ 9

       1.  Grasshopper's Responses as to Time of Usage of Its Alleged
          Trademarks are Inadequate (Nos. 1, 3, 8) ............................................. 9

       2.  Lack of Specificity Regarding Enforcement Actions (No. 13) .......... 11

       3.  Failure to Identify Documents (Nos. 1-5, 7, 8, 10, 14-16) ................ 11

       4.  Failure to Identify Persons With Knowledge (Nos. 7, 8, 9, 10,
          11, 12, 13) ................................................................................................ 11

       5.  Evasive, Incomplete Responses (Nos. 4, 9, 10, 11, 12) ..................... 12

       6.  Improper Refusal to Answer Based on Privacy (Nos. 7, 15, 16) ....... 13

    C)  GRASSHOPPER IS IMPROPERLY WITHHOLDING
        DISCOVERABLE DOCUMENTS ......................................................... 15

       1.  Grasshopper's Production is Inadequate ............................................. 15

       2.  Grasshopper Failed to Produce Documents Identified in its
          Interrogatory Responses (RPD Nos. 2, 36-39, 46) ............................ 15

       3.  Grasshopper Improperly Withheld Documents as Privileged
          RPDs 5, 7-11, 15, 16-25, 28-29, 33, 36-40, 43, 45,

FOX ROTHSCHILD LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067-1506

iii

           47-53, 54, 64. 83-84, 91-93, 95, 97 ................................................... 16

    4.  Improper Trade Secret Assertions (RPD Nos. 34-35, 42, 55-63, 66,

        89, 96, 98 ................................................................................... 19

    5.  Failure to Produce Any Damage Documents (RPD Nos. 65, 67,

        70, 71 ......................................................................................... 22

    D)  ACCELERATED SHOULD BE AWARDED THE COSTS OF THIS

       MOTION ......................................................................................... 23

IV.  CONCLUSION ......................................................................................... 25

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FOX ROTHSCHILD LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067-1506

CASE NO. CV09-08128 DMG (PLAx)

Memorandum in Support of Defendant's Motion to Compel
Discovery Responses

SF1 38374v2 07/15/10

# **TABLE OF AUTHORITIES**

Page(s)

CASES

*American Academy of Pediatrics v. Heckler,*
   561 F. Supp. 395 (D.D.C. 1983) ................................................................ 7

*AMF Inc. v. Sleekcraft Boats,*
   599 F.2d 341 (9th Cir. 1979)....................................... 2, 9, 11, 12, 19, 21

*Burns v. Imagine Films Entertainment, Inc.,*
   164 F.R.D. 589 (W.D.N.Y. 1996) ............................................................ 8

*Davis v. Fendler*
   650 F.2d 1154 (9th Cir. 1981)................................................................. 5

*DeMasi v. Weiss,*
   669 F.2d 114 (3rd Cir. 1982) ................................................................. 7

*Johnson v. Johnson v. Thompson,*
   971 F.2d 1487 (10th Cir. 1992) ............................................................. 7

*Lukaszewicz v. Ortho Pharmaceutical Corp.,*
   90 F.R.D. 708 (E.D. Wis. 1981)............................................................. 7

*Matthews v. USAir, Inc.,*
   882 F. Supp. 274 (N.D.N.Y. 1995) ......................................................... 9

*Pasadena Oil & Gas Wyoming LLC v. Montana Oil Properties Inc.,*
   320 Fed. Appx. 675 (9th Cir. 2009.)............................................... 13, 14

*Ragge v. MCA/Universal Studios,*
   165 F.R.D. 601 (C.D. Cal. 1995) ........................................................... 7

*Reygo Pac. Corp. v. Johnston Pump Co.*
   680 F.2d 647 (9th Cir. 1982)............................................................... 23

*Safeco of America v. Rawstro,*
   181 F.R.D. 441 (C.D. Cal. 1998) ........................................................... 6

*Soto v. City of Concord,*
   162 F.R.D. 603 (N.D. Cal. 1995) ........................................................... 7

FOX ROTHSCHILD LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067-1506

iv

Statutes

15 U.S.C. § 1125(a)................................................................................. 1

Other Authorities

Fed. R. Civ. P. 33(b)(4)........................................................................... 5

Fed R. Civ. P. 33 (d)(1)........................................................................... 9

Fed. R. Civ. P. 37(a)(5)........................................................................... 22

Local Rule 37-4:...................................................................................... 22

Local Rule 37.......................................................................................... 21

Local Rule 37-1:................................................................................. 1, 23

Local Rule 37-2.4................................................................................... 1

Local Rule 37-2.2............................................................................. 1, 23

Rule 33(d)............................................................................................... 9

FOX ROTHSCHILD LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067-1506

# INTRODUCTION

Defendant/Counter-claimant, ACCELERATED RECOVERY CENTERS, LLC ("Accelerated"), respectfully submits the memorandum of points and authorities in support of its motion for an order compelling GRASSHOPPER HOUSE, LLC ("Grasshopper") to provide further responses, without objection, to Accelerated's First Set of Interrogatories ("Interrogatories"), and Requests for Production of Documents ("Request for Production of Documents"), together with all responsive documents and a log of privileged documents; and to pay Accelerated's attorneys' fees incurred in having to prepare and file this motion.

This motion is submitted on 28 days notice and without a joint stipulation in accordance with Local Rule 37-2.4 because Grasshopper ignored Accelerated's offer to meet in person and otherwise failed to confer with Accelerated in a timely manner in accordance with L.R. 37-1. Grasshopper subsequently refused to provide its portion of the joint stipulation in accordance with L.R. 37-2.2 after Accelerated prepared and forwarded its portion to Grasshopper.

Good cause exists for granting the motion because the Interrogatories and Request for Production of Documents seek information that is relevant to the claims, defenses and subject matter of this action, and Grasshopper's refusal to answer and produce the requested documents is without any justification. Moreover, Grasshopper's responses to Accelerated's Interrogatories were not timely served, and when Grasshopper finally served them, they included unmeritorious, boilerplate objections. They are also deficient in that they do not provide much of the information requested, and are largely nonresponsive. Grasshopper's responses to Accelerated's Requests for Production of Documents raise similar boilerplate, unmeritorious objections. Grasshopper has also failed to produce responsive documents in almost every category requested. Therefore, this motion is filed to obtain Grasshopper's long overdue compliance with its discovery obligations.

