James E. Doroshow
(SBN 112920)
jdoroshow@foxrothschild.com.
Phillip Shinn
(SBN 112051)
pshinn@foxrothschild.com
Alan Chen
(SBN 224420)
achen@foxrothschild.com
Eric C. Osterberg
*Pro Hac Vice*
eosterberg@foxrothschild.com

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Telephone: 310.598.4150
Facsimile:  310.556.9828

Attorneys for Defendant/
Counterclaimant Accelerated Recovery
Centers, LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| GRASSHOPPER HOUSE, LLC, a California limited liability company doing business as Passages Malibu, PASSAGES SILVER STRAND, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>ACCELERATED RECOVERY CENTERS, LLC, a Georgia limited liability company,<br><br>Defendant. | Case No.: 09-CV-08128-DMG-PLA<br><br>**DECLARATION OF JAMES E. DOROSHOW IN SUPPORT OF MOTION TO COMPEL INTERROGATORY RESPONSES AND PRODUCTION OF DOCUMENTS, AND FOR SANCTIONS**<br><br>Date:           August 17, 2010<br>Time:          10:00 a.m.<br>Department: G, 9th Floor |
| And Related Counterclaims. | |

I, JAMES E. DOROSHOW, declare and state as follows:

ST1 12702v1 07/16/10

1. I am a partner with the law firm of Fox Rothschild LLP, attorneys for Defendant/Counterclaimant Accelerated Recovery Centers, LLC ("Accelerated") in this action. I am licensed to practice law in the State of California and the United States District Court, Central District of California. Except as otherwise stated, I know the following facts based upon personal knowledge, and if called to testify as a witness, I could and would testify competently to such facts.

2. This motion is submitted on 28 days notice and without a joint stipulation in accordance with Local Rule 37-2.4 because Plaintiff Grasshopper House, LLC ("Grasshopper" or "Plaintiff") did not respond to my invitation to meet in person; failed to confer in a timely manner in accordance with L.R. 37-1; and failed to provide its portion of the joint stipulation in accordance with L.R. 37-2.2, after we forwarded Accelerated's portion.

3. On November 5, 2009, Plaintiff Grasshopper filed this action alleging violations of the Lanham Act based upon Accelerated's alleged use of Grasshopper's alleged trademarks in Internet advertising, and false advertising under the Lanham Act based on Accelerated's advertising of its alcoholic treatment services. On May 10, 2010, Grasshopper filed an Amended Complaint that also includes those allegations. A true and correct copy of the Amended Complaint is attached hereto as **Exhibit A**.

4. On May 10, 2010, Accelerated filed its Amended Counterclaims, a true and correct copy of which is attached hereto as **Exhibit B**. Accelerated alleged unfair competition under the Lanham Act (15 U.S.C. § 1125(a)) against Grasshopper and its principals based upon their assertions that they can "cure" alcoholism and drug addiction when they know that there are no cures for such addictive diseases, and their improper use of keywords, including Accelerated's trade name, in Internet advertising.

5. On January 29, 2010, Grasshopper filed a Motion to Dismiss, and then on February 18, 2010, counter-defendants Chris Prentiss and Pax Prentiss filed a similar motion, seeking to dismiss, *inter alia*, Accelerated's Lanham Act claim. Both motions

2

were largely denied on March 23, 2010, and the Court denied a subsequent motion to dismiss the Lanham Act claim on July 12, 2010 (D.I. 63.) Accelerated's Lanham Act claim remains at issue.

6. On June 1, 2010, Accelerated filed its Answer to the Amended Complaint, a true and correct copy of which is attached hereto as **Exhibit C,** in which it denied the material allegations of the Amended Complaint, including those pertaining to Grasshopper's alleged trademarks, and asserted affirmative defenses of non-infringement and trademark invalidity.

7. On March 8, 2010, Accelerated served its First Set of Interrogatories on Grasshopper, a true and correct copy of which is attached hereto as **Exhibit D**. The interrogatories were signed and properly served, as indicated by the signature page and Certificate of Service.

8. On March 8, 2010, Accelerated also served its First Set Of Requests for Production of Documents on Grasshopper, a copy of which is attached as **Exhibit E**. The document requests were signed and properly served, as indicated by the signature page and Certificate of Service.

9. On April 12, 2010, Grasshopper mailed its Response to Accelerated's First Set Of Requests for Production of Documents, together with a CD containing documents marked GRS 0001-GRS-0472. A copy of Grasshopper's response is attached as **Exhibit F**.

