**1**

1  WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
   CHARLES J. HARDER (BAR NO. 184593)
2  NICHOLAS A. MERKIN (BAR NO. 219604)
   11400 West Olympic Boulevard, Ninth Floor
3  Los Angeles, California  90064-1582
   Telephone: (310) 478-4100
4  Facsimile:  (310) 479-1422

5  Attorneys for Plaintiffs
   GRASSHOPPER HOUSE, LLC and
6  PASSAGES SILVER STRAND, LLC

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  GRASSHOPPER HOUSE, LLC, a          )  Case No.: CV 09-08128 DMG
    California limited liability company )  (PLAx)
12  doing business as "Passages Malibu," )
    PASSAGES SILVER STRAND, LLC,       )
13  a California limited liability company, )  PLAINTIFF GRASSHOPPER
                                        )  HOUSE, LLC'S RESPONSE
14                  Plaintiffs,         )  TO DEFENDANT
                                        )  ACCELERATED RECOVERY
15         v.                           )  CENTERS, LLC'S FIRST SET
                                        )  OF INTERROGATORIES
16  ACCELERATED RECOVERY              )
    CENTERS, LLC, a Georgia limited    )
17  liability company,                  )
                                        )
18                  Defendant.          )
                                        )
19  ————————————————                    )
                                        )
20  AND RELATED COUNTER-CLAIM          )
    ————————————————                    )

21

22  PROPOUNDING PARTY:     Defendant ACCELERATED RECOVERY
                           CENTERS, LLC
23
    RESPONDING PARTY:      Plaintiff GRASSHOPPER HOUSE, LLC
24
    SET NO.:               ONE
25

26  ///

27  ///

28  ///

-1-

GRASSHOPPER HOUSE LLC'S RESPONSES TO ACCELERATED RECOVERY CENTER'S
FIRST SET OF INTERROGATORIES
I:\17875\003\Discovery\Grasshopper Responses to Rogs 002.wpd

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

Responding Party, GRASSHOPPER HOUSE, LLC. ("responding party") hereby submits its responses and objections to ACCELERATED RECOVERY CENTERS, LLC 's ("propounding party") Interrogatories, Set No. One.

<u>**GENERAL OBJECTIONS**</u>

1.      Responding party has based the following responses to the interrogatories on the assumption that in propounding these interrogatories, propounding party did not intend to seek information protected against discovery by the attorney-client privilege or the attorney work-product doctrine.  To the extent that propounding parties' interrogatories, or any part thereof, are intended to or purport to elicit such information, Responding Party objects thereto and asserts such privileges to the fullest extent provided by law.

2.      Responding Party has not completed either its discovery or its preparation for the trial of this matter and has not completed its review and analysis of documents thus far gathered and/or obtained in the course of its investigation of this matter and in discovery.  These responses are based upon Responding Party's present knowledge and available documents.  Accordingly, these responses are made without prejudice to Responding Party's right to present additional facts or contentions at a later date, based upon information hereafter obtained and evaluated, and are subject to such qualification, modification or substantive change as further exploration, investigation, and discovery may indicate is necessary.

3.      To the extent that any of the interrogatories seek a disclosure of any information or the identification of any document that would violate or infringe upon Responding Party's right to privacy, as recognized and protected by the United States and California constitutions and by applicable federal and state law, Responding Party objects to such interrogatories.

///

-2-

4.     To the extent that any of the interrogatories request numerous facts or details pertaining to oral communications that may fall within the scope of the interrogatories, Responding Party objects on the grounds of relevance and on the grounds that said interrogatories are burdensome and oppressive, and that said information is more appropriately and readily obtainable by deposition.

5.     These general objections are applicable to each and every one of the following responses and objections, and failure to repeat the objection and response to a specific interrogatory shall not be deemed a waiver of any such objection.  Moreover, when Responding Party specifically repeats one or more of the general objections in response to a specific interrogatory, such a specific response shall not be deemed a waiver of any other of these general objections.

6.     Without waiving any of these objections Responding Party will respond to the interrogatories in accordance with applicable law and based on Responding Party's understanding of the fair meaning of these interrogatories.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify [1] [1] when YOU first used each of the MARKS IN ISSUE, and identify [2] all PERSONS with knowledge of and [3] DOCUMENTS CONCERNING such usage.

**RESPONSE TO INTERROGATORY NO. 1:**

The aforementioned Interrogatory is compound and comprised of several separate questions, in violation of the Federal Rules of Civil Procedure.  Without waiver of the above-stated violation, responding party responds as follows below.

---

[1] Bracketed numbers throughout these responses indicate the number of separate, individual questions within the interrogatories at issue, in violation of the Federal Rules of Civil Procedure which provide that interrogatories may not be compound, and may not exceed twenty-five in number, without a prior order of the Court.

-3-

1    Subject to the acknowledgment and understanding that: (1) this case is not

2    yet at issue as of the date of these responses; (2) despite this, propounding party

3    has refused responding party any extension to allow responding party to

4    complete its investigation and analysis in connection with this interrogatory; and

5    (3) responding party reserves its right to supplement and/or amend these

6    responses as it completes its investigation and analysis in connection with this

7    interrogatory, responding party answers as follows below.

8    Objections:  The interrogatory is compound and vague and ambiguous as

9    posed.  Responding party also incorporates herein by reference each of the

10   General Objections set forth above.  Subject to and without waiver of these

11   objections, responding party answers as follows:

12        1.    At least as early as between Spring and Fall of 2001.

13        2.    See responses to requests for production of documents, served April

14              12, 2010.

15        3.    Chris Prentiss.

16

17   **INTERROGATORY NO. 2:**

18        For each of the MARKS IN ISSUE that YOU contend has become

19   identified or associated with YOU or any of the PLAINTIFFS' goods or

20   services, or have otherwise acquired secondary meaning, identify [4] all facts,

21   [5] DOCUMENTS and [6] PERSONS CONCERNING or supporting such

22   contention.

23        **RESPONSE TO INTERROGATORY NO. 2:**

24        The aforementioned Interrogatory is compound and comprised of several

25   separate questions, in violation of the Federal Rules of Civil Procedure.  Without

26   waiver of the above-stated violation, responding party responds as follows

27   below.

28   ///

-4-

**GRASSHOPPER HOUSE LLC'S RESPONSES TO ACCELERATED RECOVERY CENTER'S FIRST SET OF INTERROGATORIES**

1    Subject to the acknowledgment and understanding that: (1) this case is not
2    yet at issue as of the date of these responses; (2) despite this, propounding party
3    has refused responding party any extension to allow responding party to
4    complete its investigation and analysis in connection with this interrogatory; and
5    (3) responding party reserves its right to supplement and/or amend these
6    responses as it completes its investigation and analysis in connection with this
7    interrogatory, responding party answers as follows below.

8    Objections:  The interrogatory is compound and vague and ambiguous as
9    posed.  Responding party also incorporates herein by reference each of the
10   General Objections set forth above.  Subject to and without waiver of these
11   objections, responding party answers as follows:

12   1.    Grasshopper House operates a leading alcohol and drug addiction
13   treatment facility, with a national and international clientele.  For many years,
14   Grasshopper House  has been doing business as "Passages" and "Passages
15   Malibu," and has used PASSAGES and PASSAGES MALIBU as its trademarks.
16   Grasshopper House  uses the domain name PassagesMalibu.com and maintains a
17   website at http://passagesmalibu.com.

18   Passages Silver Strand is affiliated with Grasshopper House and uses the
19   trademark PASSAGES with permission.  Passages Silver Strand also has begun
20   using the mark PASSAGES VENTURA, and has used the mark PASSAGES
21   SILVER STRAND during relevant periods of infringement described below.

22   There has been substantial media (print, television and internet) coverage
23   of responding party and its addition recovery centers and services sold and
24   offered for sale under the marks PASSAGES and PASSAGES MALIBU.

25   Since 2001, Responding party has paid for widespread television, print and
26   internet advertising, among other advertising, at a cost of millions of dollars, to
27   promote its addiction recovery centers and services sold and offered for sale
28   under the marks at issue.

-5-

**GRASSHOPPER HOUSE LLC'S RESPONSES TO ACCELERATED RECOVERY CENTER'S FIRST SET OF INTERROGATORIES**

I:\17875\003\Discovery\Grasshopper Responses to Rogs 002.wpd

1    Various third parties have infringed on responding parties' marks,

2    including PASSAGES and PASSAGES MALIBU, for which responding party

3    (by its counsel) has sent cease and desist letters and, on occasion, has filed

4    lawsuits.  For example, such infringers have paid search providers (including

5    Google and Yahoo) to advertise their addiction recovery centers and services

6    when users enter an internet search for, e.g., PASSAGES MALIBU, even though

7    PASSAGES MALIBU is neither a generic nor a descriptive term for such

8    recover centers or services.  In other words, numerous third party infringers have

9    attempted to trade on the goodwill in responding party's marks without

10   permission.  After receiving such a cease and desist letter, most of these

11   infringers stopped their infringing uses of responding party's marks.  For

12   example, responding party has sent cease and desist letters or demands to the

13   following entities:

14           www.BestAddiction.com
             Ocean Hills Recovery
15           Prive Swiss Inc.
             Silver Hill Hospital
16           Hope By The Sea
             St. Gregory Center, Inc.
17           Duffy's Rehab
             Newport Harbor Recovery
18           V3 Tucson
             Pacific Hills Treatment
19           LuxuryDrugRehab.com
             The Crosby Center, LLC
20           Drug-Rehab.org
             Harmony Place, Inc.
21           Miracle Recovery Center, LLC
             Personal Recovery Advisors
22           A Forever Recovery
             Capo By The Sea
23           The Watershed Treatment Programs, Inc.
             Malibu Horizon Corp.
24           Valiant Recovery
             Peak Addiction Recovery Center
25

26           On information and belief, each of the foregoing entities has stopped its

27   infringing and unauthorized uses of responding party's marks.

