1  James E. Doroshow (State Bar No. 112920)
   jdoroshow@foxrothschild.com
2  Phillip F. Shinn (State Bar No. 112051)
   pshinn@foxrothschild.com
3  Alan Chen (SBN 224420)
   achen@foxrothschild.com
4  Eric C. Osterberg (pro hac vice)
   eosterberg@foxrothschild.com
5  FOX ROTHSCHILD LLP
   1800 Century Park East, Suite 300
6  Los Angeles, CA 90067-3005
   Tel 310.598.4150 / Fax 310.556.9828
7
8  Attorneys for Defendant/Counterclaimant
   Accelerated Recovery Centers, LLC

9              UNITED STATES DISTRICT COURT

10           CENTRAL DISTRICT OF CALIFORNIA

11

12 GRASSHOPPER HOUSE, LLC, a              Case No. CV09-08128-DMG (PLAx)
   California limited liability company
13 doing business as Passages Malibu,     **DISCOVERY MATTER**
   PASSAGES SILVER STRAND, LLC,
14 a California limited liability company, **DEFENDANT / COUNTER-
                                           CLAIMANT ACCELERATED
15          Plaintiffs,                    RECOVERY CENTERS' REPLY
                                           MEMORANDUM OF POINTS AND
16      v.                                 AUTHORITIES IN SUPPORT OF
                                           MOTION TO COMPEL
17 ACCELERATED RECOVERY                    INTERROGATORY RESPONSES
   CENTERS, LLC, a Georgia limited         AND PRODUCTION OF
18 liability company,                      DOCUMENTS, AND FOR
                                           SANCTIONS**
19          Defendant.
                                           **Attached Documents:
20                                         Reply Declaration of James E.
                                           Doroshow with Exhibits**
21
                                           Hearing Date:    August 17, 2010
22                                         Time:            10:00 a.m.
                                           Courtroom:       G, 9th Floor
23                                         Honorable Paul L. Abrams
24                                         Discovery Cut-Off: Nov. 1, 2010
                                           Pretrial Conf.:    Jan. 25, 2011
25                                         Trial Date:        Feb. 22, 2011
26 ─────────────────────────────
27 And Related Counterclaims.
28

1   Defendant/Counter-claimant, ACCELERATED RECOVERY CENTERS,

2   LLC ("Accelerated"), respectfully submits this reply memorandum of points and

3   authorities in support of its motion for an order compelling GRASSHOPPER

4   HOUSE, LLC ("Grasshopper") to provide further responses, without objection, to

5   Accelerated's First Set of Interrogatories ("Interrogatories"), and Requests for

6   Production of Documents ("Request for Production of Documents"), together with

7   all responsive documents and a log of privileged documents; and to pay

8   Accelerated's attorneys' fees incurred on this motion.

9   **I.     INTRODUCTION**

10   Grasshopper's post-motion offer to stipulate to dismissal of its claims

11   properly has been rejected by Accelerated.  It is a nullity and has been proffered

12   solely for purposes of distraction.  It has no effect on the case and does not change

13   the scope of discovery.  To achieve a negotiated dismissal, Grasshopper must pay

14   Accelerated's costs, including attorneys' fees, and accept a dismissal with

15   prejudice.  To date, Grasshopper has not agreed to those conditions.  For so long as

16   Grasshopper maintains its unrealistic demand, it should be required to litigate the

17   case that it brought and make all of the discovery Accelerated seeks.

18   It is highly improper for Grasshopper to do what it has done here.

19   Grasshopper filed this lawsuit alleging the claims it now wants to dismiss.  It

20   followed through with a Rule 26(f) conference and report that addresses discovery

21   on those claims, and reflects the parties' agreement that a protective order would be

22   appropriate.  [Dkt. #20.]

