1  WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
   CHARLES J. HARDER (BAR NO. 184593)
2  NICHOLAS A. MERKIN (BAR NO. 219604)
   11400 West Olympic Boulevard, Ninth Floor
3  Los Angeles, California  90064-1582
   Telephone: (310) 478-4100
4  Facsimile:  (310) 479-1422
   Email: charder@wrslawyers.com
5
   Attorneys for Plaintiffs and Counter-Defendants
6  GRASSHOPPER HOUSE, LLC and
   PASSAGES SILVER STRAND, LLC
7  and Counter-Defendant PAX PRENTISS

8

9                    **UNITED STATES DISTRICT COURT**

10                   **CENTRAL DISTRICT OF CALIFORNIA**

11

12
   GRASSHOPPER HOUSE, LLC, a          )  Case No: 2:09-CV-08128-DMG
13 California limited liability company  )  (PLAx)
   doing business as "Passages Malibu," )
14 PASSAGES SILVER STRAND, LLC, a     )  **DISCOVERY MATTER BEFORE**
   California limited liability company,  )  **MAGISTRATE PAUL L. ABRAMS**
15                                       )
              Plaintiffs,                )  *EX PARTE* **APPLICATION FOR**
16                                       )  **PROTECTIVE ORDER TO**
        v.                               )  **PROHIBIT THE DEPOSITION OF**
17                                       )  **RANA AYZEREN;**
   ACCELERATED RECOVERY               )  **DECLARATIONS OF**
18 CENTERS, LLC, a Georgia limited      )  **PAX PRENTISS and**
   liability company,                    )  **CHARLES J. HARDER**
19                                       )
              Defendant.                  )
20                                       )  Date:        TBD
                                         )  Time:        TBD
21 _____  )  Location:    Courtroom G, 9th Floor
                                         )
22 AND RELATED COUNTER-CLAIM    )
   _____  )
23

24

25

26

27

28
                                  -1-
   *EX PARTE* **APPLICATION TO PROHIBIT DEPOSITION OF RANA AYZEREN**
   \\Wrs-file\dfs\LACaseFiles\17875\003\Pleadings\Ex Parte re Depo.wpd

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs/counter-defendants Grasshopper House, LLC d/b/a "Passages Malibu," Passages Silver Strand LLC, Chris Prentiss and Pax Prentiss (collectively, "Passages") and Defendant/counter-defendant Accelerated Recovery Centers, LLC ("Accelerated") are competitors in the drug and alcohol rehabilitation industry. Passages is in the process of dismissing all of its claims in the First Amended Complaint in this action. (The complaint was filed because Accelerated was using the mark "Passages" in online advertisements. That activity stopped after the complaint was filed.)

Accelerated has persisted in pursuing overbroad, overreaching and harassing discovery in this action that goes well beyond the issues that remain in Accelerated's Counterclaim. As case in point, this *ex parte* application became necessary because Accelerated has noticed the deposition – for **this Monday, August 23, 2010** – of  Rana Ayzeren, the former nanny of counter-defendant Pax Prentiss.  Good cause exists for a protective order prohibiting this deposition because Ms. Ayzeren has nothing whatsoever to do with this case, and does not appear to have any percipient knowledge that is relevant to the action or reasonably calculated to lead to admissible evidence. *See* the accompanying Declaration of Pax Prentiss.  Rather, her deposition appears to have been noticed solely for purposes of harassing Passages and its principals, Chris and Pax Prentiss, and to force them to incur costs.

Passages engaged in a "meet and confer" dialogue with Accelerated before bringing this *ex parte* application.  See  **Exhibit "A"** to the accompanying Declaration of Charles J. Harder.  To summarize, Passages asked Accelerated to provide an "offer of proof" as to why Ms. Ayzeren's live deposition was being noticed, because she does not appear to have any relevant percipient knowledge or information. Accelerated refused to provide any offer of proof, or otherwise

-2-

1  explain why Ms. Ayzeren's deposition has been noticed, or what information she
2  possibly could have relevant to this case.  (Harder Decl., Ex. A)

3       Good cause exists for this *ex parte* application because (a) Passages does
4  not have sufficient time to bring a motion for protective order on a noticed basis,
5  because the deposition is scheduled for this Monday, August 23, 2010, and
6  Accelerated refuses to continue the date of the deposition; and (b) Ms. Ayzeren
7  does not appear to have any percipient knowledge of any matter relevant to this
8  action – nor has Accelerated identified any.  Therefore, her deposition would
9  simply be a waste of the time and money.  Moreover, there is an element
10 harassment when one party seeks to depose the other party's former nanny,
11 particularly when the nanny had no involvement whatsoever in any matters
12 relevant to the case.  Litigants and their counsel should not be permitted to abuse
13 their power to compel non-parties to appear for live depositions, particularly when
14 the non-party witness has no personal knowledge of matters relevant to the case or
15 reasonably calculated to lead to admissible evidence.

