UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES-GENERAL

Case No.  CV 09-8128-DMG (PLAx)                                             Date  August 20, 2010

Title: Grasshopper House, LLC, etc., et al. v. Accelerated Recovery Centers, LLC, et al.

PRESENT: THE HONORABLE    PAUL L. ABRAMS

☐ U.S. DISTRICT JUDGE
☒ MAGISTRATE JUDGE

| Christianna Howard | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**
NONE

**ATTORNEYS PRESENT FOR DEFENDANTS:**
NONE

**PROCEEDINGS:**     (IN CHAMBERS)

The Court is in receipt of the Ex Parte Application of plaintiffs and counter-defendants (the "moving parties") to prohibit the deposition of Rana Ayzeren, filed on August 18, 2010. The moving parties contend that Ms. Ayzeren has no information relevant to this case, and that the deposition was set for the purpose of harassment.

Ex parte applications are solely for extraordinary relief and should be used with discretion. The moving parties have not shown why they "should be allowed to go to the head of the line in front of all other litigants and receive special treatment." See Mission Power Engineering Co. v. Continental Casualty Co., 883 F.Supp. 488 (C.D. Cal. 1995). Nor have they established that they are "without fault in creating the crisis that requires ex parte relief." Id. It is apparent that the only "exigent circumstance" warranting ex parte relief is the rapidly approaching date set for the deposition, i.e., August 23, 2010. But the amended notice advancing the deposition from August 29, 2010, to the current date was dated on August 2, 2010, and presumably the original notice setting the deposition for August 29, 2010 (while not provided to the Court), was served before August 2, 2010. Counsel's asserted inability to discover information about the deponent at an earlier time is not convincing, and does not excuse the delay in bringing this matter to the Court's attention. The Court cannot conclude that the moving parties are "without fault" in creating the crisis that led to the ex parte filing. Accordingly, the Application is **denied**.

The Court notes that, in any event, the moving parties have not established to the Court's satisfaction that the purpose of the deposition subpoena is to annoy and harass, and is not to get relevant information. Of course, the moving parties may be entitled to their fees and expenses in connection with attending the deposition if it appears that defendant did not seek any relevant information at the deposition.

**IT IS SO ORDERED.**

cc:     Counsel of Record

Initials of Deputy Clerk____ch____

CV-90 (10/98)                                             CIVIL  MINUTES  -  GENERAL