CHARLES J. HARDER (BAR NO. 184593)
 charder@wrslawyers.com
NICHOLAS A. MERKIN (BAR NO. 219604)
 nmerkin@wrslawyers.com
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
11400 West Olympic Boulevard, Ninth Floor
Los Angeles, California 90064-1582
Telephone: (310) 478-4100/Facsimile: (310) 479-1422

Attorneys for Plaintiffs/Counterdefendants
GRASSHOPPER HOUSE, LLC and
PASSAGES SILVER STRAND, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRASSHOPPER HOUSE, LLC, a California limited liability company doing business as "Passages Malibu," PASSAGES SILVER STRAND, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>ACCELERATED RECOVERY CENTERS, LLC, a Georgia limited liability company,<br><br>Defendant.<br><br>AND RELATED COUNTER-CLAIM | Case No.: 2:09-cv-08128-DMG-PLA<br><br>**PLAINTIFFS AND COUNTER-DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT WITHOUT PREJUDICE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF CHARLES J. HARDER; [PROPOSED] ORDER**<br><br>[F.R.C.P. 41(a)(2)]<br><br>Date: October 4, 2010<br>Time: 9:30 a.m.<br>Location: Courtroom 7 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 4, 2010 at 9:30 a.m., or as soon thereafter as the matter may be heard, the Honorable Dolly M. Gee, presiding, in Courtroom "7" of the above-entitled court, located at 312 North Spring Street, Los Angeles, California 90012, Plaintiffs/Counterdefendants Grasshopper House, LLC and Passages Silver Strand, LLC (collectively, the "Plaintiffs/Counterdefendants") will move the Court to dismiss the First Amended Complaint without prejudice and without

-1-

-2-

1  any award of fees and/or costs.

2      This Motion is made following the conference of counsel pursuant to L.R. 7-3.

3      The Motion will be based on this Notice of Motion and Motion, the

4  Memorandum of Points and Authorities filed herewith, the Declaration of Charles J.

5  Harder and the pleadings and papers filed herein.

7  Dated: September 2, 2010    WOLF, RIFKIN, SHAPIRO,
    SCHULMAN & RABKIN, LLP

By: /s/ Charles J. Harder
    CHARLES J. HARDER
    NICHOLAS A. MERKIN
Attorneys for Plaintiff
GRASSHOPPER HOUSE, LLC and
PASSAGES SILVER STRAND, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiffs/Counterdefendants have made the determination that the basis for filing this action no longer exists. Accelerated Recovery Centers, LLC, (the "Defendant/Counterclaimant") does not appear to be using Plaintiffs/Counterdefendants' trade names and trade dress as key words for internet searches for Defendant/Counterclaimant's services in a manner that is in violation of the law any longer. Therefore, as a practical matter, it no longer makes economic sense for Plaintiffs/Counterdefendants to continue this litigation as they have achieved their litigation objective at this point.

On July 23, 2010, Plaintiffs/Counterdefendants submitted a Stipulation to Defendant/Counterclaimant for Dismissal of the First Amended Complaint. The Stipulation provided that defendant's Counterclaim would remain pending for further adjudication. On July 27, 2010, Defendant/Counterclaimant responded, indicating that it would not sign the Stipulation unless Plaintiffs/Counterdefendants agreed to dismiss the First Amended Complaint with prejudice and pay defendant's legal costs and fees to date.

Because Defendant/Counterclaimant refused to sign the Stipulation, Plaintiffs/Counterdefendants have no choice but to proceed by motion to seek a voluntary dismissal without prejudice of the First Amended Complaint, as Plaintiffs/Counterdefendants wish to reserve their right to re-file the action in the future should the offending conduct reoccur.

Furthermore, it is respectfully submitted that no award of attorneys fees and costs should be imposed as a condition of voluntary dismissal without prejudice because (a) all alleged fees and costs were relevant to the prosecution of the First Amended Counterclaims and to any new action that may be filed in the future, (b) there is no legal basis for such an award of costs and fees in any event.

