1   James E. Doroshow (State Bar No. 112920)
       jdoroshow@foxrothschild.com
2   Alan Chen (SBN 224420)
       achen@foxrothschild.com
3   FOX ROTHSCHILD LLP
    1800 Century Park East, Suite 300
4   Los Angeles, CA 90067-3005
    Tel 310.598.4150 / Fax 310.556.9828
5
    Attorneys for Defendant/Counterclaimant
6   Accelerated Recovery Centers, LLC

7

8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12  GRASSHOPPER HOUSE, LLC, a California limited liability company doing business as Passages Malibu, PASSAGES SILVER STRAND, LLC, a California limited liability company, | Case No. CV09-08128-DMG (PLAx) |
| 15      Plaintiffs, | **DISCOVERY MATTER MAGISTRATE PAUL L. ABRAMS (LOCAL RULE 37)** |
| 16   v. | **NOTICE OF MOTION AND JOINT STIPULATION RE: ACCELERATED RECOVERY CENTERS, LLC'S MOTION TO COMPEL FURTHER RESPONSES FROM CHRIS AND PAX PRENTISS TO ACCELERATED'S FIRST SET OF INTERROGATORIES; REQUEST FOR MONETARY SANCTIONS; DECLARATION OF JAMES E. DOROSHOW** |
| 17   ACCELERATED RECOVERY CENTERS, LLC, a Georgia limited liability company, | |
| 19      Defendant. | |
| 21 | Hearing Date:    October 26, 2010 |
| 22 | Time:            10:00 a.m. |
| | Courtroom:       Courtroom G, 9th Floor |
| 23 | |
| 24 | Discovery Cut-Off: Nov. 1, 2010 |
| | Pretrial Conf.:    Jan. 25, 2011 |
| 25 | Trial Date:       Feb. 22, 2011 |
| 26  And Related Counterclaims. | |
| 27 | |
| 28 | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on October 26, 2010 at 10:00 a.m. or as soon thereafter as the matter may be heard in the above-entitled action before the Honorable Paul L. Abrams, United States Magistrate Judge, United States District Court for the Central District of California, 312 N. Spring Street, Courtroom G, Ninth Floor, Los Angeles, California 90012, Defendant and Counterdefendant Accelerated Recovery Centers, LLC (Accelerated") hereby does and will move the Court to rule on this jointly filed stipulation pursuant to Local Rule ("L.R.") 37-3, and request an order that Counterdefendants Chris and Pax Prentiss respond fully to Accelerated's First Set of Interrogatories.

This motion is made pursuant to Rules 26, 34 and 37 of the Federal Rules of Civil Procedure and L.R. 37. The Interrogatories request information that is clearly relevant to the claims and defenses in the case, and are reasonably calculated to lead to the discovery of admissible evidence and good cause exists therefor. Accelerated has made a good faith and reasonable attempt to resolve this matter without Court intervention pursuant to L.R. 37, including an in-person conference with Prentiss' counsel on this matter pursuant to L.R. 37-1, without success. *See* Declaration of James E. Doroshow ("Doroshow Decl.") submitted herewith ¶¶ ___, and Exhibits ___.

In addition, Accelerated requests monetary sanctions against Prentiss and their counsel in the amount of $_____, to reimburse Accelerated for the fees and costs incurred in bringing this Motion. (Doroshow Decl., ¶¶ ___).

This motion is based on this notice of motion, the attached Joint Stipulation Re: Accelerated's Motion to Compel Further Responses to Accelerated's First Set of Interrogatories; the Declaration  filed concurrently herewith and exhibits attached hereto; any supplemental memorandum that may be filed in connection with the Joint Stipulation; the pleadings and papers on file in this action; and on such oral argument and other matters as the Court may properly consider at the

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Telephone: (310) 598-4150   Fax: (310) 556-9828

1    time of the hearing of this motion.

2

3    DATED:  September 28, 2010          Respectfully submitted,

4                                        FOX ROTHSCHILD LLP

5

6                                        By:  /s/ James E. Doroshow
7                                             James E. Doroshow
                                             Attorneys for Defendant/Counterclaimant
8                                             Accelerated Recovery Centers, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Telephone: (310) 598-4150  Fax: (310) 556-9828

CASE NO. CV09-08128 DMG (PLAx)                    Accelerated's Motion Joint Stipulation
                                                          and Motion to Compel

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Telephone: (310) 598-4150   Fax: (310) 556-9828

## I.   ACCELERATED'S INTRODUCTORY STATEMENT

### A.   Grasshoppers' and the Prentiss' Latest Discovery Abuse.

The ink is not even dry on this Court's Order Re: Defendants' Motion to Compel Discovery and Motion for Protective Order dated August 27, 2010 (D.I. 74) ("Discovery Order"), and Plaintiff and Counterdefendant Grasshopper House, LLC ("Grasshopper"), and its principals, Counterdefendants Chris and Pax Prentiss ("Prentiss"), are at it again.[1] Since the Court entered this Order, Chris and Pax Prentiss served responses to an additional set of interrogatories and document requests *not answering a single interrogatory and not agreeing to produce a single document.* See Doroshow Decl., ¶ 17, Exs. A, B, C and D. If this were not enough, *Prentiss (through the same counsel) asserted the same boilerplate objections that this Court rejected as improper in its Discovery Order ordering Grasshopper to answer Accelerated's earlier discovery. Id.* In fact, the Prentiss discovery responses were served on August 31, 2010, *four days after this Court entered its Discovery Order. Id.*[2] Thus, Prentiss and its counsel were fully aware that their latest responses plainly violate the terms of the Court's Discovery Order.

### 1.   The Parties' Claims.

On November 5, 2009, Plaintiff Grasshopper House, LLC and Passages Silver Strand LLC (collectively "Grasshopper") filed this action alleging trademark infringement and unfair competition under the Lanham Act based upon Accelerated's alleged use of certain keywords in internet advertising. On May 10, 2010, Grasshopper filed an Amended Complaint that also includes these

---

[1] As the Court will recall, in its Discovery Order, the Court ordered Grasshopper to: (i) respond fully to Accelerated's interrogatories and document requests, and produce all responsive documents within ten (10) Court days; (ii) prepare and serve a sworn declaration signed by a corporate officer under penalty of perjury attesting that all responsive documents had been produced; and (iii) pay Accelerated $5,000 in monetary sanctions. *See* Discovery Order at pp. 11-12. To this day, there has still not been complete compliance with this Order. Doroshow Decl. at ¶

[2] When Chris Prentiss' counsel served his client's responses he did so with a cover letter dated August 30, stating, *inter alia* "[t]he responses will be further reviewed by my office in light of the Magistrate's recent decision and supplemented within the next week." *Id.* ¶ 18, Ex. E. No extension was asked for by counsel or given. Moreover, true to form, no supplemental responses were ever received, *until nearly a month after they were* due. *Id.*

CASE NO. CV09-08128 DMG (PLAx)                    Accelerated's Motion Joint Stipulation
                                                              and Motion to Compel

1  allegations, as well as alleged misstatements by Accelerated concerning its alcohol

2  treatment programs.

3       On December 23, 2009, Accelerated filed an Answer denying the material

4  allegations in Grasshopper's Complaint; together with Counter-claims against, *inter*

5  *alia*, Grasshopper and its principals, Chris and Pax Prentiss (collectively, Prentiss"),

6  alleging false advertising under the Lanham Act (15 U.S.C. § 1125(a)) based upon

7  Counterdefendants' false assertion that they can "cure" alcoholism and drug

8  addiction when they know that there is no cure for such addictive diseases.  In its

9  Counterclaims, Accelerated also seeks declaratory relief, including a determination

10  that Accelerated does not infringe Grasshopper's unregistered "Passages" mark.

11  On May 10, 2010, Accelerated filed its Amended Counterclaims.

12            **2.    Grasshopper's and Prentiss' Prior Discovery Abuse**.

13       As this Court is aware from its recent consideration and ruling on

14  Accelerated's Motion to Compel and for Entry of Protective Order, this case has a

15  long history of discovery abuse on the part of Grasshopper and its counsel. On

16  March 8, 2010, *nearly seven months ago*, Accelerated served its First Set of

17  Interrogatories on Grasshopper.

18       On March 8, 2010, Accelerated also served its First Set Of Requests for

19  Production of Documents on Grasshopper.  Doroshow Decl., ¶ 4-5.

20       On April 12, 2010, Grasshopper mailed its Response to Accelerated's First Set

21  Of Requests for Production of Documents, together with a CD containing

22  documents marked GRS 0001-GRS-0472.

