1  WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
   CHARLES J. HARDER (BAR NO. 184593)
2    charder@wrslawyers.com
   CHRISTOPHER J. HECK (BAR NO. 174647)
3    check@wrslawyers.com
   NICHOLAS A. MERKIN (BAR NO. 219604)
4    nmerkin@wrslawyers.com
   11400 West Olympic Boulevard, Ninth Floor
5  Los Angeles, California 90064-1582
   Telephone: (310) 478-4100/Facsimile: (310) 479-1422
6
   Attorneys for Plaintiffs/Counterdefendants
7  GRASSHOPPER HOUSE, LLC and
   PASSAGES SILVER STRAND, LLC
8  and Counterdefendant PAX PRENTISS

9

10                 **UNITED STATES DISTRICT COURT**

11                 **CENTRAL DISTRICT OF CALIFORNIA**

12

13  GRASSHOPPER HOUSE, LLC, a          )   Case No.: 2:09-CV-08128-DMG-PLA
    California limited liability company )
14  doing business as "Passages Malibu," )  **DISCOVERY MATTER**
    PASSAGES SILVER STRAND, LLC, )
15  a California limited liability company, )  **COUNTERDEFENDANTS'**
                                        )   **NOTICE OF MOTION AND**
16                                      )   **MOTION TO EXCLUDE THE**
                                        )   **EXPERT TESTIMONY OF BRUCE**
17           Plaintiffs,                )   **L. ROSS, CPA OR, IN THE**
                                        )   **ALTERNATIVE, TO COMPEL**
18      v.                              )   **THE PRODUCTION OF EXPERT**
                                        )   **WITNESS REPORTS AND A**
19                                      )   **DEPOSITION OF MR. ROSS, AND**
                                        )   **TO PRECLUDE TESTIMONY**
20  ACCELERATED RECOVERY              )   **FROM ANY OTHER**
    CENTERS, LLC, a Georgia limited     )   **UNDISCLOSED EXPERTS, WITH**
21  liability company,                  )   **REQUEST FOR SANCTIONS IN**
                                        )   **THE AMOUNT OF $3,400;**
22           Defendant.                 )   **MEMORANDUM OF POINTS AND**
                                        )   **AUTHORITIES; DECLARATION**
23                                      )   **OF CHARLES J. HARDER IN**
    _____ )   **SUPPORT THEREOF**
24                                      )
    AND RELATED COUNTER-CLAIM )   Date:    November 2, 2010
25  _____ )   Time:    10:00 a.m.

26

27      Pursuant to Federal Rules of Civil Procedure 26(a), 37(a) and 37(c), on

28  November 2, 2010, at 10:00 a.m., in Courtroom G, 9th Floor of the

    above-referenced Court, located at 312 N. Spring Street, Los Angeles, CA 90012,

                                    -1-
    _____
        **PLAINTIFFS AND COUNTERDEFENDANTS' MOTION TO COMPEL**
    I:\17875\003\Pleadings\Motion to Compel re expert witness reports.wpd

1  Plaintiffs and Counterdefendants Grasshopper House, LLC and Passages Silver
2  Strand, LLC, and Counterdefendant PAX PRENTISS (collectively
3  "Counterdefendants"), will move this Court for an order: (1) precluding
4  Counterclaimant Accelerated Recovery Centers, LLC ("Accelerated") from
5  offering any expert testimony whatsoever from its purported expert Bruce L. Ross,
6  CPA or, in the alternative, (2) compelling Accelerated to provide an expert report
7  for Mr. Ross, as required under Federal Rule of Civil Procedure 26(a)(2)(B), make
8  him available for deposition at a time convenient for Counterdefendants' counsel,
9  and enlarging Counterdefendants' time to designate a rebuttal expert pursuant to
10  Rule 26(a)(2)(c)(ii).  Defendants also move for an order (3) precluding any
11  testimony from any other undisclosed "experts" of Accelerated.          Finally,
12  Counterdefendants seek as monetary sanctions their fees and costs in having to
13  bring this motion which amount to $3,400.
14       This motion is based on Accelerated's failure to provide any expert report
15  from Mr. Ross with its disclosures, failure to provide information regarding Mr.
16  Ross's qualifications, and failure to name any other experts, instead purporting to
17  "reserve [ ] the right to call" expert witnesses in other categories, even though its
18  disclosures were served on September 17, 2010, the last possible day for expert
19  witness designations.  Federal Rule 26 plainly requires that experts such as Mr.
20  Ross, who are retained to provide expert testimony, provide a report summarizing
21  their opinions, the bases for them, the information considered in forming them,
22  and other information.  Mr. Ross and Accelerated provide no such report.
23  Accordingly, his testimony should be precluded, pursuant to Rule 37(c), so as to
24  avoid any prejudice to Counterdefendants.  In the alternative, at the very least, Mr.
25  Ross and Accelerated should be required to provide an expert report immediately;
26  Mr. Ross should be made available for deposition by Counterdefendants' counsel
27  at their convenience at Accelerated's expense, and Counterdefendants' time to
28  designate a rebuttal expert should be enlarged. Moreover, it is axiomatic that

