**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| GRASSHOPPER HOUSE, LLC, <u>etc.</u>, <u>et al.</u>,<br><br>　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>ACCELERATED RECOVERY CENTERS, LLC,<br><br>　　　　　　　Defendant.<br><br>and related counterclaim. | No. CV 09-8128-DMG (PLAx)<br><br>**ORDER RE: COUNTERDEFENDANT CHRIS PRENTISS' MOTION FOR PROTECTIVE ORDER TERMINATING DEPOSITION** |

　　　　In this action, plaintiff and counterdefendant Grasshopper House, LLC ("Grasshopper"), an operator of an alcohol and drug addiction treatment facility, has asserted claims against competitor defendant and counterclaimant Accelerated Recovery Centers ("defendant") for trademark infringement and false advertising under the Lanham Act (15 U.S.C. § 1125(a)), based on the alleged infringing use of keywords in internet advertising and alleged misstatements by defendant concerning its alcoholism treatment programs.  Defendant filed a counterclaim against, among others, Grasshopper and Chris Prentiss ("Prentiss") alleging, <u>inter alia</u>, unfair competition under the Lanham Act based upon Grasshopper's allegedly false assertion in advertising that it can "cure" alcoholism and drug addiction, and its unauthorized use of third parties' keywords in internet

advertising. Currently before the Court is the Motion of counterdefendant Prentiss to terminate the deposition of Rana Ayzeren, and for costs and fees incurred in bringing this Motion. The Court has concluded that oral argument will not be of material assistance in determining Prentiss' Motion. Accordingly, the hearing scheduled for October 19, 2010, is **ordered off calendar** (see Local Rule 7-15).

The deposition of Rana Ayzeren, the former nanny to the granddaughter of Prentiss, was noticed by defendant and commenced on August 23, 2010. It was terminated at the insistence of Prentiss' counsel pursuant to Fed.R.Civ.P. 30(d)(3)(A) following a series of questions asked by defense counsel concerning Prentiss' alleged conduct toward Ayzeren, and gestures allegedly made by defense counsel during the deposition simulating the injection of drugs and the snorting of cocaine. Prentiss' counsel argues that the line of questions and the gestures were designed to harass and annoy the parties.

Defendant contends that the questions of the nanny -- who would testify that Prentiss tried to rape her in his home -- are relevant in that they go to the character of Prentiss, who holds himself out to be an expert in treating people with addiction. Specifically, Prentiss and Grasshopper operate a drug and alcohol rehabilitation facility, advertise that they can cure addiction at the facility, and assert that the facility has an 84 percent success rate. Defendant argues that Prentiss has now backed away from this claim during this litigation, and that the original 84 percent rate was suspect. Prentiss further advertises that as part of the treatment at the facility, they delve into their clients' psyches to learn their fears, pains and traumas (including an examination of any instances where the clients may have been raped). Prentiss purportedly offers the clients "safe passage" to a place where healing can occur. Defendant submits that if Prentiss is raping innocent women, this undermines his claim to be able to help or cure patients of addiction, and that the relevance of Ms. Ayzeren's testimony is that, in truth, Prentiss is not a curer of addiction, but is an abuser who inflicts pain, and has a propensity to lie. The testimony will also help disprove that Prentiss and Grasshopper offer a "safe passage" to healing.

Under Fed.R.Civ.P. 26(b)(1), discovery is permitted of "any nonprivileged matter that is relevant to any party's claim or defense." As a general matter, Federal Rule of Civil Procedure

26(b) is to be "liberally interpreted to permit wide-ranging discovery of information," even if that information is not ultimately admitted at trial. See Comcast of Los Angeles, Inc. v. Top End International, Inc., 2003 WL 22251149, at *2 (C.D. Cal. July 2, 2003); see also Fed.R.Civ.P. 26(b)(1) ("[relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."). The burden is on Prentiss to show that discovery should not be allowed (Comcast, at *2, citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)).

Here, Prentiss has met his burden of showing that the questions asked of Ms. Ayzeren are not relevant to any party's legitimate claim or defense, and are not reasonably calculated to lead to the discovery of admissible evidence. Whether or not Prentiss appeared naked before his granddaughter's nanny, in his home, or even attempted to rape her, is wholly irrelevant to the issue of whether Grasshopper's claims that it can cure alcoholism and drug addiction are true, or if the facility has an 84 percent success rate. Nor does the alleged incident become relevant even if defendant believes it can show that the facility's claims of success are unfounded, and/or that Grasshopper and Prentiss have backed off these claims. Prentiss' ability to cure clients at the facility -- even if those patients themselves may have experienced acts of abuse, and even if counterdefendants use experiences with rape as a marketing tool -- does not make Prentiss' alleged attempted rape in his own home of a woman not connected with Grasshopper an issue in this litigation. Accordingly, the Court concludes that the questions at the deposition of Rana Ayzeren concerning the alleged rape were wholly irrelevant to this action, and concerned an issue that would annoy, embarrass or oppress a party thereto. See Fed.R.Civ.P. 30(d)(3)(A). Prentiss' Motion for Protective Order is **granted**, and the deposition of Rana Ayzeren is hereby **terminated**.[1] See Fed.R.Civ.P. 26(c)(1)(A).

Prentiss seeks monetary sanctions against defendant in the amount of $3,150 -- based on 9 hours of attorney time at $350 per hour -- pursuant to Fed.R.Civ.P. 37(a)(5)(A) and 30(d)(3)(C), which authorize the Court to order that the party whose conduct necessitates the motion to pay

---

[1] Defendant does not assert in connection with the Motion that it was prevented from pursuing any other lines of questioning of Ms. Ayzeren.

the movant's reasonable expenses incurred in making the motion, including attorney's fees. Based on its review of the documents filed in connection with the Motion, the Court awards Prentiss the amount of $2,450, which it finds to be the reasonable expenses, including attorney's fees, necessary to bring this motion.[2]  Defendant shall submit this amount to Prentiss **no later than ten (10) court days from the filing date of this Order**.[3]

**IT IS SO ORDERED**.

DATED: October 6, 2010

_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

---

[2]  As no hearing was held in connection with this Motion, it was not necessary for Prentiss to make an appearance.

[3]  The conduct of counsel as evidenced by the exhibits to this Motion is an embarrassment to the profession, an insult to the Court, and a disservice to the clients in this action. The Court advises that if counsel are unable to control themselves when dealing with opposing counsel, they should have the good sense to remove themselves from this litigation.