1 | WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
CHARLES J. HARDER (BAR NO. 184593)
2 |  charder@wrslawyers.com
CHRISTOPHER J. HECK (BAR NO. 174647)
3 |  check@wrslawyers.com
NICHOLAS A. MERKIN (BAR NO. 219604)
4 |  nmerkin@wrslawyers.com
11400 West Olympic Boulevard, Ninth Floor
5 | Los Angeles, California  90064-1582
Telephone: (310) 478-4100/Facsimile:  (310) 479-1422
6 |
Attorneys for Plaintiffs/Counterdefendants
7 | GRASSHOPPER HOUSE, LLC and
PASSAGES SILVER STRAND, LLC
8 | and Counterdefendant PAX PRENTISS

9

10 | **UNITED STATES DISTRICT COURT**

11 | **CENTRAL DISTRICT OF CALIFORNIA**

12

13 | GRASSHOPPER HOUSE, LLC, a          ) Case No.: 2:09-CV-08128-DMG-PLA
California limited liability company )
14 | doing business as "Passages Malibu," )
PASSAGES SILVER STRAND, LLC, )
15 | a California limited liability company, ) **PLAINTIFFS AND**
) **COUNTERDEFENDANTS'**
16 |               Plaintiffs,          ) **STATEMENT OF DEFENDANTS'**
) **AND COUNTER-CLAIMANTS'**
17 |      v.                           ) **NONCOMPLIANCE WITH RULE**
) **26 OBLIGATIONS**
18 | ACCELERATED RECOVERY              )
CENTERS, LLC, a Georgia limited     )
19 | liability company,                 )
)
20 |               Defendant.          )
_____ )
21 |                                    )
AND RELATED COUNTER-CLAIM )
22 | _____ )

23

24 |      Despite repeated requests by plaintiffs and counterdefendants Grasshopper

25 | House, LLC, *et al.* (collectively "Grasshopper"), defendants and counterclaimants

26 | Accelerated Recovery Centers, LLC, *et al.* (collectively, "Accelerated") and its

27 | counsel have failed to comply with their obligations under Federal Rules of Civil

28 | Procedure 26(a) and 26(e) to produce documents that they may use to support their

1   claims or defenses.  In fact, Accelerated has not produced a single document in

2   this case, either pursuant to its obligations under Rules 26(a)(1)(A)(ii) and 26(e) or

3   in response to Grasshopper's document requests.  There is no justification

4   whatsoever for Accelerated's failure to comply with these most basic requirements

5   of Rule 26.  Its failure to do so, or to provide any other discovery, is certainly not

6   harmless.  Sanctions for failure to make mandatory disclosure are automatic and

7   self-executing. FRCP 37(c)(1).  Accordingly, Accelerated should be precluded

8   from introducing any documents at the trial of this matter that would support its

9   claims in this case.

10          Similarly, Accelerated's Rule 26 disclosures and written discovery

11   responses have identified only two witnesses: Kevin Kelley and Jan Watkins

12   Kelly.  Accelerated should be precluded from calling any other percipient

13   witnesses at trial, aside from witnesses whose depositions have been taken and

14   persons identified in Grasshopper's discovery responses and Rule 26 disclosures.[1]

15   As to Kevin Kelly and Jan Watkins Kelly, Grasshopper noticed their depositions

16   on September 21, 2010.  Accelerated has failed and refused to produce them for

17   deposition.  Accordingly, Accelerated should be prohibited from calling Kevin

18   Kelly or Jill Watkins Kelly as a witness at trial.

19          Finally, as set forth in detail in Grasshopper's Motion to Exclude Expert

20   Testimony Of Bruce L. Ross, CPA, Or, In The Alternative, To Compel The

21   Production Of Expert Witness Reports And A Deposition Of Mr. Ross And To

22   Preclude Testimony From Any Other Undisclosed Experts, Accelerated's expert

23   disclosures contained no expert report signed by Mr. Ross, did not provide any of

24   the information required by Rule 26(a)(2)(B), and purported to "reserve the right"

25   to call another expert witness "in the field of drug and alcohol addiction treatment

26   and/or psychiatry" without even identifying that purported expert by name and,

27   _____

28          [1] Grasshopper reserves all rights to object to witness testimony in a motion *in limine* and/or at trial.

PLAINTIFFS AND COUNTERDEFENDANTS' STATEMENT OF DEFENDANT AND CROSS-
CLAIMANTS NONCOMPLIANCE WITH RULE 26 OBLIGATIONS
I:\17875\003\Pleadings\Stmt of Noncompliance.wpd

1  again, without providing a report.  Expert reports are required, and Accelerated's

2  failure to provide them, or even to identify one of its purported experts by name is

3  neither harmless nor justified.  Accordingly, any testimony from Mr. Ross or any

4  other expert Accelerated may seek to call should be excluded.  FRCP 37(c)(1); *see*

5  *also, e.g., Queveda v. Trans-Pacific Shipping Co.*, 143 F.3d 1255, 1258 (9th Cir.

6  1998); *Finwall v. City of Chicago*, 239 F.R.D. 494, 498 (N.D.Ill. 2006);

7  *MacArthur v. State Farm Fire & Cas. Ins. Co.*, 2004 W.L. 5506688, at *2 (D.Nev.,

8  Dec. 16, 2004).

9

10  Dated:  October 6, 2010                     Respectfully submitted,

11                                                          WOLF, RIFKIN, SHAPIRO,
                                                            SCHULMAN & RABKIN, LLP
12

13

14  By:_____/s/_____
                                                            CHARLES J. HARDER
15                                                          Attorneys for Plaintiffs and Counter-
                                                            Defendants GRASSHOPPER HOUSE, LLC
16                                                          and PASSAGES SILVER STRAND, LLC
                                                            and Counterdefendant PAX PRENTISS

17

18

19

20

21

22

23

24

25

26

27

28

-3-