| | |
|---|---|
| 1 | WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP |
| | CHARLES J. HARDER (BAR NO. 184593) |
| 2 | charder@wrslawyers.com |
| | CHRISTOPHER J. HECK (BAR NO. 174647) |
| 3 | check@wrslawyers.com |
| | NICHOLAS A. MERKIN (BAR NO. 219604) |
| 4 | nmerkin@wrslawyers.com |
| | 11400 West Olympic Boulevard, Ninth Floor |
| 5 | Los Angeles, California 90064-1582 |
| | Telephone: (310) 478-4100/Facsimile: (310) 479-1422 |
| 6 | |
| 7 | Attorneys for Plaintiffs/Counterdefendants |
| | GRASSHOPPER HOUSE, LLC and |
| | PASSAGES SILVER STRAND, LLC |
| 8 | and Counterdefendant PAX PRENTISS |

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRASSHOPPER HOUSE, LLC, a California limited liability company doing business as "Passages Malibu," PASSAGES SILVER STRAND, LLC, a California limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> ACCELERATED RECOVERY CENTERS, LLC, a Georgia limited liability company, <br><br> Defendant. <br><br> AND RELATED COUNTER-CLAIM | Case No.: 2:09-CV-08128-DMG-PLA <br><br> **DISCOVERY MATTER** <br><br> [Hon. Paul L. Abrams <br> U.S. Magistrate Judge] <br><br> *EX PARTE* APPLICATION OF COUNTERDEFENDANTS (OR ALTERNATIVELY APPLICATION FOR AN ORDER SHORTENING TIME FOR A HEARING ON THE FOLLOWING MOTION): <br><br> TO COMPEL THE DEPOSITIONS OF COUNTER-CLAIMANTS' WITNESSES; REQUEST FOR SANCTIONS IN THE AMOUNT OF $4,250; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CHARLES J. HARDER <br><br> Date: TBD <br> Time: 10:00 a.m. <br> Place: Courtroom G, 9th Floor |

-1-

COUNTERDEFENDANTS' MOTION TO COMPEL DEPOSITIONS OF
COUNTERCLAIMANTS' WITNESSES

\\Wrs-file\dfs\LACaseFiles\17875\003\Pleadings\Motion to Compel Depositions.wpd

1  **TO ALL PARTIES AND THEIR COUNSEL:**

2  PLEASE TAKE NOTICE that Plaintiffs and Counterdefendants
3  Grasshopper House, LLC and Passages Silver Strand, LLC, and Counterdefendant
4  Pax Prentiss (collectively "Passages" or "Counterdefendants") hereby bring this
5  *Ex Parte* Application (or alternatively, Application for an Order Shortening Time
6  for a Hearing on the Following Motion): To Compel Defendants and
7  Counterclaimants Accelerated Recovery Centers, LLC, Kevin Kelly and Jan Holt
8  Watkins aka Jan Watkins Kelly (collectively, "Accelerated") to produce for
9  deposition the following party witnesses:

10  1.  The Rule 30(b)(6) corporate designee for defendant and
11  counterclaimant Accelerated Recovery Centers, LLC;
12  2.  Defendant Kevin Kelly, CEO of Accelerated Recovery Centers, LLC;
13  3.  Defendant Jan Holt Watkins aka Jan Watkins Kelly, Senior Vice
14  President of Accelerated Recovery Centers, LLC;
15  4.  Dr. Tommie Richardson, Medical Director of Accelerated Recovery
16  Centers, LLC; and
17  5.  Nancy Certain, RN, of Accelerated Recovery Centers, LLC.

18
19  Passages requests the following additional relief:
20  A.  That the aforementioned witnesses be produced for deposition at
21  dates and times that are convenient for Passages and its counsel, either prior to the
22  discovery cutoff of November 1, 2010, or shortly after the discovery cutoff;
23  B.  That the depositions be ordered to occur at the offices of Passages'
24  counsel in Los Angeles, California; and
25  C.  That counsel for Accelerated be ordered to limit their objections to
26  <u>short</u> objections to the grounds, <u>not</u> to make speaking objections or make
27  statements that could have the effect of influencing the deponent's answers, and
28  <u>not</u> to instruct the witness to refuse to answer a question, with the sole exception

-2-
**COUNTERDEFENDANTS' MOTION TO COMPEL DEPOSITIONS OF
COUNTERCLAIMANTS' WITNESSES**
\\Wrs-file\dfs\LACaseFiles\17875\003\Pleadings\Motion to Compel Depositions.wpd

1  of legitimate privilege objections; and

2      D.    That Accelerated be ordered to pay sanctions in the amount of $4,250 to compensate Passages for the legal fees and costs of filing the instant motion.

