# Exhibit 1

1  WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
   CHARLES J. HARDER (BAR NO. 184593)
2  NICHOLAS A. MERKIN (BAR NO. 219604)
   11400 West Olympic Boulevard, Ninth Floor
3  Los Angeles, California 90064-1582
   Telephone: (310) 478-4100
4  Facsimile: (310) 479-1422

5  Attorneys for Plaintiffs/Counterdefendants
   GRASSHOPPER HOUSE, LLC,
6  PASSAGES SILVER STRAND, LLC,
   and Counterdefendant PAX PRENTISS

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 GRASSHOPPER HOUSE, LLC, a            )  Case No.: CV 09-08128DMG(PLAx)
   California limited liability company )
12 doing business as "Passages Malibu," )
   PASSAGES SILVER STRAND, LLC, a       )  **NOTICE OF DEPOSITION OF**
13 California limited liability company, )  **ACCELERATED RECOVERY**
                                        )  **CENTERS, LLC**
14              Plaintiffs,             )
                                        )
15      v.                             )
                                        )  Date:      October 6, 2010
16 ACCELERATED RECOVERY               )  Time:      10:00 a.m.
   CENTERS, LLC, a Georgia limited     )  Location:  Premier Reporting
17 liability company,                  )             3455 Peachtree Road NE
                                        )             Suite 500
18              Defendant.             )             Atlanta, GA 30326
                                        )             (404) 325-5773
19 _____ )
   AND RELATED COUNTER-CLAIM           )
20                                      )

21

22 **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

23      **NOTICE IS HEREBY GIVEN** that on **October 6, 2010** at 10:00 a.m. EST

24 at Premier Reporting, located at 3455 Peachtree Road NE, Suite 500, Atlanta,

25 Georgia 30326, Plaintiff/Counter-Defendant Grasshopper House, LLC

26 ("Passages") will take the deposition of the corporate designee(s) of defendant

27 Accelerated Recovery Centers, LLC ("Accelerated"), pursuant to Rule 30(b)(6) of

28 the Federal Rules of Civil Procedure.

1   **PLEASE TAKE FURTHER NOTICE** that said deposition shall be taken

2   upon oral examination before an officer authorized to administer oaths pursuant to

3   FRCP Rule 28.

4   **PLEASE TAKE FURTHER NOTICE** that said deposition shall continue

5   from day-to-day, Saturdays, Sundays and holidays excepted, until completed,

6   unless otherwise stipulated to by all counsel.

7   **PLEASE TAKE FURTHER NOTICE** that said deposition may be

8   recorded by videotape and by the stenographic method "Live Note" to obtain a

9   real-time deposition transcript, pursuant to FRCP Rule 30(b)(2), (3).

10   **PLEASE TAKE FURTHER NOTICE** that Accelerated Recovery Centers,

11   LLC is required to designate and produce at the time and place for the deposition

12   set forth above, the officers, directors, employees or managing agents most

13   qualified to testify on its behalf as to the following matters:

14   1.   All facts, documents and witnesses that support or relate to the First

15   Counterclaim asserted by Accelerated in this action.

16   2.   All facts, documents and witnesses that support or relate to the

17   Second Counterclaim asserted by Accelerated in this action.

18   3.   All facts, documents and witnesses that support or relate to the Third

19   Counterclaim asserted by Accelerated in this action.

20   4.   All facts, documents and witnesses that support or relate to

21   Accelerated's claims for damages pursuant to each of its Counterclaims.

22   5.   All facts, documents and witnesses that support or relate to each of

23   the affirmative defenses asserted by Accelerated in its Answer to the First

24   Amended Complaint.

25   6.   All activities of Accelerated from inception to the present.

26   7.   All advertising, marketing and promotion for Accelerated from

27   inception to the present, including without limitation, television, radio, print and

28   online.

-2-

8.   All activities by Accelerated with respect to the use of the terms Passages, Passages Malibu, Passages Silver Strand, and any other names of Accelerated's competitors or potential competitors, in online keyword advertising, such as Google, Yahoo and Bing.

9.   All instances of actual or potential confusion relating to Passages' use of terms in online keyword advertising such as Google, Yahoo and/or Bing.

Dated:  September 21, 2010

WOLF, RIFKIN, SHAPIRO, SCHULMAN
& RABKIN, LLP

By:
CHARLES J. HARDER
Attorneys for Plaintiffs/Counterdefendants
GRASSHOPPER HOUSE, LLC,
PASSAGES SILVER STRAND, LLC, and
Counterdefendant PAX PRENTISS

NOTICE OF DEPOSITION OF ACCELERATED RECOVERY CENTERS, LLC
\\Wrs-file\dfs\LACaseFiles\17875\003\Discovery\Accelerated Depo Notice 30b6 091410.wpd

1

## PROOF OF SERVICE

2

### (HAND DELIVERY)

3    STATE OF CALIFORNIA, COUNTY OF LOS ANGELES.

4          I am employed in the County of Los Angeles, State of California.

5          I am over the age of 18 and not a party to the within action.  My business
6    address is 1301 West 2nd Street, Los Angeles, CA 90026-5861.

7          On September 21, 2010, I served the foregoing document described as
**NOTICE OF DEPOSITION OF ACCELERATED RECOVERY CENTERS,**
8    **LLC** on the interested parties in this action by placing [ ] the original [X ] a true and
correct copy thereof enclosed in an envelope addressed as follows:

9    James E. Doroshow, Esq.
Phillip F. Shinn, Esq.
10   Alan Chen, Esq.
FOX ROTHSCHILD LLP
11   1800 Century Park East, Suite 300
Los Angeles, California 90067-3005
12   (T) (310) 598-4150   (F) (310) 556-9828

13

14   ☒    **BY PERSONAL SERVICE.** I personally hand delivered such envelope to the
above address or someone authorized to receive service of process for the
parties.

15

16   ☒    **FEDERAL.** I declare that I am employed in the office of a member of the bar
of this Court at whose direction the service was made.  I declare under penalty
of perjury under the laws of the United States of America that the foregoing is
17   true and correct.

18         Executed on September 21, 2010, at Los Angeles, California.

19

20         _____

21

22

23

24

25

26

27

28

# Exhibit 2

1 | WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
CHARLES J. HARDER (BAR NO. 184593)
2 | NICHOLAS A. MERKIN (BAR NO. 219604)
11400 West Olympic Boulevard, Ninth Floor
3 | Los Angeles, California  90064-1582
Telephone:  (310) 478-4100
4 | Facsimile:  (310) 479-1422

5 | Attorneys for Plaintiffs/Counterdefendants
GRASSHOPPER HOUSE, LLC,
6 | PASSAGES SILVER STRAND, LLC,
and Counterdefendant PAX PRENTISS

7

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10

11 | GRASSHOPPER HOUSE, LLC, a
California limited liability company

Case No.: CV 09-08128 DMG (PLAx)

doing business as "Passages Malibu,"
12 | PASSAGES SILVER STRAND, LLC,
a California limited liability company,

**NOTICE OF DEPOSITION OF
KEVIN M. KELLY**

13

14 |                    Plaintiffs,

Date:          October 6, 2010
Time:          2:30 p.m.
Location:     Premier Reporting

15 |          v.

3455 Peachtree Road NE
16 | ACCELERATED RECOVERY
CENTERS, LLC, a Georgia limited

Suite 500
Atlanta, GA 30326

17 | liability company,

(404) 325-5773

                   Defendant.
18

19 | AND RELATED COUNTER-CLAIM

20

21 | **TO ALL PARTIES AND THEIR COUNSEL OF RECORD HEREIN:**

22 |          **NOTICE IS HEREBY GIVEN** that on **October 6, 2010** at 2:30 p.m. EST

23 | at Premier Reporting, located at 3455 Peachtree Road NE, Suite 500, Atlanta,

24 | Georgia 30326, Plaintiff/Counter-Defendant Grasshopper House, LLC will take

25 | the deposition of Kevin M. Kelly.

26 |          **PLEASE TAKE FURTHER NOTICE** that said deposition shall be taken

27 | upon oral examination before an officer authorized to administer oaths pursuant to

28 | FRCP Rule 28.

-1-

**NOTICE OF DEPOSITION OF KEVIN M. KELLY**

1      **PLEASE TAKE FURTHER NOTICE** that said deposition shall continue
2   from day-to-day, Saturdays, Sundays and holidays excepted, until completed,
3   unless otherwise stipulated to by all counsel.

4      **PLEASE TAKE FURTHER NOTICE** that said deposition may be
5   recorded by videotape and by the stenographic method "Live Note" to obtain a
6   real-time deposition transcript, pursuant to FRCP Rule 30(b)(2), (3).

