James E. Doroshow (State Bar No. 112920)
jdoroshow@foxrothschild.com
Alan Chen (SBN 224420)
achen@foxrothschild.com
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Tel 310.598.4150 / Fax 310.556.9828

Attorneys for Defendant/Counterclaimant
Accelerated Recovery Centers, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRASSHOPPER HOUSE, LLC, a California limited liability company doing business as Passages Malibu, PASSAGES SILVER STRAND, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>ACCELERATED RECOVERY CENTERS, LLC, a Georgia limited liability company,<br><br>Defendant.<br><br>And Related Counterclaims. | Case No. CV09-08128-DMG (PLAx)<br><br>**DEFENDANT ACCELERATED RECOVERY CENTERS, LLC'S RESPONSE TO PLAINTIFFS AND COUNTERDEFENDANTS' STATEMENT OF ALLEGED COUNTER-CLAIMANTS' NONCOMPLIANCE WITH RULE 26 OBLIGATIONS** |

LA1 57497v1 10/07/10

While it is not entirely clear what Plaintiffs intend to accomplish by filing their "Statement of Defendants' and Counter-claimants' Noncompliance with Rule 26 Obligations" -- which of course is not a motion or other pleading that this Court should consider, much less act upon – given the false and misleading statements in this document, Defendant and Counterclaimant Accelerated Recovery Centers, LLC ("Accelerated") is compelled to file a brief Response.

As this Court knows from the Motion to Dismiss Plaintiffs have recently filed with the Court, after eleven months of litigation and on the eve of the November 1, 2010 discovery cutoff, Plaintiffs Grasshopper House, LLC and Passages Silver Strand, LLC (collectively, "Plaintiffs" or "Grasshopper") are now asking this Court to allow them to dismiss all claims in their First Amended Complaint. As such, it is not entirely clear what discovery Plaintiffs remain interested in obtaining at this late date. In fact, they have repeatedly represented to defense counsel they no longer need or expect any discovery from Accelerated related to the First Amended Complaint, at least until the Court rules on Plaintiffs' Motion to Dismiss.

*Second*, at the same time they are arguing to this Court that Accelerated should somehow be precluded from introducing documents or calling witnesses at trial, they fail to inform the Court that, one day before they filed their Statement, they filed two Motions to Compel with Magistrate Abrams asking the Magistrate to order Accelerated to comply with Plaintiffs' written discovery. They also fail to inform the Court that, throughout the first ten months of this litigation, *Plaintiffs served no discovery except two sets of interrogatories and one document request*. Having served this written discovery in *April 2010*, and having received Accelerated's responses in *June 2010*, Plaintiffs then failed to do anything about it, much less file a motion, for months. In fact, Plaintiffs only recently filed their discovery motions *on October 5, 2010*, and are now asking the Magistrate to order Accelerated to provide supplemental responses to 13 interrogatories and documents

2

CASE NO. CV09-08128 DMG (PLAx)    Accelerated's Response to Defendants' Statement of Noncompliance with Rule 26 Obligations

LA1 57497v1 10/07/10

responsive to 133 document requests on October 26, 2010, *five days before the November 1, 2010 discovery cutoff.*[1]  In doing so, Plaintiffs are clearly acting in direct violation of this Court's February 22, 2010 Scheduling and Case Management Order for Jury Trial ("Scheduling Order") which provides, in relevant part, that:

> "Any motion challenging the adequacy of responses to discovery must be filed, served and calendared sufficiently in advance of the discovery cut-off date to permit the response to be obtained before that date, if the motion is granted."

*Id.*, at ¶ A.3, pp. 2-3.

For the Court's review, a copy of the Declaration of James E. Doroshow, lead counsel for Accelerated, is attached hereto as Exhibit A explaining the long history of discovery delay and nonfeasance by Plaintiffs and their counsel in seeking discovery in this action.

*Third*, prior to the time that Plaintiffs filed their Motions to Compel, Accelerated made it perfectly clear to Plaintiffs' counsel it would be supplementing its responses to interrogatories relating to Accelerated's counterclaims.  Those supplemental responses will now be served on or before October 12, 2010, and, among other information, will identify a number of additional witnesses and facts Accelerated has uncovered in discovery since serving its Initial Disclosures on May 25, 2010.[2]

*Fourth*, while Plaintiffs would like this Court to believe that Accelerated has failed to produce its principals (Kevin and Jan Kelly) for depositions, nothing could

---

[1] At the same time that they have delayed seeking discovery until the end of the discovery cutoff, Plaintiffs have resisted any extension of the November 1, 2010 discovery cutoff and all the other pretrial and trial deadlines in this case.