## II.   PROCEDURAL BACKGROUND

In this action, Grasshopper has asserted claims against Accelerated for trademark infringement and false advertising under the Lanham Act (15 U.S.C. § 1125(a)), based on the alleged infringing use of keywords in Internet advertising and alleged misstatements concerning Accelerated's alcoholism treatment programs (Doroshow Decl. Ex. A, First Amended Complaint, D.I. 52).  For its part, Accelerated has counterclaimed, alleging among other claims, unfair competition under the Lanham Act based upon Grasshopper's false assertion in advertising that it can "cure" alcoholism and drug addiction, and its unauthorized use of third parties' keywords in Internet advertising.  (Doroshow Decl. Ex. B.)

Grasshopper, together with Counter-Defendants Chris and Pax Prentiss, have made multiple attempts to have Accelerated's Lanham Act claim dismissed.  All such attempts have failed, and the Court has ruled that the Lanham Act claim remains in this action. (See D.I. 63 at 9.)  Despite this ruling, Grasshopper categorically refuses to provide virtually any information and documents clearly relevant to Accelerated's Lanhan Act claims.

On March 8, 2010, Accelerated served by mail both its First Set of Interrogatories, consisting of 17 interrogatories (Doroshow Decl. Ex. D), and its First Set of Requests for Production of Documents, consisting of 98 requests (Doroshow Decl. Ex. E.)  Many of the discovery requests relate to the basis for Grasshopper's false claim that it can "cure" alcoholism and drug addiction.  Others address factors courts evaluate in analyzing claims of trademark infringement as stated in the leading Ninth Circuit case of *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 349 (9th Cir. 1979) (*i.e.*) (strength of the mark; proximity of the goods; similarity of the marks; evidence of actual confusion; marketing channels used; type of goods and the degree of care likely to be exercised by purchasers; and likelihood of expansion of the product lines).  Still other discovery requests relate to damages, as well as the alleged bases for Grasshopper's false advertising claims

FOX ROTHSCHILD LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067-1506

2

against Accelerated, and the identities of potential witnesses.

On April 12, 2010, Grasshopper served its Responses to Accelerated's First Set of Requests for Production of Documents (Doroshow Decl. Ex. G), together with a total of only 472 pages of material: 28 pages of print-outs of Yahoo! and Google searches; the prosecution histories of Grasshopper's federal trademark applications; and various court filings. (Doroshow Decl. ¶ 11.)

Refusing to comply with its discovery obligations, Grasshopper produced <u>nothing</u> responsive to most requests.  For example, the production does not include <u>any</u> materials relating to Grasshopper's alleged ability to "cure" alcoholism and drug addiction.  Nor does it include the types of documents one would normally expect to receive from a company that contends it has invested "millions of dollars" in building and promoting its alleged trademarks, such as advertising copy, advertising expense records, examples of promotional material, advertising budgets and plans, examples of press coverage and other proof (if any) of consumer recognition, or focus group material.

At the same time, Grasshopper's response is peppered with blanket objections based on attorney-client privilege and attorney work product where clearly none could exist.  Yet, while asserting such objections, Grasshopper has not provided a privilege log as specifically required.  In still other responses, Grasshopper refused to produce any documents based on its contention that responsive documents were some how protected by a blanket right to "privacy."  In still others, Grasshopper simply refused to produce any documents unless and until a protective order had been entered.

On April 23, 2010, *11 days late*, Grasshopper served by mail its Responses to Accelerated's First Set of Interrogatories.  (Doroshow Decl. Ex. H.)  No extension of Grasshopper's time to respond was given.  (*Id.* ¶ 12)  Moreover, the Responses were unverified.  (*Id.*)  Also, like its responses to the Document Requests, Grasshopper's untimely responses to Accelerated's Interrogatories were

FOX ROTHSCHILD LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067-1506

3

1   prefaced with the same unmeritorious, boilerplate objections, including blanket

2   assertions of privilege and "privacy", while Grasshopper continued to refuse to

3   provide any of the specific information requested.

4        Having received Grasshopper's clearly deficient responses, on May 11,

5   2010, Accelerated's counsel sent Grasshopper's counsel a 7-page meet and confer

6   letter detailing the numerous deficiencies in Grasshopper's responses to both the

7   Interrogatories and Document Requests.  (Doroshow Decl. Ex. I.).  Given the time

8   that had already elapsed since the discovery was initially served, and Grasshopper's

9   failure to serve timely responses, Accelerated requested a response to its letter

10  within 10 days, or by May 11, 2010.

11       Grasshopper again delayed.  In this instance, Grasshopper's counsel did not

12  respond to Accelerated's May 21 meet and confer letter until nearly a month later

13  on June 4, 2010. (Doroshow Decl. Ex. J.)  Even though no extension had been

14  granted to respond, counsel asserted that there was good cause to excuse

15  Grasshopper's untimely responses because of a change in counsel.  At the same

16  time Grasshopper continued to assert many of the objections to the interrogatories

17  and document requests. Although Grasshopper promised to provide supplemental

18  responses to others, Grasshopper has never done so to this day.  (*Id.*)[1]

19       While plaintiff's counsel also suggested that the parties enter into a

20  stipulated protective order with respect to certain documents Accelerated was

21  requesting (*id.* at 5 (page 4 of letter)), when Accelerated prepared a proposed

22  Stipulated Protective Order and forwarded a draft to counsel on June 9 (Doroshow

23  Decl. Ex. L), and despite repeated follow-up requests by Accelerated, Grasshopper

24  has declined to comment on the draft.  Instead, Grasshopper's counsel, having

25  previously requested a protective order, has now informed Accelerated that he has

27  [1]  Accelerated's counsel replied on June 7, pointing out that Accelerated had waited 90 days for
    the discovery and asking for a commitment when Grasshopper would supplement the responses
28  and asking Grasshopper to produce the requested material without further delay.  Again,
    Grasshopper never responded.  (Doroshow Decl. Ex. K.)

4

FOX ROTHSCHILD LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067-1506

1  not been authorized by his client to comment.  (Doroshow Decl. Ex. M.)