10. Grasshopper's document production consisted only of 472 pages of material: 28 pages of print-outs of Yahoo! and Google searches, the prosecution histories of Plaintiff's federal trademark applications and various court filings. Grasshopper produced <u>no</u> documents relating to its proclaimed ability to "cure" alcoholism and drug addiction and no documents relating to the factors relevant to Grasshopper's trademark infringement claims as identified by the Ninth Circuit in the *Sleekcraft* case.

3

ST1 12702v1 07/16/10

11. On April 23, 2010, 11 days late, Grasshopper served by mail its Responses to Accelerated's First Set of Interrogatories. No extension of the time to respond to the Interrogatories was given. The responses were unverified. Over a month later, Grasshopper finally provided the verification. A copy of the Interrogatory responses is attached as **Exhibit G**.

12. On May 11, 2010, I sent to Grasshopper's counsel a meet and confer letter that detailed the deficiencies in Grasshopper's responses to both the interrogatories and document requests. A true and correct copy of that letter is attached hereto as **Exhibit H.**

13. On June 4, 2010, Grasshopper's counsel responded to my letter of May 11, 2010. A true and correct copy of counsel's letter is attached hereto as **Exhibit I**. Among other arguments, *Grasshopper asserted that certain documents called for by Accelerated's requests contained confidential business information that would not be provided unless and until the Court entered a protective order*. Grasshopper agreed to provide verification of the interrogatory responses, and to supplement its interrogatory and document responses.

14. I replied to Grasshopper's June 4, 2010 letter by way of an email on June 7, 2010, a true and correct copy of which is attached hereto as **Exhibit J**.

15. Pursuant to Grasshopper's request, and Grasshopper's stated concern about the confidentiality of certain information, my colleague Eric Osterberg followed my June 7th email with an email on June 9, 2010, in which he provided to Grasshopper's counsel a draft of a proposed Stipulated Protective Order. On June 11, 2010, Mr. Osterberg forwarded to Grasshopper a proposed stipulation requesting that the Court enter the proposed order. True and correct copy of those emails, and the attached drafts, are attached hereto as **Exhibit K**. Despite repeated requests, and despite Grasshopper's previous insistence on entry of such an order, Grasshopper has not commented on either draft. Counsel has informed us by email that his client has

4

not authorized him to comment on the draft. A copy of that email is annexed as **Exhibit L**.

16. I forwarded a further lengthy letter on June 21, 2010 and requested an in-person meeting, pursuant to Local Civil Rule 37-1. A copy of that letter is annexed as **Exhibit M**. Grasshopper's counsel did not agree to meet.

17. **Exhibit N** is a true and correct copy of Accelerated's proposed Joint Stipulation Re Motion to Compel Discovery, which Eric Osterberg emailed to Grasshopper's counsel on June 21, 2010. As is obvious from even a brief perusal of the joint stipulation, it is lengthy and took a great deal of attorney time and effort to prepare. Grasshopper's counsel did not respond, did not add Grasshopper's position to the proposed joint stipulation, and did not sign the joint stipulation.

18. To date we have not received: any supplemental interrogatory answers; any additional documents; any supplemental written response to the document request; any privilege log; or any response regarding the proposed Stipulated Protective Order.

19. In preparing the lengthy proposed joint stipulation and this motion, the following Fox Rothschild attorneys have spent, and ARC has incurred, the following amounts in attorney's fees:

   a) Phillip Shinn, a partner in my firm's San Francisco office spent 31.1 hours at an hourly billing rate of $380, for a sub-total of $ 11,818;

   b) Eric Osterberg, a partner my firm's Stamford office spent 31.1 hours at a billing rate of $500 for a sub-total of $14,050; and

   c) M. Michael Lewis, an associate in my firm's New York office spent 24.3 hours at a billing rate of $ 300 for a subtotal of $7,290.

   d) I spent 4 hours at an hourly billing rate of $550, for a sub-total of $2,200.

The combined total amount of attorney's fees incurred by Accelerated for the preparation of this motion is $35,358.00.

ST1 12702v1 07/16/10

20.     Biographical descriptions of each of the attorneys involved, printed from my firm's Web site, are attached as **Exhibit O**.

21.     The rates of the attorneys involved are within the range customarily charged in this District for comparable services, and the amount of time is reasonable for the tasks performed.  Time entries reflecting the work set forth above available for *in camera* inspection if the Court desires.

22.     In accordance with Local Rule 37, attached hereto as **Exhibit P** is a true and correct copy of the February 22, 2010 minutes of the scheduling conference and a true and correct copy of the initial case scheduling order.

I declare under penalty of perjury under that the foregoing is true and correct.  Executed on July 19, 2010, in Los Angeles, California.

By  */s/James E. Doroshow*
James E. Doroshow
Attorneys for
Defendant/Counterclaimant Accelerated Recovery Centers, LLC

ST1 12702v1 07/16/10