28

-6-

**GRASSHOPPER HOUSE LLC'S RESPONSES TO ACCELERATED RECOVERY CENTER'S FIRST SET OF INTERROGATORIES**

1   As one example of others attempting to trade on the goodwill of

2   responding party's marks, propounding party paid to use PASSAGES and

3   related marks as internet keywords, without permission from responding party to

4   do so, thus evidencing the value of these marks and keywords in connection with

5   addiction recovery services.

6   In addition, experienced and highly skilled examining attorneys at the U.S.

7   Patent and Trademark Office have examined the mark PASSAGES MALIBU

8   and concluded that it is a sufficiently strong and registrable mark.  Because the

9   mark PASSAGES MALIBU is sufficiently strong and registrable, the

10  Trademark Office has published it for opposition.

11  2.    See responses to requests for production of documents, served April

12  12, 2010.

13  3.    Chris Prentiss and Pax Prentiss.

14

15  **INTERROGATORY NO. 3:**

16  For each of the MARKS IN ISSUE, identify [7] every manner, and [8] all

17  DOCUMENTS in support thereof, in which such mark has been used by YOU,

18  including but not limited to each type or category of product or service that is or

19  has been sold, offered for sale, intended to be sold or otherwise offered or

20  marketed CONCERNING each of the MARKS IN ISSUE; and for each type or

21  category of product or service so offered or sold, state [9] the DATE on which

22  the respective Marks was first used in connection with such product or service,

23  identifying [10] all DOCUMENTS that support such usage and [11] each

24  PERSON knowledgeable about how such MARKS have been used.

25  ///

26  ///

27  ///

28  ///

-7-

1    **RESPONSE TO INTERROGATORY NO. 3:**

2        The aforementioned Interrogatory is compound and comprised of several

3 separate questions, in violation of the Federal Rules of Civil Procedure.  Without

4 waiver of the above-stated violation, responding party responds as follows

5 below.

6        Subject to the acknowledgment and understanding that: (1) this case is not

7 yet at issue as of the date of these responses; (2) despite this, propounding party

8 has refused responding party any extension to allow responding party to

9 complete its investigation and analysis in connection with this interrogatory; and

10 (3) responding party reserves its right to supplement and/or amend these

11 responses as it completes its investigation and analysis in connection with this

12 interrogatory, responding party answers as follows below.

13        Objections:  The interrogatory is compound and vague and ambiguous as

14 posed.  Responding party also incorporates herein by reference each of the

15 General Objections set forth above.  Subject to and without waiver of these

16 objections, responding party answers as follows:

17        1.      Grasshopper House operates a leading alcohol and drug addiction

18 treatment facility, with a national and international clientele.  For many years,

19 Grasshopper House  has been doing business as "Passages" and "Passages

20 Malibu," and has used PASSAGES and PASSAGES MALIBU as its trademarks.

21 Grasshopper House  uses the domain name PassagesMalibu.com and maintains a

22 website at http://passagesmalibu.com.

23        Passages Silver Strand is affiliated with Grasshopper House and uses the

24 trademark PASSAGES with permission.  Passages Silver Strand also has begun

25 using the mark PASSAGES VENTURA, and has used the mark PASSAGES

26 SILVER STRAND during relevant periods of infringement described below.

27        2.      See responses to requests for production of documents, served April

28             12, 2010.

-8-

1       3.     At least as early as between Spring and Fall 2001.

2       4.     Chris Prentiss and Pax Prentiss.

3

4  **INTERROGATORY NO. 4:**

5      If YOU contend that PLAINTIFFS' marketing channels are similar to

6  DEFENDANT'S marketing channels, state [12] all facts supporting or otherwise

7  CONCERNING such contention, and identify [13] all DOCUMENTS

8  CONCERNING and [14] all PERSONS knowledgeable about such contention.

9      **RESPONSE TO INTERROGATORY NO. 4:**

10     The aforementioned Interrogatory is compound and comprised of several

11  separate questions, in violation of the Federal Rules of Civil Procedure.  Without

12  waiver of the above-stated violation, responding party responds as follows

13  below.

14     Subject to the acknowledgment and understanding that: (1) this case is not

15  yet at issue as of the date of these responses; (2) despite this, propounding party

16  has refused responding party any extension to allow responding party to

17  complete its investigation and analysis in connection with this interrogatory; and

18  (3) responding party reserves its right to supplement and/or amend these

19  responses as it completes its investigation and analysis in connection with this

20  interrogatory, responding party answers as follows below.

21     Objections:  The interrogatory is compound and vague and ambiguous as

22  posed.  Responding party also incorporates herein by reference each of the

23  General Objections set forth above.  Subject to and without waiver of these

24  objections, responding party answers as follows:

25     1.     Propounding party has used, and continues to use responding party's

26  trademarks, without authorization, in propounding party's internet advertising.

27  Propounding party does so in an effort to trade on the goodwill of the responding

28  party's trademarks and trade name, thereby confusing customers into thinking

1   that propounding party's goods and services are associated with responding

2   party.  Propounding party's unauthorized use of responding party's trademarks

3   and trade name also confuses potential customers searching for responding party

4   on the internet and misdirects them to propounding party's websites instead of

5   responding party's websites.

6       In particular, and among other things, propounding party willfully and

7   purposefully utilize responding party's trademarks and trade name in

8   propounding party's Google AdWords and Yahoo advertising, among other

9   internet advertising, in such a way as to create a likelihood of confusion and

10  actual confusion among consumers that propounding party's goods and services

11  are associated with responding party or otherwise lures them to propounding

12  party's websites.

13      Propounding party has used and continues to use responding party's

14  trademarks in its internet advertising in an effort to confuse the public.

15      Propounding party's websites contain no disclaimers that it is not affiliated

16  or sponsored by responding party.  Propounding party's use of responding

17  party's trademarks and trade names in its internet advertising is an attempt to

18  trade on the goodwill of responding party's marks and confuse the consumer.

19      Propounding party is willfully and purposely using responding party's

20  trademarks and trade names as a targeted keyword phrase in its internet

21  advertising.

22      Propounding party has made, and continues to make, false and misleading

23  statements of material fact in its attempt to promote its addiction treatment

24  facilities and related services, as more fully set forth in the (proposed) first

25  amended complaint in the herein action.

26      2.    See responses to requests for production of documents, served April

27          12, 2010.

28      3.    Chris Prentiss and Pax Prentiss.

-10-

**GRASSHOPPER HOUSE LLC'S RESPONSES TO ACCELERATED RECOVERY CENTER'S FIRST SET OF INTERROGATORIES**

1 | **INTERROGATORY NO. 5:**

2      For each type or category of product or service that is sold or marketed

3 using one or more of the MARKS IN ISSUE, identify [15] each type or class of

4 PERSON who YOU contend comprises the ultimate purchaser or class of user of

5 each such product or service, and state [16] the degree of care YOU contend is

6 likely to be exercised by such PERSON and all [17] DOCUMENTS and

7 PERSONS who YOU believe will support such contention.

8 |      **RESPONSE TO INTERROGATORY NO. 5:**

9      The aforementioned Interrogatory is compound and comprised of several

10 separate questions, in violation of the Federal Rules of Civil Procedure.  Without

11 waiver of the above-stated violation, responding party responds as follows

12 below.

13      Subject to the acknowledgment and understanding that: (1) this case is not

14 yet at issue as of the date of these responses; (2) despite this, propounding party

15 has refused responding party any extension to allow responding party to

16 complete its investigation and analysis in connection with this interrogatory; and

17 (3) responding party reserves its right to supplement and/or amend these

18 responses as it completes its investigation and analysis in connection with this

19 interrogatory, responding party answers as follows below.

20      Objections:  The interrogatory is compound and vague and ambiguous as

21 posed.  Responding party also incorporates herein by reference each of the

22 General Objections set forth above.  Subject to and without waiver of these

23 objections, responding party answers as follows:

24      The "ultimate purchaser" is any potential client to the services offered by

25 responding party.

26 | ///

27 | ///

28 | ///

-11-

1   **INTERROGATORY NO. 6:**

2       Identify [18] each PERSON who has been responsible for or involved in

3   advertising, marketing, distribution and sale of any products or service using or

4   under the MARKS IN ISSUE, and for each such PERSON [19] describe their

5   particular areas of responsibility and involvement.

6       **RESPONSE TO INTERROGATORY NO. 6:**

7       The aforementioned Interrogatory is compound and comprised of several

8   separate questions, in violation of the Federal Rules of Civil Procedure.  Without

9   waiver of the above-stated violation, responding party responds as follows

10   below.