23   Accelerated properly served comprehensive discovery related to

24   Grasshopper's allegations.  But Grasshopper responded late, and refused to provide

25   meaningful responses to the discovery.  Grasshopper then forced Accelerated to

26   meet and confer at length, and delayed by holding out the promise of supplemental

27   discovery responses.  Grasshopper failed to keep those promises, forcing

28   Accelerated to spend additional hours preparing a joint stipulation relating to

FOX ROTHSCHILD LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067-1506

2

FOX ROTHSCHILD LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067-1506

1  almost every single discovery request.  After Accelerated did all that work,

2  Grasshopper refused to respond to the joint stipulation, saving itself considerable

3  time, effort and expense, and requiring Accelerated to do even more work to

4  prepare this motion to compel.

5      After all that, in response to the motion to compel Grasshopper offers no

6  legitimate substantive arguments, but seeks to distract the Court with a bogus offer

7  to dismiss its claims.

8      Grasshopper engaged in similar misconduct with respect to the proposed

9  protective order.  It first demanded a protective order, then after Accelerated did the

10  work to prepare a proposed stipulation and order, Grasshopper refused to comment,

11  again forcing Accelerated to make a motion.  Grasshopper then offered no response

12  to the motion.

13     The Court should not countenance such behavior under any circumstances.

14  The Court should grant Accelerated's motion in the entirety, require Grasshopper

15  to make discovery immediately, grant Accelerated's pending motion for entry of a

16  protective order, and award sanctions to send a clear message of disapproval.

17  **II.    ADDITIONAL PERTINENT FACTS**

18     After the litany of wrongs recited in Grasshopper's moving papers, and after

19  Grasshopper filed this motion on July 19, Grasshopper abruptly offered to dismiss

20  its claims.  (Ltr. From C. Harder to J. Doroshow, Dkt. # 68-1 at 38.)  The

21  stipulation of dismissal Accelerated proposed does not recite that the dismissal is to

22  be with prejudice, and it makes no mention of costs or attorneys' fees.  (*Id*. at 40-

23  41.)  Fed R. Civ. P. 41(a)(1)(B) provides that unless a stipulation of dismissal

24  specifically states that it is to be with prejudice, it will be treated as without

25  prejudice.

26     Accelerated properly has rejected Grasshopper's offer, and agreed to

27  stipulate to dismissal only with prejudice and provided that Grasshopper pays the

28  attorneys' fees Grasshopper has caused Accelerated to incur.  (Doroshow Reply

CASE NO. CV09-08128 DMG (PLAx)          Reply Memorandum in Support of Defendant's Motion to
                                        Compel Discovery Responses

ST1 13732v2 08/03/10

1  Decl. Ex. 1.) Grasshopper has not responded to Accelerated's counteroffer

2  (Doroshow Reply Decl. ¶ 4), therefore one cannot say that a resolution of

3  Grasshopper's claims is imminent, or even likely.

4        Also after Accelerated filed this motion, Accelerated took the deposition of

5  Grasshopper's designated custodian of records, Chris Prentiss.  Portions of the

6  transcript from that deposition are attached to the Reply Declaration of James E.

7  Doroshow as Exhibit 2.  Although Accelerated's ability to obtain testimony was

8  largely thwarted by Grasshopper's counsel through speaking objections and

9  groundless assertions of privilege, the deposition revealed the following:

- Mr. Prentiss asked only Grasshopper's in-house accountant and trademark counsel to assist in responding to Accelerated's discovery requests.  He did not ask any other employees for information or to search for records, he did not ask the in-house accountant to gather or produce any accounting records, and he refused to answer questions concerning whether he requested that its outside trademark counsel provide responsive documents.  (Doroshow Decl. Ex. 2, Prentiss Dep. at 16:5-17:13; 38:6-41:3; 106:15-21; 125:8-136:17; 176:9-177:11);

- Grasshopper kept records concerning its success rate until 2004, but discarded them then and has not kept such records since, and refused to answer questions concerning how it calculated its success rate. (*Id*. at 77:2- 92:18);

- Grasshopper refuses to divulge even the location of its patient files. (*Id*. at 96:19-97:21; 100:3-101:1);