16      For the reasons set forth above and in the accompanying Declarations,
17 Passages requests that a Protective Order be issued to prohibit the deposition of
18 Rana Ayzeren.  Alternatively, Passages requests hat the deposition of Ms. Ayzeren
19 be postponed until this matter can be heard and determined on a noticed basis.

20

21 DATED: August 18, 2010          WOLF, RIFKIN, SHAPIRO
22                                 SCHULMAN, & RABKIN LLP

23

24                         By:   /s/ Charles J. Harder
                                 CHARLES J. HARDER
25                               Attorneys for Plaintiffs and Counterdefendants
                                 GRASSHOPPER HOUSE, LLC, PASSAGES
26                               SILVER STRAND, LLC and PAX PRENTISS

27

28

*EX PARTE* APPLICATION TO PROHIBIT DEPOSITION OF RANA AYZEREN
\\Wrs-file\dfs\LACaseFiles\17875\003\Pleadings\Ex Parte re Depo.wpd

## DECLARATION OF PAX PRENTISS

I, Pax Prentiss, declare:

1.     I am over the age of eighteen and am a counter-defendant in the captioned action. I have personal knowledge of the following facts and if called and sworn as a witness, I could and would testify competently thereto.

2.     I am a co-owner (along with my father, Chris Prentiss) of plaintiffs/counter-defendants Grasshopper House, LLC and Passages Silver Strand, LLC (collectively, "Passages"). Passages owns and operates two addiction recovery centers in Southern California. It is my understanding that defendant/counter-claimant Accelerated Recovery Centers, LLC owns and operates a competing addiction recovery operation.

3.     Rana Azyeren served as my nanny from approximately May 1999 to approximately May 2005. Her job was to look after my daughter while I was at work. She was never an employee of Passages. She was never involved in the business of Passages. To my knowledge, she does not have any knowledge or information that would be relevant or pertinent to the claims in the instant action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 18, 2010 at Malibu, California.

_____
PAX PRENTISS

## DECLARATION OF CHARLES J. HARDER

I, Charles J. Harder, declare:

1.     I am over the age of eighteen and an attorney at law duly admitted to practice before the United States District Court for the Central District of California.  I am a partner of the law firm of Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP ("WRSSR"), attorneys of record for plaintiffs and counter-defendants GRASSHOPPER HOUSE, LLC, PASSAGES SILVER STRAND, LLC and counter-defendant PAX PRENTISS (collectively, "Passages").  I have personal knowledge of the following facts, and if called ans sworn as a witness, I could and would testify competently thereto.

2.     I first learned on Tuesday, August 17, 2010, that Rana Ayzeren is the former nanny of Pax Prentiss, was not an employee of Passages, and was not involved in any matters relevant to this case.  (My efforts to find out information about Ms. Ayzeren were complicated by the fact that my client was on a three-week trip out of town, and did not return until a few days ago.)

3.     On Tuesday, August 17, 2010, I sent an email to James Doroshow, Esq., lead counsel for defendant and counter-claimant ACCELERATED RECOVERY CENTERS, , LLC ("Accelerated"), to "meet and confer" regarding the matters set forth in the instant *Ex Parte* Application.  Attached hereto as **Exhibit "A"** is a true copy of my email.  Mr. Doroshow responded back with an email that same day, a true copy of which is included within Exhibit "A."

4.     Passages is currently in the process of voluntarily dismissing all of the claims in its First Cause of Action in this action.  Accelerated has refused to stipulate to Passages' voluntary dismissal of the claims (unless Passages agrees to dismiss with prejudice and pay Accelerated reimbursement of its attorneys fees), thus Passages is in the process of preparing a Motion for Voluntary Dismissal of the First Amended Complaint.  We expect to file that motion next week.

-1-

5.      For the Court's convenience, attached hereto as **Exhibit "B"** is a true copy of the operative First Amended Counterclaim filed by Accelerated, with the exhibits omitted for purposes of brevity.  Also, attached hereto as **Exhibit "C"** is a true copy of the Court's Order dated July 12, 2010, granting in part and denying in part Passages' Rule 12(b)(6) Motion to Dismiss as to Accelerated's First Amended Counterclaim.  Pursuant to the Court's Order (Exhibit "C"), the fourth cause of action in the First Amended Counterclaim for conspiracy, and also twenty-three (23) of the named individual counter-defendants, were dismissed from the action.  Accelerated was given fifteen (15) days to file a Second Amended Counterclaim.  To my knowledge, a Second Amended Counterclaim was not filed.

6.      Attached hereto as **Exhibit "D"** is a true copy of the deposition subpoena for Rana Ayzeren.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on August 18, 2010, in Los Angeles, California.

                    /s/ Charles J. Harder
                    CHARLES J. HARDER

-2-

***EX PARTE* APPLICATION TO PROHIBIT DEPOSITION OF RANA AYZEREN**
\\Wrs-file\dfs\LACaseFiles\17875\003\Pleadings\Ex Parte re Depo.wpd