///

-1-
PLAINTIFFS/COUNTERDEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
I:\17875\003\Pleadings\M2DismissCompl. 005.wpd

## II.

## THIS COURT HAS AUTHORITY TO DISMISS THE FIRST AMENDED COMPLAINT WITHOUT PREJUDICE

Federal Rule of Civil Procedure 41(a)(2) provides:

> By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

In Hamilton v. Firestone Tire & Rubber Co., Inc., 679F. 2d 143 (9th Cir. 1982), the Ninth Circuit Court of Appeal held:

> In ruling on a motion for voluntary dismissal, the District Court must consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal. [citations omitted] Plain legal prejudice, however, does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage. [citations omitted]

Id. at 145.

In fact, courts generally allow dismissal without prejudice. As stated in Hamilton, "the very purpose of Rule 41(a)(2) is to allow a District Court, in its discretion, to dismiss an action without prejudice even after responsive pleadings have been filed by the defendant." Id. In Hamilton, the court awarded costs as a condition of a dismissal without prejudice but in that case Defendant/Counterclaimant had already begun trial preparation ("Appellant has not established plain legal prejudice merely by asserting that

-2-
PLAINTIFFS/COUNTERDEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
I:\17875\003\Pleadings\M2DismissCompl. 005.wpd

it had begun trial preparations.").

The trial court has "broad discretion to make its grant of the voluntary dismissal subject to the plaintiff's acceptance of certain terms and conditions. The purpose of this provision is to alleviate prejudice to the defendant that might otherwise result from the dismissal." Federal Rule of Civil Procedure 41. <u>Williams v. Peralta Community College Dist.</u> 227 F.R.D. 538, 539-540 (N.D.Cal., 2005) ("Dismissal with prejudice may be appropriate where 'it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action.' (citations omitted) '[w]here legal prejudice is especially aggravated, some courts go beyond the scope of the plaintiff's motion and impose the ultimate condition: dismissal with prejudice'; adding that '[t]hese situations have usually arisen where the plaintiff waited until the defendant is on the verge of triumph to move for a Rule 41(a)(2) dismissal.'")

No such facts exist here. There would be no legal prejudice to Defendant/Counterclaimant if the First Amended Complaint is dismissed. Most, if not all of the costs incurred by Defendant/Counterclaimant are relevant to its prosecution of the First Amended Counterclaims. Moreover, as of the date that Plaintiffs/Counterdefendants sent the proposed Stipulation to dismiss the First Amended Complaint, only one deposition had been taken – that of Plaintiffs/Counterdefendants' corporate designee for purposes of determining the sufficiency of discovery responses. As a matter of judicial economy, it is proper to grant Plaintiffs/Counterdefendants' motion to dismiss the First Amended Complaint without prejudice at this point. It would be inequitable to dismiss the First Amended Complaint *with* prejudice because Plaintiffs/Counterdefendants should be permitted to reserve the right to re-file should the challenged conduct reoccur.

///
///
///
///

## III.

## AN AWARD OF ATTORNEYS' FEES TO DEFENDANT/COUNTERCLAIMANT IS INAPPROPRIATE IN THIS CASE

Plaintiffs/Counterdefendants respectfully submit that it would be inappropriate to award attorneys' fees to Defendant/Counterclaimant in this case.

First, attorneys' fees are not automatically awarded to a prevailing party in a trademark litigation matter. Pursuant to the applicable statute, attorneys fees are only awarded in trademark matters in "exceptional cases." 15 U.S.C. § 1117(a). Even where parties prevail after full litigation on the merits, fees are not awarded unless the case qualifies as an "exceptional case." Frisch's Restaurants, Inc. v. Elby's Big Boy of Steubenville, Ohio, 849 F.2d 1012 (Lanham Act case holding case was not "exceptional" within meaning of Act's provision for reasonable attorneys' fees, in absence of any showing that infringement as malicious, willful, fraudulent, or deliberate.)