23       Grasshopper's  document production consisted only of 472 pages of material:

24  28 pages of print-outs of Yahoo! and Google searches, the prosecution histories of

25  Plaintiff's federal trademark applications and various court filings.  Grasshopper

26  produced <u>no</u> documents relating to its proclaimed ability to "cure" alcoholism and

27  drug addiction and no documents relating to the factors relevant to Grasshopper's

28  trademark infringement claims as identified by the Ninth Circuit in the *Sleekcraft*

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Telephone: (310) 598-4150  Fax: (310) 556-9828

1  case. *Id.*, ¶¶ 6-7

2      On April 23, 2010, *11 days late*, Grasshopper served by mail its Responses to

3  Accelerated's First Set of Interrogatories.  No extension of the time to respond to

4  the Interrogatories was given.  The responses were unverified.  Over a month later,

5  Grasshopper finally provided the verification.  *Id.*, ¶ 8.

6      On May 11, 2010, Accelerated's counsel sent to Grasshopper's counsel a meet

7  and confer letter that detailed the deficiencies in Grasshopper's responses to both

8  the interrogatories and document requests.  *Id.*, ¶ 9.

9      On June 4, 2010, Grasshopper's counsel responded to counsel's letter of May

10  11, 2010.  Among other arguments, *Grasshopper asserted that certain documents*

11  *called for by Accelerated's requests contained confidential business information*

12  *that would not be provided unless and until the Court entered a protective order.*

13  At the same time, Grasshopper agreed to provide verifications for the interrogatory

14  responses, and to supplement its interrogatory and document responses.  *Id.*, ¶10.

15      Pursuant to Grasshopper's request, and Grasshopper's stated concern about the

16  confidentiality of certain information, Accelerated sent Grasshopper's counsel an

17  email on June 9, 2010, in which it provided to counsel a draft of a proposed

18  Stipulated Protective Order.  On June 11, 2010, counsel then forwarded to

19  Grasshopper a proposed stipulation requesting that the Court enter the proposed

20  order.  Despite repeated requests, and despite Grasshopper's previous insistence on

21  entry of such an order, Grasshopper would not comment on either draft.  Instead

22  counsel informed Accelerated's counsel by email that his client would not

23  authorize him to comment on the draft.  *Id.*, ¶ 11.

24      On June 21, 2010, Accelerated sent Grasshopper's counsel a Stipulation Re

25  Motion to Compel Discovery.  This joint stipulation was lengthy and took a great

26  deal of attorney time and effort to prepare.  Once again, Grasshopper's counsel did

27  not respond, did not add Grasshopper's position to the proposed joint stipulation,

28  and did not sign the joint stipulation.  *Id.*, ¶ 12.

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Telephone: (310) 598-4150  Fax: (310) 556-9828

CASE NO. CV09-08128 DMG (PLAx)                    Accelerated's Motion Joint Stipulation
                                                              and Motion to Compel

1    Moreover, after agreeing to do so, Grasshopper did not serve any supplemental

2    interrogatory answers; any additional documents; any supplemental written

3    response to the document requests; any privilege log; or any response regarding the

4    proposed Stipulated Protective Order. *Id.*, ¶ 13.

5    On August 27, 2010, this Court (Magistrate Judge Paul L. Abrams) entered its

6    Order Re: Defendants' Motion to Compel Discovery and Motion for Entry of

7    Protective Order ("Discovery Order"). In its Order, the Court ordered

8    Grasshopper, among others, (i) to produce all responsive documents responsive to

9    Accelerated's discovery within ten (10) court days; (ii) concurrently with the

10   production of documents, to submit a declaration, signed by a corporate officer

11   under penalty of perjury, that all responsive documents in Grasshopper's

12   possession, custody or control had been produced; and (iii) to pay Accelerated

13   $5,000 in monetary sanctions.

**3.    The Interrogatories That Are the Subject of this Motion.**

15   On August 31, 2010, *four days after this Court entered its Discovery Order*,

16   Counterdefendants Chris and Pax Prentiss served their responses to Accelerated's

17   First Set of Interrogatories. True and correct copies of these discovery responses

18   are attached to the accompanying Doroshow Decl. as Exhibits A through D,

19   inclusive. *Id.*, ¶ 15.

20   As is evident on the face of their discovery responses, notwithstanding this

21   Court's Discovery Order, and even though Pax Prentiss is represented by the same

22   counsel as Grasshopper, *Prentiss did not answer a single interrogatory or produce*

23   *a single document in responding to Accelerated's discovery. In fact, all that was*

24   *served were responses consisting solely of objections, many of which were already*

25   *considered and rejected by this Court in its lengthy Discovery Order. Id.*, ¶ 16.

26   In faxing his discovery responses to Accelerated's counsel on the morning of

27   August 31, 2010, counsel for Chris Prentiss' (Thomas A. Nitti) enclosed a cover

28   letter to counsel stating that his client's responses: "will be further reviewed by my

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Telephone: (310) 598-4150  Fax: (310) 556-9828

1    office in light of the Magistrate's recent decision *and supplemented within the next*
2    *week.*" (Emphasis added.)  For weeks counsel heard nothing further from Mr. Nitti
3    on the subject of supplementation after his August 30, 2010 letter.  Thus, once
4    again Accelerated was seeing the same empty promises it experienced with counsel
5    in connection with the Grasshopper discovery that is the subject of the Court's
6    Discovery Order.  Accelerated was never asked to give, and never gave Chris or
7    Pax Prentiss an extension of time to respond to Accelerated's discovery.  Complete
8    responses and production were due on August 30, 2010.  A true and correct copy of
9    Mr. Nitti's August 31, 2010 letter promising to supplement his client's responses
10   "within a week" is attached to the Doroshow Declaration as Exhibit E.  *Id.*, ¶ 17.

11       Although Accelerated's counsel sent Mr. Nitti and Grasshopper's and Pax
12   Prentiss's counsel (Charles J. Harder) a letter on August 31, 2010 asking them to
13   confer with him to discuss their clients' improper discovery responses, neither
14   counsel made themselves available within 10 days as required by this Court's local
15   rules as of the date of filing this Application.  A true and correct copy of
16   Accelerated's counsel's August 31, 2010 letter to counsel is attached to the
17   Doroshow Declaration as Exhibit F.  *Id.*, ¶ 18.

18       Finally, counsel agreed to meet on September 20, 2010.  Based upon this
19   Court's ruling directing the parties to conduct all meet and confers relating to
20   disputed discovery matters before a court reporter, Accelerated's counsel arranged
21   to have a court reporter present during the September 20, 2010 meeting.  Attached
22   to the Doroshow Declaration as Exhibit G is a true and correct copy of pages 48-51
23   of the transcript of their meeting reflecting counsel's discussion relating to the
24   discovery that is the subject of this Motion.  As it appears in this transcript, during
25   the course of counsel's discussions, counsel for Pax Prentiss (Charles J. Harder)
26   informed Accelerated that, in light of counsel agreeing to give his client additional
27   time to respond, he expected Pax Prentiss' supplemental interrogatory responses
28   "to be quite thorough."  *Id.*, ¶ 19, Ex. G, p. 49, lines 1-4.

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Telephone: (310) 598-4150   Fax: (310) 556-9828

Accelerated's Motion Joint Stipulation
and Motion to Compel

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Telephone: (310) 598-4150   Fax: (310) 556-9828

During the same September 20th meeting, Chris Prentiss' counsel (Thomas A. Nitti) told Accelerated's counsel that the reason why he had initially served only objections to Accelerated's Interrogatories and not supplemented his client's responses "within a week" as he had represented in his August 31, 2010 letter (Ex. E), was:

> "You initially got a lot of objections because I got the questions [interrogatories] the day before they were due for some reason.  That's probably because I came into the case recently."[3]
>
> In any event, when I wrote you my letter, I indicated we'd supplement within a week.  We – and then we got into this whole thing about whether to meet and confer, when that was going to happen, and instead of being able to supplement before today, I wound up having to go and write oppositions to your ex parte in court, and that took up a great deal of time.
>
> Now I'm not writing oppositions to ex partes, I can sit with my client and finish these supplements."

*Id.*, Ex. E.,  pp. 49: 25-50:12.  *In the end, Mr. Nitti and his client did not serve supplemental responses until September 27, 2010, nearly three weeks after he stated he would supplement the responses and nearly a month after they were due.  Id.*, ¶ 20.