-2-
**PLAINTIFFS AND COUNTERDEFENDANTS' MOTION TO COMPEL**

1   expert witnesses must be disclosed timely.  Merely purporting to "reserve the right

2   to call" expert witnesses on other topics is not permissible and is not adequate

3   disclosure.  Therefore, Accelerated should be precluded from offering any expert

4   testimony from the undisclosed experts.

5          This motion is supported by this Notice, the memorandum of points and

6   authorities attached hereto, the Declaration of Charles J. Harder and the exhibits

7   attached thereto, and the pleadings on file in this case.

8   Dated:  October 5, 2010                    Respectfully submitted,

9
                                               WOLF, RIFKIN, SHAPIRO,
10                                             SCHULMAN & RABKIN, LLP

11

12                                             By:_____/s/_____
                                                   CHRISTOPHER J. HECK
13                                             Attorneys for Plaintiffs and Counter-
                                               Defendants GRASSHOPPER HOUSE, LLC
14                                             and PASSAGES SILVER STRAND, LLC
                                               and Counterdefendant PAX PRENTISS
15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-
**PLAINTIFFS AND COUNTERDEFENDANTS' MOTION TO COMPEL**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

To avoid serious prejudice to the Counterdefendants in this matter, Accelerated's purported expert, Bruce L. Ross, CPA, should be precluded from testifying, and Accelerated should be precluded from offering any expert testimony from any currently undisclosed experts.  Although Accelerated has purported to designate Bruce L. Ross, CPA as an expert in this matter, neither he nor Accelerated has provided the expert report required by Federal Rule of Civil Procedure ("FRCP") 26(a).  Moreover, Accelerated's disclosures, such as they are, purport to "reserve[ ] the right" to call another expert witness in the field of drug and alcohol addiction treatment and/or psychiatry, but they do not identify who this other expert would be, much less provide any proper report.  Needless to say, this is improper and Accelerated should be precluded from offering the testimony of any other experts.

Because the discovery cutoff will occur prior to any hearing on this motion, and because Accelerated's failure to provide proper disclosure is neither harmless nor substantially justified, Counterdefendants request an order excluding expert testimony.  Any order other than that will result in severe prejudice.  In the alternative, at a bare minimum, Accelerated should be compelled to provide a complete expert report from Mr. Ross, to make Mr. Ross available for deposition at Accelerated's expense, at a date and time that is convenient for Counterdefendants' counsel, even if that date and time is after the Court's expert discovery cutoff.