    Three other discovery motions are on calendar for October 26, 2010 at 10:00 a.m. Therefore, Passages requests a hearing on this matter on or about October 26, 2010, if a hearing is required at all. The discovery cutoff in this action is November 1, 2010. As explained below, Passages has been diligent with discovery, including the depositions at issue herein, but Accelerated, after first agreeing to the depositions, unilaterally canceled the depositions weeks later and now refuses to produce its witnesses for deposition, thus necessitating this Application and Motion.

    This Application and Motion is made pursuant to FRCP Rules 33 and 37.

    This Application and Motion is supported by this Notice, the Memorandum of Points and Authorities attached hereto, the Declaration of Charles J. Harder and the exhibits attached thereto, and the pleadings on file in this action.

Dated: October 7, 2010

Respectfully submitted,

WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP

By:_____/s/_____
    CHARLES J. HARDER
Attorneys for Plaintiffs and Counter-Defendants GRASSHOPPER HOUSE, LLC and PASSAGES SILVER STRAND, LLC and Counterdefendant PAX PRENTISS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION & SUMMARY OF THE RELIEF REQUESTED

Plaintiffs and counterdefendants Grasshopper House, LLC and Passages Silver Strand, LLC, and counterdefendant Pax Prentiss (collectively "Passages" or "Counterdefendants") hereby bring this *Ex Parte* Application (or alternatively, Application for an Order Shortening Time for a Hearing on the Following Motion): Motion to Compel Defendants and Counterclaimants Accelerated Recovery Centers, LLC, Kevin Kelly and Jan Holt Watkins aka Jan Watkins Kelly (collectively, "Accelerated") to produce for deposition the following party witnesses:

1. The Rule 30(b)(6) corporate designee for defendant and counterclaimant Accelerated Recovery Centers, LLC;

2. Defendant Kevin Kelly, CEO of Accelerated Recovery Centers, LLC;

3. Defendant Jan Holt Watkins aka Jan Watkins Kelly, Senior Vice President of Accelerated Recovery Centers, LLC;

4. Dr. Tommie Richardson, Medical Director of Accelerated Recovery Centers, LLC; and

5. Nancy Certain, RN, of Accelerated Recovery Centers, LLC.

Passages requests the following additional relief:

A. That the aforementioned witnesses be produced for deposition at dates and times that are convenient for Passages and its counsel, either prior to the discovery cutoff of November 1, 2010, or shortly after the discovery cutoff;

B. That the depositions be ordered to occur at the offices of Passages' counsel in Los Angeles, California;

///

///

C. That counsel for Accelerated be ordered to limit their objections to short objections to the grounds, not to make speaking objections or otherwise make statements that could have the effect of influencing the deponent's answers, and not to instruct the witness to refuse to answer a question, with the sole exception of legitimate privilege objections; and

D. That Accelerated be ordered to pay sanctions in the amount of $4,250 to compensate Passages for legal fees and costs of filing the instant motion.

Three other discovery motions are on calendar for October 26, 2010 at 10:00 a.m. Therefore, Passages requests a hearing on this matter on or about October 26, 2010, if a hearing is required at all. The discovery cutoff in this action is November 1, 2010. As explained below, Passages has been diligent with discovery, including the depositions at issue herein. Accelerated, after first agreeing to the depositions, unilaterally canceled the depositions weeks later and now refuses to produce its witnesses for deposition, thus necessitating this Application and Motion.