7
8   DATED: September 21, 2010                WOLF, RIFKIN, SHAPIRO, SCHULMAN,
                                             & RABKIN, LLP

9
10                                       By: _____
11                                           CHARLES J. HARDER
                                             Attorneys for Plaintiffs/Counterdefendants
12                                           GRASSHOPPER HOUSE, LLC,
                                             PASSAGES SILVER STRAND, LLC, and
13                                           Counterdefendant PAX PRENTISS

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-2-

**NOTICE OF DEPOSITION OF KEVIN M. KELLY**

I:\17875\003\Discovery\Kelly Depo Notice 091410.wpd

**PROOF OF SERVICE**

**(HAND DELIVERY)**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES.

I am employed in the County of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action. My business address is 1301 West 2nd Street, Los Angeles, CA 90026-5861.

On September 21, 2010, I served the foregoing document described as **NOTICE OF DEPOSITION OF KEVIN M. KELLY** on the interested parties in this action by placing [ ] the original [X] a true and correct copy thereof enclosed in an envelope addressed as follows:

James E. Doroshow, Esq.
Phillip F. Shinn, Esq.
Alan Chen, Esq.
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, California 90067-3005
(T) (310) 598-4150   (F) (310) 556-9828

▣   **BY PERSONAL SERVICE.** I personally hand delivered such envelope to the above address or someone authorized to receive service of process for the parties.

▣   **FEDERAL.** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 21, 2010, at Los Angeles, California.

_____

# Exhibit 3

1  WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
   CHARLES J. HARDER (BAR NO. 184593)
2  NICHOLAS A. MERKIN (BAR NO. 219604)
   11400 West Olympic Boulevard, Ninth Floor
3  Los Angeles, California  90064-1582
   Telephone:  (310) 478-4100
4  Facsimile:  (310) 479-1422

5  Attorneys for Plaintiffs/Counterdefendants
   GRASSHOPPER HOUSE, LLC,
6  PASSAGES SILVER STRAND, LLC,
   and Counterdefendant PAX PRENTISS

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  GRASSHOPPER HOUSE, LLC, a          ) Case No.: CV 09-08128 DMG (PLAx)
    California limited liability company )
12  doing business as "Passages Malibu," )
    PASSAGES SILVER STRAND, LLC,       ) **NOTICE OF DEPOSITION OF**
13  a California limited liability company, ) **JAN WATKINS KELLY**

14              Plaintiffs,             )

15       v.                            ) Date:        October 7, 2010
                                        ) Time:        10:00 a.m.
16  ACCELERATED RECOVERY              ) Location:    Premier Reporting
    CENTERS, LLC, a Georgia limited    )              3455 Peachtree Road NE
17  liability company,                 )              Suite 500
                                        )              Atlanta, GA 30326
18              Defendant.             )              (404) 325-5773
    ――――――――――――――――――――           )
19                                      )
    AND RELATED COUNTER-CLAIM        )
20  ――――――――――――――――――――           )

21  **TO ALL PARTIES AND THEIR COUNSEL OF RECORD HEREIN:**

22       **NOTICE IS HEREBY GIVEN** that on **October 7, 2010** at 10:00 a.m. EST

23  at Premier Reporting, located at 3455 Peachtree Road NE, Suite 500, Atlanta,

24  Georgia 30326, Plaintiff/Counter-Defendant Grasshopper House, LLC will take

25  the deposition of Jan Watkins Kelly.

26       **PLEASE TAKE FURTHER NOTICE** that said deposition shall be taken

27  upon oral examination before an officer authorized to administer oaths pursuant to

28  FRCP Rule 28.

                              -1-
I:\17875\003\Discovery\Jan Kelly Depo Notice 091410.wpd

1      **PLEASE TAKE FURTHER NOTICE** that said deposition shall continue

2  from day-to-day, Saturdays, Sundays and holidays excepted, until completed,

3  unless otherwise stipulated to by all counsel.

4      **PLEASE TAKE FURTHER NOTICE** that said deposition may be

5  recorded by videotape and by the stenographic method "Live Note" to obtain a

6  real-time deposition transcript, pursuant to FRCP Rule 30(b)(2), (3).

7

8  DATED: September 21, 2010      WOLF, RIFKIN, SHAPIRO, SCHULMAN
                                  & RABKIN, LLP

9

10                             By: _____

11                               CHARLES J. HARDER
                                Attorneys for Plaintiffs/Counterdefendants

12                                GRASSHOPPER HOUSE, LLC,
                                PASSAGES SILVER STRAND, LLC, and

13                                Counterdefendant PAX PRENTISS

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

**NOTICE OF DEPOSITION OF JAN WATKINS KELLY**

I:\17875\003\Discovery\Jan Kelly Depo Notice 091410.wpd

**PROOF OF SERVICE**

**(HAND DELIVERY)**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES.

I am employed in the County of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action. My business address is 1301 West 2nd Street, Los Angeles, CA 90026-5861.

On September 21, 2010, I served the foregoing document described as **NOTICE OF DEPOSITION OF JAN WATKINS KELLY** on the interested parties in this action by placing [ ] the original [X] a true and correct copy thereof enclosed in an envelope addressed as follows:

James E. Doroshow, Esq.
Phillip F. Shinn, Esq.
Alan Chen, Esq.
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, California 90067-3005
(T) (310) 598-4150   (F) (310) 556-9828

■ **BY PERSONAL SERVICE.** I personally hand delivered such envelope to the above address or someone authorized to receive service of process for the parties.

■ **FEDERAL.** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 21, 2010, at Los Angeles, California.

_____

# Exhibit 4

1  WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
   CHARLES J. HARDER (BAR NO. 184593)
2  NICHOLAS A. MERKIN (BAR NO. 219604)
   11400 West Olympic Boulevard, Ninth Floor
3  Los Angeles, California  90064-1582
   Telephone: (310) 478-4100
4  Facsimile: (310) 479-1422

5  Attorneys for Plaintiffs/Counterdefendants
   GRASSHOPPER HOUSE, LLC,
6  PASSAGES SILVER STRAND, LLC,
   and Counterdefendant PAX PRENTISS
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 GRASSHOPPER HOUSE, LLC, a          ) Case No.: CV 09-08128 DMG (PLAx)
   California limited liability company )
12 doing business as "Passages Malibu," )
   PASSAGES SILVER STRAND, LLC,       ) NOTICE OF DEPOSITION OF DR.
13 a California limited liability company, ) TOMMIE RICHARDSON

14              Plaintiffs,             )

15      v.                             ) Date:      October 7, 2010
                                       ) Time:      2:30 p.m.
16 ACCELERATED RECOVERY               ) Location:  Premier Reporting
   CENTERS, LLC, a Georgia limited     )            3455 Peachtree Road NE
17 liability company,                  )            Suite 500
                                       )            Atlanta, GA 30326
18              Defendant.             )            (404) 325-5773

19 ─────────────────────────────────  )
                                       )
20 AND RELATED COUNTER-CLAIM          )

21 TO ALL PARTIES AND THEIR COUNSEL OF RECORD HEREIN:

22      NOTICE IS HEREBY GIVEN that on **October 7, 2010** at 2:30 p.m. EST

23 at Premier Reporting, located at 3455 Peachtree Road NE, Suite 500, Atlanta,

24 Georgia 30326, Plaintiff/Counter-Defendant Grasshopper House, LLC will take

25 the deposition of Dr. Tommie Richardson.

26      **PLEASE TAKE FURTHER NOTICE** that said deposition shall be taken

27 upon oral examination before an officer authorized to administer oaths pursuant to

28 FRCP Rule 28.

-1-

**NOTICE OF DEPOSITION OF DR. TOMMIE RICHARDSON**

1   **PLEASE TAKE FURTHER NOTICE** that said deposition shall continue

2   from day-to-day, Saturdays, Sundays and holidays excepted, until completed,

3   unless otherwise stipulated to by all counsel.

4   **PLEASE TAKE FURTHER NOTICE** that said deposition may be

5   recorded by videotape and by the stenographic method "Live Note" to obtain a

6   real-time deposition transcript, pursuant to FRCP Rule 30(b)(2), (3).

7

8   DATED: September 21, 2010         WOLF, RIFKIN, SHAPIRO, SCHULMAN
                                       & RABKIN, LLP
9

10                                     By: _____
                                           CHARLES J. HARDER
11                                         Attorneys for Plaintiffs/Counterdefendants
                                           GRASSHOPPER HOUSE, LLC,
12                                         PASSAGES SILVER STRAND, LLC, and
                                           Counterdefendant PAX PRENTISS
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

**NOTICE OF DEPOSITION OF DR. TOMMIE RICHARDSON**

1  **PROOF OF SERVICE**

2  **(HAND DELIVERY)**

3  STATE OF CALIFORNIA, COUNTY OF LOS ANGELES.

4         I am employed in the County of Los Angeles, State of California.

5         I am over the age of 18 and not a party to the within action.  My business
6  address is 1301 West 2nd Street, Los Angeles, CA 90026-5861.