[2] Unlike Plaintiffs, Accelerated has been very active taking discovery and preparing this case for trial prior to the November 1, 2010 discovery cutoff.  This includes serving written discovery and obtaining orders from the Magistrate to enforce it.  *See e.g.*, Magistrate Abrams' Discovery Order dated August 27, 2010 ordering Plaintiffs to comply with Accelerated's discovery and sanctioning Grasshopper for failing to do so.  In addition, Accelerated has taken four depositions in this action whereas Plaintiffs have taken none.

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Telephone: (310) 598-4150   Fax: (310) 556-9828

1  be further from the truth.  In fact, Plaintiffs never even noticed Accelerated's
2  depositions *until September 21, 2010, six weeks before the discovery cutoff*.  And,
3  when it did so, Accelerated and its counsel readily agreed to the depositions in
4  Atlanta, Georgia (where Accelerated resides) if Plaintiffs would merely confirm
5  dates for their own depositions (which had been noticed to be taken for the
6  preceding week).  Yet, when asked to do so, and while insisting Accelerated's
7  depositions proceed as noticed, Plaintiffs completely ignored requests for dates for
8  their depositions for a week until Accelerated threatened to cancel the depositions
9  and file a motion with the Court.  Making matters worse, Plaintiffs are now
10 insisting that their depositions take place the last two weeks in October just
11 immediately prior to the November 1st discovery period, and on dates when
12 Accelerated's counsel is unavailable.

13     In any event, *as recently as October 6, 2010, Accelerated's counsel sent
14 Plaintiffs' counsel a letter asking him to meet to discuss convenient dates for both
15 parties' depositions*.  Yet, rather than respond to this letter, Plaintiffs instead
16 decided to file this "Statement" falsely stating to this Court that "Accelerated has
17 failed and refused to produce [its principals, Kevin and Jan Kelly] for deposition.
18 Accordingly, Accelerated should be prohibited from calling [the Kellys] as
19 witnesses at trial."  A copy of Accelerated's counsel's October 6, 2010 letter
20 requesting Plaintiffs' counsel to meet to discuss deposition scheduling is attached
21 hereto as Exhibit B.

22     Finally, Plaintiffs would like this Court to believe Accelerated has been
23 remiss in failing to provide final expert reports.  This too is completely false and
24 disingenuous.  What Plaintiffs fail to inform this Court is that, notwithstanding an
25 August 27, 2010 Discovery Order directing them to comply with their long overdue
26 discovery obligations within ten (10) days of the filing of the Order, until recently,
27 Plaintiffs failed to produce information and documents needed for Accelerated's
28 experts to complete their analysis and reports, including information which the

4

CASE NO. CV09-08128 DMG (PLAx)    Accelerated's Response to Defendants' Statement of
                                   Noncompliance with Rule 26 Obligations
LA1 57497v1 10/07/10

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Telephone: (310) 598-4150   Fax: (310) 556-9828

1  Magistrate ordered Plaintiffs to provide weeks ago.  Plaintiffs' counsel knows this
2  because counsel discussed the matter before a court reporter and he acknowledged
3  the problem his clients and he had created by this delay.  *See* Exhibit C hereto.  In
4  addition, until this Court rules on Plaintiffs' Motion to Dismiss Grasshopper's First
5  Amended Complaint, Accelerated obviously cannot determine what experts will be
6  needed for trial, or what their expected testimony will be.

7      In short, Plaintiffs and their counsel are not being forthright with this Court.
8  While there is nothing the Court can or should do in response to the unilateral
9  filing of Plaintiffs' Statement, this Court should give no credence to the statements
10  of Plaintiffs and their counsel, which are completely false and designed to attempt
11  to unfairly prejudice Accelerated in the eyes of the Court.

13  DATED:  October 7, 2010        Respectfully submitted,
14                                                FOX ROTHSCHILD LLP

16                                            By: /s/ James E. Doroshow
17                                                 James E. Doroshow
                                               Attorneys for Defendant/Counterclaimant
18                                                 Accelerated Recovery Centers, LLC

FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Telephone: (310) 598-4150   Fax: (310) 556-9828