2       On June 21, 2010, Accelerated's counsel wrote a final meet and confer letter

3  to Grasshopper's counsel, again detailing the numerous deficiencies in

4  Grasshopper's written discovery responses and requesting a face-to-face meeting

5  within 10 days, as required by Local Rule 37-2.2.  (Doroshow Decl. Ex. N.)  The

6  same day, Accelerated's counsel, Eric Osterberg, sent Grasshopper's counsel a

7  lengthy proposed Joint Stipulation Re Motion to Compel, so that Grasshopper's

8  counsel could add Grasshopper's contentions and sign the stipulation.  (Doroshow

9  Decl. Ex. O.)  As required by the Local Rule, the Joint Stipulation sets forth in

10 detail Accelerated's position with respect to each discovery request, and was

11 prepared at considerable time and expense.

12      As of this writing Accelerated has not received:

13     •    A response to its request for an in-person meeting;

14     •    Grasshopper's portion of the Joint Stipulation;

15     •    Any supplemental interrogatory answers;

16     •    Any additional documents;

17     •    Any supplemental written response to the document request;

18     •    Any privilege log; or

19     •    Any comments to the proposed Stipulated Protective Order.[2]

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26

27

28   [2]  Because of Grasshopper's refusal to provide comments to the proposed Protective Order, Accelerated is forced to file a Motion Entry of Protective Order at the same time it files this Motion to Compel.

FOX ROTHSCHILD LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067-1506

5

CASE NO. CV09-08128 DMG (PLAx)    Memorandum in Support of Defendant's Motion to Compel Discovery Responses

## III.   ARGUMENT

### A)   GRASSHOPPER SHOULD BE COMPELLED TO FULLY RESPOND TO INTERROGATORIES

#### 1.   GRASSHOPPER'S OBJECTIONS LACK MERIT

##### (1)   Grasshopper's Untimely Responses Waived All Objections

Grasshopper's unverified responses to the interrogatories were served 11 days late.  Absent an extension (which was not granted here) or good cause, failure to timely respond to discovery requests constitutes a waiver of objections thereto. Fed. R. Civ. P. 33(b)(4); *Davis v. Fendler* 650 F.2d 1154, 1160 (9th Cir. 1981). Such waiver also extends to objections based on privilege, though the court has discretion to disregard unintentional waivers of privilege. *Davis* at 1160.

Good cause does not exist here to excuse the failure to timely respond or object.  In its meet and confer letters, Grasshopper argues that its tardiness is excused because: a) Grasshopper changed counsel on the day the responses were due; b) Accelerated refused to grant an after-the-fact extension despite the case "not being at issue;" and c) Grasshopper's new counsel only had an unsigned copy of the discovery requests.

None of the three purported excuses suffices to constitute good cause. Grasshopper does not explain why its former counsel did not respond within the 30-day period.  Even if new counsel received the discovery requests on the day the responses were due, that means Grasshopper waited 30 days without seeking an extension.  Accelerated's refusal to agree to an extension does not constitute good cause, otherwise good cause would exist every time a party's request for an extension is refused.  Doroshow Exhibits D and E include proofs of service, showing that the interrogatories and document requests were properly served.  The fact that Grasshopper responded to them, albeit belatedly, undercuts any argument that service was improper.

FOX ROTHSCHILD LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067-1506

6

FOX ROTHSCHILD LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067-1506

### 2.   Accelerated's Interrogatories Are Not Compound

In response to every interrogatory, Grasshopper objects that the interrogatories are compound, and that Accelerated has exceeded the 25-interrogatory limit.  That objection is baseless.  Sub-parts to an interrogatory are considered as one interrogatory "…if they are logically or factually subsumed within and necessarily relate to" a primary question.  *Safeco of America v. Rawstro,* 181 F.R.D. 441, 445 (C.D. Cal. 1998).  So long as an interrogatory asks for several bits of information about the same topic, it counts as one interrogatory.  *Id.*

The sub-parts of each interrogatory ARE addressed to the same common topic.  For example, Interrogatory No. 1 asks:

> Identify when YOU first used each of the MARKS IN ISSUE, and identify all persons with knowledge of and DOCUMENTS CONCERNING such usage.  (Doroshow Decl. Ex. O at 5.)

All three sub-parts inquire about the same common topic: the evidence relating to the initial usage of the trademarks in issue.

Accelerated's interrogatories 2-16 follow a similar pattern of inquiring about a specific topic, and asking for facts, documents and witnesses relating to that topic.  Such use of sub-parts is analogous to asking for the name, address and telephone number of the persons at a meeting, which counts as one interrogatory.  *See Safeco* at 445.

### 3.   The Privacy Objection is Not Valid

Grasshopper is wrong to refuse to respond to requests for financial information based on a claimed right to privacy.  The right of privacy is not a privilege that categorically prohibits discovery.  On the contrary, when faced with even a valid privacy claim, courts balance the need for the discovery against the claimed privacy right, and more often than not even a legitimate right of privacy must yield to the requirement to make discovery.  *See Ragge v. MCA/Universal*

7

1  *Studios*, 165 F.R.D. 601, 604 (C.D. Cal. 1995); *Soto v. City of Concord*, 162 F.R.D.

2  603, 616-17 (N.D. Cal. 1995).

3       Grasshopper's claim is not even a valid privacy claim.  Privacy is a right that

4  belongs to people, not to business entities.  Grasshopper cites no case in which a

5  court has recognized a right to privacy other than with respect to a person. The

6  cases cited by Grasshopper in its response to Accelerated's meet and confer letter

7  certainly do not establish such a right for business entities.  In *Johnson v. Johnson*

8  *v. Thompson*, 971 F.2d 1487 (10th Cir. 1992), the Tenth Circuit upheld a

9  magistrate's refusal to compel disclosure of the names of families who had been

10  involved in a study of birth defects.  In concluding that the infants' families'

11  privacy rights outweighed the need for discovery, the court wrote:

> The decision whether to administer heroic life-sustaining treatment to a severely handicapped newborn is one of the most heartwrenching decisions a parent can be called upon to make. *See American Academy of Pediatrics v. Heckler*, 561 F. Supp. 395, 396-97 (D.D.C. 1983). **Parents who have had to make such a decision are entitled to privacy and confidentiality.** We believe that the magistrate was correct to balance the relevance and necessity of the information the appellants requested against the rights of other participants to maintain their privacy. *See Lukaszewicz v. Ortho Pharmaceutical Corp.*, 90 F.R.D. 708, 709 (E.D. Wis. 1981). (emphasis added).