11       Subject to the acknowledgment and understanding that: (1) this case is not

12   yet at issue as of the date of these responses; (2) despite this, propounding party

13   has refused responding party any extension to allow responding party to

14   complete its investigation and analysis in connection with this interrogatory; and

15   (3) responding party reserves its right to supplement and/or amend these

16   responses as it completes its investigation and analysis in connection with this

17   interrogatory, responding party answers as follows below.

18       Objections:  The interrogatory is compound and vague and ambiguous as

19   posed.  Responding party also incorporates herein by reference each of the

20   General Objections set forth above.  Subject to and without waiver of these

21   objections, responding party answers as follows:

22       Under the assumption that the terms "responsible for" and/or "involved in"

23   denote a role involving ultimate oversight, Chris Prentiss, who had oversight in

24   all categories set forth in this interrogatory.

25   ///

26   ///

27   ///

28   ///

-12-

**INTERROGATORY NO. 7:**

For each type or category of product and/or service sold or otherwise provided or marketed using or under the MARKS IN ISSUE, state separately, [20] the annual gross and net revenue, in units and in dollars, from the use of such MARKS from the DATE of their first use to present and identify [21] all DOCUMENTS CONCERNING and [22] all PERSONS knowledgeable about such annual revenues.

**RESPONSE TO INTERROGATORY NO. 7:**

The aforementioned Interrogatory is compound and comprised of several separate questions, in violation of the Federal Rules of Civil Procedure. Without waiver of the above-stated violation, responding party responds as follows below.

Subject to the acknowledgment and understanding that: (1) this case is not yet at issue as of the date of these responses; (2) despite this, propounding party has refused responding party any extension to allow responding party to complete its investigation and analysis in connection with this interrogatory; and (3) responding party reserves its right to supplement and/or amend these responses as it completes its investigation and analysis in connection with this interrogatory, responding party answers as follows below.

Objections: The interrogatory is compound and vague and ambiguous as posed. Responding party also incorporates herein by reference each of the General Objections set forth above. Subject to and without waiver of these objections, responding party answers as follows:

Responding party declines to answer as the interrogatory for the responses stated above as well as because it seeks information protected by responding party's right to privacy. *See, e.g.,* Johnson by Johnson v. Thompson, 971 F2d. 1487, 1497 (10th Cir. 1992); DeMasi v. Weiss, 669 F2d 114, 119–120 (3rd Cir. 1982).

-13-

1 **INTERROGATORY NO. 8 :**

2       Identify, separately by category of product and/or service, [23] the dollar

3 amount, by year, spent by PLAINTIFFS on advertising, marketing and/or

4 promoting each product or service sold, offered for sale, intended to be sold or

5 offered for sale, or otherwise marketed using or under the MARKS IN ISSUE

6 from the DATE of first use to present, and identify [24] all DOCUMENTS

7 CONCERNING and [25] all PERSONS knowledgeable about such advertising,

8 marketing and/or promotional efforts.

9       **RESPONSE TO INTERROGATORY NO. 8:**

10       The aforementioned Interrogatory is compound and comprised of several

11 separate questions, in violation of the Federal Rules of Civil Procedure.  Without

12 waiver of the above-stated violation, responding party responds as follows

13 below.

14       Subject to the acknowledgment and understanding that: (1) this case is not

15 yet at issue as of the date of these responses; (2) despite this, propounding party

16 has refused responding party any extension to allow responding party to

17 complete its investigation and analysis in connection with this interrogatory; and

18 (3) responding party reserves its right to supplement and/or amend these

19 responses as it completes its investigation and analysis in connection with this

20 interrogatory, responding party answers as follows below.

21       Objections:  The interrogatory is compound and vague and ambiguous as

22 posed.  Responding party also incorporates herein by reference each of the

23 General Objections set forth above.  Subject to and without waiver of these

24 objections, responding party answers as follows:

25       Continuously since at least between Spring and Fall 2001, responding

26 party has been paying for advertising on television, print, internet and other

27 media, using the marks at issue, at a cost of millions of dollars.  Responding

28

**GRASSHOPPER HOUSE LLC'S RESPONSES TO ACCELERATED RECOVERY CENTER'S FIRST SET OF INTERROGATORIES**

I:\17875\003\Discovery\Grasshopper Responses to Rogs 002.wpd

1    party's investigation and analysis of these matters is continuing and ongoing, and

2    responding party reserves the right to supplement this response.

3

4    **INTERROGATORY NO. 9 :**

5        Identify [26] all PERSONS known to PLAINTIFFS who have registered,

6    applied to register, are using or have used any MARK incorporating the term

7    "Passages", "Passages Malibu" and/or any other MARK YOU consider to be

8    similar to any one of more of the MARKS IN ISSUE, including in connection

9    with the treatment of alcohol or any other form of addictive behavior disease,

10   and, in each such instance, include [27] the DATE when YOU believe they first

11   registered, applied to register and/or used such MARK.

12       **RESPONSE TO INTERROGATORY NO. 9:**

13       The aforementioned Interrogatory exceeds the number of separate

14   interrogatories permitted by Federal Rules of Civil Procedure (twenty-five).  The

15   aforementioned Interrogatory also is compound and comprised of several

16   separate questions, in violation of the Federal Rules of Civil Procedure.  Without

17   waiver of the above-stated violation, responding party responds as follows

18   below.

19       Subject to the acknowledgment and understanding that: (1) this case is not

20   yet at issue as of the date of these responses; (2) despite this, propounding party

21   has refused responding party any extension to allow responding party to

22   complete its investigation and analysis in connection with this interrogatory; and

23   (3) responding party reserves its right to supplement and/or amend these

24   responses as it completes its investigation and analysis in connection with this

25   interrogatory, responding party answers as follows below.

26   ///

27   ///

28   ///

-15-

1    Objections:  The interrogatory is compound and vague and ambiguous as

2    posed.  Responding party also incorporates herein by reference each of the

3    General Objections set forth above.  Subject to and without waiver of these

4    objections, responding party answers as follows:

5    Responding party is not aware of the complete list of applicants at this

6    time.  Responding party is informed and believes that such a list can be compiled

7    by propounding party using publically available information from the United

8    States Patent and Trademark Office.

9

10   **INTERROGATORY NO. 10:**

11   Describe fully all instances of actual confusion arising between or

12   RELATING TO the MARKS IN ISSUE and/or DEFENDANT, including

13   without limitation, [28] any instance in which any of PLAINTIFFS' products or

14   services were mistaken for or confused with any of DEFENDANT'S products or

15   services or vice versa, [29] in which PLAINTIFFS were mistaken for

16   DEFENDANT or vice versa, [30] in which PLAINTIFFS were mistakenly

17   associated or affiliated with DEFENDANT or vice versa, [31] in which

18   PLAINTIFFS received COMMUNICATIONS intended for DEFENDANT or

19   CONCERNING DEFENDANT'S products or services, or [32] surveys

20   evidencing any instances of such actual confusion, and identify [33] all

21   PERSONS with knowledge about and [34] all DOCUMENTS CONCERNING

22   any such instances of actual confusion.

23   **RESPONSE TO INTERROGATORY NO. 10:**

24   The aforementioned Interrogatory exceeds the number of separate

25   interrogatories permitted by Federal Rules of Civil Procedure (twenty-five).  The

26   aforementioned Interrogatory also is compound and comprised of several

27   separate questions, in violation of the Federal Rules of Civil Procedure.  Without

28

-16-

1    waiver of the above-stated violation, responding party responds as follows

2    below.

3        Subject to the acknowledgment and understanding that: (1) this case is not

4    yet at issue as of the date of these responses; (2) despite this, propounding party

5    has refused responding party any extension to allow responding party to

6    complete its investigation and analysis in connection with this interrogatory; and

7    (3) responding party reserves its right to supplement and/or amend these

8    responses as it completes its investigation and analysis in connection with this

9    interrogatory, responding party answers as follows below.

10       Objections:  The interrogatory is compound and vague and ambiguous as

11   posed.  Responding party also incorporates herein by reference each of the

12   General Objections set forth above.  Subject to and without waiver of these

13   objections, responding party answers as follows:

14       1.    Propounding party uses various domain names in advertising their

15   alcohol and drug addiction facilities, including without limitation the domain

16   names AcceleratedRecoveryCenters.com and IWantToStopNow.com.

17       Propounding party has used, and may also be continuing to use,

18   responding party's trademarks, without authorization, in propounding party's

19   internet advertising.  Propounding party does so in an effort to trade on the

20   goodwill of the responding party's trademarks and trade name, thereby

21   confusing customers into thinking that propounding party's goods and services

22   are associated with responding party.  Propounding party's unauthorized use of

23   responding party's trademarks and trade name also confuses potential customers

24   searching for responding party on the internet and misdirects them to

25   propounding party's websites instead of responding party's websites.

26       In particular, and among other things, propounding party has willfully and

27   purposefully utilize responding party's trademarks and trade name in

28   propounding party's Google AdWords and Yahoo advertising, among other

-17-

**GRASSHOPPER HOUSE LLC'S RESPONSES TO ACCELERATED RECOVERY CENTER'S
FIRST SET OF INTERROGATORIES**

1  internet advertising, in such a way as to create a likelihood of confusion, and

2  actual confusion, among consumers that propounding party's goods and services

3  are associated with responding party or otherwise lures them to propounding

4  party's websites.