- Grasshopper identified three ways in which it uses its trademarks, in print and television advertising, on its Website, and on stationary.  It has not kept examples of its advertising, did not produce any materials from its Website, and did not produce examples of its stationary. (*Id*. at 117:1-119:18; 177:14-178:17);

FOX ROTHSCHILD LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067-1506

4

FOX ROTHSCHILD LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067-1506

- Grasshopper purports not to have any documents showing how its alleged trademarks have been associated with it and has no protocol for maintaining any such documents. (*Id*. at 119:19-121:16);

- Grasshopper has not kept documents concerning media coverage it has received that might evidence the strength or weakness of its alleged trademarks. (*Id*. at 122:1-124:3).

- Grasshopper's in-house accountant would have records relating to amounts Grasshopper has spent for advertising, but she was not requested to produce those in response to Grasshopper's discovery requests. (*Id*. at 124:4-125:1; 151:17-154:6);

- Grasshopper categorically refuses to provide accounting records or other financial or information. (*Id*. at 125:9-126.1; 147:19-149:9; 151:17-154:6; 197:20-198:15);

- Grasshopper refused to answer questions concerning the basis for its assertion that its cease and desist letters to others have been successful. (*Id*. at 136:20- 137:4);

- Any reports of consumer confusion between Grasshopper and Accelerated would have been received a Grasshopper employee named Michael Shaner, but he was not asked to provide documents to respond to Accelerated's requests, nor was outside trademark counsel who may have developed such information on his own. (*Id*. at 138:21-141:13);

- Grasshopper has various licenses from governmental agencies requested in discovery but did not produce them. (*Id*. at 144:11-145:14);

- Grasshopper has in its possession, but failed to produce, articles and other materials that would support or refute its claim that it can cure alcoholism. (*Id*. at 149:10-150:16);

CASE NO. CV09-08128 DMG (PLAx)          Reply Memorandum in Support of Defendant's Motion to
                                        Compel Discovery Responses

ST1 13732v2 08/03/10

- Grasshopper's outside trademark counsel, Bradley Ganz, would have copies of trademark license and settlement agreements, but he was not asked to gather those in response to Accelerated's requests. (*Id.* at 154:7-157:12; 162:9-164:13);

- Grasshopper contends that it has no non-privileged documents that pertain to damages in this case. (*Id.* at 167:14-168:16);

- Grasshopper has not kept material received from its clients that it contends would substantiate its claim that it can cure alcohol and drug addiction, or its claimed success rate. (*Id.* at 169:3-170:21; 171:14-172:19);

- Grasshopper did not produce any written agreement concerning its alleged license of its trademarks to co-plaintiff Silver Strand, and has not even bothered to determine if there is one. (*Id.* at 179:25-182:4);

- Grasshopper no admits it has no documentary evidence of actual confusion, and the only evidence it has of likely confusion is Accelerated's Website. (*Id.* at 183:21-185:3);

- Grasshopper purports to have no documents concerning its keyword advertising. (*Id.* at 186:2-190:4);

- Grasshopper categorically refuses to provide discovery concerning the fees it charges for its services, even though it provides that information to callers who inquire. (*Id.* at 191:1-192:4);

- Grasshopper has a list of employees and may have a list of former employees, but has not provided either in response to Accelerated's requests. (Id. at 192:6-194:4).

The week before, Mr. Prentiss testified at a hearing in another case pending in the District of Oregon.  (Doroshow Reply Decl. Ex. 3.) Mr. Prentiss testified freely on a number of topics with respect to which Grasshopper has refused to make discovery in this case based on claims of "privacy" or trade secret, and about

FOX ROTHSCHILD LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067-1506

6

CASE NO. CV09-08128 DMG (PLAx)          Reply Memorandum in Support of Defendant's Motion to
Compel Discovery Responses

ST1 13732v2 08/03/10

1 which Grasshopper claims not to have information to provide in this litigation.