Here, there are no facts present that suggest that the instant case is in any way "exceptional."

Second, in a trademark case, a party must make a showing of intentional wrongful conduct by the opposing party to prevail in a claim for attorneys fees. Life Industries Corp. v. Ocean Bio-Chem, Inc., 827 F.Supp. 926 (E.D.N.Y. 1993) (holding that manufacturer was not entitled to attorneys fees in action against competitor for trade dress infringement under Lanham Act, as competitor's conduct was not willful or intentionally deceptive).

Here, the is no such wrongful conduct on the part of Plaintiff/Counterdefendant. To the contrary, Plaintiff/Counterdefendant was justified in bringing the action because, as set forth above, the wrongful conduct of Defendant/Counterclaimant subsequently ceased.

Third, an award of attorneys' fees is not warranted with respect to a voluntary dismissal without prejudice when the legal work conducted is relevant to issues in the ongoing litigation. "[A] defendant is entitled only to recover, as a condition of dismissal

1  under Fed.R.Civ.P. 41(a)(2), attorneys fees or costs for work which is not useful in
2  continuing litigation between the parties." Koch v. Hankins, 8 F.3d 650, 652 (9th Cir.
3  1993). Koch involved the dismissal of an action to pursue the action in another
4  jurisdiction.
5       Here, a similar analysis applies because the Counterclaim mirrors the claims in the
6  First Amended Complaint, and survives the dismissal without prejudice. Moreover,
7  Defendant/Counterclaimant's discovery has been calculated to obtain evidence to support
8  the First Amended Counterclaims. Thus, an award of attorneys' fees is not warranted
9  because the fees already-incurred have been to prosecute the First Amended
10 Counterclaims, and there has been no adjudication of the First Amended Counterclaims.
11      Likewise, fees have been awarded where unnecessary expenses have been incurred
12 by a delay in dismissing the action. For example, in Gossard v. Washington Gas Light
13 Co., D.D.C.2003, 217 F.R.D. 38, the Court held that because "defendant incurred the
14 expenditure of unnecessary time and expense to file its supplement to the motion for
15 summary judgment" after which the motion to dismiss was filed, defendant should be
16 "reimbursed for the expenses related to that effort. However, the Court [found] that
17 reimbursement of all the costs incurred by the defendant to defend against this action
18 [was] unwarranted... However, plaintiff's motion to dismiss this action was not filed until
19 after the defendant had already filed its supplement to its motion for summary judgment.
20 Therefore, defendant should be reimbursed for the costs pertaining to the filing of the
21 supplement to its motion for summary judgment, as it would not have incurred those
22 expenses had plaintiff moved for dismissal earlier. " Id. at 41-42. In the present action,
23 there was no delay in filing this motion and no additional irrelevant work was conducted
24 by the Defendant/Counterclaimant as a result of Plaintiffs/Counterdefendants.
25      In fact, in determining whether prejudice exists, Courts look to various factors,
26 such as "'the opposing party's effort and expense in preparing for trial; excessive delay
27 and lack of diligence on the part of the movant; insufficient explanation of the need for a
28 dismissal; and the present stage of litigation.' (Citations omitted). These factors are

PLAINTIFFS/COUNTERDEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
I:\17875\003\Pleadings\M2DismissCompl. 005.wpd

1  neither exhaustive nor conclusive; the court should be sensitive to other considerations unique to the circumstances of each case. And '[i]n reaching its conclusion, the district court should endeavor to insure substantial justice is accorded to both parties, and therefore the court must consider the equities not only facing the defendant, but also those facing the plaintiff.'" Brown v. Baeke 413 F.3d 1121, 1124 (C.A.10 (Kan.),2005)

Here, no prejudice exists that would support an award of attorneys fees and/or costs against Plaintiffs/Counterdefendants. Specifically, this matter is not set to go to trial until February 22, 2011; no trial preparation has been commenced; Plaintiffs/Counterdefendants requested a dismissal of the action as soon as it discovered that the violations enumerated in the First Amended Complaint no longer existed; and currently this case only became 'at issue' fairly recently and is currently in its initial discovery stage. Accordingly, no legal prejudice has been established that would support an award of fees and/or costs be issued against Plaintiffs/Counterdefendants.