Notwithstanding counsel's representation that Accelerated would be receiving "thorough" responses to its Interrogatories from Chris and Pax Prentiss, on Monday, September 27, 2010, Accelerated was served with Supplemental Responses to Accelerated's Interrogatories which continued to be largely nonresponsive and incomplete.  *In fact, Chris and Pax Prentiss continue to object*

---

[3] In fact, *Mr. Nitti appeared in this case over two months ago, on July 20, 2010.*  Thus, this "excuse" is of course completely contrived. *Id.*, ¶ 20.

CASE NO. CV09-08128 DMG (PLAx)                    Accelerated's Motion Joint Stipulation
                                                             and Motion to Compel

1   *to and have refused to provide any response to 5 out of 10 interrogatories*. True

2   and correct copies of Pax and Chris Prentiss' Supplemental Responses to

3   Accelerated's Interrogatories dated September 24, 2010 are attached to the

4   Doroshow Declaration as Exhibits H and J. *Id.*, ¶ 21.

5        As they well know, Chris and Pax Prentiss have repeatedly marketed and

6   promoted Grasshopper, including its purported ability to "cure" alcoholism and

7   other forms of addictive disease, by representing that Pax Prentiss – a "former"

8   heroin addict – was the inspiration and source of the treatment program Prentiss

9   claims to have conceived. Among other examples, attached hereto as Exhibit J is a

10  true and correct copy of pages 121-127 of Chris Prentiss book "The Alcoholism

11  and Addiction Cure" in which Pax Prentiss writes about how he was supposedly

12  "cured" from his heroin addiction, and has now been "sober for five years" as of

13  the date the book was published in 2008. Thus, Grasshopper and Prentiss have

14  clearly placed Pax Prentiss' alleged sobriety at the heart of their professed ability to

15  "cure" alcoholism and other addictive disease. Yet, as discussed below, they are

16  unwilling to respond to any discovery concerning their claims about how Pax

17  Prentiss has allegedly had a lengthy 10 years of alleged sobriety.[4]

18            **II. ACCELERATED'S LEGAL CONTENTIONS**

19       In its Discovery Order, this Court make it perfectly clear to

20  Grasshopper/Prentiss that the parties' discovery rights are very broad and that, as

21  the party resisting discovery, the burden is on Grasshopper/Prentiss to show that

22  discovery should not be allowed. In the Court's words:

23            "As a threshold matter, under Rule 26(b)(1) of the

24       Federal Rules of Civil Procedure, discovery is permitted of 'any

25       nonprivileged matter that is relevant to any party's claim or

26

27  ---

[4]   Accelerated's counsel has spent 5 hours preparing these moving papers. He expects to spend at least an additional

28  3 hours preparing to argue this motion and attending the hearing on this matter.  His normal hourly rate is $550.00
per hour.  Therefore, Accelerated is seeking no less than $4,400.00 to compensate it for the expense of having to
prepare and present this motion. *Id.*, ¶ 23.

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Telephone: (310) 598-4150   Fax: (310) 556-9828

10

1    defense.'  Generally, Rule 26(b) is to be 'liberally interpreted to

2    permit wide-ranging discovery of information,' even if that

3    information is not ultimately admitted at trial.  See Comcase of

4    Los Angeles, Inc. v. Top End International, Inc., 2003 WL

5    2251149, at *2 (C.D. Cal. July 2, 2003); see also Fed.R.Civ.P.

6    26(b)(1) ("Relevant information need not be admissible at the trial

7    if the discovery appears reasonably calculated to lead to the

8    discovery of admissible evidence").  Here, the burden is on

9    Grasshopper, as the party resisting discovery, to show that

10   discovery should not be allowed (Comcase, 2003 WL22251149, at

11   2* (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir.

12   1975)); it is not up to Grasshopper to decide what Accelerated

13   needs to defend this action.  Neither is it the role of the Court in

14   this Motion to determine what evidence the District Judge will

15   actually allow in at a trial in this case.  See, e.g., Colonial Life &

16   Accident Insur. C. v. Superior Court of Los Angeles County, 31

17   Cal.3d 785, 791, n. 8 (1982) (quoting Pacific Tel. & Tel. Co. v.

18   Superior Court, 2 Cal.3d 161, 172-73 (1970) ("[Courts] may

19   appropriately give the applicant [for discovery] substantial leeway,

20   especially when the precise issues of the litigation of the governing

21   legal standards are not clearly established [citation]; a decision of

22   relevance for purposes of discovery is in no sense a determination

23   of relevance for purposes of trial.") (brackets in original))."

24          Here, the discovery sought by Accelerated is clearly relevant to

25   Accelerated's Lanham Act claim in this action, as well as Grasshopper's trademark

26   infringement claim.  Chris Prentiss has repeatedly stated and written that his son,

27   Pax Prentiss, is the inspiration and source of his ability to "cure" others from

28

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Telephone: (310) 598-4150   Fax: (310) 556-9828

11

CASE NO. CV09-08128 DMG (PLAx)                    Accelerated's Motion Joint Stipulation
                                                              and Motion to Compel

1    addictive disease. Grasshopper and Prentiss also actively promote themselves by

2    insisting Pax Prentiss has 10 years of sobriety. Doroshow Decl. ¶ 22, Ex. J.

3         In case of any legitimate concern with confidentiality, there was also a far

4    more reasonable vehicle available to Prentiss for addressing any such concern. If

5    appropriate, rather than refuse to respond to relevant discovery, Prentiss could have

6    simply designated their responses as "confidential" under the terms of the existing

7    protective order entered by the Court in this case. They then could preserve any

8    issues of confidentiality and admissibility for future proceedings, including trial.

9    Rather then follow this reasonable approach, however, they have refused to answer

10    half of Accelerated's interrogatories. Doroshow Decl., ¶ 21, Exs. H and J. This is

11    not only inappropriate but it has also resulted in significantly increasing the cost of

12    completing discovery. *Id.*, ¶ 23.

13         This is again a motion that should have never have had to be brought and

14    should be granted. In addition, Accelerated should be compensated in the sum of

15    no less than $4,400 for the expense of having to present it. *See* Fed.R.Civ.P. Rule

16    37 and Doroshow Decl. at ¶ 23.

17        **III.   PRENTISSES' INTRODUCTORY STATEMENT AND**

18                      **LEGAL CONTENTIONS**

19         Counterdefendants Chris and Pax Prentiss (the "Prentisses") are outraged

20    that Accelerated would file its Motion without including the Prentisses' portions of

21    the Joint Stipulation or the supporting Declaration of their counsel, Mr. Harder.

22    Accelerated's counsel received these materials <u>before</u> it filed its Motion to Compel.

23    Yet for some reason it filed the Motion without the Prentisses' portions and

24    supporting Declaration, and even made falsely represented to the Court that the

25    Prentisses had not provided a "timely" response to the Motion. On the contrary,

26    the Prentisses' portions and Declaration were due by 5:00 p.m. Prentisses sent their

27    portions of the Joint Stipulation at **1:29 p.m.,** and their counsel's Declaration and

28    exhibits at **1:32 p.m.** The Prentisses' counsel even informed Accelerated's counsel

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Telephone: (310) 598-4150   Fax: (310) 556-9828

CASE NO. CV09-08128 DMG (PLAx)              Accelerated's Motion Joint Stipulation
and Motion to Compel

1    at **11:57 a.m.** to anticipate receiving these materials before 2:00 p.m.  *See*

2    accompanying Harder Declaration, Exh. __ .  Notwithstanding having received all

3    of the Prentisses materials by 1:32 p.m., Accelerated's counsel proceeded to file its

4    Motion, without the Prentisses materials, at **1:44 pm**.  See Harder Decl., Exh. __ .

5         For these reasons alone, the Motion should be denied, and monetary

6    sanctions should be imposed against Accelerated and its counsel.  At the very least,

7    any request for monetary sanctions by Accelerated should be denied.

8         Second, the Prentisses strenuously dispute the factual statement by

9    Accelerated, above.  Following the Magistrate's Order regarding Grasshopper's

10   discovery responses, Grasshopper produced all responsive documents and provided

11   full and complete interrogatory responses, as ordered.  Accelerated has not

12   complained about Grasshopper's final responses and document production, since

13   they were delivered.  Moreover, Grasshopper paid the $5,000 in sanctions.