### II.   BACKGROUND

Accelerated's unexcused failure to provide an expert report from its purported expert, Bruce L. Ross, CPA, is consistent with its pattern of flouting every requirement of the Federal Rules of Civil Procedure involving discovery. As set forth in more detail in Counterdefendants' Motion to Compel Production of

**MEMORANDUM OF POINTS AND AUTHORITIES**
I:\17875\003\Pleadings\Memo - P & A - MTC Expert Report.wpd

1   Documents and Motion to Compel Further Responses to Interrogatories (set for
2   hearing on October 26, 2010), <u>Accelerated has never produced a single document</u>
3   <u>in this case</u>, either as part of its Rule 26 disclosure obligations or in response to
4   Counterdefendants' document requests, or provided a single witness for
5   deposition.  Indeed, over this past weekend, Accelerated's counsel unilaterally
6   cancelled five (5) depositions of Accelerated witnesses that were scheduled to go
7   forward in Atlanta this week, after Counterdefendants and their counsel had
8   planned their schedules to be in Atlanta for most of this week to take these
9   depositions.  Therefore, it should come as no surprise that Accelerated has shirked
10  its obligations to provide proper expert disclosures.
11          In any case, on September 17, 2010, the last possible day for the parties to
12  disclose expert witnesses, Accelerated served what purported to be its expert
13  witness disclosures.  See Declaration of Charles J. Harder in support of this
14  motion ("Harder Decl."), Ex. A.  Even a cursory examination of that document
15  shows that it is insufficient.   Although it identifies Bruce L. Ross, CPA as an
16  expert, it contains no expert report and also contains no curriculum vitae for Mr.
17  Ross (despite the claim on page 3, lines 6-7 that one was being produced with the
18  disclosures).  *See Id.*  In addition, the document purports to "reserve [ ] the right"
19  to call an expert witness "in the field of drug and alcohol addiction treatment
20  and/or psychiatry, to testify regarding" Counterdefendants' alleged claims of
21  curing addiction, but it does not even identify a single witness. *See Id.* at
22  3:25-4:17.
23          Counterdefendants' counsel, upon receipt of this report, sent a letter
24  demanding that the disclosures be supplemented to include a proper expert report.
25  Harder Decl. Ex. B.  The parties met and conferred in person on this issue on
26  September 23, 2010, but, as the transcript of the meet and confer session (Harder
27  Decl. Ex. C) shows, Accelerated's counsel claimed that its refusal was justified
28  due to its need for Counterdefendants' financial information.  Notably,

-2-
**MEMORANDUM OF POINTS AND AUTHORITIES**
I:\17875\003\Pleadings\Memo - P & A - MTC Expert Report.wpd

1  Accelerated's counsel offered no explanation for why Mr. Ross did not provide a

2  report detailing his other opinions or their bases and setting forth his

3  qualifications, past testimony, publications and compensation to be paid for his

4  opinions.  The very next day, September 24, 2010, Counterdefendants provided

5  additional financial information, including their profit and loss statements for the

6  past several years.  *Id.* ¶ 5.  That was more than 10 days ago, but, still, no report

7  from Mr. Ross has been provided, and no additional experts have been identified.

8  Thus, this motion became necessary.

9       The expert discovery cutoff in this matter is November 1, 2010.  This

10 motion will not be heard until November 2, 2010.  Therefore, by failing to provide

11 an expert report,  Accelerated has effectively prevented any meaningful disclosure

12 of Mr. Ross' opinions, their bases, the information he supposedly is relying upon,

13 or his qualifications, and any disclosure at all regarding its other unnamed expert.

14 Under the circumstances, the only appropriate remedy for this blatant violation of

15 the Rules of Civil Procedure is exclusion of expert testimony.

16 **III.   ARGUMENT**

17      **A.     Accelerated Has Failed to Serve an Expert Report, and Mr. Ross'**

18 **"Expert Testimony" Should be Excluded.**

19      FRCP 26 (a)(2)(B) makes clear that, any expert such as Mr. Ross, who is

20 "retained" or specially employed to provide expert testimony in this case must

21 provide a written report prepared and signed by the expert.  That report must

22 contain:

23           (i)     A complete statement of all opinions the witness will express

24 and the basis and reason for them;

25           (ii)    The date or other information considered by the witness in

26 forming them;

27           (iii)   Any exhibits that will be used to summarize or support them;

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

I:\17875\003\Pleadings\Memo - P & A - MTC Expert Report.wpd

1         (iv)    The witnesses' qualifications, including a list of all publications

2   authored in the previous ten (10) years;

3         (v)    a list of all other cases in which, during the previous four (4)

4   years, the witness testified at trial or by deposition; and

5         (vi)   A statement of the compensation to be paid for the study and

6   testimony in the case.