## II.

## GOOD CAUSE EXISTS FOR THE RELIEF REQUESTED

Good cause exists for the relief requested herein, as explained in the following section:

### A. Accelerated Has Failed and Refused to Produce Its Witnesses for Deposition

On September 21, 2010, Passages hand-served deposition notices for each of the five witnesses identified above, to take place in Atlanta, Georgia on October 6-8, 2010. See Declaration of Charles J. Harder ("Harder Decl."), Exs. 1-5. The witnesses noticed are Accelerated's Rule 30(b)(6); President/CEO, Senior Vice President; Medical Director; and his assistant, respectively. *Id.*, ¶ 3; Ex. 6. During a meet and confer conference on September 23, 2010, reported by a court reporter,

-5-

COUNTERDEFENDANTS' MOTION TO COMPEL DEPOSITIONS OF
COUNTERCLAIMANTS' WITNESSES
\\Wrs-file\dfs\LACaseFiles\17875\003\Pleadings\Motion to Compel Depositions.wpd

counsel for Accelerated confirmed that the depositions would proceed on the dates and times noticed. Harder Decl., Ex. 7.

More than a week later, at 9:21 p.m. on Saturday night, October 2, 2010, counsel for Accelerated sent an email to Passages' counsel unilaterally cancelling all five of the depositions. (Harder Decl., Ex. 8.) The reason stated for the unilateral cancellation did not have to do with the schedules of the witnesses or their counsel. *Id.* Rather, it pertained to Accelerated's allegation that Passages had not timely provided deposition dates for three of Passages' witnesses, for later that month. *Id.* (Accelerated served its deposition notices <u>after</u> Passages served the five deposition notices at issue.)[1] Upon learning of Accelerated's unilateral cancellation on grounds that Passages' deposition dates were still outstanding, Passages' counsel <u>immediately</u> provided Accelerated with deposition dates for Passages witnesses – at 7:25 a.m. on Sunday morning, October 3, 2010 – and demanded that the depositions proceed on the agreed dates of October 6-8, 2010. Harder Decl., Ex. 9. Accelerated refused to produce its witnesses for deposition on October 6-8, 2010.

Moreover, Accelerated did not even provide new deposition dates for its five witnesses. Rather, Accelerated demanded an in-person meet and confer conference to discuss the issue, and conveniently, Accelerated's counsel, Mr. Doroshow, stated that he was not available to meet until two days later – Tuesday,

---

[1] On September 22, 2010, the day after Accelerated's counsel received the deposition notices of its witnesses for October 6-8, 2010 in Atlanta, Accelerated served deposition notices on three of Passages' witnesses (Chris Prentiss, Pax Prentiss and Anna James) for September 30, and October 1 and 4, 2010, respectively, in a transparent effort to "cut" in front of the earlier-noticed Accelerated depositions in Atlanta on October 6-8, 2010. Harder Decl., ¶ 9. The notices of Passages' witnesses were set with only 9, 10 and 16 days notice, and the deposition notice served with 16 days notice requested production of documents, which requires 30 days notice pursuant to the FRCP. *Id.* Passages obviously objected to the timing of the Passages depositions, and they were postponed to future dates <u>after</u> the Accelerated depositions in Atlanta. *Id.*, Ex. 7. Passages' counsel agreed to provide alternate dates, and did so the morning of October 3, 2010. *Id.*, Ex. 9.

-6-

1  October 6. Harder Decl., ¶ 8. In an effort to resolve the issue, Passages' counsel
2  agreed to the request, and counsel for the parties agreed to meet at 1:00 p.m. on
3  Tuesday, October 5, 2010, at the offices of Passages' counsel. *Id.* Passages'
4  counsel booked a court reporter for the conference. *Id.*

5  True to form, Accelerated's counsel, Mr. Doroshow, unilaterally cancelled
6  the meeting at 10:44 a.m. the day of the conference. Harder Decl., ¶ 12, Ex. 12.
7  After scheduling the conference, Accelerated wanted to include additional,
8  unrelated issues to discuss that involved another attorney, Thomas Nitti, and Mr.
9  Doroshow insisted that Mr. Nitti attend. Mr. Nitti had not been notified of the
10 meeting originally, and was not available with last minute notice. Nor was his
11 attendance necessary, as Passages' counsel had previously explained. Harder
12 Decl., Ex. 11. Nevertheless, Mr. Doroshow refused to attend.