7         On September 21, 2010, I served the foregoing document described as
   **NOTICE OF DEPOSITION OF DR. TOMMIE RICHARDSON** on the interested
   parties in this action by placing [ ] the original [X] a true and correct copy thereof
8  enclosed in an envelope addressed as follows:

9  James E. Doroshow, Esq.
   Phillip F. Shinn, Esq.
10 Alan Chen, Esq.
   FOX ROTHSCHILD LLP
11 1800 Century Park East, Suite 300
   Los Angeles, California 90067-3005
12 (T) (310) 598-4150   (F) (310) 556-9828

13
14 ▪    **BY PERSONAL SERVICE.** I personally hand delivered such envelope to the
       above address or someone authorized to receive service of process for the
15     parties.

16 ▪    **FEDERAL.** I declare that I am employed in the office of a member of the bar
       of this Court at whose direction the service was made.  I declare under penalty
17     of perjury under the laws of the United States of America that the foregoing is
       true and correct.

18     Executed on September 21, 2010, at Los Angeles, California.

19
20                                        _____

21
22
23
24
25
26
27
28

# Exhibit 5

1  WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
   CHARLES J. HARDER (BAR NO. 184593)
2  NICHOLAS A. MERKIN (BAR NO. 219604)
   11400 West Olympic Boulevard, Ninth Floor
3  Los Angeles, California  90064-1582
   Telephone: (310) 478-4100
4  Facsimile:  (310) 479-1422

5  Attorneys for Plaintiffs/Counterdefendants
   GRASSHOPPER HOUSE, LLC,
6  PASSAGES SILVER STRAND, LLC,
   and Counterdefendant PAX PRENTISS

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11 | GRASSHOPPER HOUSE, LLC, a )     Case No.: CV 09-08128 DMG (PLAx)
   | California limited liability company )
12 | doing business as "Passages Malibu," )  **NOTICE OF DEPOSITION OF**
   | PASSAGES SILVER STRAND, LLC, )       **NANCY CERTAIN, RN**
13 | a California limited liability company, )

14 |              Plaintiffs,          )

15 |     v.                            )        Date:        October 8, 2010
   |                                   )        Time:        10:00 a.m.
16 | ACCELERATED RECOVERY              )        Location:    Premier Reporting
   | CENTERS, LLC, a Georgia limited   )                     3455 Peachtree Road NE
17 | liability company,                )                     Suite 500
   |                                   )                     Atlanta, GA 30326
18 |              Defendant.           )                     (404) 325-5773

19 |                                   )
   |                                   )
20 | AND RELATED COUNTER-CLAIM         )
   |                                   )

21 **TO ALL PARTIES AND THEIR COUNSEL OF RECORD HEREIN:**

22       **NOTICE IS HEREBY GIVEN** that on **October 8, 2010** at 10:00 a.m. EST

23 at Premier Reporting, located at 3455 Peachtree Road NE, Suite 500, Atlanta,

24 Georgia 30326, Plaintiff/Counter-Defendant Grasshopper House, LLC will take

25 the deposition of Nancy Certain, RN.

26       **PLEASE TAKE FURTHER NOTICE** that said deposition shall be taken

27 upon oral examination before an officer authorized to administer oaths pursuant to

28 FRCP Rule 28.

NOTICE OF DEPOSITION OF NANCY CERTAIN, RN
I:\17875\003\Discovery\Certain Depo Notice 091710.wpd

1      **PLEASE TAKE FURTHER NOTICE** that said deposition shall continue

2  from day-to-day, Saturdays, Sundays and holidays excepted, until completed,

3  unless otherwise stipulated to by all counsel.

4      **PLEASE TAKE FURTHER NOTICE** that said deposition may be

5  recorded by videotape and by the stenographic method "Live Note" to obtain a

6  real-time deposition transcript, pursuant to FRCP Rule 30(b)(2), (3).

7

8  DATED: September 21, 2010          WOLF, RIFKIN, SHAPIRO, SCHULMAN

9                                      & RABKIN, LLP

10                                 By: _____

11                                     CHARLES J. HARDER
                                       Attorneys for Plaintiffs/Counterdefendants
12                                     GRASSHOPPER HOUSE, LLC,
                                       PASSAGES SILVER STRAND, LLC, and
13                                     Counterdefendant PAX PRENTISS

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-
**NOTICE OF DEPOSITION OF NANCY CERTAIN, RN**
I:\17875\003\Discovery\Certain Depo Notice 091710.wpd

**PROOF OF SERVICE**

**(HAND DELIVERY)**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES.

      I am employed in the County of Los Angeles, State of California.

      I am over the age of 18 and not a party to the within action.  My business address is 1301 West 2nd Street, Los Angeles, CA 90026-5861.

      On September 21, 2010, I served the foregoing document described as **NOTICE OF DEPOSITION OF NANCY CERTAIN, RN** on the interested parties in this action by placing [ ] the original [X] a true and correct copy thereof enclosed in an envelope addressed as follows:

James E. Doroshow, Esq.
Phillip F. Shinn, Esq.
Alan Chen, Esq.
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, California 90067-3005
(T) (310) 598-4150   (F) (310) 556-9828

■  **BY PERSONAL SERVICE.** I personally hand delivered such envelope to the above address or someone authorized to receive service of process for the parties.

■  **FEDERAL.** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 21, 2010, at Los Angeles, California.

_____

# Exhibit 6



**ACCELERATED RECOVERY CENTERS**
A Better Way To Live ™

Your single **best chance** for **recovery** from **alcohol addiction.**

| Home | Treatment Programs | Detox Programs | About Us | Family & Friends | Healthcare Professionals |

**Eight times** more effective ▪ **A quarter** of the time

## Our Team

The Executive Team:

**Kevin M. Kelly, President and CEO**

Kevin is Recovered. He founded Accelerated Recovery Centers to produce results and success rates never before seen in the industry for those seeking to overcome alcohol addiction. After years of evidence-based research and starting with the fact that many people stay out of or postpone treatment due to a lack of appealing options, Kevin and his team defined and then eliminated the top barriers to entry for treatment. His goal for Accelerated was not to add just another option to the addiction recovery market, but to create a new standard of treatment; a sea of change within the industry. Industry firsts like the COMBINED Recovery Protocol ™, Recovery Guaranteed ™, and his challenge of perpetual recovery programs are proof of his focus and commitment to task. He is a tireless advocate for the addicted and a passionate speaker on the topic of alcohol dependence.

Kevin graduated with honors from Boston College and has over two decades of executive general management experience. In past roles, Kevin has been responsible for strategy and execution in a broad range of businesses, from start-ups to the Fortune 500.

**Jan Holt Watkins, Senior Vice President**

Jan oversees Service Delivery and Administration at Accelerated Recovery. Her career has encompassed sales, marketing, business planning, executive management and an Internet start up within the High Tech and Human Resources industries. Jan graduated cum laude from Dartmouth College with a major in Electrical Engineering. She began her career working for IBM in a sales capacity. She supported major insurance companies, selling a range of equipment from mainframes to PCs as well as software solutions. She joined IBM's insurance industry marketing group, working with insurance companies around the world and external software providers to deliver end-to-end application solutions.

Subsequently, Jan worked for two other software companies as a Vice President responsible for sales, marketing, customer support, consulting, business planning, third party relationships, and small business acquisitions. From there, she joined a Human Resources company in a product line management capacity. When the company was acquired, she ran the startup Internet venture within the domain of this new company.

Jan loves spending time with her husband, her two children and their dog. As the wife of a recovered alcoholic, she is thrilled to pair her business management skills with her passion for helping others reclaim their lives and triumph over addiction.

Therapeutic Management Team:

**Dr. Amy Hamilton, PsyD, LPC**

Dr. Amy Hamilton has over 15 years experience doing individual and group therapy with individuals with psychiatric illness, substance abuse and dual diagnoses. She has worked in a variety of clinical settings, both inpatient and outpatient. Dr. Hamilton utilizes an integrated approach of cognitive,

**Wellness Management**

**Dr. Tommie Richardson, Medical Director**

Tommie M. Richardson, M.D., C.A.S. has over 20 years of experience in identifying, diagnosing and treating chemical dependence and psychiatric illness. Serving as Medical Director for both in and out patient facilities Dr. Richardson has organized and implemented Healthcare Delivery Systems that have enhanced the lives of thousands of citizens. He takes a holistic approach to delivering healthcare, through individual and family counseling; he treats addictive, psychiatric and medical disorders. Dr. Richardson has also implemented culturally diverse treatment programs.