21       In *dicta, DeMasi v. Weiss*, 669 F.2d 114 (3rd Cir. 1982) commented on the

22  production of tax returns of third party individuals in an antitrust case.  The Third

23  Circuit acknowledged that individuals may have privacy rights in their personal tax

24  returns, but further acknowledged that such rights would yield to legitimate needs

25  for discovery in many cases.

26       Here, Accelerated seeks Grasshopper's corporate financial information, not

27  the identities of parents who have sought treatment for newborns, or personal tax

28  returns.  Such information is not properly subject to a claim for privacy.

FOX ROTHSCHILD LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067-1506

8

Even if it were proper for Grasshopper to assert a privacy objection, any privacy right must yield in this case to Accelerated's need for discovery. As discussed below in the context of the individual requests, information concerning the basis for Grasshopper's advertising that it can "cure" alcoholism is at the heart of Accelerated's Lanham Act claim. Information concerning revenues and other financial matters is critical to calculating damages and to evaluating the earning power of Grasshopper's alleged trademarks. The high degree of relevance of such information to this lawsuit necessarily trumps any privacy interest the corporate Grasshopper may have in such information.

### 4.    Grasshopper's Vagueness Objection is Without Merit

Grasshopper's blanket objections to Accelerated's interrogatories on the ground that they are vague and ambiguous is unjustifiable, and undercut by the fact that Grasshopper's minimal responses reveal understanding of the subject matter of the interrogatories. For example, in response to Interrogatory No. 1, which seeks evidence of first use in commerce of the marks in issue, Grasshopper gave a partial, though deliberately incomplete, response. Grasshopper's boilerplate and unsupported vagueness objections are improper. *See Burns v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589 , 593 (W.D.N.Y. 1996) ("objections to interrogatories must be specific and supported by detailed explanation of why the interrogatories are objectionable").

### B)    GRASSHOPPER'S INTERROGATORY RESPONSES ARE INCOMPLETE

#### 1.    Grasshopper's Responses as to Time of Usage of Its Alleged Trademarks are Inadequate (Nos. 1, 3, 8)

Interrogatories 1 & 3 seek the dates when Grasshopper commenced using each of the trademarks at issue: "Passages," "Passages Malibu" and "Passages Silver Strand." The dates are important both to whether Grasshopper has established trademark rights through use of the alleged marks, and to determine

CASE NO. CV09-08128 DMG (PLAx)        Memorandum in Support of Defendant's Motion to Compel
                                                                                        Discovery Responses

SF1 38374v2 07/15/10

FOX ROTHSCHILD LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067-1506

1   whether any use by others pre-dated Grasshopper's, which might give those others

2   superior rights.

3       Instead of providing dates of first usage, Grasshopper's answer to

4   Interrogatories Nos. 1& 3 is: "At least as early as between Spring and Fall of

5   2001." (Doroshow Decl. Ex. O at 5, 15.)  Those responses are deficient in that they

6   leave Accelerated guessing about when the usage began within a 9-month span, and

7   fail to specify a separate initial usage date for each of the 3 trademarks at issue.

8       The response to interrogatories 1 & 3 are also incomplete because they fail to

9   identify documents.  The interrogatories specifically ask Grasshopper to identify

10  "all DOCUMENTS CONCERNING" the first use of the marks at issue, and the

11  terms "Documents" and "Concerning" are defined in the Interrogatories.  In its

12  responses, however, Grasshopper only refers Accelerated to document request

13  responses without specifying which documents are responsive.  That is improper.

14  See Fed R. Civ. P. 33 (d)(1) (party must specify the records that must be reviewed

15  in sufficient detail to enable the interrogating party to locate and identify them as

16  readily as the responding party could); *Matthews v. USAir, Inc.*, 882 F. Supp. 274,

17  275 (N.D.N.Y. 1995) (Rule 33(d) "does not permit a party to answer simply by

18  directing the seeking party to an undifferentiated mass of business records which

19  may or may not answer the interrogatory.").

20      <u>Interrogatory No. 8</u> seeks the dollar amount spent to advertise, market and

21  sell each of the products or services sold under the trademarks at issue, from the

22  date of first use to the present.  The amount spent on advertising is important

23  because it affects the strength of the mark, one of the *Sleekcraft* factors.

24      Instead of providing a specific date or dollar amount, Grasshopper responds:

25  "Continuously since at least between Spring and Fall 2001...at a cost of millions of

26  dollars." (*Id.* at 32-33.)  Again, the response does not provide dates, but a nine-

27  month range, and a seven-figure range of possible costs.  These answers are so

28  general and vague as to be virtually useless.

FOX ROTHSCHILD LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067-1506

10

2.    <u>Lack of Specificity Regarding Enforcement Actions (No. 13)</u>

<u>Interrogatory No. 13</u> seeks specific information about Grasshopper's efforts to enforce, police and protect its trademark rights.  The interrogatory specifically requests the a) infringing mark; b) the basis for the enforcement action; c) the identity of the persons involved, and d) the current status or outcome of the action or proceeding.  This information is also relevant to the strength of Grasshopper's alleged trademarks because it will reveal whether Grasshopper has been able to prevent others from using them.

Grasshopper's answer is inadequate because it merely lists the parties to which it sent cease and desist letters, without providing any of the other information requested, including relevant dates, the identity of the allegedly infringing marks, the persons or entities involved, or the status of the disputes (*Id.* at 50-52.)  The response to this interrogatory is also incomplete because it fails to identify persons.  The interrogatory specifically asks Grasshopper to identify "all PERSONS involved" in such enforcement activities, and the term "Persons" is defined in the Interrogatories.

3.    <u>Failure to Identify Documents (Nos. 1-5, 7, 8, 10, 14-16)</u>

Interrogatories 1-5, 7, 8, 10, and 14-16 specifically ask Grasshopper to <u>identify</u> "all DOCUMENTS CONCERNING" the topic of each of those interrogatories, and the terms "Documents" and "Concerning" are defined in the Interrogatories (*Id.* at 5-23, 29-33, 40-41, 54-61.)  In its response to interrogatories 1-4, however, Grasshopper simply refers Accelerated to its responses to Accelerated's document requests, which is improper as discussed above.  Grasshopper does not identify any documents in response to Nos. 5, 7, 8, 10, 15 and 16.