5      Propounding party has used and continues to use responding party's

6  trademarks in its internet advertising in an effort to confuse the public.

7      Propounding party's websites contain no disclaimers that it is not affiliated

8  or sponsored by responding party.  Propounding party's use of responding

9  party's trademarks and trade names in its internet advertising is an attempt to

10  trade on the goodwill of responding party's marks and confuse the consumer.

11      Responding party is informed and believes and based thereon alleges that

12  propounding party is willfully and purposely using responding party's

13  trademarks and trade names as a targeted keyword phrase in its internet

14  advertising.

15      Propounding party has made, and continues to make, false and misleading

16  statements of material fact in their attempt to promote its addiction treatment

17  facilities and related services, as more fully set forth in the complaint and first

18  amended complaint in the herein action.

19      2.    Chris Prentiss and Pax Prentiss.

20

21  **INTERROGATORY NO. 11 :**

22      Identify [35] all PERSONS with whom a license, grant or authorization to

23  use of any of the MARKS IN ISSUE has been negotiated or granted, and for

24  each such PERSON, identify [36] the nature of the goods or services for which

25  the license, grant or authorization to use respective MARKS IN ISSUE was

26  considered or granted, and IDENTIFY [37] all DOCUMENTS CONCERNING,

27  and [38] all PERSONS knowledgeable about such license, grant or authorization.

28  ///

-18-

**GRASSHOPPER HOUSE LLC'S RESPONSES TO ACCELERATED RECOVERY CENTER'S FIRST SET OF INTERROGATORIES**

**RESPONSE TO INTERROGATORY NO. 11:**

The aforementioned Interrogatory exceeds the number of separate interrogatories permitted by Federal Rules of Civil Procedure (twenty-five). The aforementioned Interrogatory also is compound and comprised of several separate questions, in violation of the Federal Rules of Civil Procedure. Without waiver of the above-stated violation, responding party responds as follows below.

Subject to the acknowledgment and understanding that: (1) this case is not yet at issue as of the date of these responses; (2) despite this, propounding party has refused responding party any extension to allow responding party to complete its investigation and analysis in connection with this interrogatory; and (3) responding party reserves its right to supplement and/or amend these responses as it completes its investigation and analysis in connection with this interrogatory, responding party answers as follows below.

Objections: The interrogatory is compound and vague and ambiguous as posed. Responding party also incorporates herein by reference each of the General Objections set forth above. Subject to and without waiver of these objections, responding party answers as follows:

There have been permissive uses of the marks by plaintiff Passages Silver Strand, LLC, which is affiliated with Grasshopper House, LLC.

**INTERROGATORY NO. 12 :**

If PLAINTIFFS or their counsel have ever caused a consumer survey or any other study or analysis to be made, on a formal or informal bases, CONCERNING any of the MARKS IN ISSUE, including but not limited to a survey involving the likelihood of confusion RELATING TO said marks, [39] describe in detail the results of that survey, study or analysis and identify [40] all

-19-

1   DOCUMENTS CONCERNING and [41] PERSONS knowledgeable about such

2   survey, study or analysis.

3   **RESPONSE TO INTERROGATORY NO. 12:**

4   The aforementioned Interrogatory exceeds the number of separate

5   interrogatories permitted by Federal Rules of Civil Procedure (twenty-five).  The

6   aforementioned Interrogatory also is compound and comprised of several

7   separate questions, in violation of the Federal Rules of Civil Procedure.  Without

8   waiver of the above-stated violation, responding party responds as follows

9   below.

10   Subject to the acknowledgment and understanding that: (1) this case is not

11   yet at issue as of the date of these responses; (2) despite this, propounding party

12   has refused responding party any extension to allow responding party to

13   complete its investigation and analysis in connection with this interrogatory; and

14   (3) responding party reserves its right to supplement and/or amend these

15   responses as it completes its investigation and analysis in connection with this

16   interrogatory, responding party answers as follows below.

17   Objections:  The interrogatory is compound and vague and ambiguous as

18   to the terms "consumer survey or any other study or analysis to be made, on a

19   formal or informal bases."  The interrogatory calls for disclosure of information

20   protected by attorney-client privilege and/or the attorney work product privilege.

21   Responding party also incorporates herein by reference each of the General

22   Objections set forth above.  Subject to and without waiver of these objections,

23   responding party answers as follows:

24   Records with the USPTO are of public record.  Responding party's

25   investigation and analysis of these matters is continuing and ongoing, and

26   responding party therefore reserves the right to supplement this response.

27   ///

28   ///

-20-

**INTERROGATORY NO. 13 :**

Identify [42] all efforts made by PLAINTIFF to enforce, police or protect any alleged rights claimed by YOU in the MARKS IN ISSUE, including all lawsuits, notices, letters, oppositions, cancellations or the like CONCERNING the MARKS IN ISSUE, including in YOUR response each mark that YOU contend is or was confusingly similar to the MARKS IN ISSUE, and [43] state the basis for the action or proceeding, the [44] identity of all PERSONS involved in each such COMMUNICATION or proceeding and [45] the current status or outcome of each such action or proceeding.

**RESPONSE TO INTERROGATORY NO. 13:**

The aforementioned Interrogatory exceeds the number of separate interrogatories permitted by Federal Rules of Civil Procedure (twenty-five). The aforementioned Interrogatory also is compound and comprised of several separate questions, in violation of the Federal Rules of Civil Procedure. Without waiver of the above-stated violation, responding party responds as follows below.

Responding party has sent cease and desist letters or demands to the following entities:

> www.BestAddiction.com
> Ocean Hills Recovery
> Prive Swiss Inc
> Silver Hill Hospital
> Hope By The Sea
> St. Gregory Center, Inc.
> Duffy's Rehab
> Newport Harbor Recovery
> V3 Tuscon
> Pacific Hills Treatment
> LuxuryDrugRehab.com
> The Crosby Center, LLC
> Drug-Rehab.org
> Harmony Place, Inc.
> Miracle Recovery Center, LLC
> Personal Recovery Advisors
> A Forever Recovery
> Capo By The Sea
> The Watershed Treatment Programs, Inc.

-21-

1   Malibu Horizon Corp.
    Valiant Recovery
2   Peak Addiction Recovery Center

3   Responding party has filed lawsuits against the following entities (as well

4   as sending cease and desist letters):

5   Renaissance Malibu aka Malibu Recovery
    Palm Partners, LLC
6   G & G Holistic Addiction Treatment, Inc
    Dual Diagnosis Management LLC
7   Gravee.com
    Central Recovery Treatment, LLC

8

9   **INTERROGATORY NO. 14 :**

10   Describe in detail [46] all alleged harm suffered by PLAINTIFFS as a

11   result of ACCELERATED'S alleged use of the MARKS IN ISSUE, including

12   [47] PERSONS knowledgeable about such alleged harm, and all [48]

13   DOCUMENTS CONCERNING such alleged harm.

14   **RESPONSE TO INTERROGATORY NO. 14:**

15   The aforementioned Interrogatory exceeds the number of separate

16   interrogatories permitted by Federal Rules of Civil Procedure (twenty-five).  The

17   aforementioned Interrogatory also is compound and comprised of several

18   separate questions, in violation of the Federal Rules of Civil Procedure.  Without

19   waiver of the above-stated violation, responding party responds as follows

20   below.

21   Subject to the acknowledgment and understanding that: (1) this case is not

22   yet at issue as of the date of these responses; (2) despite this, propounding party

23   has refused responding party any extension to allow responding party to

24   complete its investigation and analysis in connection with this interrogatory; and

25   (3) responding party reserves its right to supplement and/or amend these

26   responses as it completes its investigation and analysis in connection with this

27   interrogatory, responding party answers as follows below.

28   ///

**GRASSHOPPER HOUSE LLC'S RESPONSES TO ACCELERATED RECOVERY CENTER'S FIRST SET OF INTERROGATORIES**
I:\17875\003\Discovery\Grasshopper Responses to Rogs 002.wpd

1    Objections:  The interrogatory is compound and vague and ambiguous as

2    posed.  Responding party also incorporates herein by reference each of the

3    General Objections set forth above.  Subject to and without waiver of these

4    objections, responding party answers as follows:

5    Without limitation: trademark dilution, initial interest confusion, actual

6    confusion, likelihood of confusion (based on passing off, misappropriation,

7    contributory passing-off, and infringing purchases of keywords).  Responding

8    party is in the process of identifying witnesses and evidence responsive to this

9    interrogatory.

10

11    **INTERROGATORY NO. 15:**

12    Identify [49] all facts supporting PLAINTIFFS contention that YOU are

13    able to "cure" drug or alcohol addition, and identify [50] all DOCUMENTS and

14    [51] PERSONS which or who YOU believe will support such contention.

15    **RESPONSE TO INTERROGATORY NO. 15:**

16    The aforementioned Interrogatory exceeds the number of separate

17    interrogatories permitted by Federal Rules of Civil Procedure (twenty-five).  The

18    aforementioned Interrogatory also is compound and comprised of several

19    separate questions, in violation of the Federal Rules of Civil Procedure.  Without

20    waiver of the above-stated violation, responding party responds as follows

21    below.