2 Those subjects include: advertising expenses and budgets (Hearing Tr., Doroshow

3 Decl. Ex. 3 at 96-97); patients and treatment (*Id*. at 98-99, 104); Grasshopper's

4 keyword advertising (*Id*. at 102-104, 118); advertising expenses (*Id*. at 104); and

5 fees Grasshopper charges its clients (*Id*. at 105, 127-30).  In addition, the transcript

6 reveals that, contrary to Mr. Prentiss' testimony in this case, Grasshopper makes

7 and keeps detailed records of calls it receives (*Id*. at 131).

8        As set forth in the accompanying declaration of James Doroshow,

9 Accelerated has incurred an additional $9,000 in attorney's fees in connection with

10 preparing the reply on this motion to compel, making the total costs Grasshopper

11 has caused Accelerated to incur  on this motion $44,358.

12 **III.   ARGUMENT**

13        A)    <u>GRASSHOPPER'S OFFER TO DISMISS DOES NOT MOOT THIS</u>

14              <u>MOTION</u>

15        All of Accelerated's discovery requests remain appropriate and Grasshopper

16 must make discovery.  Grasshopper's offer to dismiss its claims was just that, an

17 offer.  Accelerated rejected Grasshopper's offer and made a counteroffer.

18 (Doroshow Decl. ¶ 3, Ex. 1.)  Grasshopper has not responded to the counteroffer.

19 (*Id*. ¶ 4.)  There has been no dismissal and there is no agreement, so Grasshopper's

20 claims remain.  *See Hoffman-La Roche Inc. v. Genpharm Inc.*, 50 F. Supp.2d 367,

21 373 (D.N.J. 1999)(court cannot require a party to stipulate to dismissal under Rule

22 41).  Therefore, Grasshopper must respond to even those discovery requests that

23 pertain to Grasshopper's claims.

24        Grasshopper's offer to dismiss without prejudice, without paying any of

25 Accelerated's costs, and without conceding the Court's independent jurisdiction

26 over Accelerated's counterclaims is illusory and unacceptable under any

27 circumstances.  Generally, a party is permitted to voluntarily dismiss its claims

28 under Rule 41 either with prejudice, or without prejudice only if it pays the other

CASE NO. CV09-08128 DMG (PLAx)     Reply Memorandum in Support of Defendant's Motion to Compel Discovery Responses

FOX ROTHSCHILD LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067-1506

1    side's costs and attorneys' fees.  *See* 9 Wright & Miller, *Federal Practice &*

2    *Procedure* § 2366 (2010) (courts generally condition dismissal without prejudice

3    on payment of costs and attorneys' fees).  Moreover, dismissal is appropriate only

4    if jurisdiction may be retained over any counterclaims.  *Hoffman-La Roche Inc. v.*

5    *Genpharm Inc.*, 50 F. Supp.2d 367, 373-74 (D.N.J. 1999).

6           Even if Grasshopper were to change its stance and its claims were later to be

7    dismissed, under all circumstances Accelerated's Lanham Act counterclaim (Count

8    3) based on Grasshopper's wrongful actions, including Grasshopper's false claims

9    that it can "cure" alcoholism, will remain.[1]  Therefore all of the discovery that

10   relates to Count 3 would remain relevant and disclosure still would be required.

11          Unless and until Grasshopper's claims are dismissed <u>with</u> prejudice,

12   Accelerated's declaratory judgment claims for non-infringement (Count I) and

13   invalid registration (Count II) also remain.  Dismissal of Grasshopper's claims

14   without prejudice would not moot Accelerated's declaratory judgment

15   counterclaims even though they are based on similar facts.  The actual controversy

16   Grasshopper has created does not disappear by virtue of a dismissal without

17   prejudice because Grasshopper could sue Accelerated tomorrow in another forum,

18   or even in this Court.  *See Hoffman-La Roche Inc. v. Genpharm Inc.*, 50 F. Supp.2d

19   367, 373-74 (D.N.J. 1999)(voluntary dismissal of patent infringement claims does

20   not lead to dismissal of non-infringement counterclaims).