## IV.

## CONCLUSION

Plaintiffs/Counterdefendants respectfully request that this Court grant the instant motion to dismiss the First Amended Complaint without prejudice and impose no conditions on the granting of the motion and no award of attorneys fees and/or costs to Defendant/Counterclaimant.

DATED: September 2, 2010

WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP

By: _____
CHARLES J. HARDER
NICHOLAS A. MERKIN
Attorneys for Plaintiff
GRASSHOPPER HOUSE, LLC and
PASSAGES SILVER STRAND, LLC

# DECLARATION OF CHARLES J. HARDER

I, Charles J. Harder, declare:

1. I am over the age of eighteen and an attorney at law duly admitted to practice before the United States District Court for the Central District of California. I am a partner of the law firm of Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP ("WRSSR"), attorneys of record for plaintiffs and counter-defendants GRASSHOPPER HOUSE, LLC and PASSAGES SILVER STRAND, LLC (collectively, "Plaintiffs/Counterdefendants"). I have personal knowledge of the following facts, and if called ans sworn as a witness, I could and would testify competently thereto.

2. This action was filed on November 5, 2009. Our firm substituted in as counsel of record for Plaintiffs/Counterdefendants on or about March 15, 2010.

3. The gravamen of the First Amended Complaint is that Defendant/Counterclaimant used Plaintiffs/Counterdefendants' trademark and trade dress, namely, "Passages," "Passages Malibu," and "Passages Silver Strand" to divert Plaintiffs/Counterdefendants' customers away from Plaintiffs/Counterdefendants' website to Defendant/Counterclaimant's website and engaged in a false and misleading advertising campaign. In or about mid-July, 2010, I conducted online searches in Google and Yahoo using the keyword "Passages" and "Passages Malibu." I did not see any sponsored search results for Defendant/Counterclaimant. Therefore, I determined that part of Plaintiffs/Counterdefendants' primary litigation objective had been achieved

4. As soon as I discovered this information and was able to discuss it with my clients, on or about July 23, 2010, I wrote to James Doroshow, Esq., counsel for Defendant/Counterclaimant, requesting his consent to the voluntary dismissal and enclosing the draft stipulation for dismissal. A true and correct copy of my letter and draft stipulation are attached hereto collectively attached hereto as **Exhibit "A"**.

5. On July 27, 2010, Mr. Doroshow responded to my letter, rejecting the stipulation and demanding that Plaintiffs/Counterdefendants dismiss the First Amended Complaint *with* prejudice and pay Defendant/Counterclaimant all of its attorneys fees and

costs to date. Attached hereto as **Exhibit "B"** is a true and correct copy of Mr. Doroshow's email response to my letter of July 23, 2010.

6. On or about August 20, 2010, my associate, Nicholas Merkin, Esq., met and conferred in person with Mr. Doroshow regarding the substance of this motion. Mr. Doroshow still refused to stipulate to the entry of a voluntary dismissal without prejudice, thus necessitating the need to proceed with this motion.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed this ~~August 30~~ September 2, 2010 at Los Angeles, California.

_____
CHARLES J. HARDER

---

-8-

**PLAINTIFFS/COUNTERDEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**

I:\17875\003\Pleadings\M2DismissCompl.005.wpd

# EXHIBIT A



LAW OFFICES
# WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP

Charles J. Harder
charder@wrslawyers.com

File No.
17875-003

July 23, 2010

**Via Email, Facsimile and U.S. Mail**

James E. Doroshow, Esq.
Fox Rothschild LLP
1800 Century Park East-Suite 300
Los Angeles, California 90067

      Re:   **Grasshopper House v. Accelerated Recovery Centers, LLC**
            USDC Case No.: 09-CV-08128-DMG-PLA

Dear Mr. Doroshow:

     Enclosed please find a proposed stipulation for the dismissal of the claims asserted by plaintiffs in the Grasshopper House v. Accelerated Recovery Centers matter. If the enclosed is acceptable, please sign and return the document to me for e-filing, or alternatively let me know if we have your approval to e-file the document, with your electronic signature.