14        On or about September 15, 2010, following a deposition, counsel for all

15   parties stipulated that the Prentisses would serve further interrogatory responses by

16   September 24, 2010.  The Prentisses did serve their Supplemental Responses on

17   September 24, 2010.  <u>Accelerated made no effort whatsoever to meet and confer</u>

18   <u>regarding the Supplemental Responses, before rushing to file the instant Motion.</u>

19   Accelerated did not send a meet and confer letter.  Accelerated did not request a

20   meet and confer conference.  Accelerated simply served the Prentisses with its

21   portion of the Joint Stipulation in this Motion, with no discussion first, in violation

22   of the FRCP and Local Rules requiring a meet and confer <u>before</u> filing a motion.

23   (Harder Decl., Ex. 1.)  When the Prentisses received the Joint Stipulation, they

24   asked that it be withdrawn until such time as the parties had met and conferred.

25   Accelerated rejected the request, and threatened the Prentisses' counsel with a

26   disciplinary proceeding.  (Harder Decl., Ex. 2.)  Counsel for the Prentisses also

27   stated to Accelerated's counsel, after reviewing Accelerated's portion of the Joint

28   Stipulation, that the Prentisses would be able to provide further responses to the

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Telephone: (310) 598-4150   Fax: (310) 556-9828

13

1   interrogatories, to address the issues in the Joint Stipulation. (*Id.*, Ex. 1)  The

2   Prentisses have since prepared and served Second Supplemental Responses to the

3   Interrogatories at issue.  Those responses are attached as Exhibits "3" and "4" to

4   the accompanying Harder Declaration.  Their contents are also set forth verbatim

5   below.

6          Third, it is worth mentioning that Accelerated's Counterclaims are baseless.

7   Accelerated has not produced one single document in this case.  This is a violation

8   of Accelerated's Rule 26 obligations, and also its discovery obligations.

9   Accelerated even claims to have possession of responsive documents, and agreed

10  on June 4, 2010 to produce them.  But no documents have been produced.  The

11  discovery cutoff is November 1, 2010.  Grasshopper has filed a Motion to Compel

12  the production of its document, scheduled for hearing on October 26, 2010.

13  Likewise, Accelerated's responses to interrogatories are nothing more than a repeat

14  of its conclusory allegations in the Counterclaims.  No facts are provided.

15  Grasshopper has filed a Motion to Compel "full and complete" responses to its

16  Interrogatories.  The hearing is also scheduled for October 26, 2010.  Moreover,

17  Accelerated initially agreed to produce five (5) of its witnesses for deposition on

18  October 6-8, 2010 in Atlanta, Georgia.  On the eve of those depositions, however,

19  Accelerated unilaterally cancelled them, and has refused to provide alternate dates.

20  Accelerated initially agreed to a meet and confer conference for October 5, 2010 at

21  1:00 p.m. to discuss these issues, but then reneged on that agreement and refused to

22  appear to discuss why Accelerated unilaterally cancelled the depositions.  The

23  reason for the cancellation had nothing to do with the schedules of the witnesses or

24  their counsel.  Rather, the reason stated was that Grasshopper supposedly had not

25  provided dates for depositions of its witnesses later on in the month.  Less than one

26  business day after Accelerated's statement of cancellation of the Atlanta

27  depositions, Grasshopper provided available dates for its witnesses' depositions.

28  Notwithstanding, Accelerated still refused to produce its witnesses for deposition.

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Telephone: (310) 598-4150  Fax: (310) 556-9828

14

1    In short, Accelerated has completely stonewalled Grasshopper in discovery,

2  in violation of Rule 26(a) and its discovery obligations.  Moreover, there exists no

3  evidence to support any of these Counterclaims.

4    Accelerated claims that Grasshopper used Accelerated's name in online

5  advertising.  The allegation is 100% false, and completely baseless.  Grasshopper

6  never sued Accelerated's name in online advertising.  On the contrary, Accelerated

7  admitted in a recent Declaration filed in this action that it has used the mark

8  "Passages" in its online advertising for many months.  Accelerated also alleges that

9  Grasshopper confuses the public, and its potential customers, by using the word

10  "cure" in its advertising.  But Accelerated does the same thing.  It claims that its

11  program is "proven to have a curative effect" and "leads the industry in curative

12  research in the treatment of alcohol addiction."  Accelerated also states that its

13  program "end[s] addiction" in many different ways.  The footnote below sets forth

14  some of the claims made by Accelerated in its online advertising.[1]

15

---

16  [1] On July 20, 2010 (during this litigation), Accelerated's website made the following statements:

17    •Accelerated is "lead[ing] the industry in **curative** research in the treatment of alcoholism addition"

18    •Accelerated utilizes "those things that are proven to have a **curative** effect in the treatment of alcohol dependence"

19    •"Accelerated offers a **permanent solution** to the problem of alcoholism"
      •Accelerated will "help you **beat your alcoholism addiction**"

20    •Accelerated is "[t]he first program to **guarantee your success**"

21    •"[W]e are confident in our ability to help you make alcohol addiction **a thing of your past**."

22    •Accelerated's program is "about **ending addiction**"
      •"We do not believe in the philosophy of perpetual recovery.  We believe that the

23  process of recovery has a beginning **and an end**.  At the end of your relationship with Accelerated, you will be **recovered. . . put alcohol addiction behind you**."

24    •"We require no more than a long weekend away from your family"

25    •Accelerated will "**eliminate your cravings for alcohol**.  Imagine alcohol recovery without urges and cravings. . . [you will] **no longer crave alcohol**."

26    •After your 1 year anniversary [at Accelerated] **you are done**.  You are **recovered** . . . you have **conquered addiction**."

27    •Accelerated will "**put alcohol addiction behind you for good**."
      •Accelerated's toll free telephone number is "1-877-STOP-4-LIFE".

28

Harder Reply Decl., Exh. "J" (boldface added.)

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Telephone: (310) 598-4150   Fax: (310) 556-9828

CASE NO. CV09-08128 DMG (PLAx)                    Accelerated's Motion Joint Stipulation
                                                    and Motion to Compel

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Telephone: (310) 598-4150   Fax: (310) 556-9828

1   In light of these statements, Accelerated cannot possibly prove that Grasshopper's

2   use of the word "cure" caused confusion in the marketplace when Accelerated

3   makes the same types of claims.

4   　　Moreover, Grasshopper is a residential treatment facility located in Southern

5   California.  Accelerated is not a residential facility; according to its website it is

6   located in Atlanta, Georgia and treats patients in hotel rooms, with no facility of its

7   own.  Accelerated has not, and cannot, make any showing that any customers have

8   been confused by Grasshopper's advertising such that a customer would choose to

9   go to Accelerated's Georgia, and be treated in a hotel room, and instead going to

10   Grasshopper's residential treatment center in Southern California.

11   　　Fourth, to prove its claims for false advertising under the Lanham Act,

12   Accelerated must prove (1) that Grasshopper made a false or misleading statement

13   of fact about a product; (2) such statement deceived or had the capacity to deceive a

14   substantial segment of potential consumers; (3) the deception is material, in that it

15   is likely to influence the purchasing decision; (4) the product is in interstate

16   commerce; and (5) the plaintiff has been or is likely to be injured as a result of the

17   statement.  See, e.g., Clock Spring L.P. v. Wrapmaster, Inc. ,  560 F. 3d  1317,

18   1329 n.10 (5th Cir. 2009).

19   　　Accelerated has not produced one shred of evidence in discovery that its

20   business has been damaged in any fashion.  Instead, it has used the vehicle of

21   discovery to try to ascertain the names of Grasshopper's patients, its proprietary

22   methods of treatment, personal information concerning the Prentisses' alleged drug

23   use and other personal information, for purposes of giving itself a competitive

24   edge.

25

26

27

28

16

CASE NO. CV09-08128 DMG (PLAx)                         Accelerated's Motion Joint Stipulation
and Motion to Compel

1    Grasshopper has had to file motions to compel Accelerated to comply with

2    its discovery and Rule 26 obligations, because Accelerated has not (a) produced

3    one page of documents, (b) identified one fact in response to Interrogatories; and

4    (c) refuses to produce its witnesses for deposition.  Moreover, Accelerated's claim

5    of "damages" has yet to be substantiated in any way.  Accelerated's Rule 26(a)

6    disclosures, which are required to set forth its damages claims, in detail, are

7    completely silent on this topic.

8    While the standard for discovery is very broad, it should not permit one party

9    to engage in a fishing expedition to try to see if it can parse together a "false

10   advertising" claim.  Accelerated affirmatively must prove that the advertising is

11   false.  Its lack of that proof should not justify seeking the identity of its

12   Grasshopper's patients or its proprietary methods, which are highly confidential

13   trade secrets.