7   FRCP 26(a)(2)(B)(i) - (vi).  Accelerated's purported disclosures contain no report

8   from Mr. Ross, and they literally include <u>none</u> of the information required by Rule

9   26(a)(2)(B).  They are, thus, defective.

10       The only excuse Accelerated attempts to offer for this blatant violation of

11   the Rule is to attempt to blame Counterdefendants for not having produced "timely

12   and/or sufficient answers, including all responsive documents," in response to

13   Accelerated's written discovery.  Harder Decl., Ex. A, at 2.  This claim that

14   Counterdefendants have not provided sufficient discovery is false.  In fact,

15   Counterdefendants provided thousands of pages of documents, deposition

16   testimony and interrogatory responses, and supplemented their production on

17   September 24, 2010 by providing additional financial information.  Harder Decl.

18   ¶ 5.  Indeed, given Accelerated's refusal to produce <u>even a single document in this</u>

19   <u>case or a single witness for deposition</u>, its complaints in this regard are

20   disingenuous.

21       Moreover, even if Accelerated did not have complete information because it

22   did not have all of Counterdefendants' financial information yet, this does not

23   excuse a complete falure to serve an expert report signed by Mr. Ross.  Nothing in

24   Counterdefendants' financial information would have enlightened Mr. Ross as to

25   his qualifications and publications (FRCP 26(a)(2)(B)(iv)), the cases in which he

26   testified in the last four (4) years (*Id.* at (v)), or the compensation he would be

27   paid.  *Id.* at (vi).  Furthermore, <u>Accelerated is seeking damages from alleged harm</u>

28   <u>to its business, good-will and reputation as an alleged result of Counterdefendants'</u>

**MEMORANDUM OF POINTS AND AUTHORITIES**

I:\17875\003\Pleadings\Memo - P & A - MTC Expert Report.wpd

1    behavior.  First Amended Counterclaim ¶¶ 67-68.  Counterdefendants' financials
2    have no bearing on those damages, and nothing prevented Mr. Ross from
3    providing a report setting forth his opinions, the bases for those opinions, and the
4    data he relied on regarding those damages.  His and Accelerated's failure to do so
5    is without any justification.

6         Rule 37 provides that if a party fails to make disclosures or to supplement
7    responses as required by Rule 26(a), that party "is not allowed to use that
8    information or witness to supply evidence on a motion, at a hearing, or at a trial,
9    unless the failure was substantially justified or is harmless."  FRCP 37 (c)(1); *see*
10   *Continental Lab. Prod., Inc. v. Medax Int'l, Inc.*, 195 F.R.D. 675, 676 (S.D. Cal.
11   2000); *MacArthur v. State Farm Fire & Cas. Ins. Co.*, 2004 W.L. 5506688, at *2
12   (D. Nev. Dec 16, 2004).  The sanction of exclusion is "automatic and mandatory"
13   unless the party to be sanctioned can show that its violation of Rule 26(a) was
14   either justified or harmless.  *Id.*, *citing Finley v. Marathon Oil Co.*, 75 F.3d 1225,
15   1230 (7th Cir. 1996); *see also*, *Finwall v. City of Chicago*, 239 F.R.D. 494, 498 &
16   passim (N.D.Ill., 2006) (barring expert testimony due to late service of expert
17   reports and incompleteness); *Queveda v. Trans-Pacific Shipping Co.*, 143 F. 3d
18   1255, 1258 (9th Cir. 1998) (upholding trial court's exclusion of expert report from
19   consideration or summary judgment motion due to untimely designation and
20   report); *Elgas v. Colorado Belle Corp.*, 179 F.R.D. 289, 300 (D. Nev. 1998)
21   (striking report because expert did not list cases where he had testified as an
22   expert); *Cohlmia v. Ardent Health Svces., LLC* 254 F.R.D. 426, 432, 434
23   (N.D.Okla., 2008) (striking expert reports because they fail to state bases for
24   opinions or data relied on).