13 Later that afternoon (Tuesday, October 5), Passages' counsel sent a letter to
14 Accelerated's counsel, Mr. Doroshow, asking if Accelerated would agree to
15 produce its witnesses for deposition <u>at all</u>, and if so, <u>when</u>, and if not, why not.
16 Harder Decl., Ex. 13. The letter requested a <u>direct answer</u> to these questions by
17 12:00 noon the following day (Wednesday, October 6), and stated that a failure to
18 answer the questions would be deemed a refusal to produce the witnesses for
19 deposition.

20 Accelerated's counsel sent a letter in response but did not answer any of the
21 questions posed. Harder Decl., Ex. 14. Rather, the response letter discussed a
22 litany of procedural issues, but completely evaded answering the key question,
23 namely, if Accelerated would agree to produce its witnesses for deposition <u>at all</u>,
24 and if so, <u>when</u>.

25 As demonstrated above, Accelerated has undertaken every reasonable good
26 faith effort to informally resolve the dispute at issue. However, Accelerated's
27 counsel refused to produce any of Accelerated's witnesses for deposition. The
28 discovery cutoff is 25 days away, and Passages cannot afford to further delay

-7-

**COUNTERDEFENDANTS' MOTION TO COMPEL DEPOSITIONS OF
COUNTERCLAIMANTS' WITNESSES**
\\Wrs-file\dfs\LACaseFiles\17875\003\Pleadings\Motion to Compel Depositions.wpd

before bringing this matter to the Court's attention.

### B. Accelerated's History of Refusing to Comply with its Discovery Obligations

This is not the first time that Accelerated has refused to comply with its discovery obligations. In fact, as to each and every discovery obligation since the commencement of this lawsuit, Accelerated has systematically failed and refused to comply with its discovery obligations.

1. <u>Accelerated has not produced a single document in this action</u>. Accelerated is required to produce documents supporting its claims and defenses pursuant to Rule 26(a), and to supplement that production as additional documents become available. FRCP 26(e) Moreover, Accelerated is required to produce, and even <u>agreed</u> to produce, its documents responsive to numerous document requests propounded by Passages. Yet no documents were ever produced, even following multiple meet and confer letters and in-person meetings. At the end of that process, Accelerated flatly refused to produce even <u>one page</u> of its documents. Therefore, Passages filed a Motion to Compel production of documents, which is scheduled for hearing on October 26, 2010.

2. <u>Accelerated has not provided any facts in response to Passages' Interrogatories</u>, which request "all facts" that support Accelerated's Counterclaims and damages claims. Following a meet and confer, Passages filed a Motion to Compel "full and complete" responses to the Interrogatories, which is scheduled for hearing on October 26, 2010.

3. <u>Accelerated served a defective expert disclosure</u> on September 17, 2010, the last day to disclose. The disclosure identifies one expert, but fails to include an expert report in violation of Rule 26. The disclosure also purports to "reserve the right" to call an unnamed expert regarding a particular topic, but does not name the expert or provide an expert report. During a meet and confer conference, Accelerated refused to withdraw the document and has never

1 supplemented it to provide an expert report. Therefore, Passages filed a motion to
2 exclude Accelerated's experts, which is scheduled for hearing on November 2,
3 2010.

4     Accelerated's unilateral cancellation of the depositions of its five witnesses,
5 on the eve of those depositions which had been planned in advance, is the latest in
6 a long list of abusive and bad faith discovery practices by Accelerated and its
7 counsel.

8 **C.   Passages Has Acted Diligently Regarding the Depositions**

9     Passages has acted diligently with respect to the depositions. It noticed the
10 depositions for dates three weeks prior to the discovery cutoff. Accelerated
11 initially agreed (September 23, 2010) to appear at those depositions. Harder Dec.,
12 Ex. 7. A week later (Saturday night at 9:21 pm on October 2, 2010), it unilaterally
13 cancelled them. The delay appears to have been calculated to make it impossible
14 for Passages to file a motion to compel on ordinary notice for a hearing before the
15 November 1, 2010 discovery cutoff. Accelerated further thwarted Passages'
16 efforts to resolve the matter first by agreeing to a meet and confer conference on
17 October 5 at 1:00 p.m., and then unilaterally cancelling that conference in the late
18 morning of the same day it was scheduled.