Dr. Richardson received his Doctor of Medicine from University of Tennessee Medical Units, winner of the Verstandig Award. His Medicine Internship was with City of Memphis Hospital and his Family Practice Residency with Howard University Hospital.

He is certified with the American Board of Family Practice, American Society of Addiction Medicine, American Academy of Healthcare Providers in Addiction Disorders and Georgia Addiction Counselors Association. Certified Addiction Counselor, Level 1.

Dr. Richardson is a professional member of American Society of Addiction Medicine, American Academy of Providers in Addictive Diseases, American Medical Association, Atlanta Medical Society, Medical Association of Georgia, Georgia Addiction Counselors Association, National Association of Alcohol and Drug Counselors, Georgia ASAM and Medical Association of Atlanta.

**Nancy Certain, RN**

Nancy Certain received her RN license in New York and her BSN from the Georgia University System. She has been a practicing nurse for over 30 years.

She spent most of those 30 years in hospital settings where she was a bed-side educator for patients and their families. In addition, she taught for 5 years in formal group education sessions. During these group sessions, she taught relaxation therapy with excellent success in the areas of stress management and pain reduction.

Nancy joined the Accelerated Recovery team in May, 2008. Her focus at Accelerated is education, relaxation therapy, and restoration of healthy life styles through good nutrition, nutrient supplementation, and exercise.

Together with Accelerated Recovery Centers' Medical Director, she monitors the clients' well being during their treatment program.

# Exhibit 7

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

GRASSHOPPER HOUSE, LLC, dba )
PASSAGES MALIBU, a )
California Limited Liability )
Company, )
                    )
            Plaintiff, )
                    )
          vs. )  Case No.
                    )  CV 09-08128 DMG (PLAx)
ACCELERATED RECOVERY CENTERS, )
LLC, a Georgia Limited )
Liability Company, )
                    )
          Defendant. )
_____ )
                    )
AND RELATED CROSS-ACTION. )
_____ )

REPORTER'S TRANSCRIPT OF PROCEEDINGS

TAKEN ON:  THURSDAY, SEPTEMBER 23, 2010

REPORTED BY:  R. Jerrod Jones, CSR No. 11750

**Certified Copy**

**DISK ENCLOSED**

Dianne Jones
& Associates   certified
shorthand
reporters
PO Box 1736
Pacific Palisades CA  90272
tel: 310.472.9882
fax: 310.454.0942
www.diannejonesandassociates.com

1           REPORTER'S TRANSCRIPT OF PROCEEDINGS

2           taken at 1800 Century Park East, Suite 300,

3           Los Angeles, California, on Thursday,

4           September 23, 2010, at 11:53 a.m., before

5           R. Jerrod Jones, CSR No. 11750

6

7

8    APPEARANCES:

9

10   FOR THE PLAINTIFFS, GRASSHOPPER HOUSE, LLC, dba
     PASSAGES MALIBU; PAX PRENTISS:
11
                 WOLFE, RIFKIN, SHAPIRO, SCHULMAN &
12               RABKIN, LLP
                 BY:   CHARLES J, HARDER, ESQ.
13               11400 West Olympic Boulevard
                 9th Floor
14               Los Angeles, California  90064
                 (310) 478-4100
15

16   FOR THE DEFENDANT, ACCELERATED RECOVERY CENTERS, LLC:

17
                 FOX, ROTHSCHILD, LLP
18               BY:   JAMES E. DOROSHOW, ESQ.
                 1800 Century Park East
19               Suite 300
                 Los Angeles, California  90067
20               (310) 228-6990

21

22   ALSO PRESENT:

23               (None)

24

25

                                                              2

Case 2:09-cv-08128-DMG-PLA Document 99-1 Filed 10/07/10 Page 28 of 64 Page ID
#:3899
Grasshopper House v. Accelerated Recovery          Transcript of Proceedings

1   discovery in this case for months, you are backing up

2   everything.   That's why I asked your office to

3   stipulate to extend the deadlines in this case.  When

4   you declined to do so, I did my best to designate who

5   I could at this point with the limited information I

6   have available.

7           MR. HARDER:  I'm reserving my right to

8   strike section two of your disclosure --

9           MR. DOROSHOW:  You have that right.

10          MR. HARDER:  -- and also whatever remedies

11  are available as to section one as well.

12          MR. DOROSHOW:  You have that right.  You

13  have that right.  You can reserve your rights.  I'm

14  reserving mine.

15          All right.  I'm going on now to the second

16  topic, unless you have anything more to add on that

17  subject?

18          MR. HARDER:  I don't.

19          MR. DOROSHOW:  Okay.  The depositions of

20  your clients scheduled for next week, when are your

21  clients available for their deposition?

22          MR. HARDER:  Well, they would be

23  available -- I'd have to check their schedules

24  precisely.  But once I can get your clients' depos --

25  if your clients' depositions happen in Atlanta, then

7

Grasshopper House v. Accelerated Recovery                    Transcript of Proceedings

```
 1    I will ask my clients for their availability right
 2    after that trip.
 3              MR. DOROSHOW:  Well, I need specific dates
 4    today or --
 5              MR. HARDER:  Okay.  You give me specific
 6    dates, and I'll give you --
 7              MR. DOROSHOW:  You have specific dates.
 8              MR. HARDER:  What are the specific dates?
 9              MR. DOROSHOW:  I'm willing to work with
10    you on the dates you've selected.
11              MR. HARDER:  Okay.  So the five people
12    that I've noticed are going to be at their deposition
13    in Atlanta on the dates and times that I --
14              MR. DOROSHOW:  It's my understanding as we
15    sit here today, that's correct.
16              MR. HARDER:  Great.
17              MR. DOROSHOW:  Okay.  So what's --
18              MR. HARDER:  I'll get you dates for after
19    the 8th.
20              MR. DOROSHOW:  Okay.  I'm not agreeing to
21    put off the deposition dates unless and until you and
22    I agree on acceptable dates prior to November 1 to
23    depose your clients, okay?  Are we clear on that one?
24    Otherwise, I'm going to go forward with them on
25    those --
```

8

Grasshopper House v. Accelerated Recovery                    Transcript of Proceedings

1          MR. HARDER:  I'll get you alternative

2     dates that are after the 8th.

3          MR. DOROSHOW:  Okay.  In terms of your

4     discovery, the discovery at this point -- the

5     interrogatories we are prepared to supplement and

6     will be happy to do so within two weeks' period of

7     time.

8          MR. HARDER:  All of them?

9          MR. DOROSHOW:  Let me just pull them up

10    and see what we've got.

11         MR. HARDER:  And I want full and complete

12    responses.

13         MR. DOROSHOW:  Like you've given me?

14         MR. HARDER:  Well, like the magistrate has

15    ordered us to provide.  And we have provided what we

16    can so far.  And we're in the process of doing more.

17         MR. DOROSHOW:  "So far" is not going to

18    work.  We're going to deal with that issue later.

19    We'll be sending you -- are you going to be

20    hand-serving the supplemental discovery tomorrow?

21         MR. HARDER:  That is my intention, Jim.

22         MR. DOROSHOW:  And are we getting

23    additional documents as far as --

24         MR. HARDER:  Yes, you will be.

25         MR. DOROSHOW:  Very good.  So we're going

                                                        9

```
 1    STATE OF CALIFORNIA     )
                              ) ss
 2    COUNTY OF LOS ANGELES   )

 3

 4           I, R. JERROD JONES, a Certified Shorthand

 5    Reporter, do hereby certify:

 6           That prior to being examined, the witness

 7    in the foregoing proceedings was by me duly sworn to

 8    testify to the truth, the whole truth, and nothing

 9    but the truth;

10           That said proceedings were taken before me

11    at the time and place therein set forth and were

12    taken down by me in shorthand and thereafter

13    transcribed into typewriting under my direction and

14    supervision;

15           I further certify that I am neither

16    counsel for, nor related to, any party to said

17    proceedings, nor in any way interested in the outcome

18    thereof.

19           In witness whereof, I have hereunto

20    subscribed my name.

21

22    Dated: Sept 24th, 2010

23

24    _____
                 R.  Jerrod  Jones
25               CSR No. 11750
```

# Exhibit 8

**Charles Harder**

---

**Subject:**           FW: Accelerated

---

**From:** Doroshow, James E. [mailto:JDoroshow@foxrothschild.com]
**Sent:** Saturday, October 02, 2010 9:21 PM
**To:** Charles Harder
**Cc:** Denise Parga; Raquel Rubio
**Subject:** Re: Accelerated


Since you have not agreed to produce your clients for their depositions as I told you, we will not be producing ours next week. This was your decision not mine. I postponed your clients depositions last week with the understanding I would have new dates from you last week. They haven't been provided. We are therefore not producing our clients for depositions in atlanta next week.