4.    <u>Failure to Identify Persons With Knowledge (Nos. 7, 8, 9, 10, 11, 12, 13)</u>

Interrogatories 7, 8, 9, 10, 11, 12 and 13 specifically ask Grasshopper to

FOX ROTHSCHILD LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067-1506

11

1  identify "…PERSONS knowledgeable" about the topics of each of the

2  interrogatories.  Grasshopper refused to answer No. 7, and failed to identify a

3  single person in response to Interrogatories 8, 12 and 13. (*Id.* at 29-30, 33, 47-48,

4  51-52.)

5              5.    Evasive, Incomplete Responses (Nos. 4, 9, 10, 11,12)

6      Interrogatory 4 seeks the bases for Grasshopper's contention that

7  Accelerated and Grasshopper use the same marketing channels to sell their

8  products.  Grasshopper completely fails to identify the similar or shared marketing

9  channels, and fails to identify any specific documents supporting its contentions

10  (Id. at 18-19.)

11     Interrogatory 9  seeks the identities of others who have registered, applied

12  for registration, or who are using the marks claimed by Grasshopper, as well as the

13  dates of registration.  This information is relevant.  It goes to the strength of the

14  mark, which is a factor when considering trademark infringement.  *AMF Inc. v.*

15  *Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979).

16     Grasshopper does not answer, but states that it is "not aware of the complete

17  list of applicants, " and refers Accelerated to the United States Patent and

18  Trademark Office.  (*Id.* at 36-37.)  This does not answer the question of

19  Grasshopper's knowledge, which is relevant not only to the validity of the marks at

20  issue but also to Grasshopper's state of mind when adopting such marks.

21     Interrogatory 10 calls for information about instances of actual confusion

22  between the products or services of Accelerated and Grasshopper.  Again, this is a

23  central issue in this litigation.  The essence of a trademark infringement claim is the

24  likelihood of confusion created by the similarity of the marks.  Yet, again,

25  Grasshopper provides no information responsive to this request.  Instead,

26  Grasshopper offers only a repetition of the allegations in the First Amended

27  Complaint concerning Accelerated's Internet advertising. (*Id.* at 40-41.)

28     Interrogatory 11 seeks information about Grasshopper's licensees, including

FOX ROTHSCHILD LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067-1506

12

FOX ROTHSCHILD LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067-1506

1  the goods or services licensed, related documents, and persons with knowledge.

2  Grasshopper responds only that there have been "permissive uses" by Silver

3  Strand. (*Id.* at 44-45.)  That response is evasive. Grasshoppers do not indicate if

4  the single entity identified, Passages Silver Strand, LLC, is the only permissive user

5  of the marks at issue, if an actual license is in place, or the nature of the goods or

6  services with respect to which Silver Strand is licensed.  Grasshopper's failure to

7  identify documents and witnesses also constitutes a failure to respond.

8       Interrogatory 12 seeks information about any consumer surveys or studies

9  performed by or for Grasshopper.  In its response, Grasshopper provides no

10  information, and, oddly, refers Accelerated to United States Patent and Trademark

11  Office ("USPTO"), which does not conduct such surveys or studies. (*Id.* at 47-48.)

12  Survey evidence is one way in which parties seek to prove the strength of their

13  trademarks, the care exercised by their customers, or likelihood of confusion.  The

14  response is deficient because it entirely ignores the issue of survey evidence.  It is

15  further incomplete because it fails to identify documents and persons with

16  knowledge.

17          6.   Improper Refusal to Answer Based on Privacy (Nos. 7, 15, 16)

18       Interrogatory 7 seeks Grasshopper's annual gross and net revenues from the

19  trademarks that are at issue.  Those figures are relevant both to the strength of

20  Grasshopper's alleged trademarks and assessment of damages.  Grasshopper

21  refuses to provide the requested financial information on privacy grounds (*Id.* at

22  29-30.)  As discussed above, the privacy objection is not appropriate here and even

23  if it were, must yield to Accelerated's need for discovery.  By seeking damages,

24  Grasshopper has put at issue its profit from the subject trademarks (Doroshow

25  Decl. Ex. A, First Amended Complaint at 13: 23-26.)  It should be self-evident that

26  a Grasshopper may not seek damages for an alleged financial injury, then block

27  discovery regarding the injury.  Moreover, it is well-established that financial

28  information is discoverable and that confidentiality issues can be mitigated with a

13

suitable protective order, which Accelerated has offered to Grasshopper.  *Pasadena Oil & Gas Wyoming LLC v. Montana Oil Properties Inc.*, 320 Fed. Appx. 675, 677 (9th Cir. 2009.)

Interrogatory 15 seeks information concerning Grasshopper's claim that it can cure alcohol and drug addiction.  Number 15 asks:

> Identify all facts supporting GRASSHOPPERS contention that YOU are able to "cure" all drug or alcohol addiction, and identify all DOCUMENTS and PERSONS which or who YOU believe will support such contention. (Doroshow Decl. Ex O at 57.)

Grasshopper again refuses to answer based on privacy grounds (*Id.* at 57-58.)

The information requested by Interrogatory 15 is central to the issues in this case.  Any evidence regarding whether Grasshopper can "cure" addictive disease either supports or rebuts Accelerated's false advertising.  Grasshopper's claim that it can "cure" alcohol and drug addiction is one that Grasshopper makes publicly in advertising and thus in which it cannot have any privacy interests.

Accelerated does not dispute that the privacy interests of non-party patients seeking treatment for drug and alcohol addiction are entitled to protection.  Their privacy rights are not at issue, however, because Accelerated seeks the scientific information on which Grasshopper bases its assertion that it can "cure such additions."

Plainly information such as the following does not implicate confidential patient information:

- Treatment protocols;
- Therapy procedures;
- Medicines used;
- Intake records;
- "Cure" rates; and
- Discharge summaries

14

FOX ROTHSCHILD LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067-1506

Moreover, the proposed Stipulated Protective Order can protect patient privacy while permitting disclosure of the matters that the Grasshopper has put at issue. *Pasadena Oil & Gas Wyoming LLC V. Montana Oil Properties Inc.*, 320 Fed. Appx. 675, 677 (9th Cir. 2009).

Interrogatory 16 seeks information about Grasshopper's success rate in "curing" alcohol and drug addiction. Again, Grasshopper refused to answer on privacy grounds (Doroshow Decl. Ex. O at 61-62.) The same analysis applies to number 16 as to 15; the interrogatory seeks important discoverable information that does not require the disclosure of patients' names, and a protective order may be fashioned that would protect patient privacy while permitting discovery of matters that Grasshoppers have placed at issue.