22    Subject to the acknowledgment and understanding that: (1) this case is not

23    yet at issue as of the date of these responses; (2) despite this, propounding party

24    has refused responding party any extension to allow responding party to

25    complete its investigation and analysis in connection with this interrogatory; and

26    (3) responding party reserves its right to supplement and/or amend these

27    responses as it completes its investigation and analysis in connection with this

28    interrogatory, responding party answers as follows below.

-23-

1    Objections:  The interrogatory is compound and vague and ambiguous as

2    posed.  Responding party also incorporates herein by reference each of the

3    General Objections set forth above.  Subject to and without waiver of these

4    objections, responding party answers as follows:

5    Responding party declines to answer as the interrogatory for the responses

6    stated above as well as because it seeks information protected by responding

7    party's right to privacy.  *See, e.g.*, <u>Johnson by Johnson v. Thompson</u>, 971 F2d.

8    1487, 1497 (10th Cir. 1992); <u>DeMasi v. Weiss</u>, 669 F2d 114, 119–120 (3rd Cir.

9    1982).

10

11   **INTERROGATORY NO. 16:**

12   State [52] PLAINTIFFS' success rate in curing alcohol or drug addition,

13   as well as [53] all facts, [54] DOCUMENTS and [55] PERSONS which or who

14   YOU believe will support such success rate.

15   **RESPONSE TO INTERROGATORY NO. 16:**

16   The aforementioned Interrogatory exceeds the number of separate

17   interrogatories permitted by Federal Rules of Civil Procedure (twenty-five).  The

18   aforementioned Interrogatory also is compound and comprised of several

19   separate questions, in violation of the Federal Rules of Civil Procedure.  Without

20   waiver of the above-stated violation, responding party responds as follows

21   below.

22   Subject to the acknowledgment and understanding that: (1) this case is not

23   yet at issue as of the date of these responses; (2) despite this, propounding party

24   has refused responding party any extension to allow responding party to

25   complete its investigation and analysis in connection with this interrogatory; and

26   (3) responding party reserves its right to supplement and/or amend these

27   responses as it completes its investigation and analysis in connection with this

28   interrogatory, responding party answers as follows below.

-24-

1   Objections:  The interrogatory is compound and vague and ambiguous as

2   posed.  Responding party also incorporates herein by reference each of the

3   General Objections set forth above.  Subject to and without waiver of these

4   objections, responding party answers as follows:

5   Responding party declines to answer as the interrogatory for the responses

6   stated above as well as because it seeks information protected by responding

7   party's right to privacy.  *See, e.g.*, <u>Johnson by Johnson v. Thompson</u>, 971 F2d.

8   1487, 1497 (10th Cir. 1992); <u>DeMasi v. Weiss</u>, 669 F2d 114, 119–120 (3rd Cir.

9   1982).

10

11   **INTERROGATORY NO. 17:**

12   Identify [56] each PERSON who supplied information or who was

13   otherwise consulted in preparing responses to these interrogatories, or whose

14   DOCUMENTS or files were consulted in preparing responses to these

15   interrogatories.

16   **RESPONSE TO INTERROGATORY NO. 17:**

17   The aforementioned Interrogatory exceeds the number of separate

18   interrogatories permitted by Federal Rules of Civil Procedure (twenty-five).  The

19   aforementioned Interrogatory also is compound and comprised of several

20   separate questions, in violation of the Federal Rules of Civil Procedure.  Without

21   waiver of the above-stated violation, responding party responds as follows

22   below.

23   Subject to the acknowledgment and understanding that: (1) this case is not

24   yet at issue as of the date of these responses; (2) despite this, propounding party

25   has refused responding party any extension to allow responding party to

26   complete its investigation and analysis in connection with this interrogatory; and

27

28

-25-

**GRASSHOPPER HOUSE LLC'S RESPONSES TO ACCELERATED RECOVERY CENTER'S FIRST SET OF INTERROGATORIES**

I:\17875\003\Discovery\Grasshopper Responses to Rogs 002.wpd

1  (3) responding party reserves its right to supplement and/or amend these

2  responses as it completes its investigation and analysis in connection with this

3  interrogatory, responding party answers as follows below.

4      Objections:  The interrogatory is compound and vague and ambiguous as

5  posed.  Responding party also incorporates herein by reference each of the

6  General Objections set forth above.  Subject to and without waiver of these

7  objections, responding party answers as follows:

8      Chris Prentiss, who may be contacted through counsel for responding

9  party.

10

11  DATED: April 30, 2010        WOLF, RIFKIN, SHAPIRO, SCHULMAN &
                              RABKIN, LLP

12

13  By: _____

14                    CHARLES J. HARDER

15          Attorneys for Plaintiffs
        GRASSHOPPER HOUSE, LLC

16          PASSAGES SILVER STRAND, LLC

17

18

19

20

21

22

23

24

25

26

27

28

-26-

**GRASSHOPPER HOUSE LLC'S RESPONSES TO ACCELERATED RECOVERY CENTER'S
FIRST SET OF INTERROGATORIES**

I:\17875\003\Discovery\Grasshopper Responses to Rogs 002.wpd

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                             )  s.s.
COUNTY OF LOS ANGELES        )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 11400 West Olympic Boulevard, Ninth Floor, Los Angeles, California 90064-1582.

On April 23, 2010, I served the foregoing document described as: **PLAINTIFF GRASSHOPPER HOUSE, LLC'S RESPONSE TO DEFENDANT ACCELERATED RECOVERY CENTERS, LLC'S FIRST SET OF INTERROGATORIES** on the interested parties in this action by placing [ ] the original [X] a true and correct copy thereof enclosed in an envelope addressed as set forth on the following page.

James E. Doroshow, Esq.
Phillip F. Shinn, Esq.
Alan Chen, Esq.
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, California 90067-3005
(T) (310) 598-4150   (F) (310) 556-9828

■ **BY MAIL.** By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on that date following ordinary business practices. I am "readily familiar" with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service in Los Angeles, California, in a sealed envelope with postage fully prepaid.

☐ **BY OVERNITE EXPRESS DELIVERY.** I deposited it in a box or other facility regularly maintained by OVERNITE EXPRESS, or delivered it to a driver or courier authorized by OVERNITE EXPRESS to receive documents, in an envelope designated by OVERNITE EXPRESS, with delivery fees provided for, and with delivery requested for the next business day.

☐ **BY FACSIMILE.** On _____, between the business hours of 9:00 a.m. and 5:00 p.m. and as more specifically set forth on the facsimile confirmation sheet(s) attached hereto, I served the foregoing document described as *** *[name of document]* by facsimile, from facsimile number (310) 479-1422, to the interested party(ies) in this action at the facsimile number(s) as set forth on the facsimile cover sheet(s) attached hereto. The parties hereto have agreed in writing to accept facsimile service.

■ **FEDERAL.** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 3, 2010, at Los Angeles, California.

_Diletta Wrona_
Diletta Wrona

**2**

## Nicholas A. Merkin

**From:** Nicholas A. Merkin
**Sent:** Friday, May 21, 2010 10:27 AM
**To:** Doroshow, James E.
**Cc:** Charles Harder; Roy Rifkin
**Subject:** GRASSHOPPER/ACCELERATED MATTER -- MEET AND CONFER PROCESS AND DEFENDANT'S DISCOVERY RESPONSES

Dear Jim:

This shall confirm that we commenced our meet and confer discussions today, May 21, 2010, with respect to the discovery issues raised in your meet and confer letter, dated May 11, 2010. Although the meet and confer process was conducted in good faith, during the course of these discussions, it became evident that we required additional time to formulate our responses to the contentions raised in your letter. As such, the parties have agreed to continue these meet and confer discussions, as well as all attendant dates under the applicable Federal Rules of Civil Procedure and related Local Rules, to 10:00 a.m. on June 4, 2010.

Furthermore, in light of the above, and in light of your representations that Accelerated has not yet fully completed its responses to the written discovery propounded by Accelerated (namely, the first set of requests for production and the first set of interrogatories), due May 24, 2010, we have agreed to grant you an extension until June 4, 2010 to provide responses to the same.

Please advise immediately if the above does not confirm your understanding.

Nicholas A. Merkin, Esq.
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP
11400 W. Olympic Blvd.
9th Floor
Los Angeles, California 90064
PH: 310-478-4100  Ext. 231
FAX: 310-479-1422
E-Mail: nmerkin@wrslawyers.com

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive e-mails for the addressee), you may not use, copy or disclose to anyone this message or any information contained in this message. If you have received this message in error, please advise the sender by reply e-mail to mmerkin@wrslawyers.com and delete the message. Thank you.