21          Because Accelerated's declaratory judgment counterclaims "mirror"

22   Grasshopper's infringement claims, Accelerated's discovery requests pertaining to

23   the alleged infringement of Grasshopper's alleged trademarks are equally relevant

24   to those counterclaims.  Because they are relevant to the counterclaims,

25

26   _____

[1] On July 12, 2010, the Court ruled, for the second time, that Count 3 would stand.  (Docket No. 63.)  It dismissed
27   only Accelerated's conspiracy claims, including claims against certain individual defendants (Count 4) with leave to
re-plead with respect to the individuals.  The Court required that any amended pleading addressed to those
individuals be filed by July 27.  It did not, as Grasshopper suggests, otherwise require filing of an amended pleading.
28   (See *Id*. at 11.)  Accelerated decided not to reassert claims against those individual defendants and therefore no
amended pleading has been filed.

8

FOX ROTHSCHILD LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067-1506

1  Grasshopper must respond to those discovery requests even if it later succeeds at

2  dismissing its claims.

3      B)    GRASSHOPPER SHOULD BE COMPELLED TO FULLY

4             RESPOND TO INTERROGATORIES

5      Grasshopper does not dispute that its unverified responses to the

6  interrogatories were served 11 days late, or that it did not provide verifications until

7  long after that.  Nor does Grasshopper dispute that absent an extension (which was

8  not granted here) or good cause, failure to timely respond to discovery requests

9  constitutes a waiver of all objections thereto, including privilege.

10     As predicted, Grasshopper argues only that its tardiness is excused because

11  Grasshopper changed counsel, Accelerated refused to grant an after-the-fact

12  extension, and Grasshopper's new counsel failed to calendar the deadline for

13  responding to the interrogatories.  None of that constitutes good cause.  No

14  precedent whatsoever exists for Grasshopper's novel argument that it was not

15  required to respond to discovery because "the pleadings were not yet at issue",

16  whatever that means.  All of Grasshopper's objections are waived.

17     Grasshopper's argument that the interrogatories are excessive is similarly ill-

18  founded.  Grasshopper arrives at its inflated count by impermissibly parsing each

19  question and ignoring the teachings of the *Safeco* case that subparts that ask for bits

20  of information about the same topic count as one interrogatory.  *Safeco of America*

21  *v. Rawstro,* 181 F.R.D. 441, 445 (C.D. Cal. 1998).

22     C)    GRASSHOPPER SHOULD BE COMPELLED TO PRODUCE

23             DOCUMENTS

24     As discussed above, Grasshopper's bogus offer to dismiss its claims does not

25  moot any of Accelerated's document requests, both because the offer has been

26  rejected, and because the document requests are equally relevant to Accelerated's

27  counterclaims.  Even if Grasshopper's claims ultimately are dismissed, the

28  allegations in the complaint concerning Grasshopper's alleged trademark rights and

FOX ROTHSCHILD LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067-1506

9

1    Accelerated's alleged infringement will form the basis for Grasshopper's defense to

2    the declaratory judgment counterclaims.  Therefore, each of the requests

3    Grasshopper now contends is moot remains relevant and responsive documents

4    must be produced.

5           Grasshopper offers no defense at all for its refusal to produce documents in

6    response to Requests 4, 5, 12-14, 20, 30-33, 40, 41, 43-46, 54-57, 66, 68, 69, 80-87,

7    90, 93, and 96-98.  In all events, Grasshopper should be ordered to produce

8    documents responsive to those requests immediately and Grasshopper should be

9    sanctioned for refusing to produce them initially.