     In light of the fact that most of the discovery that is the subject of Accelerated's motion to compel further responses to interrogatories and document requests is now moot, based on the pending dismissal of plaintiffs' claims, please confirm that you will take off calendar the motion to compel, and provide us with a new draft stipulation limited to the discovery pertaining only to the remaining counterclaims being asserted by your clients (following the Court's recent dismissal of certain counterclaims and several named counterdefendants).

James Doroshow, Esq.
July 23, 2010
Page 2

      We also encourage your client to consider a voluntary dismissal of its remaining counterclaims, because there is no evidence to support them, and they are legally deficient in any event. We are available to discuss this issue further at your convenience.

Very truly yours,

WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP

CHARLES J. HARDER

CJH:sbp

Enclosure

cc:   Mr. Chris Prentiss
      Thomas Nitti, Esq.
      Roy Rifkin, Esq.
      Denise Parga, Esq.
      Nicholas Merkin, Esq.

I:\17875\003\Letters\CJH - Doroshow Letter Re Dismissal of Claim 072310.wpd

CHARLES J. HARDER (BAR NO. 184593)
charder@wrslawyers.com
NICHOLAS A. MERKIN (BAR NO. 219604)
nmerkin@wrslawyers.com
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
11400 West Olympic Boulevard, Ninth Floor
Los Angeles, California 90064-1582
Telephone: (310) 478-4100   Facsimile: (310) 479-1422

Attorneys for Plaintiffs and Counter-Defendants
GRASSHOPPER HOUSE, LLC and
PASSAGES SILVER STRAND, LLC

JAMES E. DOROSHOW (BAR NO. 112920)
jdoroshow@forxrothschild.com
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, California 90067-3005
Telephone: (310) 598-4150   Facsimile: (310) 556-9828

Attorneys for Defendants and Counter-Complainants
ACCELERATED RECOVERY CENTERS, LLC,
KEVIN M. KELLY, and JAN HOLT WATKINS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRASSHOPPER HOUSE, LLC, a California limited liability company doing business as "Passages Malibu," PASSAGES SILVER STRAND, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>ACCELERATED RECOVERY CENTERS, LLC, a Georgia limited liability company,<br><br>Defendant.<br><br>AND RELATED COUNTER-CLAIM | Case No.: 2:09-CV-08128-DMG (PLAx)<br><br>**STIPULATION FOR DISMISSAL OF FIRST AMENDED COMPLAINT**<br><br>**Federal Rule of Civil Procedure 41(a)(1)(A)(ii)** |

The parties hereto, through their counsel of record, hereby stipulate to the dismissal of the first amended complaint and each claim therein. The parties

-1-

**STIPULATION BY DISMISSAL OF FIRST AMENDED COMPLAINT**
I:\17875\003\Pleadings\Stipulation by Dismissal.wpd

further stipulate that the counterclaim shall remain pending for independent adjudication.

WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP

DATED: July __, 2010

By: _____
CHARLES J. HARDER
Attorneys for Plaintiffs
GRASSHOPPER HOUSE, LLC and
PASSAGES SILVER STRAND, LLC

FOX ROTHSCHILD LLP

DATED: July __, 2010

By: _____
JAMES E. DOROSHOW
Attorneys for Defendants
ACCELERATED RECOVERY CENTERS, LLC., KEVIN M. KELLY, and JAN HOLT WATKINS

-2-

**STIPULATION BY DISMISSAL OF FIRST AMENDED COMPLAINT**

I:\17875\003\Pleadings\Stipulation by Dismissal.wpd

# EXHIBIT B

**Charles Harder**

| | |
|---|---|
| **From:** | Doroshow, James E. [JDoroshow@foxrothschild.com] |
| **Sent:** | Wednesday, July 28, 2010 8:26 AM |
| **To:** | Charles Harder |
| **Cc:** | Osterberg, Eric C.; LeBrane, Claudia A.; CHAssist |
| **Subject:** | RE: Grasshopper House v. Accelerated Recovery Centers, LLC |

Mr. Harder: I have now had a chance to review your request to dismiss your claims. If you agree to dismiss them with prejudice and pay all of our clients costs and legal fees we will not oppose your request for a dismissal of your claims. We would however intend to proceed with our counterclaims in any event, and would not agree to the dismissal of your claims under any circumstances unless the court retains jurisdiction of our counterclaims. I obviously don't agree with the statements in your July 23, 2010 letter that our counterclaims lack support, factual or legal. In fact, based upon your client's testimony at the recent Rule 30b6 deposition we are now considering a motion for summary adjudication/judgment on our Lanham Act counterclaim. Regards, Jim.

---

**From:** Charles Harder [mailto:charder@wrslawyers.com]
**Sent:** Tuesday, July 27, 2010 1:31 PM
**To:** Doroshow, James E.
**Cc:** Osterberg, Eric C.; LeBrane, Claudia A.; CHAssist
**Subject:** RE: Grasshopper House v. Accelerated Recovery Centers, LLC

FRCP Rule 41. Please let me know by close of business today if you will stipulate to the dismissal.

---

**From:** Doroshow, James E. [mailto:JDoroshow@foxrothschild.com]
**Sent:** Tuesday, July 27, 2010 1:23 PM
**To:** Charles Harder
**Cc:** Osterberg, Eric C.; LeBrane, Claudia A.; CHAssist
**Subject:** RE: Grasshopper House v. Accelerated Recovery Centers, LLC

no, i know what your proposed stipulation says, what authority do you have for the request?

---

**From:** Charles Harder [mailto:charder@wrslawyers.com]
**Sent:** Tuesday, July 27, 2010 1:21 PM
**To:** Doroshow, James E.
**Cc:** Osterberg, Eric C.; LeBrane, Claudia A.; CHAssist
**Subject:** RE: Grasshopper House v. Accelerated Recovery Centers, LLC

The stipulation that I sent you states:

"The parties hereto, through their counsel of record, hereby stipulate to the dismissal of the first amended complaint and each claim therein. The parties further stipulate that the counterclaim shall remain pending for independent adjudication."

Will you consent to my office e-filing this Stipulation?

---

**From:** Doroshow, James E. [mailto:JDoroshow@foxrothschild.com]
**Sent:** Tuesday, July 27, 2010 1:18 PM
**To:** Charles Harder

1

**Cc:** Osterberg, Eric C.; LeBrane, Claudia A.; CHAssist
**Subject:** RE: Grasshopper House v. Accelerated Recovery Centers, LLC

I have no idea why you think we should dismiss any of the counterclaims. That's what I am asking Charles, i.e, what are you relying on for this request?

---

**From:** Charles Harder [mailto:charder@wrslawyers.com]
**Sent:** Tuesday, July 27, 2010 1:10 PM
**To:** Doroshow, James E.
**Cc:** Osterberg, Eric C.; LeBrane, Claudia A.; CHAssist
**Subject:** RE: Grasshopper House v. Accelerated Recovery Centers, LLC

What is your response to my request to sign the Stipulation?