14   Moreover, as explained below, Grasshopper's patients – who seek treatment

15   for their alcohol and drug addiction – are third parties with an expectation of

16   privacy.  Several legal authorities, including federal and state statutes, prohibit the

17   release of patient records.  There certainly is no justification for these records, or

18   any part of them, to be divulged in discovery.

19   For the reasons discussed in greater detail below, there is no basis for further

20   interrogatory responses – the Supplemental and Second Supplemental responses set

21   forth below are responsive and complete.  The instant Motion therefore should be

22   denied.  The Prentisses have incurred $4,250 to oppose this motion, and therefore

23   request sanctions in that amount.  (*See* accompanying Harder Declaration).  Even if

24   the motion is granted, in whole or in part, the fact that Accelerated failed to

25   undertake any meet and confer efforts whatsoever following its receipt of the

26   Supplemental Responses, upon which the Motion is based, should preclude it from

27   receiving any sanctions award.

28

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Telephone: (310) 598-4150   Fax: (310) 556-9828

17

CASE NO. CV09-08128 DMG (PLAx)                    Accelerated's Motion Joint Stipulation
                                                  and Motion to Compel

## IV.   REQUESTS, RESPONSES AND OBJECTIONS[5]

**INTERROGATORY NO. 2:**

Identify all DOCUMENTS YOU have authored, co-authored, published or caused to be published, including those published in paper media as well as those published electronically, whether under YOUR name or under an alias, CONCERNING the treatment or curing of drug or alcohol addiction.

**RESPONSE TO INTERROGATORY NO. 2:**

Responding party objects to this interrogatory on the grounds that it is ambiguous, overbroad and unduly burdensome; fails to identify the documents requested with reasonable particularity; seeks information not relevant nor reasonably calculated to lead to the discovery of admissible evidence; calls for information protected by the attorney-client privilege and/or the attorney-work-product doctrine; and improperly calls for a compilation, abstract, audit or summary of information.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

Responding Party incorporates by reference Responding Party's original objection and response to this interrogatory.  In addition, Responding Party responds as follows:

Responding party has co-authored substantive portions of responding party's websites identifying the treatment that its patients receive in connection with alcoholism and drug addiction.

The factual investigation of this matter, however, is still ongoing, and responding party reserves the right to supplement this response if and when new facts and/or documentation are discovered.

***SECOND SUPPLEMENTAL* RESPONSE TO INTERROGATORY NO. 2 (Chris Prentiss):**

---

[5] Chris and Pax Prentiss were served with the same exact interrogatories and gave the same exact responses. Accordingly, the Interrogatories and Supplemental Responses only appear once although two sets of (identical) Interrogatories are at issue.

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Telephone: (310) 598-4150  Fax: (310) 556-9828

CASE NO. CV09-08128 DMG (PLAx)                    Accelerated's Motion Joint Stipulation
                                                  and Motion to Compel

1       Responding Party incorporates by reference Responding Party's original

2 objection and response to this interrogatory.  In addition, Responding Party

3 responds as follows:

4       Responding party authored *The Alcoholism and Addiction Cure*. Responding

5 party also has co-authored substantive portions of responding party's websites at

6 www.PassagesMalibu.com and www.PassagesVentura.com, and brochure

7 materials, identifying the treatment that its patients receive in connection with

8 alcoholism and drug addiction.

9 ***SECOND SUPPLEMENTAL* RESPONSE TO INTERROGATORY NO. 2**

10 **(Pax Prentiss):**

11       Responding Party incorporates by reference Responding Party's original

12 objection and response to this interrogatory.  In addition, Responding Party

13 responds as follows:

14       Responding party has co-authored substantive portions of responding party's

15 websites at www.PassagesMalibu.com and www.PassagesVentura.com, and

16 brochure materials, identifying the treatment that its patients receive in connection

17 with alcoholism and drug addiction.

18 **ACCELERATED'S ARGUMENT:**

19       This response is clearly incomplete.  Chris Prentiss is known to have

20 authored a number of additional publications, including his book "The Alcoholism

21 and Addiction Cure."  Thus, Prentiss should be ordered to answer this Interrogatory

22 in full.

23 **PRENTISS ARGUMENT:**

24       Chris Prentiss provided the requested information in his Second

25 Supplemental Response.  It was an oversight that the title of the book was not

26 included in the Supplemental Response.  Accelerated's counsel has had a copy of

27 the book for several months now, and has been bringing it to depositions and

28 meetings of counsel for months.  Had Accelerated bothered to send a meet and

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Telephone: (310) 598-4150   Fax: (310) 556-9828

CASE NO. CV09-08128 DMG (PLAx)        Accelerated's Motion Joint Stipulation and Motion to Compel

1   confer letter, or schedule a meet and confer conference, before rushing to file the

2   instant Motion, it would have received Chris Prentiss's agreement to supplement

3   his response to include the title of the book.

4       It is unclear why Accelerated is moving to compel a further response from

5   Pax Prentiss. He did not write the book, and Accelerated presents no argument

6   why Pax Prentiss should be compelled to provide a further response.

7

8   **INTERROGATORY NO. 3:**

9       Identify all COMMUNICATIONS, including advertising, in which YOU

10  claimed to be able to cure drug or alcohol addiction, including the DATE of each

11  COMMUNICATION, the context in which each COMMUNICATION was made,

12  and the manner in which each COMMUNICATION was made available to the

13  public, if applicable, and all DOCUMENTS CONCERNING such

14  COMMUNICATIONS.

15  **RESPONSE TO INTERROGATORY NO. 3:**

16      Responding party objects to this interrogatory on the grounds that it is

17  ambiguous, overbroad and unduly burdensome; seeks information not relevant nor

18  reasonably calculated to lead to the discovery of admissible evidence; fails to

19  identify the documents requested with reasonable particularity; calls for

20  information protected by the attorney-client privilege and/or the attorney-work-

21  product doctrine; and improperly calls for a compilation, abstract, audit or

22  summary of information.

23  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**

24      Responding Party incorporates by reference Responding Party's original

25  objection and response to this interrogatory. In addition, Responding Party

26  responds as follows:

27      Responding party has made such communications through internet

28  advertising, on its website www.passagesmalibu.com, in television advertisements,

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Telephone: (310) 598-4150  Fax: (310) 556-9828

Accelerated's Motion Joint Stipulation
                                                                    and Motion to Compel

in print advertisements, in the book The Alcoholism and Addiction Cure, on brochures, in television and other media interviews, in lectures, talks and other personal appearances.

The factual investigation of this matter, however, is still ongoing, and responding party reserves the right to supplement this response if and when new facts and/or documentation are discovered.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3 (Chris Prentiss):**

Responding Party incorporates by reference Responding Party's original objection and response to this interrogatory. In addition, Responding Party responds as follows:

Responding party has made such communications through internet advertising, on its websites www.PassagesMalibu.com and www.PassagesVentura.com, in television advertisements, in print advertisements, in the book *The Alcoholism and Addiction Cure*, on brochures, in television and other media interviews, in lectures, talks and other personal appearances.

The materials referenced above have been produced in discovery, except for the book, which Accelerated already possesses.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3 (Pax Prentiss):**

Responding Party incorporates by reference Responding Party's original objection and response to this interrogatory. In addition, Responding Party responds as follows:

Passages has made such communications through internet advertising, on its websites www.PassagesMalibu.com and www.PassagesVentura.com, in television advertisements, in print advertisements, in the book *The Alcoholism and Addiction Cure*, on brochures, in television and other media interviews, in lectures, talks and other personal appearances.

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Telephone: (310) 598-4150   Fax: (310) 556-9828

1   The materials referenced above have been produced in discovery, except for

2   the book, which Accelerated already possesses.

3   **ACCELERATED'S ARGUMENT:**

4   This response is also incomplete.  No dates or specific documents are

5   identified (except for Prentiss' book).  Also, there is no explanation of what

6   communication was made, or the context in which it was made, as requested.  A

7   complete response should be ordered.

8   **PRENTISS' ARGUMENT:**

9   It is unclear to which Prentiss this argument is directed.  The interrogatory is

10  overbroad as it is not limited in time.  Moreover, it would be extremely

11  burdensome to try to determine the date of each Prentiss' television appearance,

12  media interview, lecture, talk and personal appearance, and internet marketing, and

13  to determine the exact words which were used in each instance.  Grasshopper has

14  produced its documents that pertain to Grasshopper's marketing – toting hundreds,

15  if not thousands, of pages.  Thus, Accelerated has that information.  The

16  information is unnecessary and apparently an effort to force the Prentisses to

17  engage "busywork."