25        Here, Accelerted's failure to provide any report is even more egregious and
26   unjustified than the behavior of the non-moving partner in the *Elgas*, *Finwall*,
27   *Quevedo* and *Cohlmia* cases.  There, the parties at least served expert reports,
28   incomplete and/or untimely as they may have been.  Accelerated has served no

**MEMORANDUM OF POINTS AND AUTHORITIES**

1  report at all.  Like the non-moving party in *MacArthur*, Accelerated has merely

2  served a disclosure, and has never supplemented it in any way.

3       This is completely unjustified,[1] and it is not harmless.  The disclosure, such

4  as it was, was served the last possible day.  Counterdefendants met and conferred

5  promptly on the inadequate disclosures and provided additional documents.

6  Nevertheless, no report has been provided.  By the time this motion can be heard,

7  the discovery cut-off will have passed.  Accordingly, because this motion cannot

8  be heard until after the discovery cut-off in this matter, the only appropriate

9  remedy to avoid severe, unfair prejudice to Counterdefendants is that Mr. Ross'

10 expert opinions, whatever those may be, be excluded from the trial in this matter.

11 FRCP 37(c)(1).

12      In the alternative, Accelerated and Mr. Ross should be compelled to provide

13 a proper expert witness report, and Mr. Ross should be made available for

14 deposition at Accelerated's expense after the discovery cut-off in this matter.

15 FRCP 37(a)(3)(A); *cf. Old Country Toyota Corp. v. Toyota Motor Distr., Inc.*, 168

16 F.R.D. 134, 137 (E.D.N.Y., 1996).  In addition, if, for any reason, the Court is

17 inclined to allow Mr. Ross to testify, Counterdefendants request an additional 30

18 days after Mr. Ross finally serves a report in order to designate a rebuttal expert.

19 FRCP 26(a)(2)(C)(ii).

20 / / /

21 / / /

22 / / /

23 / / /

24 

---

25     [1]   Any attempt by Accelerated to justify its failure to provide an expert report by

26 claiming that Counterdefendants have failed to produce discovery should be rejected.  As the court in *Cohlmia* made clear, a designating party has an obligation to meet the Court's

27 deadline. 254 F.R.D. at 434.  It can seek an extension of time to do so or move to compel

28 if it believes the opposing party is not cooperating in discovery.  *Id.*  It cannot simply ignore the requirement to serve a timely and proper expert report.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I:\17875\003\Pleadings\Memo - P & A - MTC Expert Report.wpd

1   **B.      The Court Must Exclude Testimony from Accelerated's**

2   **Undisclosed Experts.**

3        Federal Rule of Civil Procedure 26(a)(2)(A) requires a party to disclose to

4   the other parties the identity of any witness it may use at trial to present expert

5   testimony.  Accelerated's purported attempt to "reserve [ ] the right to call an

6   expert in the field of addiction treatment" (Harder Decl., Ex. A, at 3) fails even

7   this most basic requirement.  No witness is identified by name and, of course, no

8   report from that witness is provided.  There is likewise no excuse for this blatant

9   violation of the Rules and no explanation for how any information in

10  Counterdefendants' possession could possibly bear on this expert's purported

11  opinions.  The cut-off for designating experts in this matter was September 17,

12  2010 and Accelerated's failure even to identify any other experts is inexcusable.

13  Accelerated should, accordingly, be precluded from offering any testimony from

14  undisclosed experts such as that described on page 3 of the purported disclosures.

15  FRCP 37 (c)(1).

16  **C.      Accelerated Should be Sanctioned for the Fees and Costs that**

17  **Counterdefendants Incurred in Bringing this Motion.**

18       Accelerated's failure to serve any expert report for Mr. Ross or even to

19  identify its other purported expert is in plain violation of Rule 26(a).  Its egregious

20  and unjustifiable conduct necessitated this motion.  Rule 37(a)(3)(A) specifically

21  entitles Counterdefendants to make this motion to compel disclosure and to seek

22  appropriate sanctions.  Counterdefendants' counsel incurred fees of $3,400 in

23  bringing this motion.  Harder Decl. ¶ 7.  Counterdefendants request that this

24  amount be awarded as sanctions.