19     In light of the foregoing, good cause exists for the requested relief, and
20 good cause also exists for this matter to be adjudicated either on an *ex parte* basis
21 or, alternatively, on a shortened hearing time.

22 **D.   The Federal Rules Require Accelerated to Produce its Witnesses For**
23      **Deposition**

24     It is axiomatic that a party litigant is entitled to depose the relevant
25 witnesses employed by the opposing party. FRCP 30(a)(1). Here, Passages
26 noticed the depositions of Accelerated's 30(b)(6) corporate designee and four of
27 its key employees: the CEO, the CFO, the Medical Director and his assistant.
28 Accelerated initially did not object to the depositions of those witnesses, or the

dates and locations of those witnesses. Rather, Accelerated waited a week, until the eve of the depositions, and then unilaterally cancelled them.

Pursuant to FRCP Rule 37, a party litigant may file a motion to compel the depositions of the opposing party's witnesses, and seek monetary sanctions. Passages does so here.

E.   **Remedies Requested**

As explained above, Passages requires the depositions of the five witnesses: a Rule 30(b)(6) witness and four individuals who are believed to have the most knowledge relevant to the claims and defenses in this action. Harder Decl., Ex. 6. Accordingly, Passages requests an order compelling Accelerated to produce these witnesses for deposition on dates convenient for Passages and its counsel.

Passages and its counsel have already been inconvenienced and prejudiced, first by the scheduling and planning of three days of deposition in Atlanta, to accommodate Accelerated, and then by the unilateral cancellation of those depositions. Party depositions such as these may be noticed wherever Passages, as the noticing party, designates. *Turner v. Prudential Ins. of Am.*, 119 F.R.D. 381, 383 (M.D.N.C. 1988); *New Medium Tech., LLC v. Barco N.V.* 242 F.R.D. 460, 465 (N.D. Ill. 2007). The only limit on that power is a court may grant a protective order regarding the location. The question of where a deposition of a party witness shall take place is left to the district court's discretion.[2] Here, after

---

[2] Court have held that the following factors should be considered: (1) the location of counsel for both parties in the forum district; (2) the size of the defendant corporation and the regularity of executive travel; (3) the likelihood of significant discovery disputes arising, which would necessitate resolution by the forum court; and (4) the equities with regard to the nature of the claim and the parties' relationship. *Turner, supra*, 119 F.R.D. at 383; *Armsey v. Medshares Mgmt. Svces., Inc.* 184 F.R.D. 569, 571 (W.D. Va. 1998); *see also, Nat'l Community Reinvestment Coalition v. Novastar Fin., Inc.*, 604 F. Supp. 2d 26, 31-32 (D.D.C. 2009). Here, both counsel are located in this district; significant discovery disputes are likely (and have already occurred), and the equities strongly favor Passages which tried to accommodate Accelerated's witnesses by taking depositions in

Passages agreed to depositions in Atlanta and Accelerated unilaterally cancelled them, no such protection should be given to Accelerated or its witnesses. Good cause further exists for the depositions to occur in Los Angeles because the case is pending in Los Angeles; Passages' co-owners (Chris and Pax Prentiss) are located in Los Angeles and have attended each of the four (4) depositions taken thus far in the action; and both sets of litigation counsel, who would be taking and defending the deposition, are located in Los Angeles.

Passages should not be required to bear the further inconvenience of setting aside an entire yet another week to travel to and from Atlanta and take three days of deposition in between the travel. Under the circumstances, Accelerated should be required to shoulder some of the inconvenience by having its witnesses appear for their deposition at the offices of Passages' counsel in Los Angeles.

Furthermore, an instruction be made to Accelerated's counsel that it is prohibited from making speaking objections during the depositions, or coaching its witnesses with statements or improper objections, or otherwise interfering with the deposition process. As the Court is aware, Accelerated's counsel has engaged in unprofessional conduct during past depositions. See Order, September 6, 2010, footnote 4. Moreover, Accelerated's counsel has engaged in improper speaking objections and statements during depositions that were designed to interfere with the witness's testimony and affect the answers to the questions. Some examples are attached as Exhibit 16 to the Harder Declaration.