Ill be happy to give you our postions of the joint stipulations in connections with your motions monday. We expect yours tuesday am.

Jim

1

# Exhibit 9

## Charles Harder

**Subject:**                    FW: Accelerated - October Depositions

---

**From:** Charles Harder
**Sent:** Sunday, October 03, 2010 7:25 AM
**To:** Doroshow, James E.
**Cc:** Denise Parga; Raquel Rubio
**Subject:** Accelerated - October Depositions

Mr. Doroshow:

I am quite surprised receive your email below, sent at 9:21 pm on a Saturday night, stating that you are unilaterally cancelling the three days of depositions in Atlanta this week -- when my side has already made our travel plans, starting on Tuesday morning , and scheduled their entire month around these depositions -- which you confirmed to me weeks ago would be going forward on those dates.

Your reason for unilaterally cancelling these depositions, namely, because you have been waiting a few days to receive deposition dates of my witnesses (which you noticed *after* I noticed your witnesses for deposition) is hardly a sufficient reason to cancel planned out of state depositions. I told you that I would get you dates. I have been working on the many busy schedules on my side ever since.

At the close of business on Friday, I received the dates of availability of Mr. Nitti, Chris Prentiss, Pax Prentiss and Anna James for depositions this month. I was out of the office when the information came in, and was not able to provide you with these dates at the time. I try to avoid exchanging communications with opposing counsel on the weekends, but this is an exception, because my entire schedule for October, and the schedules of everyone on my side, now hangs in the balance because of your email at 9:21 pm last night.

My side is currently available for depositions as follows:
**Chris Prentiss on October 21;**
**Pax Prentiss on October 25, and**
**Anna James on October 29**.

These dates assume that the Atlanta depositions will proceed next week. My side's entire schedule for October has been built around the Atlanta depositions next week, which you confirmed weeks ago. If those depositions are going to be re-scheduled for another week this month, then everyone's schedule on my side is going to change substantially.

In light of the deposition dates provided above, please reconsider your unilateral cancellation stated below, and confirm that the Atlanta depositions will go forward as scheduled on Oct. 6-8.

Should I fail to receive this confirmation, then you can be assured that my office will file a motion with the magistrate judge regarding this issue.

Sincerely,

Charles Harder

1

**From:** Doroshow, James E. [mailto:JDoroshow@foxrothschild.com]
**Sent:** Sat 10/2/2010 9:21 PM
**To:** Charles Harder
**Cc:** Denise Parga; Raquel Rubio
**Subject:** Re: Accelerated

Since you have not agreed to produce your clients for their depositions as I told you, we will not be producing ours next week. This was your decision not mine. I postponed your clients depositions last week with the understanding I would have new dates from you last week. They haven't been provided. We are therefore not producing our clients for depositions in atlanta next week.

Ill be happy to give you our postions of the joint stipulations in connections with your motions monday. We expect yours tuesday am.

Jim

# Exhibit 10

**Charles Harder**

| | |
|---|---|
| **From:** | Charles Harder |
| **Sent:** | Monday, October 04, 2010 3:26 PM |
| **To:** | Doroshow, James E. |
| **Cc:** | LeBrane, Claudia A. |
| **Subject:** | RE: Meet and confer |

See you at 1pm tomorrow.  I just saw your email (below).

---

**From:** Doroshow, James E. [mailto:JDoroshow@foxrothschild.com]
**Sent:** Monday, October 04, 2010 3:03 PM
**To:** Charles Harder
**Cc:** LeBrane, Claudia A.
**Subject:** RE: Meet and confer

11th hour? Please charles. Let's stop this nonsense please. You had a full week to give me dates for your client's depositions and failed to do so. I am tied up until 1 pm tomorrow, if that works.

---

**From:** Charles Harder [mailto:charder@wrslawyers.com]
**Sent:** Monday, October 04, 2010 2:56 PM
**To:** Doroshow, James E.
**Subject:** Meet and confer

When can you be at my office tomorrow for our meet and confer conference re: your 11th hour cancellation of the depositions that were scheduled for this week in Atlanta?  10:30 am?

---

Charles J. Harder, Esq.
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP
11400 W. Olympic Blvd., Ninth Floor
Los Angeles, California  90064
(310) 478-4100 x255
(310) 479-1422 (fax)
E-Mail:  CHarder@WRSlawyers.com
Web:    www.WRSlawyers.com
Bio:      http://www.wrslawyers.com/attorneys/charles-harder.asp

This message contains information that may be confidential and privileged.  Unless you are the addressee (or authorized to receive e-mails for the addressee), you may not use, copy or disclose to anyone this message or any information contained in this message.  If you have received this message in error, please advise the sender by reply e-mail to charder@wrslawyers.com, and delete the message.  Thank you.

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by U.S. Treasury Regulation Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
ATTENTION:

IRS CIRCULAR 230 DISCLOSURE:
Pursuant to Treasury Regulations, any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used or relied upon by you or any other person, for the purpose of (i) avoiding

1

# Exhibit 11



LAW OFFICES
## WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP

Charles J. Harder
CHarder@WRSlawyers.com

File No.
17875-003

October 5, 2010

**VIA EMAIL, FACSIMILE (310) 556-9828**
**and US MAIL**

James E. Doroshow, Esq.
Fox Rothschild LLP
1800 Century Park East, Suite 300
Los Angeles, California 90067

      Re:    **Grasshopper House v. Accelerated Recovery Centers, LLC**
               USDC Case No.: 09-CV-08128-DMG-PLA

Dear Mr. Doroshow:

      On September 23, 2010, you confirmed that we would be proceeding with the five (5) depositions of Accelerated's witnesses in Atlanta this week (October 6-8, 2010). At 9:21 p.m. this past Saturday night, you unilaterally cancelled those depositions, after my side had arranged our schedules to make those out-of-state depositions possible. The reason for your unilateral cancellation did not involve the schedules of either your witnesses or yourself. Rather, you stated that you had not yet received dates for my witnesses for later in the month. (You served deposition notices to my witnesses after I noticed the Atlanta depositions. Also, you have taken 4 depositions so far in this case, including my client's 30(b)(6) witness. My side has not yet taken any depositions.)

      At your request, I provided you with dates for my clients depositions this past Sunday morning at about 7:25 a.m., and I also asked you to confirm that the Atlanta depositions would go forward as planned on October 6-8, 2010. You refused to do so, and insisted that we have a meet and confer conference to discuss the issue. You also said that you were "too busy" to have a meet and confer conference on Monday, and that I should schedule the conference for Tuesday. Yesterday, you and I agreed that the meet and confer conference will take place at 1:00 p.m. today (Tuesday) at my office.

James E. Doroshow, Esq.
October 5, 2010
Page 2

After we agreed to the meet and confer conference, you stated that you wanted to add new issues to the conference, and you also insisted that Thomas Nitti (counsel for Chris Prentiss) be present. Mr. Nitti is not required to be at the meeting because my law firm represents Grasshopper House, LLC, which noticed the depositions. Mr. Nitti was not even planning to be in Atlanta for the depositions this week.

One of the other two issues that you wanted to discuss pertains to a different lawsuit, *Grasshopper v. Renaissance*. Mr. Nitti is not counsel of record in that case, and therefore should not even be present to discuss that matter.

As to the third issue, relating to your claim that counsel has engaged in unethical conduct, you and I have already discussed that issue. Needless to say, we disagree with your position. If you wish to discuss that issue with Mr. Nitti, and you have had ample time to do so because you raised the issue weeks ago, then you will need to schedule a separate time to discuss that issue with him, because he is unavailable today due to prior commitments.

Yesterday I booked a court reporter for 1:00 p.m. today, at your request, to discuss this issue regarding your unilateral cancellation of the Atlanta depositions previously agreed to occur this week. If you do not appear at the meeting today at 1:00 p.m. at my office, as you agreed yesterday, then I will assume that my clients' meet and confer obligations have been satisfied, and I will proceed to file a motion to compel all five (5) of your witnesses to appear for their depositions at my office in Los Angeles, and for all other appropriate monetary and non-monetary sanctions that are warranted under the circumstances.

Very truly yours,

WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP

CHARLES J. HARDER

CJH/rr
\\Wrs-file\dfs\LACaseFiles\17875\003\Letters\CJH-Doroshow 2010-10-05_2.wpd

**Charles Harder**

| | |
|---|---|
| **From:** | Raquel Rubio |
| **Sent:** | Tuesday, October 05, 2010 10:59 AM |
| **To:** | James E. Doroshow (jdoroshow@foxrothschild.com) |
| **Cc:** | Charles Harder |
| **Subject:** | Grasshopper House v. Accelerated Recovery Centers |
| **Attachments:** | CJH-Doroshow 2010-10-05_2.pdf |

Please see the attached letter, which is being sent on behalf of Charles Harder.