### C)    GRASSHOPPER IS IMPROPERLY WITHHOLDING DISCOVERABLE DOCUMENTS

#### 1.    Grasshopper's Production is Inadequate

In response to Accelerated's document requests, Grasshopper has produced only 28 pages of print-outs of Yahoo! and Google searches, and about 450 pages of publicly available documents, namely, the prosecution histories of Grasshopper's federal trademark applications and various court failings. (Doroshow Decl. ¶ 11.) Obviously, Grasshopper has not made a good faith effort to produce all non-privileged, responsive documents.

#### 2.    Grasshopper Failed to Produce Documents Identified in its Interrogatory Responses (RPD Nos. 2, 36-39, 46)

Grasshopper vaguely identified categories of documents in response to interrogatories, then failed to produce documents in those categories response to Accelerated's companion Request for Production of Documents. For example, in response to Interrogatory No. 2, Grasshopper alleged: "[s]ince 2001, Responding party has paid for widespread television, print, and internet advertising, among

FOX ROTHSCHILD LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067-1506

15

1    other advertising, at a cost of millions of dollars, to promote its addiction recovery

2    centers and services and offered for sale under the marks at issue." (Doroshow

3    Decl. Ex. O at 9.)  No documents relating to that advertising campaign have been

4    produced (Doroshow Decl. ¶ 11.)

5         3.     <u>Grasshopper Improperly Withheld Documents as Privileged</u>

6             <u>(RPDs 5, 7-11, 15, 16-25, 28-29, 33, 36-40, 43, 45, 47-53, 54,</u>

7             <u>64, 83-84, 91-93, 95, 97)</u>

8       Grasshopper improperly withholds an unknown number of documents based

9    upon spurious assertions of attorney-client privilege and work product protection,

10   including documents responsive to Requests for Production Nos. 5, 7-11, 15, 16-

11   25, 28-29, 33, 36-40, 43, 45, 47-53, 54, 64, 83-84, 91-93, 95, 97.

12       Grasshopper has not produced a privilege log, thus preventing meaningful

13   assessment of the asserted privileges.  It is obvious, however, that many of the

14   documents requested cannot be privileged because many of the requests in question

15   seek evidence Grasshopper must present at trial.  For example, Request 21 seeks

16   evidence concerning any actual consumer confusion or likelihood of confusion.

17   Reports of any actual consumer confusion cannot be privileged and, with the

18   possible exception of work done by a consulting expert concerning likelihood of

19   confusion, likelihood of confusion material cannot be privileged either.  Moreover,

20   Grasshopper should not be permitted to assert a claim of privilege for purposes of

21   hiding the absence of such evidence and should be required to disclose if no such

22   evidence exists.

23       Grasshopper's assertion of privilege in other categories is equally improper.

24   Specifically:

25      a)     <u>Request 5</u> seeks correspondence between Grasshopper and

26   Accelerated, which cannot possibly be privileged, yet Grasshopper has withheld

27   production on that ground;

28      b)     <u>Request 7 & 8</u>  seek documents relating to Grasshopper's allegation

FOX ROTHSCHILD LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067-1506

16

1   that it has been doing business as "Passages" and "Passages Malibu" for many

2   years. Documents responsive to these requests would include documents showing

3   Grasshopper's use of its marks in commerce. As such, those documents cannot

4   possibly be protected by work-product and/or attorney-client privilege;

5          c)     Requests 9, 10, and 11 seek all documents relating to Grasshopper's

6   California State registrations.  Certainly, communications between Grasshopper

7   and the office of the California Secretary of State are not privileged;

8          d)     Request 13 seeks opinions or studies as to whether the trademarks in

9   issue could properly be registered with the USPTO.  Such documents cannot be

10  work product, because they are prepared in anticipation of trademark applications,

11  not litigation.

12         e)     Request 15 seeks documents related to how Grasshopper's alleged

13  trademark "Passages" is used in relation to Grasshopper or Grasshopper's goods

14  and services.  It is inconceivable that documents showing how the trademark is

15  used to identify goods to the public could be privileged.

16         f)     Requests 16-25 & 28-29 seek documents supporting various

17  allegations in the Complaint, which are quoted in the body of the requests

18  (Doroshow Decl. Ex. O at 71-78.)  Grasshopper lodged blanket objections on the

19  grounds of attorney-client privilege and work product protection, and produced no

20  documents. It is Grasshopper's burden to prove the allegations in the complaint.  If

21  it will need to rely on privileged documents to do so, it must produce them now.  If

22  it chooses privilege over proof, it must specify the identity of the documents

23  withheld on a privilege log.

24         g)     Request 33 seeks documents relating to trademarks or service marks

25  that are identical or similar to Grasshopper's marks.  Grasshopper's assertion of the

26  attorney client privilege and work product protection here is improper on its face,

27  as the marks are the property of others.  To the extent Grasshopper claims privilege

28  for analyses of such marks, a privilege log must be provided.

FOX ROTHSCHILD LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067-1506

17

h)    Requests 36-40, 43, & 45 seek documents relating to Grasshopper's advertising and sale of Grasshopper's services, as well as documents relating to consumer recognition and media coverage of Grasshopper's marks. Again, these documents are central to any trademark litigation, as they are relevant to the strength of the Grasshopper's marks, as well as the efforts made by Grasshopper to protect its marks. Grasshopper's blanket assertion of attorney-client privilege and work product protection as to such documents is improper. Publicly disseminated advertising material, media reports, and consumer information are not protected by attorney client privilege or attorney work product.

i)    Requests 47-51 seek documents relating to any representations to patients that Grasshopper can "cure" addiction, and articles, commentary, or research indicating that alcoholism or drug addictions are or are not "curable." The responsive documents would include documents given to third parties and publicly available documents, such as journal articles, which clearly are not subject to the attorney-client privilege or work product protection.

j)    Request 52 seeks all documents relating to communications between Grasshopper and third-parties regarding the "curing" of alcoholism and drug addiction. It strains credulity to assert that Grasshopper's communications with third-parties regarding the "curing" of alcoholism and drug addiction--Grasshopper's primary service--are protected by attorney-client privilege or attorney-word product privilege.