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by U.S. Treasury Regulation Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**3**



LAW OFFICES

WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP

Nicholas A. Merkin
nmerkin@wrslawyers.com

File No.
17875-003

June 4, 2010

<u>VIA U.S. MAIL &
FACSIMILE</u>: 310-556-9828

James E. Doroshow, Esq.
Fox Rothschild LLP
1800 Century Park East-Suite 300
Los Angeles, California 90067

    Re: **<u>Grasshopper House v. Accelerated Recovery Centers, LLC</u>**
       USDC Case No.: 09-CV-08128-DMG-PLA

Dear Mr. Doroshow:

  The following is in response to your meet and confer letter of May 11, 2010. As you will recall, pursuant to our telephone conference of May 21, 2010 and as confirmed by my email to you of the same date, we agreed to continue the meet and confer process and all attendant dates to June 4, 2010. Additionally, during our telephone conference of June 3, 2010, we further agreed that the most efficient manner of conducting the meet and confer process would be for me to send you a letter on June 4, 2010, outlining our position with respect to the issues raised in your May 11, 2010 letter, and then convene telephonically on June 7, 2010 to discuss the same.

  Set forth below are our responses to the issues that you have raised in the order discussed in your letter:

  1. <u>The Waiver of Objections</u>

  We understand your position that the alleged untimely service of our responses to your interrogatories waives any objections that we have raised in the responses to the same.

  Federal Rule of Civil Procedure 33(b)(4), however, provides that, upon a finding of good cause, a court may excuse the alleged untimely service.

  Here, we submit that there are several bases to justify a finding of good cause that would excuse any alleged untimely service of the responses, including, without limitation, (1) the fact the discovery responses were served on predecessor counsel and we had not yet received a copy of the discovery clip from predecessor counsel at the time when you allege the responses were

11400 West Olympic Boulevard, 9th Floor, Los Angeles, California 90064-1582
Tel 310.478.4100 Fax 310.479.1422
www.wrslawyers.com

Los Angeles &middot; Las Vegas &middot; Reno

James E. Doroshow, Esq.
June 4, 2010
Page 2

due; (2) the fact that you refused to allow any extension of time to serve any responses despite the
fact that the case was not yet at issue at the time an extension was requested; and (3) the fact that
the only copies of the discovery requests that our office had received at the time you allege the
responses were due were unsigned Word versions of the discovery requests attached to an email
sent by your office, of which, due to clerical error, only the requests for production were filed and
calendared.  (This is further underscored by the fact that it is undisputed that the responses to your
requests for production were timely served.)

Consequently, we cannot agree to your position that any objections raised with respect to
the interrogatory responses were waived.

2.      Verification

We will provide verifications in connection with the responses to interrogatories and
requests for production forthwith.

3.      Interrogatories 1, 3, 8, and 13 – Vagueness as to Time

Your interrogatories 1, 3, and 8 request that we state the date of first use of several marks
set forth within the interrogatories (your reference to interrogatory 13 appears to be in error, there
is no such request made in this interrogatory).  You object to the fact that, in lieu of a specific
date, a date range of Spring or Fall of 2001 was provided.

As stated in our responses, each of these interrogatories is compound in violation of the
Federal Rules of Civil Procedure.  Furthermore, interrogatories 8 and 13 exceed the number of
separate interrogatories permitted by the Federal Rules of Civil Procedure.  Moreover, the issue of
waiver of objections is irrelevant to this deficiency in your interrogatories.  The interrogatories, as
posed, simply violate the applicable Federal Rules of Civil Procedure.

Furthermore, unfortunately, we are not able at this time to provide a more specific date or
narrower date range.  As set forth in each of the responses, our factual investigation of this matter
is ongoing and we reserve the right to supplement when and if we are able to do so with more
specificity.

It is noteworthy that, despite our request that you grant an extension by which we could
further investigate the facts requested in your interrogatories, you refused to allow us an extension
to investigate and to provide this information in a case where we had substituted in
as counsel after the discovery requests had been served and where the case was not even at issue.
It is now somewhat ironic that, after taking this approach, you are audacious enough to suggest
that the information contained in our responses was not specific enough as to the information you
requested.

James E. Doroshow, Esq.
June 4, 2010
Page 3

    4.    <u>Interrogatories 1, 2, 3, 4, 5, 7, 8, 10, 14, 15, and 16 – Failure to Identify Specifically
Responsive Documents</u>

You contend that we are required to identify specifically the documents responsive to your
document request that we believe are responsive to the interrogatories posed. You further request
that we include verbiage in our responses stating that preparing an answer would require us to
provide a summary of the identified documents.

As stated in our responses, each of these interrogatories is compound in violation of the
Federal Rules of Civil Procedure. Furthermore, interrogatories 8, 10, 14, 15, and 16 exceed the
number of separate interrogatories permitted by the Federal Rules of Civil Procedure. Moreover,
the issue of waiver of objections is irrelevant to this deficiency in your interrogatories. The
interrogatories, as posed, simply violate the applicable Federal Rules of Civil Procedure.

We consent to providing a supplemental response in the manner requested above. Doing
so, however, will be time consuming and we request thirty days by which to do so. Please advise
if this is acceptable.

    5.    <u>Interrogatories 7, 8, 12, 13, 15, and 16 – Failure to Identify Persons
Knowledgeable</u>

You contend that we are required to identify specifically the persons knowledgeable with
respect to the interrogatories posed.

As stated in our responses, each of these interrogatories is compound in violation of the
Federal Rules of Civil Procedure. Furthermore, interrogatories 8, 12, 13, 15, and 16 exceed the
number of separate interrogatories permitted by the Federal Rules of Civil Procedure. Moreover,
the issue of waiver of objections is irrelevant to this deficiency in your interrogatories. The
interrogatories, as posed, simply violate the applicable Federal Rules of Civil Procedure.

We consent to providing a supplemental response in the manner requested above. Doing
so, however, will be time consuming and we request thirty days by which to do so. Please advise
if this is acceptable.

    6.    <u>Interrogatories 4, 9, 10, 12 – Non-Responsive to the Question Posed</u>

You contend that responses to interrogatories 4, 9, 10, and 12 are non-responsive to the
question posed in the corresponding interrogatory (although for interrogatories 9 and 12, you do
not provide any specific reason that this is the case).

James E. Doroshow, Esq.
June 4, 2010
Page 4

As stated in our responses, each of these interrogatories is compound in violation of the Federal Rules of Civil Procedure. Furthermore, interrogatories 9, 10 and 12 exceed the number of separate interrogatories permitted by the Federal Rules of Civil Procedure. Moreover, the issue of waiver of objections is irrelevant to this deficiency in your interrogatories. The interrogatories, as posed, simply violate the applicable Federal Rules of Civil Procedure.

With respect to your contentions as to interrogatory 4, we respectfully disagree that the answers are non-responsive. The internet itself is a marketing channel. The fact that you may disagree with a response does not make the response itself problematic. If you wish to ask follow-up questions to the response you are obviously free to do so at deposition or by other means of discovery.

Similarly, we believe that interrogatory 10 is responsive. At this point the allegations of the complaint constitute the factual information that we have.

Again, you refused to allow us an extension to investigate and to provide this information in a case where we had substituted in as counsel after the discovery requests had been served and where the case was not even at issue. As discovery and the factual information of this matter are continuing, we will supplement responses 4 and 10 when and if such information becomes available.

7.    Interrogatories 7, 15, and 16 -- Privacy Objections

Your contend that our responses to interrogatories 7, 15, and 16 contain unsupportable privacy objections.

As stated in our responses, each of these interrogatories is compound in violation of Civil Rules of Civil Procedure. Furthermore, interrogatories 15 and 16 exceed the number of separate interrogatories permitted by the Federal Rules of Civil Procedure. Moreover, the issue of waiver of objections is irrelevant to this deficiency in your interrogatories. The interrogatories, as posed, simply violate the applicable Federal Rules of Civil Procedure.

Furthermore, interrogatories 15 and 16 request documentation and the names of persons in connection with our clients' success rate in curing dependency. Interrogatory 7 addresses sensitive financial information of the responding party.

We would suggest entering into a stipulated protected order with respect to the documents requested in these requests for production.

Please advise as to the terms which you propose with respect to the stipulation.

James E. Doroshow, Esq.
June 4, 2010
Page 5

8. <u>Responses to Discovery</u>

You contend that the attorney-client and work product privilege objections contained in responses 9-11, 48-52, 64, 83, 84, 91, 92 are unsupportable.

We contend that all these objections are supportable because, although we are not aware of documents which fall under the aforementioned privileges, and have not withheld any documents on the basis of the same, future responsive documents may implicate these privileges.

We consent to providing a supplemental response to the above effect.

You contend that our assertion of privacy objections as to requests 34, 57, 58, and 59-63 is unsupportable. You then suggest entering into a stipulated protected order with respect to the documents requested in these requests for production. We are happy to discuss this possibility with you further.

Please advise as to the terms which you propose with respect to the stipulation.

Please feel free to contact me with respect to the above.

Very truly yours,

WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP

NICHOLAS A. MERKIN

NAM:slf
cc:     Client
        Roy G. Rifkin, Esq.
        Charles J. Harder, Esq.

I:\17875\003\Letters\Doroshow 060410.wpd

**4**



LAW OFFICES

## WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP

Charles J. Harder
charder@wrslawyers.com

File No.
17875-003

July 23, 2010

**Via Email, Facsimile and U.S. Mail**

James E. Doroshow, Esq.
Fox Rothschild LLP
1800 Century Park East-Suite 300
Los Angeles, California 90067

     Re:   **Grasshopper House v. Accelerated Recovery Centers, LLC**
           USDC Case No.: 09-CV-08128-DMG-PLA

Dear Mr. Doroshow:

     Enclosed please find a proposed stipulation for the dismissal of the claims asserted by plaintiffs in the Grasshopper House v. Accelerated Recovery Centers matter. If the enclosed is acceptable, please sign and return the document to me for e-filing, or alternatively let me know if we have your approval to e-file the document, with your electronic signature.