10          Grasshopper offers no legitimate excuse for its refusal to produce documents

11   based on a right to "privacy" and there can be none.  Indeed, Grasshopper offers no

12   reason at all for its flip-flop from insisting that it would produce business

13   information subject to a protective order, to now refusing to produce such

14   information at all.  As discussed in Accelerated's moving papers, documents in

15   each of the categories which Grasshopper now complains are "private", "trade

16   secret" or otherwise too sensitive to produce are relevant to the *Sleekcraft* factors

17   for trademark infringement and to damages, and also pertain to whether

18   Accelerated is entitled to a declaration that it has not infringed any Grasshopper

19   trademark.  Finally, any of Grasshopper's concerns that may be legitimate are

20   addressed in the protective order Accelerated proposed, and which Grasshopper

21   still refuses to address.

22          Most shockingly, Mr. Prentiss' testimony in Oregon reveals that

23   Grasshopper is more than willing to disclose the information Accelerated seeks

24   when it suits Grasshopper's own purposes.  As the transcript that is annexed to the

25   Doroshow declaration as Exhibit 3 reveals, when it suits Grasshopper's purpose

26   Grasshopper will disclose information about advertising expenses and budgets,

27   patients and treatment, Grasshopper's keyword advertising, advertising expenses,

28   and fees Grasshopper charges its clients.

FOX ROTHSCHILD LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067-1506

10

FOX ROTHSCHILD LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067-1506

1    Grasshopper's complaints that Accelerated's discovery requests seek

2   attorney work product are unfounded, and in all events ring hollow because

3   Grasshopper has not provided a privilege log.  To make its argument, Grasshopper

4   identifies requests that are not the subject of this motion into compel.  Based on the

5   representations in Grasshopper's responses that it has not yet engaged an expert or

6   conducted any surveys, Accelerated has not sought to compel further responses at

7   this time with respect to Requests 72-76 and 79, all of which are mistakenly cited

8   as seeking work product on page 6 of Grasshopper's memorandum in opposition.

9   With respect to material to be used at trial, and documents used in preparing

10   pleadings, those documents are necessarily among the most critical in the case.

11   Grasshopper should not be permitted to use the work product doctrine to shield

12   those documents so that Grasshopper can try to spring them on Accelerated at trial.

13    D)    ACCELERATED SHOULD BE AWARDED THE COSTS OF THIS

14    MOTION

15    Accelerated's belated offer to withdraw its claims on unreasonable terms,

16   and its effort to oppose this motion based on that offer, only makes things worse.  It

17   is now even more clear that Grasshopper has no legitimate basis for its refusal to

18   make discovery.  Grasshopper's 30(b)(6) testimony, and Mr. Prentiss' testimony in

19   Oregon, further reveal that Grasshopper never even bothered to check whether it

20   had responsive documents in many categories, willfully did not produce responsive

21   documents of which it is aware, and interposed specious objections rather than

22   admitting that it had no documents in other categories.  All Grasshopper has done

23   in this case is to cause Accelerated to spend money.  That seems to have been

24   Grasshopper's purpose all along.  The Court should therefore award attorneys' fees

25   against Grasshopper.

26   **IV.   CONCLUSION**

27    For the foregoing reasons, the Court should enter the Proposed Order

28   granting the motion to compel and the Proposed Protective Order, and compel

---

11

1    Grasshopper to serve complete responses to interrogatories, produce all responsive

2    documents and provide complete responses to document requests 1-71 and 80-98,

3    and require Grasshopper to pay Accelerated attorneys fees' incurred in connection

4    with preparation of the joint stipulation and this motion, in the total amount of

5    $44,358.

6

7    DATED:  August 3, 2010              Respectfully submitted,

8                                        FOX ROTHSCHILD LLP

9

10                                       By: */s/ Eric C. Osterberg*
                                             Eric C. Osterberg
11                                           James E. Doroshow
                                             Phillip F. Shinn
12                                       Attorneys for Defendant/Counterclaimant
                                         Accelerated Recovery Centers, LLC
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FOX ROTHSCHILD LLP
1800 Century Park East
Suite 300
Los Angeles, CA 90067-1506

12

CASE NO. CV09-08128 DMG (PLAx)        Reply Memorandum in Support of Defendant's Motion to
                                               Compel Discovery Responses

ST1 13732v2 08/03/10