---

**From:** Doroshow, James E. [mailto:JDoroshow@foxrothschild.com]
**Sent:** Tuesday, July 27, 2010 1:10 PM
**To:** Charles Harder
**Cc:** Osterberg, Eric C.; LeBrane, Claudia A.
**Subject:** RE: Grasshopper House v. Accelerated Recovery Centers, LLC

Mr. Harder: I have reviewed your letter of July 23, 2010 and proposed Stipulation. I don't know what Order you are referring to that you think moots our claims. The Court has simply ruled that for now we cannot bring claims against some of the newly named counterdefendants, but that all claims remain intact against plaintiffs, Chris and Pax Prentiss and Barrett. If you have any authority to the contrary, please let me know the specific language in the Court's Order you think provides otherwise. Our outstanding discovery which is the subject of the Motion to Compel has also not been "mooted" as your letter says by anything the Court ordered. If you believe it has, please cite and quote the specific language of the Court's order you think does so. Thank you, Jim Doroshow.

```
ATTENTION:

IRS CIRCULAR 230 DISCLOSURE:
Pursuant to Treasury Regulations, any tax advice contained in this communication
(including any attachments) is not intended or written to be used, and cannot be
used or relied upon by you or any other person, for the purpose of (i) avoiding
penalties under the Internal Revenue Code, or (ii) promoting, marketing or
recommending to another party any tax advice addressed herein.
-------------------------------------------------
This e-mail contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for
the use of the Individual(s) named above. If you are not the intended recipient
of this e-mail, or the employee or agent responsible for delivering this to the
intended recipient, you are hereby notified that any dissemination or copying
of this e-mail is strictly prohibited. If you have received this e-mail in error,
please immediately notify us by telephone at (215)-299-2167 or notify us by
e-mail at helpdesk@foxrothschild.com.  Also, please mail a hardcopy of the e-mail
to Fox Rothschild LLP, 2000 Market Street, Philadelphia PA 19103-3291 via the
U.S. Postal Service.  We will reimburse you for all expenses incurred.
```

Thank you.

```
ATTENTION:

IRS CIRCULAR 230 DISCLOSURE:
Pursuant to Treasury Regulations, any tax advice contained in this communication
(including any attachments) is not intended or written to be used, and cannot be
used or relied upon by you or any other person, for the purpose of (i) avoiding
penalties under the Internal Revenue Code, or (ii) promoting, marketing or
recommending to another party any tax advice addressed herein.
-------------------------------------------------
This e-mail contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for
the use of the Individual(s) named above. If you are not the intended recipient
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRASSHOPPER HOUSE, LLC, a California limited liability company doing business as "Passages Malibu," PASSAGES SILVER STRAND, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>ACCELERATED RECOVERY CENTERS, LLC, a Georgia limited liability company,<br><br>Defendant.<br><br>AND RELATED COUNTER-CLAIM | Case No.: 2:09-CV-08128-DMG (PLAx)<br><br>**[PROPOSED] ORDER OF DISMISSAL OF FIRST AMENDED COMPLAINT**<br><br>**Federal Rule of Civil Procedure 41(a)(2)**<br><br>Date:      October 4, 2010<br>Time:     9:30 a.m.<br>Location: Courtroom 7 |

The matter of Grasshopper House, LLC and Passages Silver Strand, LLC's (Collectively the "Plaintiffs/Counterdefendants") Motion to Dismiss the First Amended Complaint without prejudice came on for hearing on October 4, 2010, at 9:30 a.m., in Courtroom 7 of the above-captioned Court, the Honorable Dolly M. Gee, presiding. Accelerated Recovery Centers, LLC (the "Defendant/Counterclaimant") appeared by and

through its counsel of record, James E. Doroshow, Esq. Plaintiffs/Counterdefendants appeared by and through their counsel of record in this matter, Charles J. Harder, Esq.

The Court having read and considered the Motion, the Opposition thereto, and the Reply to the Opposition, and have heard and considered the statements and arguments of counsel to the parties,

IT IS HEREBY ORDERED:

1. The Motion is GRANTED.
2. The First Amended Complaint is hereby dismissed without prejudice.
3. The parties to bear their own attorneys' fees and costs in relation thereto.

Dated: _____

Honorable Dolly M. Gee
United States District Judge