18  **INTERROGATORY NO. 4:**

19  Identify all PERSONS, including current or former employees or patients of

20  PLAINTIFFS', who have denied, refuted or otherwise called into question

21  PLAINTIFFS' ability to cure drug or alcohol addiction.

22  **RESPONSE TO INTERROGATORY NO. 4:**

23  Responding party objects to this interrogatory on the grounds that it is

24  ambiguous, overbroad and unduly burdensome; seeks to invade the privacy rights

25  of the responding party, and of third parties, including patients of responding

26  party's addition recovery programs, in violation of the California Constitution and

27  the United States Constitution; seeks information not relevant nor reasonably

28  calculated to lead to the discovery of admissible evidence; calls for information

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Telephone: (310) 598-4150  Fax: (310) 556-9828

22

1 | protected by the attorney-client privilege and/or the attorney-work-product

2 | doctrine; and improperly calls for a compilation, abstract, audit or summary of

3 | information.

4 | ***SECOND SUPPLEMENTAL*** **RESPONSE TO INTERROGATORY NO. 4**

5 | **(Chris Prentiss):**

6 | Responding Party incorporates by reference Responding Party's original

7 | objection and response to this interrogatory.  Responding Party responds as

8 | follows:

9 | Responding party cannot divulge the names of Grasshopper House, LLC's or

10 | Passages Silver Strand, LLC's (collectively, "Passages") current or former patients,

11 | who came to Passages to seek help for their alcohol, drug or behavioral addictions,

12 | and do not want their identities revealed.  Doing so would violate *California Health*

13 | *and Safety Code* section 11845.5 and related code sections; Title 42, *Code of*

14 | *Federal Regulations*, section 2.2 and related sections; Title 42, *United States Code*

15 | *Service*, section 290dd-2 and related code sections; and Title 45, *Code of Federal*

16 | *Regulations*, section164.502 and related sections, as well as the California

17 | Constitution and the United States Constitution.

18 | Responding party is not aware of any former employees who have been

19 | critical of Passages' program, other than the statements made by Dr. Jason Giles

20 | and Dr. Hamlin Emery during their depositions in this action.

21 | ***SECOND SUPPLEMENTAL*** **RESPONSE TO INTERROGATORY NO. 4**

22 | **(Pax Prentiss):**

23 | Responding Party incorporates by reference Responding Party's original

24 | objection and response to this interrogatory.  Responding Party responds as

25 | follows:

26 | Responding party cannot divulge the names of Grasshopper House, LLC's or

27 | Passages Silver Strand, LLC's (collectively, "Passages") current or former patients,

28 | who came to Passages to seek help for their alcohol, drug or behavioral addictions,

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Telephone: (310) 598-4150   Fax: (310) 556-9828

CASE NO. CV09-08128 DMG (PLAx) | Accelerated's Motion Joint Stipulation
and Motion to Compel

1 and do not want their identities revealed.  Doing so would violate *California Health*

2 *and Safety Code* section 11845.5 and related code sections; Title 42, *Code of*

3 *Federal Regulations*, section 2.2 and related sections; Title 42, *United States Code*

4 *Service*, section 290dd-2 and related code sections; and Title 45, *Code of Federal*

5 *Regulations*, section164.502 and related sections, as well as the California

6 Constitution and the United States Constitution.

7     Responding party is not aware of any former employees who have been

8 critical of Passages' program, other than the statements made by Dr. Jason Giles

9 and Dr. Hamlin Emery during their depositions in this action.

10 **ACCELERATED'S ARGUMENT:**

11     This information is clearly relevant to Accelerated's false advertising claim.

12 This Court has already considered Grasshopper's "privacy" objections in its

13 Discovery Order and ruled this can be addressed under the terms of the Protective

14 Order entered by this Court.  Nothing in the California or United States

15 Constitution precludes this discovery.  Nor is the information privileged.  As

16 Prentiss well knows, Dr. Giles (Grasshopper's former medical director) has also

17 testified on this precise subject in this action, and yet is not even identified.  A

18 complete response should be ordered.

19 **PRENTISS' ARGUMENT:**

20     The identity of Grasshopper's patients is privileged.  Under very similar

21 circumstances, a District Court held that a plaintiff could not obtain the names of

22 disgruntled patients in discovery.  In <u>Phillips v. Medtronics, Inc.</u>, 130 F.R.D.  136

23 (D.Kan. 1990), decided under Kansas law, the District Court held that in a strict

24 liability action,  a pacemaker manufacturer was not required to produce the names

25 of patients whose complaints about the pacemaker were conveyed by their

26 physician to the manufacturer.

27     Under California law the identity, prognosis and treatment of any patient at

28 an alcohol and drug abuse facility are confidential and can only be disclosed by

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Telephone: (310) 598-4150  Fax: (310) 556-9828

CASE NO. CV09-08128 DMG (PLAx)                Accelerated's Motion Joint Stipulation and Motion to Compel

1 written consent or if authorized by a court after application showing probable

2 cause, as provided by California Penal Code § 1524, California Health & Safety

3 Code § 11345.5.

4 Under federal law, a party seeking such information must show good cause .

5 The need for disclosure must be weighed against the injury to the patient. 42 C.F.R

6 § 2.2; 42 U.S.C. § 290dd-2.

7 In the instance, Accelerated is seeking to invade the privacy rights of third

8 parties. There is no justification for disclosure of patients' names. These

9 individuals have an expectation of privacy. Disclosure would have a chilling effect

10 on Grasshopper's business.

11 The Prentisses served Second Supplemental Responses to this interrogatory

12 on October 5, 2010 and it is included in this Joint Stipulation. Had Accelerated met

13 and conferred with the Prentisses as required, this motion would not have been

14 necessary.

15

16 **INTERROGATORY NO. 5:**

17 Identify any occasion on which Pax Prentiss has used any drug or ingested

18 any alcohol in the last five years.

19 **RESPONSE TO INTERROGATORY NO. 5:**

20 Responding party objects to this interrogatory on the grounds that it is

21 ambiguous, overbroad and unduly burdensome; seeks information not relevant nor

22 reasonably calculated to lead to the discovery of admissible evidence; seeks to

23 invade the privacy rights of the responding party, and of third parties, including

24 patients of responding party's addition recovery programs, in violation of the

25 California Constitution and the United States Constitution; calls for information

26 protected by the attorney-client privilege and/or the attorney-work-product

27 doctrine; and improperly calls for a compilation, abstract, audit or summary of

28 information.

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Telephone: (310) 598-4150  Fax: (310) 556-9828

CASE NO. CV09-08128 DMG (PLAx)    Accelerated's Motion Joint Stipulation
and Motion to Compel

**ACCELERATED'S ARGUMENT:**

As explained above, Pax Prentiss' alleged sobriety is frequently used by Prentiss and Grasshopper to market and promote their professed ability to "cure" addiction. As such, it is clearly relevant to this litigation, including Accelerated's false advertising claims. There is also no support for any of Prentiss' objections. A complete response should be ordered.

**PRENTISS' ARGUMENT:**

Pax Prentiss enjoys a constitutional right of privacy and his private life is irrelevant to the claims being alleged by Accelerated. If Accelerated believes that alcoholism or drug addiction cannot be "cured," then whether or not Pax Prentiss has used or not used alcohol or drugs is irrelevant. Accelerated's case does not hinge on the alleged sobriety and personal life of counterdefendant Pax Prentiss.

**INTERROGATORY NO. 6:**

Identify all PERSONS, including former patients of PLAINTIFFS who have stated that they were not cured of drug or alcohol addiction by PLAINTIFFS.

**RESPONSE TO INTERROGATORY NO. 6:**

Responding party objects to this interrogatory on the grounds that it is ambiguous, overbroad and unduly burdensome; seeks to invade the privacy rights of the responding party, and of third parties, including patients of responding party's addition recovery programs, in violation of the California Constitution and the United States Constitution; seeks information not relevant nor reasonably calculated to lead to the discovery of admissible evidence; calls for information protected by the attorney-client privilege and/or the attorney-work-product doctrine; and improperly calls for a compilation, abstract, audit or summary of information.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

Responding Party incorporates by reference Responding Party's original

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Telephone: (310) 598-4150   Fax: (310) 556-9828

1  objection and response to this interrogatory. In addition, Responding Party
2  responds as follows:

3         Responding party cannot divulge the names of Grasshopper House, LLC's or
4  Passages Silver Strand, LLC's (collectively, "Passages") current or former patients,
5  who came to Passages to seek help for their alcohol, drug or behavioral addictions,
6  and do not want their identities revealed. Doing so could result in a violation of
7  their rights of privacy pursuant to the California Constitution and the United States
8  Constitution.