25  / / /

26  / / /

27  / / /

28  / / /

**MEMORANDUM OF POINTS AND AUTHORITIES**

1  **VI.   CONCLUSION**

2       For the reasons stated herein, it is respectfully requested that the Court enter

3  an Order precluding Mr. Ross from testifying or, alternatively, compelling Mr.

4  Ross and Accelerated to provide a proper expert report, compelling Mr. Ross to be

5  made available for deposition at Accelerated's expense and Counterdefendants'

6  convenience (even if that deposition takes place after the discovery cut-off), and

7  allowing Counterdefendants an additional 30 days after Mr. Ross provides a

8  proper expert report to designate a rebuttal expert.  It is further requested that the

9  Court preclude any testimony from Accelerated's undisclosed expert, and that

10  sanctions be awarded against Accelerated and its counsel in the amount of $3,400.

11  Dated:  October 5, 2010

12                                  Respectfully submitted,

13                                  WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP

15                                  By: ____/s/_____

16                                  CHRISTOPHER J. HECK
Attorneys for Plaintiffs and Counter-Defendants GRASSHOPPER HOUSE, LLC and PASSAGES SILVER STRAND, LLC and Counterdefendant PAX PRENTISS

**MEMORANDUM OF POINTS AND AUTHORITIES**
I:\17875\003\Pleadings\Memo - P & A - MTC Expert Report.wpd

## DECLARATION OF CHARLES J. HARDER

I, Charles J. Harder, declare:

1.      I am an attorney at law duly admitted to practice before the United States District Court for the Central District of California.  I am a partner of the law firm of Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP ("WRSSR"), attorneys of record for plaintiffs and counter-defendants GRASSHOPPER HOUSE, LLC ("Grasshopper") and PASSAGES SILVER STRAND, LLC (collectively, "Passages"), and counter-defendant PAX PRENTISS.  I have personal knowledge of the following facts, and if called and sworn as a witness, I could and would testify competently thereto.

2.      On or about September 17, 2010, Accelerated served its purported expert disclosures on my office.  Attached hereto as **Exhibit A** is a true and correct copy of those disclosures as we received them.  Despite the claim on page 3 that a curriculum vitae for Bruce L. Ross, CPA was being produced with the disclosures, no curriculum vitae was received by this office.  Moreover, no expert report, signed by Mr. Ross, was included in these disclosures.

3.      I sent James Doroshow, lead counsel for Accelerated, a letter asking to meet and confer regarding these expert disclosures on September 23, 2010.  A true and correct copy of that letter is attached hereto as **Exhibit B**.  That same day, the parties met and conferred regarding the disclosures and other issues.

4.      A true and correct copy of relevant portions of the transcript of the September 23, 2010 meet and confer session is attached hereto as **Exhibit C**.  As the transcript of that meet and confer session indicates, Mr. Doroshow explained his refusal to provide an expert report from Mr. Ross on Counterdefendants' alleged failure to provide financial information.  He did not explain why Mr. Ross did not provide a report setting forth any other opinions and the bases for those, the data he relied on to form those opinions, or information concerning his qualifications, past articles, past testimony or compensation to be paid.

**DECLARATION OF CHARLES J. HARDER**

I:\17875\003\Pleadings\Decl CJH - MTC Expert Report.wpd

5.      The next day, September 24, 2010, my office provided a complete set of its profit and loss financial statements for inception of the business in 2001 through the present, along with gross and net revenue data, by year.

6.      Nevertheless, as of the time of the filing of this motion, Accelerated has made no attempt to supplement its disclosures by providing a proper expert report.

7.      My partner, Christopher Heck, who is assisting me with this matter at my request, has billed to the client 8 hours in preparing this motion, at a rate of $425 per hour according to his billing records.  Accordingly, we request sanctions in the amount of $3,400.  I also spent time on this motion, but am not including that time in the sanctions request.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed October 5, 2010 at Los Angeles, California.

/s/
CHARLES J. HARDER

-2-
**DECLARATION OF CHARLES J. HARDER**

I:\17875\003\Pleadings\Decl CJH - MTC Expert Report.wpd