As explained at Paragraph 19 of the Harder Declaration, Passages has incurred $4,250 in fees and costs to prepare this Motion, and requests sanctions / / / against Accelerated in that amount.

---

Atlanta, only to have the "rug pulled out from under it" at the last minute, without cause or reasonable explanation.

COUNTERDEFENDANTS' MOTION TO COMPEL DEPOSITIONS OF
COUNTERCLAIMANTS' WITNESSES
\\Wrs-file\dfs\LACaseFiles\17875\003\Pleadings\Motion to Compel Depositions.wpd

Dated: October 7, 2010

Respectfully submitted,

WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP

By: _____/s/_____
CHARLES J. HARDER
Attorneys for Plaintiffs and Counter-Defendants GRASSHOPPER HOUSE, LLC and PASSAGES SILVER STRAND, LLC and Counterdefendant PAX PRENTISS

## DECLARATION OF CHARLES J. HARDER

I, Charles J. Harder, declare:

1. I am an attorney at law duly admitted to practice before the United States District Court for the Central District of California. I am a partner of the law firm of Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP ("WRSSR"), attorneys of record for plaintiffs and counter-defendants GRASSHOPPER HOUSE, LLC ("Grasshopper") and PASSAGES SILVER STRAND, LLC (collectively, "Passages"), and counter-defendant PAX PRENTISS. I have personal knowledge of the following facts, and if called and sworn as a witness, I could and would testify competently thereto.

2. On or about September 21, 2010, my office hand-served five deposition notices on counsel for defendant and counterclaimant Accelerated Recovery Centers, LLC ("Accelerated"). True copies on those deposition notices are attached hereto as **Exhibits 1 through 5.** The deposition notices called for the depositions of the witnesses from October 6 to 8, 2010 in Atlanta, Georgia.

3. Attached hereto as **Exhibit 6** is a true copy of select pages from Accelerated's website, identifying Kevin Kelly as the President and CEO; Jan Holt Watkins (aka Jan Watkins Kelly) as the Senior Vice President; Dr. Tommie Richardson as the Medical Director; and Nancy Certain, RN as his assistant.

4. On September 23, 2010, I had an in-person meet and confer conference with James Doroshow, counsel for Accelerated, before a court reporter. During that conference, Mr. Doroshow confirmed that the depositions of Accelerated's five witnesses would proceed on the dates, times and location stated in the five notices (Exhibits 1-5 hereto). Attached hereto as **Exhibit 7** is a true copy of relevant pages from the court reporter's transcript, with relevant sections highlighted.

///

///

-1-
COUNTERDEFENDANTS' MOTION TO COMPEL DEPOSITIONS OF COUNTERCLAIMANTS' WITNESSES

\\Wrs-file\dfs\LACaseFiles\17875\003\Pleadings\Motion to Compel Depositions.wpd

5. At 9:21 p.m. on Saturday night, October 2, 2010, I received an email from Mr. Doroshow stating that he was unilaterally cancelling the Atlanta depositions. A true copy of his email is attached as **Exhibit 8.**

6. I read Mr. Dorosow's email at about 7:00 a.m. on Sunday morning (October 3), and quickly typed my response to him. My response email, sent at 7:25 a.m., is attached hereto as **Exhibit 9.**

7. As indicated in Exhibit 8, Mr. Doroshow was claiming that I did not get him proposed dates for my witnesses earlier, and this was the reason he was unilaterally cancelling the Atlanta depositions which we had planned since at least September 23, 2010.

8. As indicated in Exhibit 9, at 7:25 a.m. on Sunday, following Mr. Doroshow's email of 9:21 p.m. on Saturday night, I provided Mr. Doroshow with available dates for my clients' depositions. I asked Mr. Doroshow, in Exhibit 9, to "confirm that the Atlanta depositions will go forward as scheduled on October 6-8." Mr. Doroshow did <u>not</u> confirm that the depositions would go forward. Instead, he demanded an in-person meet and confer conference before a court reporter, and stated that he was not available until Tuesday for such a conference. On Monday, October 4, 2010, we agreed to a conference at my office at 1:00 p.m. on Tuesday, October 5, 2010. Following our agreement, I booked a court reporter for that date and time. Attached as **Exhibit 10** is a true copy of our email exchange.