Best regards,

Raquel Rubio
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP
11400 W. Olympic Blvd.
9th Floor
Los Angeles, California  90064
PH:  310-478-4100  Ext. 224
FAX: 310-479-1422
E-Mail: rrubio@wrslawyers.com

**PRIVILEGE AND CONFIDENTIALITY STATEMENT**

This message contains information which may be confidential and privileged.  Unless you are the addressee (or authorized to receive e-mails for the addressee), you may not use, copy or disclose to anyone this message or any information contained in this message.  If you have received this message in error, please advise the sender by reply e-mail to rrubio@wrslawyers.com and delete the message.  Thank you.

*IRS Circular 230 Disclosure:  To ensure compliance with requirements imposed by U.S. Treasury Regulation Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for purposes of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.*

# Exhibit 12

**Charles Harder**

| | |
|---|---|
| **From:** | Doroshow, James E. [JDoroshow@foxrothschild.com] |
| **Sent:** | Tuesday, October 05, 2010 10:44 AM |
| **To:** | Doroshow, James E.; Charles Harder; Denise Parga |
| **Cc:** | LeBrane, Claudia A.; Raquel Rubio |
| **Subject:** | RE: Meet and confer |

I have your letter of today's date advising me that Mr. Nitti will not be attending our meet and confer at 1 pm today. Again, please propose another date this week to conduct the conference. Also, if you do intend to improperly file a motion to compel before we meet, you are required to send me a joint stipulation in advance of doing so. When can I expect it? Again, we will be seeking sanctions against you and your clients for your ongoing failure to comply with the Court's rules and the Fed.R.Civ.P.

---

**From:** Doroshow, James E.
**Sent:** Tuesday, October 05, 2010 10:14 AM
**To:** 'charder@wrslawyers.com'
**Cc:** LeBrane, Claudia A.; 'RRubio@wrslawyers.com'
**Subject:** Re: Meet and confer

Will mr nitt be joining us today at 1 pm, yes or no? If not let me know another date this week the two of you want to meet. Also I need your offices portions of the joint stip so we can get our motion on file. When will I have it?

---

**From:** Doroshow, James E.
**To:** 'charder@wrslawyers.com'
**Cc:** LeBrane, Claudia A.; 'RRubio@wrslawyers.com'
**Sent:** Mon Oct 04 21:51:37 2010
**Subject:** Re: Meet and confer

Notice how you don't respond when you don't want to do what I request, but expect my office to jump everytime you have a request. Let's be clear, this is a two way street. You have asked for a meet and confer, so have I. Let me know when you're prepared to do both in one meeting and ill be there. Unless I have confirmation by tomorrow morning that you and mr nitti will be available tomorrow at 1 pm to discuss our motion, I will not be coming over myself. Again I want to do this in one meeting. I'm very busy and don't want to conduct mutliple meetings. As noted, it is also more expensive to do so. Let me know when the two of you are available. Any please don't try to spin this again. Tx jim.

---

**From:** Doroshow, James E.
**To:** 'charder@wrslawyers.com'
**Cc:** LeBrane, Claudia A.; 'RRubio@wrslawyers.com'
**Sent:** Mon Oct 04 21:21:32 2010
**Subject:** Re: Meet and confer

No response charles? Tell me when mr nitti is available and ill be happy to come to your office one day this week. Tx jim

---

**From:** Doroshow, James E.
**To:** 'charder@wrslawyers.com'
**Cc:** LeBrane, Claudia A.; 'RRubio@wrslawyers.com'
**Sent:** Mon Oct 04 20:59:56 2010
**Subject:** Re: Meet and confer

Pz confirm mr nitti will be at your office with you tomorrow at 1 pm to discuss our long overdue conference regarding your improper ex parte communications with our insurer. If he is not available to speak tomorrow please propose another day

# Exhibit 13



LAW OFFICES
## WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP

Charles J. Harder
CHarder@WRSlawyers.com

File No.
17875-003

October 5, 2010

### VIA EMAIL, FACSIMILE (310) 556-9828
### and US MAIL

James E. Doroshow, Esq.
Fox Rothschild LLP
1800 Century Park East, Suite 300
Los Angeles, California 90067

                Re:    **Grasshopper House v. Accelerated Recovery Centers, LLC**
                       USDC Case No.: 09-CV-08128-DMG-PLA

Dear Mr. Doroshow:

        As you know, this past weekend you cancelled the five (5) depositions of your client's witnesses that were previously scheduled (by agreement of all counsel) to take place this week, October 6-8, 2010, in Atlanta, Georgia.  Yesterday you agreed to a meet and confer conference today at 1:00 p.m. at my office to discuss this issue, but then you cancelled that meeting earlier today, before it occurred.

        In light of the foregoing, please provide me a direct and complete response to the following three questions:

        1.     Will Accelerated produce for deposition its five (5) witnesses previously noticed for deposition, namely, Accelerated's Rule 30b6 designee, Kevin Kelly, Jan Kelly, Dr. Richardson and Nancy Certain?

        2.     If so, then please tell me all dates this month when they are available for deposition, in blocks of three-consecutive business days, as was previously noticed so that I can take their depositions consecutively.  I can make myself available for their depositions next week in Atlanta: either October 12-14 or October 13-15.

        3.     If Accelerated will not produce these witnesses for deposition, why not?

James Doroshow, Esq.
October 5, 2010
Page 2


If I do not receive a direct response from you to these questions, by 12:00 noon tomorrow, then I will assume that Accelerated is refusing to provide its witnesses for deposition, and I will proceed accordingly.


Very truly yours,

WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP


CHARLES J. HARDER

CJH/rr

\\Wrs-file\dfs\LACaseFiles\17875\003\Letters\CJH-Doroshow 100510(3) re depos.wpd

**Charles Harder**

| | |
|---|---|
| **From:** | Charles Harder |
| **Sent:** | Tuesday, October 05, 2010 5:06 PM |
| **To:** | Doroshow, James E. |
| **Cc:** | Raquel Rubio |
| **Subject:** | GH-Accelerated |
| **Attachments:** | 20101005171634258.pdf |

Please see the attached letter.

_____

Charles J. Harder, Esq.
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP 11400 W. Olympic Blvd., Ninth Floor Los Angeles, California 90064
(310) 478-4100 x255
(310) 479-1422 (fax)
E-Mail:  CHarder@WRSlawyers.com
Web:    www.WRSlawyers.com
Bio:     http://www.wrslawyers.com/attorneys/charles-harder.asp

This message contains information that may be confidential and privileged.  Unless you are the addressee (or authorized to receive e-mails for the addressee), you may not use, copy or disclose to anyone this message or any information contained in this message.  If you have received this message in error, please advise the sender by reply e-mail to charder@wrslawyers.com, and delete the message.  Thank you.

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by U.S. Treasury Regulation Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

# Exhibit 14



## Fox Rothschild LLP
### ATTORNEYS AT LAW

1800 Century Park East, Suite 300
Los Angeles, CA 90067-1506
Tel 310.598.4150  Fax 310.556.9828
www.foxrothschild.com

James E. Doroshow
Direct Dial:  (310) 228-6990
Email Address:  jdoroshow@foxrothschild.com

October 6, 2010

## VIA FACSIMILE, EMAIL AND U.S. MAIL

Charles J. Harder, Esq.
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP
11400 W. Olympic Boulevard, 9th Floor
Los Angeles, CA  90064
Fax:  310-479-1422

**Re:**   **Grasshopper House LLC v. Accelerated Recovery Centers**

Dear Mr. Harder:

I am responding to your letter dated October 5, 2010.  Again, I would respectfully request that
you please try to be accurate in statements you make to me and the Court.

As I have repeatedly stated, and in fact demonstrated to you in case you overlooked it, my
clients' depositions were not cancelled this past weekend.  As you know, we noticed your
clients' depositions to take place during the first week of October 2010, before your clients'
depositions the second week of October 2010.  Although we properly noticed the depositions,
you refused to produce your clients for their depositions on the dates we selected, and demanded
that my clients' depositions be taken first.  I agreed to allow you to do *on the express condition
that you provide me with mutually convenient dates for your clients' depositions last week.*
Despite repeated follow-up requests by me, you failed to do so.

A Pennsylvania Limited Liability Partnership

California     Connecticut     Delaware     Florida     Nevada     New Jersey     New York     Pennsylvania

A Pennsylvania Limited Liability Partnership

California     Connecticut     Delaware     Florida     Nevada     New Jersey     New York     Pennsylvania

Charles J. Harder, Esq.
October 6, 2010
Page 2

Accordingly, on Monday, September 27, 2010, a week before you claim you first learned the
Georgia depositions would not proceed on the dates you selected, I sent you an email stating
that: *"You'll get dates from me [for my clients' depositions] when I get yours.... Otherwise tell
them [your clients] to show up this week [for their depositions] as noticed."* (Emphasis added).
That same day, I sent you a second email stating:

> "My client Kevin Kelly will be in Los Angeles next Monday for the
> hearing on your motion. *I'm going to suggest you depose him next
> Tuesday [in Los Angeles] as a Rule 306b witness and individually rather
> than in Atlanta.*
>
> *I'm reserving the right to produce the remainder of the people you want
> to depose until after we coordinate your clients depositions."* (Emphasis
> added).