k)    Request 53 seeks documents relating to communications between Grasshopper and Silver Strand, or with third parties, concerning "curing" addiction. It is equally impossible that all such documents would be privileged. Grasshopper and Silver Strand have not established any sort of "joint defense" privilege such that communications between them would in any way be privileged.

l)    Request 54 requests an organizational chart of those involved in Grasshopper's research and trademark registration efforts. Such a chart is bound to

18

FOX ROTHSCHILD LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067-1506

contain useful information concerning possible witnesses.  It cannot possibly be privileged.  Yet Grasshopper improperly withholds this information on attorney-client privilege and work product grounds.

m)   <u>Request 64</u> seeks "third-party review, criticism, analysis, discussion, or complaints" relating to Grasshopper or Grasshopper's goods, services or business.  There can be no question that documents generated by third-parties and publicly disseminated are not protected by work-product or attorney-client privilege.

n)   <u>Requests 83 and 84</u> seek documents concerning when and how Grasshopper first used the word "Passages" in general and on the Internet, respectively.  Because they seek documents that are widely published, these requests do not call for privileged documents.

o)   <u>Requests 91, 92, 93, 95 & 97</u> seek documents relating to Grasshopper's "cure" rate and success rates, as well as the rates at which Grasshopper's treatment failed.  Prior to the commencement of this action, Grasshopper publicly claimed on television and in numerous newspaper articles that its "cure" rate is more than 80%.  Data used to calculate this number is clearly not privileged, as it was used to advertise Grasshopper's services, not to seek legal advice.

4.   <u>Improper Trade Secret Assertions (RPD Nos. 34-35, 42, 55-63, 66, 89, 96, 98)</u>

Grasshopper improperly withholds a number of documents on the basis that they are protected trade secrets:

a)   <u>Requests 34-35</u> seek documents relating to any keywords employed by Grasshopper for Internet advertising.  Grasshopper's use of keywords associated with Accelerated is relevant to Accelerated's counterclaim, and its use of keywords in general is relevant to Accelerated's defense that there is nothing improper about Accelerated's use of keyword advertising.  Because it is broadcast to the public,

FOX ROTHSCHILD LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067-1506

19

1  keyword advertising is public by its very nature.  No trade secret protection can

2  apply to such public information, and any trade secret or otherwise confidential

3  information concerning Grasshopper's advertising plans can be designated

4  confidential as provided in the proposed stipulated protective order to which

5  Grasshopper has declined to respond.

6       b)  <u>Request 42</u> seeks documents relating to the fees the Grasshopper

7  charges its customers for treatment.  Grasshopper is seeking monetary damages

8  based upon alleged financial injury to its addiction treatment business.  To calculate

9  the amount of any such damages, one needs to know the amounts Grasshopper

10  would have charged any lost customers.  Such information also could be relevant to

11  the issue of whether the demographics of the parties' customers overlap, and

12  whether channels of trade are similar.   The proposed stipulated protective order,

13  which Accelerated has repeatedly offered to Grasshopper, would accommodate any

14  legitimate confidentiality and trade secret concerns.

15       c)  <u>Request 55</u> seeks an organizational chart of Grasshopper's officers,

16  directors and employees involved in various capacities with the marks at issue.

17  Such a chart will identify potential witnesses.  Requests for such documents cannot

18  be considered "oppressive," nor are the identities of personnel legitimate trade

19  secrets.  To the extent they truly deserve confidential treatment, Accelerated has

20  offered a proposed stipulated protective order that addresses all legitimate

21  confidentiality, privacy and trade secret concerns.

22       d)  <u>Request 57</u> seeks documents identifying channels of trade and

23  marketing channels through which Grasshopper sells its services in connection with

24  the marks in issue.  The channels of trade in which the parties offer their products is

25  one of the *Sleekcraft* factors pertaining to likelihood of confusion, and Grasshopper

26  therefore has put that at issue in this case and will need to offer evidence

27  concerning channels of trade at trial.  It cannot be that the channels of trade through

28  which Grasshopper offers its products raises legitimate privacy concerns, but in any

FOX ROTHSCHILD LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067-1506

20

1    event, the proposed stipulated protective order Accelerated offered to Grasshopper

2    addresses all legitimate confidentiality, privacy and trade secrets concerns.

3         e)    <u>Request 58</u> seeks documents sufficient to show Grasshopper's annual

4    advertising expenditures.  Advertising expenses are relevant to the strength of

5    Grasshopper's alleged trademarks.  Given that Grasshopper has asserted that it

6    spends "millions of dollars, to promote its addiction recovery centers and services,"

7    this request cannot be oppressive because Grasshopper must have responsive

8    documents available, nor can advertising expenses legitimately be considered the

9    subject of privacy concerns.  The proposed stipulated protective order Accelerated

10   offered to Grasshopper addresses all legitimate confidentiality, privacy and trade

11   secrets concerns.

12        f)    <u>Requests 59-63</u> seek documents related to Grasshopper's past and

13   projected profits and revenues.  Specifically, 59-63 seek documents related to

14   Grasshopper's volume of sales, customer base and profits and revenues over time

15   with respect to the allegedly trademarked goods and services.  Such business

16   records are relevant to Grasshopper's damage claims and therefore cannot properly

17   be withheld as trade secret.  Grasshopper's improper withholding of these

18   documents denies Accelerated its right to investigate Grasshopper's damages

19   claims.  The proposed stipulated protective order Accelerated offered to

20   Grasshopper addresses all legitimate confidentiality, privacy and trade secret

21   concerns.

22       <u>Request No. 66</u> also seeks documents related to Grasshopper's projected

23   profits and revenues, which also are relevant to Grasshopper's damage claims and

24   therefore cannot properly be withheld.  Grasshopper should not be permitted to

25   withhold documents relevant to Grasshopper's damage claims on the basis that it

26   has not completed the work of making its damage calculations.  Whatever

27   responsive documents exist at this time should be produced.  The proposed

28   stipulated protective order Accelerated offered to Grasshopper addresses all

FOX ROTHSCHILD LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067-1506

21

1  legitimate confidentiality, privacy and trade secret concerns.

2        g)   <u>Request 89</u> seeks documents relating to Internet traffic on any website

3  advertising Grasshopper's trademarks or services offered under those marks.