     In light of the fact that most of the discovery that is the subject of Accelerated's motion to compel further responses to interrogatories and document requests is now moot, based on the pending dismissal of plaintiffs' claims, please confirm that you will take off calendar the motion to compel, and provide us with a new draft stipulation limited to the discovery pertaining only to the remaining counterclaims being asserted by your clients (following the Court's recent dismissal of certain counterclaims and several named counterdefendants).

James Doroshow, Esq.
July 23, 2010
Page 2

     We also encourage your client to consider a voluntary dismissal of its remaining counterclaims, because there is no evidence to support them, and they are legally deficient in any event.  We are available to discuss this issue further at your convenience.

Very truly yours,

WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP

CHARLES J. HARDER

CJH:sbp

Enclosure

cc:    Mr. Chris Prentiss
       Thomas Nitti, Esq.
       Roy Rifkin, Esq.
       Denise Parga, Esq.
       Nicholas Merkin, Esq.

I:\17875\003\Letters\CJH - Doroshow Letter Re Dismissal of Claim 072310.wpd

1  CHARLES J. HARDER (BAR NO. 184593)
   charder@wrslawyers.com
2  NICHOLAS A. MERKIN (BAR NO. 219604)
   nmerkin@wrslawyers.com
3  WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
   11400 West Olympic Boulevard, Ninth Floor
4  Los Angeles, California  90064-1582
   Telephone: (310) 478-4100   Facsimile:  (310) 479-1422
5
   Attorneys for Plaintiffs and Counter-Defendants
6  GRASSHOPPER HOUSE, LLC and
   PASSAGES SILVER STRAND, LLC
7
8  JAMES E. DOROSHOW (BAR NO. 112920)
   jdoroshow@forxrothschild.com
9  FOX ROTHSCHILD LLP
   1800 Century Park East, Suite 300
10 Los Angeles, California 90067-3005
   Telephone: (310) 598-4150   Facsimile:  (310) 556-9828
11
   Attorneys for Defendants and Counter-Complainants
12 ACCELERATED RECOVERY CENTERS, LLC,
   KEVIN M. KELLY, and JAN HOLT WATKINS
13
14              **UNITED STATES DISTRICT COURT**

15             **CENTRAL DISTRICT OF CALIFORNIA**

16

17  GRASSHOPPER HOUSE, LLC, a              )  Case No.: 2:09-CV-08128-DMG (PLAx)
    California limited liability company   )
18  doing business as "Passages Malibu,"   )
    PASSAGES SILVER STRAND, LLC, a         )
19  California limited liability company,  )  **STIPULATION FOR DISMISSAL
                                           )  OF FIRST AMENDED
20              Plaintiffs,                )  COMPLAINT**
                                           )
21        v.                               )
                                           )  **Federal Rule of Civil Procedure
22  ACCELERATED RECOVERY               )  41(a)(1)(A)(ii)**
    CENTERS, LLC, a Georgia limited        )
23  liability company,                     )
                                           )
24              Defendant.                 )
                                           )
25  _____    )
                                           )
26  AND RELATED COUNTER-CLAIM              )
    _____    )
27        The parties hereto, through their counsel of record, hereby stipulate to the

28  dismissal of the first amended complaint and each claim therein.  The parties

                                    -1-
              **STIPULATION BY DISMISSAL OF FIRST AMENDED COMPLAINT**
I:\17875\003\Pleadings\Stipulation by Dismissal.wpd

1 | further stipulate that the counterclaim shall remain pending for independent
2 | adjudication.

3

4 | WOLF, RIFKIN, SHAPIRO, SCHULMAN
    | & RABKIN, LLP

5

6

DATED: July __, 2010          By:_____
7 |                                 CHARLES J. HARDER
                               Attorneys for Plaintiffs
8 |                             GRASSHOPPER HOUSE, LLC and
                               PASSAGES SILVER STRAND, LLC

9

10

11 | FOX ROTHSCHILD LLP

12

13 | DATED: July __, 2010          By: _____
                                    JAMES E. DOROSHOW
14 |                               Attorneys for Defendants
                                  ACCELERATED RECOVERY CENTERS,
15 |                               LLC., KEVIN M. KELLY, and JAN HOLT
                                  WATKINS

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

**STIPULATION BY DISMISSAL OF FIRST AMENDED COMPLAINT**

I:\17875\003\Pleadings\Stipulation by Dismissal.wpd



Call 1-877-786-7454 Now For Immediate Assistance.

**Alcohol Addiction and Abuse Treatment**

**Welcome to Accelerated Recovery Centers, the Nation's Leading and Most Effective Alcoholism Counseling Alternative to 12 Step Alcohol Addiction Treatment and Counseling Programs. Call 1-877-786-7454 now to put alcohol addiction behind you for good. Start your recovery now!**

Experts in Alcohol Addiction
1 TO 1 Care
Alcohol Only
No Drug Addicts
Private, Calm Environment

Call NOW
1-877-Stop-4-Life
877-786-7454

At Accelerated Recovery, we're changing the alcohol addiction treatment industry one success at a time. Because when it comes to your future, the needs of the one outweigh the needs of the many. One, two and three week programs. More individual therapeutic attention in each week than most treatment programs provide in 28 days.

You have a simple decision to make, you can choose Accelerated Recovery Centers' non 12 Step treatment and counseling program and stop drinking for good, or you can choose another treatment program and accept the label of Alcoholic for the rest of your life, whether you drink or not.

It's that simple. Call Accelerated now at 1-877-786-7454 (1-877-STOP-4-LIFE) to get alcohol addiction help. It's completely private. It's totally confidential. Speak directly with someone that has put alcohol addiction behind them for good. Talk to someone without judgment, someone that understands exactly what you are going through. Explore the differences. Understand the details of a successful 12 Step alternative. You'll be glad you did.

With success rates up to 8 times the national average, Accelerated offers a permanent solution to the problem of alcoholism. Beginning with private detoxification services, medically supervised in the comfort of your private suite, and continuing with intensive individualized treatment and alcoholism counseling programs tailored to the needs and the schedules of each of our clients, Accelerated has established the new standard of care for the successful treatment of alcoholism. Unlike 12 Step

treatment programs which teach that recovery must be a perpetual, never-ending process, and different from treatment ideologies that profess that powerless people must accept the identity of 'alcoholic' for the rest of their lives, Accelerated Recovery understands that alcohol addiction is a treatable condition.  And it is Accelerated's job to give you the help and tools you need to fully take your life back.  Call 1-877-786-7454 now to put alcohol addiction behind you for good.

### Alcoholism Treatment

Alcohol addiction is not a life sentence.  You do not need to live your life under the cloud of shame, anonymity and the societal stigmas associated with alcohol addiction. Finally there is a tailored alcoholism recovery program that is not only appealing to those in need of treatment, but one that provides best of breed results in a respectful, comfortable, private environment.  No stigmas.  No judgment.  Just a pure focus on results.

- One, two and three week intensive programs.
- No hospital stay required.
- Private withdrawal management (detoxification) services.
- Individualized outpatient treatment and counseling programs that are tailored to meet both your needs and your schedule.
- Intensive day and evening counseling programs.
- Private suites for our out of town clients.
- Safe medicine to help eliminate urges and cravings.
- SageTalk ™ - Expert counseling to clear the path to success.
- Wellness management to restore your health to optimum levels.
- An expert staff to help you beat your alcoholism addiction that is completely focused on your success.

New Standards.  New levels of success.  The most sought after alternative to 12 Step alcoholism addiction treatment programs.  *Empowering you to put addiction behind you.*

### What would you attempt to do if your life was free from alcohol?  Call 1-877-786-7454 now for a private consultation.

### Welcome To Accelerated Recovery Centers.

Welcome to an alcohol addiction recovery program designed specifically to help you.  An alcoholism recovery program designed for your success and the first alcohol addiction recovery program that actually appeals to those ready to quit. This is the most sought after alternative to traditional, institutional, 12 step alcoholism recovery programs and the first program to guarantee your success.

### Wouldn't you enter into alcoholism treatment now if you knew you would succeed?

One in ten adults becomes dependent on alcohol in their lifetime.  Those that want to successfully stop drinking come here to Accelerated Recovery Centers to stop. And here is why:

### Expectations Determine Outcomes

At Accelerated Recovery you will expect to succeed.  Not only will you expect to succeed, but each member of your multidisciplinary alcoholism treatment program team will be committed to your success.  Alcohol addiction is a treatable condition and Accelerated Recovery knows how to treat it successfully.  With success rates up to eight times that of traditional alcoholism help programs and with our exclusive optional program Recovery Guaranteed ™, we are confident in our ability to help you make alcohol addiction a thing of your past.