9  *SECOND SUPPLEMENTAL* **RESPONSE TO INTERROGATORY NO. 6**
10 **(Chris Prentiss):**

11        Responding Party incorporates by reference Responding Party's original and
12 supplemental objections and responses to this interrogatory.

13        Responding Party further states that disclosing patient records and
14 information would violate *California Health and Safety Code* section 11845.5 and
15 related code sections; Title 42, *Code of Federal Regulations*, section 2.2 and related
16 sections; Title 42, *United States Code Service*, section 290dd-2 and related code
17 sections; and Title 45, *Code of Federal Regulations*, section164.502 and related
18 sections, as well as the patients' rights of privacy pursuant to the California
19 Constitution and the United States Constitution.

20 *SECOND SUPPLEMENTAL* **RESPONSE TO INTERROGATORY NO. 6**
21 **(Pax Prentiss):**

22        Responding Party incorporates by reference Responding Party's original and
23 supplemental objections and responses to this interrogatory. In addition,
24 Responding Party objects on grounds that disclosing patient records and
25 information would violate *California Health and Safety Code* section 11845.5 and
26 related code sections; Title 42, *Code of Federal Regulations*, section 2.2 and related
27 sections; Title 42, *United States Code Service*, section 290dd-2 and related code
28 sections; and Title 45, *Code of Federal Regulations*, section164.502 and related

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Telephone: (310) 598-4150  Fax: (310) 556-9828

1  sections.

2  **ACCELERATED'S ARGUMENT:**

3  Again, Grasshopper's purported ability to "cure" addiction can be disproved

4  by showing that former patients were not cured or have stated as much. Any

5  "privacy" concerns can be addressed by the existing Protective Order in this action.

6  As such, a complete response should be ordered.

7  **PRENTISS' ARGUMENT:**

8  The identity of Grasshopper's patients is privileged. Under very similar

9  circumstances, a District Court held that a plaintiff could not obtain the names of

10  disgruntled patients in discovery. In <u>Phillips v. Medtronics, Inc.</u>, 130 F.R.D. 136

11  (D.Kan. 1990), decided under Kansas law, the District Court held that in a strict

12  liability action, a pacemaker manufacturer was not required to produce the names

13  of patients whose complaints about the pacemaker were conveyed by their

14  physician to the manufacturer.

15  Under California law the identity, prognosis and treatment of any patient at

16  an alcohol and drug abuse facility are confidential and can only be disclosed by

17  written consent or if authorized by a court after application showing probable

18  cause, as provided by California Penal Code § 1524, California Health & Safety

19  Code § 11345.5.

20  Under federal law, a party seeking such information must show good cause .

21  The  need for disclosure must be weighed against the injury to the patient. 42

22  C.F.R § 2.2; 42 U.S.C. § 290dd-2.

23  In the instance, Accelerated is seeking to invade the privacy rights of third

24  parties. There is no justification for disclosure of patients' name s. These

25  individuals have an expectation of privacy. Disclosure would have a chilling effect

26  on Grasshopper's business.

27  The Prentiss defendants served Second Supplemental Responses on October

28  5, 2010 which are included in this joint stipulation.

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Telephone: (310) 598-4150   Fax: (310) 556-9828

CASE NO. CV09-08128 DMG (PLAx)                    Accelerated's Motion Joint Stipulation
                                                                        and Motion to Compel

**INTERROGATORY NO. 7:**

Identify all PERSONS who PLAINTIFFS have cured of alcohol or drug addiction.

**RESPONSE TO INTERROGATORY NO. 7:**

Responding party objects to this interrogatory on the grounds that it is ambiguous, overbroad and unduly burdensome; seeks to invade the privacy rights of the responding party, and of third parties, including patients of responding party's addition recovery programs, in violation of the California Constitution and the United States Constitution; seeks information not relevant nor reasonably calculated to lead to the discovery of admissible evidence; calls for information protected by the attorney-client privilege and/or the attorney-work-product doctrine; and improperly calls for a compilation, abstract, audit or summary of information.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**

Responding Party incorporates by reference Responding Party's original objection and response to this interrogatory.  In addition, Responding Party responds as follows:

Responding party cannot divulge the names of Passages current or former patients, who came to Passages to seek help for their alcohol, drug or behavioral addictions, and do not want their identities revealed.  Doing so could result in a violation of their rights of privacy pursuant to the California Constitution and the United States Constitution.

***SECOND SUPPLEMENTAL* RESPONSE TO INTERROGATORY NO. 7 (Chris Prentiss):**

Responding Party incorporates by reference Responding Party's original and supplemental objections and responses to this interrogatory.

Responding Party further states that disclosing patient records and

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Telephone: (310) 598-4150  Fax: (310) 556-9828

Accelerated's Motion Joint Stipulation and Motion to Compel

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Telephone: (310) 598-4150   Fax: (310) 556-9828

1  information would violate *California Health and Safety Code* section 11845.5 and

2  related code sections; Title 42, *Code of Federal Regulations*, section 2.2 and related

3  sections; Title 42, *United States Code Service*, section 290dd-2 and related code

4  sections; and Title 45, *Code of Federal Regulations*, section164.502 and related

5  sections, as well as the patients' rights of privacy pursuant to the California

6  Constitution and the United States Constitution

7  ***SECOND SUPPLEMENTAL* RESPONSE TO INTERROGATORY NO. 7**

8  **(Pax Prentiss):**

9        Responding Party incorporates by reference Responding Party's original and

10  supplemental objections and responses to this interrogatory.  In addition,

11  Responding Party objects on grounds that disclosing patient records and

12  information would violate *California Health and Safety Code* section 11845.5 and

13  related code sections; Title 42, *Code of Federal Regulations*, section 2.2 and related

14  sections; Title 42, *United States Code Service*, section 290dd-2 and related code

15  sections; and Title 45, *Code of Federal Regulations*, section164.502 and related

16  sections.

17  **ACCELERATED'S ARGUMENT:**

18        Again, Grasshopper's purported ability to "cure" addiction can be disproved

19  by showing that former patients were not cured or stated as much.  Any "privacy"

20  concerns can be addressed by the existing Protective Order in this action.  As such,

21  a complete response should be ordered.

22  **PRENTISS' ARGUMENT:**

23        The identity of Grasshopper's patients is privileged.  Under very similar

24  circumstances, a District Court held that a plaintiff could not obtain the names of

25  disgruntled patients in discovery.  In <u>Phillips v. Medtronics, Inc.</u>, 130 F.R.D.  136

26  (D.Kan. 1990), decided under Kansas law, the District Court held that in a strict

27  liability action,  a pacemaker manufacturer was not required to produce the names

28  of patients whose complaints about the pacemaker were conveyed by their

1  physician to the manufacturer.

2      Under California law the identity, prognosis and treatment of any patient at

3  an alcohol and drug abuse facility are confidential and can only be disclosed by

4  written consent or if authorized by a court after application showing probable

5  cause, as provided by California Penal Code § 1524, California Health & Safety

6  Code § 11345.5.

7      Under federal law, a party seeking such information must show good cause .

8  The  need for disclosure must be weighed against the injury to the patient.  42

9  C.F.R § 2.2; 42 U.S.C. § 290dd-2.

10      In the instance, Accelerated is seeking to invade the privacy rights of third

11  parties.  There is no justification for disclosure of patients' names. These

12  individuals have an expectation of privacy.  Disclosure would have a chilling effect

13  on Grasshopper's business.

14  **INTERROGATORY NO. 8 :**

15      Describe in detail the manner in which PLAINTIFFS cure alcohol and drug

16  addiction.

17  **RESPONSE TO INTERROGATORY NO. 8:**

18      Responding party objects to this interrogatory on the grounds that it is

19  ambiguous, overbroad and unduly burdensome; seeks to invade the privacy rights

20  of the responding party, and of third parties, including patients of responding

21  party's addition recovery programs, in violation of the California Constitution and

22  the United States Constitution; seeks information not relevant nor reasonably

23  calculated to lead to the discovery of admissible evidence; calls for information

24  protected by the attorney-client privilege and/or the attorney-work-product

25  doctrine; and improperly calls for a compilation, abstract, audit or summary of

26  information.