9. It is important to note that Passages served the deposition notices on Accelerated's five witnesses (on September 21, 2010) <u>before</u> Accelerated served deposition notices on Passages witnesses (on September 22, 2010). Moreover, notwithstanding the fact that I served notices for Accelerated's depositions on October 6-8, 2010 in Atlanta, Mr. Doroshow served notices for Passages' depositions to take place on September 30 and October 1 and 4, 2010, respectively. The third notice (for October 4) requested production of documents

1  but was not served with 30 days notice as required by the FRCP. The other two
2  notices were served with only 9 and 10 days notice, respectively, and obviously
3  attempted to "cut" in front of the previously-noticed Accelerated depositions in
4  Atlanta. Moreover, Passages had not yet taken any depositions in the case, while
5  Accelerated was on the eve of taking its fourth deposition in the case (which was
6  taken on September 23). Thus, Accelerated was attempting to take its 5th, 6th and
7  7th depositions in the case, before Passages had even taken one deposition.
8  Notwithstanding, the witnesses, co-counsel, and I were not available on the dates
9  noticed, and the notice requiring documents did not give 30 days notice. Thus, I
10 informed Mr. Doroshow that the three Passages depositions needed to be re-
11 scheduled for *after* the Accelerated depositions in Atlanta. He asked me for new
12 dates, and I agree to provide them. (See Exhibit 7 hereto, where we discussed
13 these issues, and Exhibit 9 hereto, where I provided him proposed dates.)
14        10.   After we agreed to meet on Tuesday at 1:00 pm, Mr. Doroshow
15 demanded that we also discuss at the same meeting two additional issues not
16 related to depositions. One issue related to a different lawsuit: *Grasshopper*
17 *House LLC v. Renaissance Recovery Services*. (Thomas Nitti is not counsel for
18 any parties in that action.) The second issue involved Mr. Doroshow's threat to
19 file a disciplinary proceeding against me because, he alleges, Chris Prentiss (who
20 is not my client in this action) allegedly sent a letter or email to an insurance
21 carrier representative attaching Mr. Doroshow's Declaration filed in this action.
22 I had already discussed the second issue with Mr. Doroshow in a prior meet and
23 confer conference. Since then, he brings up the issue every time we meet in
24 person, including at all depositions and all meet and confer conferences. There is
25 nothing more to discuss – to my knowledge there was no violation of any laws or
26 rules. On the contrary, Mr. Doroshow's repeated threats of a State Bar proceeding
27 may be a violation of the Rules of Professional Conduct, Rule 5-100.
28

-3-

**COUNTERDEFENDANTS' MOTION TO COMPEL DEPOSITIONS OF COUNTERCLAIMANTS' WITNESSES**

\\Wrs-file\dfs\LACaseFiles\17875\003\Pleadings\Motion to Compel Depositions.wpd

11.   Mr. Doroshow also insisted, after we agreed to the 1:00 pm conference, that Mr. Nitti (counsel Chris Prentiss) also attend the conference. Though when we originally set the conference, there was no request that Mr. Nitti attend. I informed Mr. Dosohow in a letter sent on Tuesday morning (the morning of our scheduled 1:00 p.m. conference) that Mr. Nitti was not required to attend because he was not involved in the deposition scheduling issue, and also was not counsel in the *Renaissance* case. I also stated that Mr. Nitti was not available that day. A true copy of my letter is attached hereto as **Exhibit 11.**

12.   At 10:44 a.m. on Tuesday, October 6, 2010, Mr. Doroshow sent me an email cancelling our 1:00 p.m. meeting that day. Attached hereto as **Exhibit 12** is a true copy of that email.

13.   That same afternoon (Tuesday, October 6), I sent Mr. Dorowhow a letter asking him to tell me if Accelerated would agree to produce its witnesses for deposition <u>at all</u>, and if so, <u>when</u> they were available for their depositions. My letter stated that a failure to confirm that Accelerated would produce its witnesses for deposition would be deemed a refusal to produce them. Attached hereto as **Exhibit 13** is a true copy of my letter.