Despite these emails, you did not respond and failed to provide me with dates for
your clients' depositions last week. Accordingly, on October 2, 2010, I sent you
another email confirming what I had clearly told you a week earlier on September
27, 2010:

> "Since  your have not agreed to produce your clients for their depositions
> *as I told* you, we will not be producing ours next week. This was your
> decision not mine. *I postponed your clients depositions last week with
> the understanding I would have new dates from you last week. They
> haven't been provided. We are therefore not producing our clients for
> depositions in Atlanta next week."* (Emphasis added).

Given these clear communications, your statements about how you supposedly
learned this "past weekend" for the first time that my clients' depositions would not
take placed this week is, of course, ridiculous and completely contrived.

Equally false is your assertion that: "yesterday you agreed to a meet and confer
conference today at 1:00 p.m. at my office to discuss this issue, but then you
cancelled the meeting earlier today, before it occurred." As you well know, I was
fully prepared to come to you office yesterday at 1:00 p.m. to discuss deposition
scheduling, and merely asked that Mr. Nitti attend the meeting before a court

Charles J. Harder, Esq.
October 6, 2010
Page 3

reporter so that we could discuss your office's and Mr. Nitti's improper *ex parte* communications with our insurer at the same time. As my emails on this subject plainly state, this was done so that we could avoid the cost of having two court reporters attend two separate meetings. As you know, I have been asking you and Mr. Nitti for weeks to meet to discuss this matter, yet you have failed and refused to do so in clear violation of Local Rule 7-3.

As you have repeatedly been told, *I stand ready, willing and able to meet to this day with you and Mr. Nitti this week to discuss deposition scheduling if you would simply agree to discuss with me our contemplated motion regarding your improper ex parte communications at the same time. Are you prepared to do so*? If so, please propose a time and date.

In terms of your three questions, I too have a number of questions I'd like you to answer in writing. These include when did you first learn that Chris Prentiss would be sending his *ex parte* email to our insurer? Did you or Mr. Nitti assist or authorize him in doing so? What was the reason why this communication took place, and why wasn't it done through my office, rather than directly to my client in violation of the California Rules of Professional Conduct? Why did you file the Motions to Compel yesterday without complying with Local Rule 37-2.2, including providing me with the completed Joint Stipulations one day before they were filed? Why did you insist on me sending you our portion of the Joint Stipulation by 5:00 p.m. Monday, October 4, 2010, telling me you would file it on that date; when you instead filed it last evening after 6:00 p.m.? Why didn't your office send me your portion of the Joint Stipulation relating to our Motion to Compel until after the noon hour when we specifically agreed to exchange our portions before noon?

Unfortunately, for better or worse, the Magistrate has ordered us to meet in person before a court reporter to confer regarding all of these matters. The Local Rules also require an in person meeting under Local Rule 37-1. Are you prepared to comply with the Magistrate's Order and the Local Rules? If so, I would be happy to discuss the questions you raise in your letter if you will simply be prepared to discuss the questions I raise above in advance of filing additional motions for attorney discipline and a motion to strike your Motions to Compel due to your failure to comply with the Local Rules.

LA1 57239v1 10/06/10

Charles J. Harder, Esq.
October 6, 2010
Page 4

Please let me know how and when you would like to proceed.

Sincerely,

*James E. Doroshow*

James E. Doroshow

JED:cl

cc:     Thomas A. Nitti, Esq. (Via facsimile)

# Exhibit 15

1    WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
     CHARLES J. HARDER (BAR NO. 184593)
2      charder@wrslawyers.com
     CHRISTOPHER J. HECK (BAR NO. 174647)
3      check@wrslawyers.com
     NICHOLAS A. MERKIN (BAR NO. 219604)
4      nmerkin@wrslawyers.com
     11400 West Olympic Boulevard, Ninth Floor
5    Los Angeles, California 90064-1582
     Telephone: (310) 478-4100/Facsimile: (310) 479-1422
6
     Attorneys for Plaintiffs/Counterdefendants
7    GRASSHOPPER HOUSE, LLC and
     PASSAGES SILVER STRAND, LLC
8    and Counterdefendant PAX PRENTISS

9

10                    UNITED STATES DISTRICT COURT

11                   CENTRAL DISTRICT OF CALIFORNIA

12

13   GRASSHOPPER HOUSE, LLC, a          )  Case No.: 2:09-CV-08128-DMG-PLA
     California limited liability company )
14   doing business as "Passages Malibu," )
     PASSAGES SILVER STRAND, LLC, )
15   a California limited liability company, )  **PLAINTIFFS AND**
                                           )  **COUNTERDEFENDANTS'**
16               Plaintiffs,              )  **STATEMENT OF DEFENDANTS'**
                                           )  **AND COUNTER-CLAIMANTS'**
17          v.                            )  **NONCOMPLIANCE WITH RULE**
                                           )  **26 OBLIGATIONS**
18   ACCELERATED RECOVERY              )
     CENTERS, LLC, a Georgia limited     )
19   liability company,                   )
                                           )
20               Defendant.              )
                                           )
21   _____ )
                                           )
22   AND RELATED COUNTER-CLAIM )
     _____ )
23

24        Despite repeated requests by plaintiffs and counterdefendants Grasshopper

25   House, LLC, *et al.* (collectively "Grasshopper"), defendants and counterclaimants

26   Accelerated Recovery Centers, LLC, *et al.* (collectively, "Accelerated") and its

27   counsel have failed to comply with their obligations under Federal Rules of Civil

28   Procedure 26(a) and 26(e) to produce documents that they may use to support their

                                    -1-
          PLAINTIFFS AND COUNTERDEFENDANTS' STATEMENT OF DEFENDANT AND CROSS-
              CLAIMANTS NONCOMPLIANCE WITH RULE 26 OBLIGATIONS
     I:\17875\003\Pleadings\Stmt of Noncompliance.wpd

Case 2:09-cv-08128-DMG-PLA   Document 99-1   Filed 10/07/10   Page 56 of 64   Page ID
#:3927
Case 2:09-cv-08128-DMG-PLA   Document 98   Filed 10/06/10   Page 2 of 3   Page ID #:3852

1   claims or defenses.  In fact, Accelerated has not produced a single document in

2   this case, either pursuant to its obligations under Rules 26(a)(1)(A)(ii) and 26(e) or

3   in response to Grasshopper's document requests.  There is no justification

4   whatsoever for Accelerated's failure to comply with these most basic requirements

5   of Rule 26.  Its failure to do so, or to provide any other discovery, is certainly not

6   harmless.  Sanctions for failure to make mandatory disclosure are automatic and

7   self-executing. FRCP 37(c)(1).  Accordingly, Accelerated should be precluded

8   from introducing any documents at the trial of this matter that would support its

9   claims in this case.

10          Similarly, Accelerated's Rule 26 disclosures and written discovery

11   responses have identified only two witnesses: Kevin Kelley and Jan Watkins

12   Kelly.  Accelerated should be precluded from calling any other percipient

13   witnesses at trial, aside from witnesses whose depositions have been taken and

14   persons identified in Grasshopper's discovery responses and Rule 26 disclosures.[1]

15   As to Kevin Kelly and Jan Watkins Kelly, Grasshopper noticed their depositions

16   on September 21, 2010.  Accelerated has failed and refused to produce them for

17   deposition.  Accordingly, Accelerated should be prohibited from calling Kevin

18   Kelly or Jill Watkins Kelly as a witness at trial.

19          Finally, as set forth in detail in Grasshopper's Motion to Exclude Expert

20   Testimony Of Bruce L. Ross, CPA, Or, In The Alternative, To Compel The

21   Production Of Expert Witness Reports And A Deposition Of Mr. Ross And To

22   Preclude Testimony From Any Other Undisclosed Experts, Accelerated's expert

23   disclosures contained no expert report signed by Mr. Ross, did not provide any of

24   the information required by Rule 26(a)(2)(B), and purported to "reserve the right"

25   to call another expert witness "in the field of drug and alcohol addiction treatment

26   and/or psychiatry" without even identifying that purported expert by name and,

27

28          [1] Grasshopper reserves all rights to object to witness testimony in a motion *in
limine* and/or at trial.