4  Grasshopper's trade secret objection is without merit because such documents

5  relate directly to Grasshopper's main contention against Accelerated: that

6  Accelerated allegedly diverts potential Internet traffic away from Grasshopper's

7  Website.  Grasshopper should not be permitted to sue Accelerated for diverting

8  Internet-business on one hand, while denying Accelerated the right to conduct

9  discovery into the actual Internet traffic on Grasshopper's website on the other.

10        h)   <u>Request 96</u> requests a list of Grasshopper's current and former

11  employees since the date Grasshopper's trademarks were first used, yet

12  Grasshopper refuses to produce any such records based on employee privacy, trade

13  secret, and oppressiveness grounds.  The objections are not valid.  Grasshopper's

14  current and former employees are potential witnesses in this action.  Neither

15  Grasshopper nor Grasshopper's employees have a reasonable expectation of

16  privacy with respect to the fact that they are or once were employed by

17  Grasshopper.

18        i)   <u>Request 98</u> seeks any new or additional goods or services that

19  Grasshopper believes may be offered or sold using Grasshopper's trademarks.  This

20  is relevant to any calculation of Grasshopper's damages based on a royalty rate,

21  and also to Grasshopper's potential expansion into other products, a factor relevant

22  to the proximity of the parties goods and services, which is relevant to the

23  likelihood of confusion analysis under *Sleekcraft*.  The proposed stipulated

24  protective order Accelerated has offered to Grasshopper addresses all legitimate

25  confidentiality, privacy and trade secrets concerns.

26       5.   <u>Failure to Produce Any Damage Documents (RPD Nos. 65, 67,</u>

27          <u>70, 71)</u>

28      In response to several requests that Grasshopper provide damage documents,

FOX ROTHSCHILD LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067-1506

22

1    Grasshopper continues to withhold <u>all</u> documents relating to its damages.

2    Grasshopper uses the excuse that its damage calculations have not been completed.

3    That does not justify failing to produce <u>any</u> documents supporting its alleged

4    damages.

5        Grasshopper should not be permitted to withhold documents relevant to

6    Grasshopper's damage claims on the basis that it has not completed the work of

7    making its damage calculations.  Whatever responsive documents exist at this time

8    should be produced.  Grasshopper has not produced any records from which

9    Accelerated can independently evaluate Grasshopper's alleged damage claims.

10       D)    <u>ACCELERATED SHOULD BE AWARDED THE COSTS OF THIS</u>

11             <u>MOTION</u>

12       Accelerated should be awarded monetary sanctions because: 1) Grasshopper

13   failed to comply with and cooperate in the procedures set forth by Local Rule 37

14   for the resolution of discovery disputes (<u>See L.R. 37-4: Cooperation of Counsel –</u>

15   <u>Sanctions</u>), causing Accelerated to incur significant attorneys' fees that would have

16   been avoided had Accelerated followed the rules; and 2) Grasshopper's opposition

17   to this motion, and its refusal to provide documents and responses to Accelerated's

18   First Set of Interrogatories and First Set of Requests for Production of Documents,

19   are without substantial justification.

20       Federal Rule of Civil Procedure 37(a)(5) provides, in relevant part:

21

22       (A) *If the Motion is Granted (or Disclosure or Discovery Is Provided*
         *After Filing).*  If the motion is granted—or if the disclosure or
23       requested discovery is provided after the motion was filed—the court
         must, after giving an opportunity to be heard, require the party or
24       deponent whose conduct necessitated the motion, the party or attorney
         advising that conduct, or both to pay the movant's reasonable
25       expenses incurred in making the motion, including attorney's fees.
         But the court must not order this payment if:
26       (i) the movant filed the motion before attempting in good faith to
27       obtain the disclosure or discovery without court action;

28

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expense unjust.

Sanctions are appropriate even if Grasshopper did not act willfully or with improper intent; the standard is whether Grasshopper had "substantial justification" for its conduct. *Reygo Pac. Corp. v. Johnston Pump Co.* 680 F.2d 647, 649 (9th Cir. 1982).

Here, the Grasshopper cannot show that it was "substantially justified" in its refusal to make discovery because:

- Grasshopper's objections are meritless;

- Grasshopper caused Accelerated to prepare a joint stipulation and then failed to respond to Accelerated's proposed Joint Stipulation within the required 7-day period as required by Local Rule 37-2.2;

- Grasshopper ignored Accelerated's request to meet as required within 10 days as required by Local Rule 37-1: and

- Grasshopper did not respond to Accelerated's proposed Stipulated Protective Order.

In short, Grasshopper first unjustifiably refused to make discovery, and then failed to follow the Local Rules that were designed to avoid this discovery motion, burdening both Accelerated and the Court by its refusal to cooperate in the judicially-mandated process.

Moreover, Grasshopper's blanket use of inappropriate boilerplate objections to every single written discovery request, together with its continuing refusal to produce highly relevant documents and information that are central to the issues in this case, demonstrate an intention to obstruct discovery and deny Accelerated its right to gather relevant evidence.   Grasshopper forced Accelerated to prepare the joint stipulation and then to file this motion, and should be compelled to reimburse

FOX ROTHSCHILD LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067-1506

1  Accelerated for the considerable attorney time required.  As set forth in the

2  accompanying declaration of James Doroshow, Accelerated has incurred a total of

3  $_____ in attorney's fees in order to prepare the lengthy joint stipulation and

4  this motion, and respectfully requests an order requiring Grasshopper to reimburse

5  Accelerated for the full amount.

## IV.   CONCLUSION

6  

7          For the foregoing reasons, the Court should enter the Proposed Order

8  submitted with this motion and compel Grasshopper to do the following

9  immediately:

10  

11          a)      Serve complete responses to Interrogatories 1-16;

12          b)      Produce all responsive documents and provide complete written

13  responses in response to Requests for Production Nos. 1-71 and 80-98;

14          c)      Produce a privilege log; and

15          d)      Pay to Accelerated its attorneys fees' incurred in connection with

16  preparation of the joint stipulation and this motion, in the amount of $_____.

17  

18  DATED:  July __, 2010                    Respectfully submitted,

19                                           FOX ROTHSCHILD LLP

20  

21                                           By: /s/ James E. Doroshow
22                                               James E. Doroshow
                                                 Phillip F. Shinn
23                                               Eric C. Osterberg
                                                 Attorneys for
24                                               Defendant/Counterclaimant
                                                 Accelerated Recovery Centers, LLC

25  

26  

27  

28  

FOX ROTHSCHILD LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067-1506

25