### Success Requires Focus

Accelerated Recovery is exclusively committed to the treatment of alcohol dependence.  Unlike other programs that combine multiple addictions and other maladaptive behaviors together for treatment, we believe that keen focus provides an optimal environment for your success.  We base all of our alcoholism treatment and counseling planning on doing one thing and doing it better than anyone else.

## Success Requires Clinically Proven Programs and Innovative Techniques

Accelerated Recovery was the first company in the nation to implement the *COMBINED* Recovery Protocol ™ which combines pharmacology, medical management, focused therapy utilizing *SageTalk* ™ and wellness management to ensure your success. Confirmed to be the most effective type of treatment for alcohol addiction by one of the largest studies ever conducted by the National Institute on Alcohol Abuse and Alcoholism, Accelerated's COMBINED Recovery Protocol ™ will enable results not available from institutional recovery programs.

## Success Requires Not Only Great teamwork, It Requires a Great Team

Medical Management.  Therapeutic Management.  Wellness Management. Accelerated Recovery Centers has assembled a world class team of licensed professionals to help with alcohol dependence from both a physiological and a psychological perspective.  But this process is not just about ending addiction; the process is about optimizing life.  Here we have assembled a team of experts to assist you in reevaluating each of your relationships through your newfound lens of sobriety; your relationship with your spouse, your family, your friends and your career.  We have also assembled experts that can assist with specific issues such as anger, grief, loss and spirituality.

## Success Is About Continuity of Care

As a client of Accelerated Recovery, you will have access to the same medical management, therapeutic management and wellness management team for up to a year.  Your alcoholism help team has one specific goal in mind.  That goal is your success.  Unlike a typical aftercare plan, Accelerated's Continuous Care Plan , focuses on your long term success with resources that you have come to trust and rely on.

## Success Is About Setting Goals and Achieving Them

At Accelerated Recovery, it's all about the "D".  We do not believe in the philosophy of perpetual recovery.  We believe that the process of recovery has a beginning and an end.  And at the end of your relationship with Accelerated, you will be recovered, recovered with a "D".  You will be taught to put alcohol addiction behind you.  You will have the skills to live a full life free from alcohol.  You will have your life back.

## Success Must Be Appealing

At Accelerated, we have gone to great lengths to eliminate barriers to entering alcoholism treatment programs.  We are the most sought after alternative to institutional and traditional treatment programs.  We require no more than a long weekend away from your family and your career.  Our Withdrawal Management program, if required, is a pleasant experience that takes place in a hotel suite.  Our facilities are upscale and discreet.  Our locations are convenient and confidential. While we expect the environment to be challenging, we strive to ensure that each interaction with Accelerated is one that you, the client, actually look forward to.  Our membership is strictly voluntary.  We have strong client advocacy.  Our costs are competitive while providing exceptional value and outstanding results.  We provide an environment that is discreet, safe, comfortable, engaging, stimulating, productive and positive.  We attract clients that want to be successful in overcoming dependence.

## Success Attracts Those That Truly Want To Succeed

By design, Accelerated Recovery severely limits the number of clients we accept based on our client centric focus.  We believe that the best results in alcoholism help are achieved in small groups of like minded people.  While we work with each client in an attempt to accommodate their schedule, there may be a delay in your start of the program.  Accelerated Recovery's programs are not for everyone that needs treatment., but we are committed to work with each person seeking treatment through our referral network.

**Call 1-877-STOP-4-LIFE now to learn more.  Isn't it time to get your life back now that you know you truly can succeed?  You too can have your "D".  Call now.**



     



## Alcohol Rehab Treatment and Recovery Programs

Individualized Alcohol Treatment Programs

At Accelerated Recovery, we design all of our alcohol rehab treatment plans around you, the individual. From the beginning of your relationship with Accelerated, you will be assigned a multi-disciplinary team that will work with you through each stage of the alcohol rehab program. And unlike 12 Step treatment programs, at Accelerated we do not believe that alcohol rehabilitation is a perpetual, never-ending process. We believe in providing exceptional capabilities and support and continuity of care for up to a year. And then we expect to give you the tools to get your life back. We expect that with our help, you can put alcohol dependence behind you. We expect you to be recovered. We expect you to live a normal, focused, happy, optimized life.

Phases of Alcohol Rehabilitation and What to Expect

Orientation

Orientation is held each Monday at Accelerated Recovery Center facilities and lasts for approximately three hours. Your spouse or significant other is welcome to attend at your discretion. During orientation, our Program Manager will meet with you to make sure all necessary paperwork is in order. You will meet with our Director of Nursing for a thorough health history and then with our Medical Director for a physical examination. We will be drawing blood in order to create an individualized treatment plan. Next you will be introduced to your alcohol rehab treatment team which will be comprised or representatives from three focused specialty areas; Medical Management, providing continuity of care for physical health during the duration of the alcohol recovery treatment. Therapeutic Management, providing individualized treatment planning for therapeutic and psychological support. And Wellness Management, providing for coordinated focus on nutrition, nutrient supplementation, fitness programs and replacement therapies. The intent of this session is to set your expectations for the Withdrawal Management phase of treatment and to answer any and all questions you might have. Our goal is to create an environment of trust and openness and to eliminate preconceived notions about alcohol recovery programs.

Withdrawal Management

The goal of Withdrawal Management is to safely and comfortably eliminate alcohol from your system. The Process of Withdrawal Management begins every Thursday afternoon at Accelerated Recovery Center rehab facilities and lasts for four to five days. Actual start time is determined by our Medical Director based on your individual needs. You will receive an orientation from our Director of Nursing and will be able to review any outstanding questions at that time. You will then be transported to a private suite for the duration of your stay. You can expect to be safe, comfortable and pain free throughout the process. A nurse will be on-site 24 hours per day to attend to your needs and to answer any questions you might have. Optional activities are scheduled throughout the weekend. Carefully balanced meals will be provided for your convenience. For many clients, just the opportunity to relax and be free from responsibility for 5 straight days is a luxury that they haven't experienced in many years. Withdrawal Management is not an unpleasant experience and it is not conducted in a lockdown, hospital ward environment. If it is determined by our Medical Director that you are not a candidate that can safely and effectively participate in our Withdrawal Management program, Accelerated Recovery has referral relationships with other local and national providers of alcohol detoxification and rehab services.

During Withdrawal Management you will be given medication that will

eliminate your cravings for alcohol. Imagine alcohol recovery without urges and cravings  Imagine your mind free to focus on the issues before you.  For most clients, this is the first time in many years that they have not had to battle those primal urges for alcohol. Urges that, in the past, made recovery so difficult for so many. Urge suppression is a key component in the high success rates attributed to the COMBINED Recovery Protocol ™.

Sobriety Acclimation

You've eliminated alcohol from your system.  You no longer crave alcohol. You are well on your way to recovery and overcoming your physical dependence on alcohol.  The Sobriety Acclimation phase begins every Monday afternoon at Accelerated Recovery facilities and lasts for twenty-one days.  You will once again meet with your treatment team to discuss your individualized treatment plan.  Medical follow-up will be discussed. Therapeutic schedules will be reviewed.  Your fitness assessment scheduled.  A general nutritional plan presented including a nutritional supplementation program designed just for you.

And now it is time to begin the work.  Challenging.  Stimulating.  Provocative. Those are words used to describe the experience.  The goal of Sobriety Acclimation is to teach you the coping and cognitive skills to live your life without alcohol.  At the same time, you will naturally re-evaluate all of your relationships through your newly earned lens of sobriety; your relationship with your spouse, your family, your friends, your career, your God.  Left to your own devices, this could be a very intimidating experience.  But with expert guidance, intimidation gives way to enlightenment, realization, progress, closure.

At the end of the Sobriety Acclimation phase of rehab, you will feel better that you have in years.  Your mental and physical health will be improving dramatically.  And it is at this point that most programs complete their work.

At Accelerated Recovery, we believe that the next phase of your alcoholism rehabilitation determines your long term success.  The next phase represents the difference between perpetual recovery and your goal of being recovered.

Life Optimization

Once you have completed the Sobriety Acclimation phaseof rehab, it's on to Life Optimization.  Working with your team, the Life Optimization phase focuses on resolving issues which have caused sticking points in your life. You will be introduced to specialists and subject matter experts in areas that are determined to be important for you success.  And the focus will be forward looking and positive, not one that continues to focus on the problem you are working hard to overcome.

While the alcohol rehab treatment program tapers in intensity over time, it still provides a support line for up to a full year.  Most traditional institutional programs fail predictably during the first year, and we know why.  At Accelerated, we are determined to provide continuity of care through predictable milestones allowing your brain chemistry to normalize.

The "D"

At your 1 year anniversary, you are done.  You are recovered.  You have taken the steps necessary to take your life back.  You are no longer identified by your addiction.  You are a mother, a father, a sister, a brother, a son, a daughter, a husband, a wife, a worker, a friend.  You have succeeded. You are not your addiction.  You really never were.

And to remind you of the hard work you have put in and all that you have accomplished, Accelerated will be honored to present you with a gold "D".  A memento that you have made it through alcohol rehab.  A symbol that you have conquered addiction.

You will always be welcomed back to Accelerated, but now as a friend. Perhaps a barbeque with the family or a baseball game.  Perhaps an alumni adventure with Outward Bound.  But always with your "D".  It's all about the "D".