27  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:**

28      Responding Party incorporates by reference Responding Party's original

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Telephone: (310) 598-4150  Fax: (310) 556-9828

CASE NO. CV09-08128 DMG (PLAx)                    Accelerated's Motion Joint Stipulation
                                                                      and Motion to Compel

1    objection and response to this interrogatory.  In addition, Responding Party

2    responds as follows:

3        Passages' treatment program begins with a detoxification process.

4    Subsequently, patients are provided with one-on-one therapy, and with a few group

5    sessions.  A team of therapists meets with each patient for several hours of

6    therapeutic one-on-one treatment.  Passages offers various other activities as well,

7    including exercise programs and recreation.

8    ***SECOND SUPPLEMENTAL*** **RESPONSE TO INTERROGATORY NO. 8**

9    **(Chris Prentiss):**

10       Responding Party incorporates by reference Responding Party's original and

11   supplemental objections and responses to this interrogatory.  In addition,

12   Responding Party responds as follows:

13       Responding Party has produced numerous materials in discovery, including

14   websites, brochures and internal documents, describing Responding Party's

15   treatment programs.  **See documents Bates No. GRS 480-503, 2016-2026, 2039-**

16   **2040, 2049-2056, 2158-2159.**  It is unnecessary, would be unduly burdensome, for

17   Responding Party to re-state all of the statements made in those materials.

18   Therefore, pursuant to FRCP 33(d), Responding Party elects to refer to the

19   aforementioned documents that have been produced which contain the information

20   requested of this interrogatory, rather than set forth all of the same information

21   within an interrogatory response.

22   ***SECOND SUPPLEMENTAL*** **RESPONSE TO INTERROGATORY NO. 8**

23   **(Pax Prentiss):**

24       Responding Party incorporates by reference Responding Party's original and

25   supplemental objections and responses to this interrogatory.  In addition,

26   Responding Party responds as follows:

27       Responding Party has produced numerous materials in discovery, including

28   websites, brochures and internal documents, describing Responding Party's

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Telephone: (310) 598-4150   Fax: (310) 556-9828

32

treatment programs.  **See documents Bates No. GRS 480-503, 2016-2026, 2039-2040, 2049-2056, 2158-2159**.  It is unnecessary, would be unduly burdensome, for Responding Party to re-state all of the statements made in those materials. Therefore, pursuant to FRCP 33(d), Responding Party elects to refer to the aforementioned documents that have been produced which contain the information requested of this interrogatory, rather than set forth all of the same information within an interrogatory response.

**ACCELERATED'S ARGUMENT:**

This "response is superficial and incomplete at best.  A complete response should be ordered.

**PRENTISS' ARGUMENT:**

The crux of Accelerated's purported claim is false advertising.  Further disclosure of Grasshopper's proprietary means of treatment is irrelevant. Nevertheless, the Prentisses served Second Supplemental Responses on October 5, 2010 which are included in this joint stipulation, set forth immediately above.  This response should be sufficient.  It cites to 40-50 pages of materials that were produced in discovery which set forth, in substantial detail, Grasshopper's procedures for treating its patients.  It would be unduly burdensome to require the Prentisses to set forth the detailed information contained in those materials within further interrogatory responses.  It is also unnecessary, and an effort to force the Prentisses to engage in "busywork" and to increase their legal costs unnecessarily.

**INTERROGATORY NO. 10:**

Identify all PERSONS who PLAINTIFFS have tried, but failed to cure of alcohol or drug addiction.

**RESPONSE TO INTERROGATORY NO. 10:**

Responding party objects to this interrogatory on the grounds that it is ambiguous, overbroad and unduly burdensome; seeks to invade the privacy rights

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Telephone: (310) 598-4150    Fax: (310) 556-9828

1 of the responding party, and of third parties, including patients of responding
2 party's addition recovery programs, in violation of the California Constitution and
3 the United States Constitution; seeks information not relevant nor reasonably
4 calculated to lead to the discovery of admissible evidence; calls for information
5 protected by the attorney-client privilege and/or the attorney-work-product
6 doctrine; and improperly calls for a compilation, abstract, audit or summary of
7 information.

8 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:**

9      Responding Party incorporates by reference Responding Party's original
10 objection and response to this interrogatory.  In addition, Responding Party
11 responds as follows:

12      Responding party cannot divulge the names of Passages current or former
13 patients, who came to Passages to seek help for their alcohol, drug or behavioral
14 addictions, and do not want their identities revealed.  Doing so could result in a
15 violation of the their rights of privacy pursuant to the California Constitution and
16 the United States Constitution.

17 ***SECOND SUPPLEMENTAL* RESPONSE TO INTERROGATORY NO. 10**
18 **(Chris Prentiss):**

19      Responding Party incorporates by reference Responding Party's original and
20 supplemental objections and responses to this interrogatory.

21      Responding Party further states that disclosing patient records and
22 information would violate *California Health and Safety Code* section 11845.5 and
23 related code sections; Title 42, *Code of Federal Regulations*, section 2.2 and related
24 sections; Title 42, *United States Code Service*, section 290dd-2 and related code
25 sections; and Title 45, *Code of Federal Regulations*, section 164.502 and related
26 sections, as well as the patients' rights of privacy pursuant to the California
27 Constitution and the United States Constitution

28 ***SECOND SUPPLEMENTAL* RESPONSE TO INTERROGATORY NO. 10**

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Telephone: (310) 598-4150   Fax: (310) 556-9828

CASE NO. CV09-08128 DMG (PLAx)

Accelerated's Motion Joint Stipulation
and Motion to Compel

1  **(Pax Prentiss):**

2      Responding Party incorporates by reference Responding Party's original and

3  supplemental objections and responses to this interrogatory.  In addition,

4  Responding Party objects on grounds that disclosing patient records and

5  information would violate *California Health and Safety Code* section 11845.5 and

6  related code sections; Title 42, *Code of Federal Regulations*, section 2.2 and related

7  sections; Title 42, *United States Code Service*, section 290dd-2 and related code

8  sections; and Title 45, *Code of Federal Regulations*, section164.502 and related

9  sections.

10 **ACCELERATED'S ARGUMENT:**

11      Again, Grasshopper's purported ability to "cure" addiction can be disproved

12 by showing that former patients were not cured or have stated as much.  Any

13 "privacy" concerns can be addressed by the existing Protective Order in this action.

14 As such, a complete response should be ordered.

15 **PRENTISS' ARGUMENT:**

16      The identity of Grasshopper's patients is privileged.  Under very similar

17 circumstances, a District Court held that a plaintiff could not obtain the names of

18 disgruntled patients in discovery.  In <u>Phillips v. Medtronics, Inc.</u> , 130 F.R.D.  136

19 (D.Kan. 1990), decided under Kansas law, the District Court held that in a strict

20 liability action,  a pacemaker manufacturer was not required to produce the names

21 of patients whose complaints about the pacemaker were conveyed by their

22 physician to the manufacturer.

23      Under California law the identity, prognosis and treatment of any patient at

24 an alcohol and drug abuse facility are confidential and can only be disclosed by

25 written consent or if authorized by a court after application showing probable

26 cause, as provided by California Penal Code § 1524, California Health & Safety

27 Code § 11345.5.

28

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Telephone: (310) 598-4150   Fax: (310) 556-9828

CASE NO. CV09-08128 DMG (PLAx)                    Accelerated's Motion Joint Stipulation
                                                              and Motion to Compel

1    Under federal law, a party seeking such information must show good cause.

2    The need for disclosure must be weighed against the injury to the patient.  42 C.F.R

3    § 2.2; 42 U.S.C. § 290dd-2.

4    In the instance, Accelerated is seeking to invade the privacy rights of third

5    parties.  There is no justification for disclosure of patients' names.  These

6    individuals have an expectation of privacy.  Disclosure would have a chilling effect

7    on Grasshopper's business.

8

9    DATED:  September 28, 2010          Respectfully submitted,

10                                      FOX ROTHSCHILD LLP

11

12                                      By: /s/ James E. Doroshow
                                             James E. Doroshow
13                                           Attorneys for Defendant/Counterclaimant
                                             Accelerated Recovery Centers, LLC
14

15   DATED:  October 5, 2010           WOLF RIFKIN, SHAPIRO, SCHULMAN
                                       & RABIN, LLP
16

17

18                                     By:/s/ Charles Harder
                                          Charles Harder
19                                        Attorneys for Plaintiffs and Counter-Defendants
                                          Grasshopper House, LLC, Passages Silver
20                                        Strand, LLC and Pax Prentiss

21   DATED:  September ___, 2010        LAW OFFICES OF THOMAS A. NITTI
22

23

24                                     By: _____
                                          Thomas A. Nitti
25                                        Attorney for Counterdefendant Chris Prentiss

26

27

28

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Telephone: (310) 598-4150  Fax: (310) 556-9828

36