14.   Mr. Doroshow responded to that letter with a letter of his own. A true copy is attached hereto as **Exhibit 14**. Mr. Doroshow failed to answer the questions in my letter, namely, to confirm that Accelerated would produce its witnesses for deposition and when they were available for deposition.

15.   It became abundantly clear to me at that point that Accelerated was refusing to produce its witnesses for deposition.

16.   I have had many meet and confer conferences with Mr. Doroshow in the past, and he has been consistently uncooperative. This is relevant because of Mr. Doroshow's demands for further meet and confer, notwithstanding his cancellation of the scheduled October 6 conference and refusal to acknowledge that Accelerated will agree to produce its witnesses for deposition. The following

-4-

**COUNTERDEFENDANTS' MOTION TO COMPEL DEPOSITIONS OF COUNTERCLAIMANTS' WITNESSES**

\\Wrs-file\dfs\LACaseFiles\17875\003\Pleadings\Motion to Compel Depositions.wpd

are a *few* examples of past meet and confer conferences:

First, my firm had three meet and confer conferences with Mr. Doroshow on the same issue: to obtain Accelerated's agreement to produce its documents responsive to Passages' document requests and Accelerated's Rule 26 obligations. At the end of the third meeting, Mr. Doroshow finally made clear that Accelerated would not produce any of its documents. To date, <u>Accelerated has not produced a single document in this case, and has refused to produce any.</u> As a result, Passages filed a motion to compel, set for hearing on October 26, 2010. The evidence supporting these facts are attached to the Harder Declaration filed with that motion.

Second, Mr. Doroshow and I had a meet and confer conference on September 23, 2010 regarding Accelerated's Interrogatory responses. Accelerated has failed to identify <u>any</u> facts in its responses that support its Counterclaims and damages claims. The Interrogatories at issue request a statement of "all facts" that support Accelerated's Counterclaims against Passages. Mr. Doroshow initially stated that Accelerated would provide further responses, containing its "best" responses. He later stated that when he said "best," what he meant was that he would "do his best" to provide Passages with further responses. Passages then demanded confirmation that Accelerated would provide "full and complete" responses, but Accelerated refused. As a result, Passages filed a motion to compel, set for hearing on October 26, 2010. The evidence supporting these facts are attached to the Harder Declaration filed with that motion.

Third, Mr. Doroshow and I had a meet and confer conference regarding Accelerated's purported expert disclosure. The disclosure (served on the last day that disclosures can be served) identified one expert but failed to include an expert report as required by FRCP 26(b)(2)(B). The disclosure also purported to "reserve the right" to call an expert regarding another topic, but failed to either identify the name of the expert or provide an expert report. During the meet and confer

COUNTERDEFENDANTS' MOTION TO COMPEL DEPOSITIONS OF
COUNTERCLAIMANTS' WITNESSES

\\Wrs-file\dfs\LACaseFiles\17875\003\Pleadings\Motion to Compel Depositions.wpd

conference, Mr. Doroshow refused to withdraw the disclosure. As a result, Passages filed a motion to exclude the expert witnesses, set for hearing on November 2, 2010. The evidence supporting these facts are attached to the Harder Declaration filed with that motion.

17. In connection with the foregoing, attached hereto as **Exhibit 15** a copy of Passages' notice of Accelerated's noncompliance with Rule 26, filed with the Court on October 6, 2010.

18. Attached hereto as **Exhibit 16** is a true copy of the rough draft version of the deposition transcript of Dr. Jason Giles in this action, showing objections that Mr. Doroshow has made during depositions which are disruptive and appear to be calculated to influence the witness's testimony. Although the deposition occurred on September 15, 2010, I have not yet received a copy of the final version of the transcript from the court reporter, though I ordered one at the time of the deposition.

19. I spent ten (10) hours preparing the instant Application/Motion and this Declaration. My billing rate also is $425. Thus, Passages has incurred a total of $4,250 to date to file the instant Application and Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed October 7, 2010 at Los Angeles, California.

_____
CHARLES J. HARDER