-2-

1   again, without providing a report.  Expert reports are required, and Accelerated's

2   failure to provide them, or even to identify one of its purported experts by name is

3   neither harmless nor justified.  Accordingly, any testimony from Mr. Ross or any

4   other expert Accelerated may seek to call should be excluded.  FRCP 37(c)(1); *see*

5   *also, e.g., Queveda v. Trans-Pacific Shipping Co.*, 143 F.3d 1255, 1258 (9th Cir.

6   1998); *Finwall v. City of Chicago*, 239 F.R.D. 494, 498 (N.D.Ill. 2006);

7   *MacArthur v. State Farm Fire & Cas. Ins. Co.*, 2004 W.L. 5506688, at *2 (D.Nev.,

8   Dec. 16, 2004).

9

10  Dated:  October 6, 2010                    Respectfully submitted,

11                                             WOLF, RIFKIN, SHAPIRO,
                                               SCHULMAN & RABKIN, LLP
12

13                                             By:_____/s/_____
14                                                 CHARLES J. HARDER
                                               Attorneys for Plaintiffs and Counter-
15                                             Defendants GRASSHOPPER HOUSE, LLC
                                               and PASSAGES SILVER STRAND, LLC
16                                             and Counterdefendant PAX PRENTISS

17

18

19

20

21

22

23

24

25

26

27

28

-3-

# Exhibit 16

Jg091510rd

ROUGH DRAFT ONLY

1                 UNITED STATES DISTRICT COURT

2                 CENTRAL DISTRICT OF CALIFORNIA

3

4

5     GRASSHOPPER HOUSE, LLC, d/b/a        )
      PASSAGES MALIBU, a California        )
6     limited liability company, d/b/a     )
      PASSAGES MALIBU, PASSAGES SILVER     )
7     STRAND, LLC, a California limited    )
      liability company, et al.,           )
8                                          )
                       Plaintiffs,         )
9                                          )
             vs.                           )    Case No.
10                                         )    CV09-08128RGK
      ACCELERATED RECOVERY CENTERS,        )    (PLax)
11    LLC, a Georgia limited liability     )
      company,                             )
12                                         )
                       Defendants.         )
13    _____)
                                           )
14    AND RELATED CROSS-ACTION.            )
      _____)

15

16

17                 DEPOSITION OF

18                 JASON GILES, M.D.

19                 VOLUME 1

20                 TAKEN ON: SEPTEMBER 15, 2010

21                 REPORTED BY: ROBIN E. REASON, CSR NO. 3255

22

23

24

25

                                                          1

ROUGH DRAFT ONLY

Jg091510rd

ROUGH DRAFT ONLY

1           DEPOSITION OF JASON GILES, VOLUME 1,

2           taken on behalf of Defendant, at 1800

3           Century Park East, Suite 300, Los Angeles,

4           California, commencing at 10:29 A.M.,

5           Wednesday, September 15, 2010, before

6           Robin E. Reason, RDR, CRR, CSR No. 3255.

7

8    APPEARANCES:

9

     For Plaintiffs:
10
             WOLF, RIFKIN, SHAPIRO, SCHULMAN &
11           RABKIN, LLP
             BY:   CHARLES J. HARDER, ESQ.
12           11400 West Olympic Boulevard
             Ninth Floor
13           Los Angeles, California 90064
             (310) 478-4100
14
             -and-
15
             LAW OFFICES OF THOMAS A. NITTI
16           BY:   THOMAS A. NITTI, ESQ.
             1250 Sixth Street
17           Suite 205
             Santa Monica, California 90401
18           (310) 393-1524

19

     For Defendant Accelerated Recovery Centers, LLC:
20
             FOX ROTHSCHILD, LLP
21           BY:   JAMES E. DOROSHOW, ESQ.
             1800 Century Park East
22           Suite 300
             Los Angeles, California 90067
23           (310) 598-4150

24

     Also Present:  Chris Prentiss
25

                                                        2

ROUGH DRAFT ONLY

Page 2

Jg091510rd

4       So to rely on a person's account -- am I going

5   slow enough?  To rely on a person's account of their

6   whole life, even that is going to change a month later.

7   Even that is going to be dynamically different.

8       MR. DOROSHOW:  I'm going to object to this

9   questioning as it continues.  We're getting into

10   narrative and expert opinion at this point, which you

11   yourself have objected to.

12       If there's something specific in this case, I

13   don't have any objection.  But we're now off into just

14   hypothetical general issues.  And I thought you didn't

15   want to do that.  So -- I leave it to you.

16       THE WITNESS:  Thanks.

17       MR. HARDER:  I'll just ask, Mr. Doroshow, please

18   keep your objections very short and please don't coach

19   the witness.

20       MR. DOROSHOW:  No, sir I will not.  I will say

21   whatever I want to say on the record, and I've done so.

22   Go right ahead.

23       MR. HARDER:  And I'm doing so as well.  Please don't

24   couch the witness.

25       MR. DOROSHOW:  No one's coaching the witness.

142

ROUGH DRAFT ONLY

ROUGH DRAFT ONLY

1       MR. HARDER:  Please don't try to direct his

2   testimony and to stop answering my questions.

3       MR. DOROSHOW:  Again, my statement is if there are

4   questions that relate to this proceeding, I don't object

Page 140

Jg091510rd

11    again.  And a diagnosis and recommendation are made to

12    have that person go into rehabilitation.  That's -- is

13    that a reasonable scenario?

14        A.   It happens, I'm sure.

15        Q.   And then let's say --

16        MR. DOROSHOW:  Vague and ambiguous.

17        MR. HARDER:  Q.  Have you seen this or anything

18    similar to it happen in your experience?

19        A.   Yes.

20        Q.   And then the person goes through a

21    rehabilitation and then realizes that they were being

22    abusive with alcohol and then they decide to stop being

23    abusive with alcohol.  Has that occurred?

24        A.   Yes.

25        Q.   And let's say they go for the next 30 years

155

ROUGH DRAFT ONLY

ROUGH DRAFT ONLY

1    without having abusing alcohol.

2        A.   Yes.

3        Q.   Would you say that the treatment that they went

4    through had the effect of curing the problem that they

5    had of being abusive towards alcohol?

6        MR. DOROSHOW:  Lacks foundation, calls for

7    speculation -- excuse me one second.  Calls for an

8    expert opinion.  Based on a totally incomplete

9    hypothetical and crazy set of facts that cannot possibly

10    render an intelligent answer to that.

Page 153

Jg091510rd

14    then you're sober for the rest of your life.  It's that

15    whatever they're doing on an ongoing basis is supporting

16    their decision to not drink or use.  So that's the real

17    curative effect.

18        Q.   Are you saying that a particular program has to

19    have a permanent level of -- permanent services that

20    that facility's providing to the patient in order for

21    the patient to not use?

22        A.   No.  I'm saying that the patient has to undergo

23    what amounts to a lifestyle change, a behavioral change.

24    They're doing things differently than they were before.

25        Q.   Can't the facility be part of a lifestyle

161

ROUGH DRAFT ONLY

☐

ROUGH DRAFT ONLY

1    change for that person to help them realize the errors

2    in their ways and all the problems that contributed so

3    that they stop the --

4        MR. DOROSHOW:  Same --

5        MR. HARDER:  I'm not finished, sir.

6        MR. DOROSHOW:  Go right ahead.  I'm just awaiting

7    some facts.

8        MR. HARDER:  I have to reask this question because I

9    was interrupted.

10       MR. DOROSHOW:  Let's get out of the world of

11    hypothetical and get into some facts.  Then I don't have

12    to object.

13       MR. HARDER:  No, I'm going to ask the questions I

Page 159

Jg091510rd

14  want.  You asked the questions that you wanted.  You can

15  make short objections for the record.

16      MR. DOROSHOW:  I can make whatever objections I want

17  to.

18      mr. harder:  You can make short ones.

19      MR. DOROSHOW:  Are you the judge here?

20      MR. HARDER:  I bet the judge would instruct you to

21  make short ones and not these long, long ones.

22      MR. DOROSHOW:  I told you the questions lack

23  foundation.  You've gone on repeatedly.  I'm asking you

24  to please include some facts so we have intelligent

25  questions here.  That's my objection.

162

ROUGH DRAFT ONLY

ROUGH DRAFT ONLY

1      MR. HARDER:  That's a long, improper non-legal

2  objection.

3      MR. DOROSHOW:  So are your questions.  Go right

4  ahead.  Let's move on.

5      MR. HARDER:  Could you please mark this.

6          ((Mark mark).

7          Can you please go back to the question that I

8  started to ask, and then I'm going to finish that

9  question.

10         (The Reporter read the partial question.)

11      MR. HARDER:  Q.  So, Doctor, can't a treatment

12  facility allow a patient who's being treated as a whole

13  person to realize the errors that they were making in

14  their lives which contributed to the addiction to allow

Page 160