James E. Doroshow (State Bar No. 112920)
jdoroshow@foxrothschild.com
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Tel 310.598.4150 / Fax 310.556.9828

Attorneys for Defendant/Counterclaimant
ACCELERATED Recovery Centers, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRASSHOPPER HOUSE, LLC, a California limited liability company doing business as Passages Malibu, PASSAGES SILVER STRAND, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>ACCELERATED RECOVERY CENTERS, LLC, a Georgia limited liability company,<br><br>Defendant.<br><br>AND COUNTERCLAIMS | Case No. CV 09-08128 DMG (PLAx)<br><br>**DISCOVERY MATTER**<br><br>**Hon. Paul L. Abrams**<br>**U.S. Magistrate Judge**<br><br>**DEFENDANT AND COUNTERCLAIMANT ACCELERATED RECOVERY CENTERS, LLC'S OPPOSITION TO COUNTERDEFENDANTS'** *EX PARTE* **APPLICATION TO COMPEL THE DEPOSITIONS OF COUNTER-CLAIMANTS' WITNESSES; DECLARATION OF JAMES E. DOROSHOW IN OPPOSITION TO** *EX PARTE* **APPLICATION AND IN SUPPORT OF ACCELERATED'S REQUEST FOR MONETARY SANCTIONS IN THE AMOUNT OF $2,750**<br><br>Hearing Date: TBD<br>Time: 10:00 a.m.<br>Place: Courtroom G, 9th Floor |

This Court is now seeing the complete breakdown of any rule of law in this action. As is evident from the *ex parte* Application plaintiff Grasshopper House, LLC ("Grasshopper") and its counsel have just submitted with this Court, *no notice was ever given of this Application*; and therefore there is no statement as to Accelerated's intent to oppose it. *See also* Doroshow Decl. ¶ 54. The reason is obvious, *i.e.,* this Court is now dealing with a party and its counsel who no longer respect the rule of law and are willing to do anything in their desperation to try to find an exit strategy in this case.

In truth and in fact, although this case was filed in November 2009, Grasshopper and its counsel did not notice a single deposition in this case *for ten months*, and only recently decided *on September 21, 2010, on the eve of the discovery cutoff*, to first notice depositions of Accelerated, and its officers and employees *in October 2010*. *Id.* ¶ 39. True to form, Accelerated and its counsel were not notified of the dates Grasshopper unilaterally selected in advance of Plaintiffs noticing these depositions. *Id.* ¶ 40.

At the same time, when Accelerated noticed the depositions of Counterdefendants Chris and Pax Prentiss, as well as one of Grasshopper's employees (Anna James), for the preceding week in Los Angeles, Grasshopper's counsel informed Accelerated's counsel his clients would not appear for their depositions as noticed. *Id*. ¶¶ 42-43. At the same time, he insisted that Accelerated's depositions take place first in Atlanta, Georgia. *Id*. ¶ 43.[1] In an effort to try to cooperate, Accelerated agreed to allow the depositions to proceed as noticed on one simple condition--*i.e*., that Grasshopper merely agree to new dates within a week which would not be changed due to the imminent November 1, 2010

---

[1]  Kevin and Jan Kelly have two school age children. They cannot both leave Georgia at the same time as Plaintiffs now insist. Moreover, the three other witnesses Plaintiffs seek to depose have patients that require their attention. Accelerated and its staff cannot close down for three days or longer to accommodate Plaintiffs latest whim to now depose them in Los Angeles. *Id*. ¶ 41.

discovery cutoff date. *Id*. ¶ 44.

Yet, notwithstanding this clear agreement, Grasshopper and its counsel did what they have been doing in this case since it was first filed, *i.e.*, delay, delay and delay. *Id*. ¶¶ 45-47.  Although Accelerated's counsel sent several emails to Grasshopper's counsel reminding him that he was still waiting for dates for Grasshopper's depositions, Mr. Harder (notwithstanding his promise to do so) *failed to provide any dates for a week*. *Id*., Exs. 18-20.  Accordingly, Accelerated's counsel made it perfectly clear to Mr. Harder that, if he continued to fail to live up to his end of the agreement, Accelerated's depositions would not proceed while Grasshopper was refusing to comply with its end of the bargain. *Id.* ¶ 46, *Ex.* 20. In a further effort at compromise, again to try to obtain Mr. Harder's cooperation, Mr. Doroshow *even went so far as to offer Mr. Harder the opportunity to conduct two of the depositions he was seeking* (*i.e*., Accelerated's Rule 30b6 deposition and the deposition of Kevin Kelly) in Los Angeles on Tuesday, October 1, 2010 (*which is exactly the relief Grasshopper is now seeking in its ex parte Application). Id. ¶ 45, Ex*. 19.   Once again, however, Mr. Harder never responded.  *Id. ¶* 46.

Thus, having heard nothing from Grasshopper or its counsel *for a week*, Mr. Doroshow sent Mr. Harder an email on September 28, 2010 reminding him what counsel had agreed, and stating that, because of Grasshopper's failure to meet its end of the bargain and provide deposition dates for his clients, Accelerated would not appear in Atlanta the following week in Georgia unless and until dates had been provided for *all* depositions. *Id. ¶* 46, Ex. 20.   This finally prompted Mr. Harder to act. On September 29, 2010, he finally proposed dates for the first time in late October just prior to the November 1, 2010 discovery cutoff.  The dates Mr. Harder proposed however were not convenient for Mr. Doroshow.  *Id.*

Accordingly, after receiving counsel's email, Mr. Doroshow did what this Court's rules require and what the Magistrate had ordered, *i.e.*, he requested that

3

counsel meet the following week to work out convenient dates for all remaining depositions in the action. *Id. ¶ 48, 50, Ex.* 17. At the same time, he simply asked that Mr. Harder and Mr. Nitti (Chris Prentiss' counsel), who have now been discovered to have engaged in improper *ex parte* communications with Accelerated's insurer, meet before a court reporter as this Court had ordered so that counsel could conduct their meet and confer on this matter at the same time. *Id.*[2] This was done in an effort to avoid having two separate meet and confer conferences before two different court reporters on two separate dates, and to save money. *Id.*

Moreover, given that these ethical violations could result in the recusal of Plaintiffs' counsel under Rule 2-100 of the California Rules of Professional Conduct, it is of course imperative that counsel discuss this issue and, if necessary, the Court consider it, before Plaintiffs' current counsel continues to prosecute this action. While Mr. Doroshow asked Mr. Harder to simply select a date this week when Mr. Nitti could also attend their meeting, Mr. Harder and Mr. Nitti again failed to respond. *Id.* Thus, while Mr. Doroshow has repeatedly told Mr. Harder and Mr. Nitti he stands "ready, willing and able" to meet with Mr. Harder and Mr. Nitti *anytime they like* to try to work out a mutually convenient deposition schedule for the month of October provided there is no ethical problem, Mr. Harder and Mr. Nitti have refused to meet on anything other than the issue of scheduling of Accelerated's depositions. *Id. ¶¶ 52-53.*

The *ex parte* Application should be denied on several grounds. *First, no notice was given as plainly required under this Court's Local Rules.* See Local Rule 7-19.1.[3]

---

[2] Grasshopper and its counsel were originally asked to conduct a meet and confer on this serious ethical issue several weeks ago, but have steadfastly refused to meet as Mr. Doroshow has requested in clear violation of this Court's rules. *Id.* ¶ 51, 52.

[3] The Rule ("Notice of Application") provides: "It shall be the duty of the attorney so applying [for *ex parte* relief] (a) to make a good faith effort to advise counsel for all parties, if known, of the date, time and substance of the proposed *ex parte* application and (b) to advise the Court in writing of efforts to contact their counsel and whether

*Second*, as this Court has ruled with every other *ex parte* application that the parties have filed in the past, there are no exigent circumstances here that justify Grasshopper moving to the "front of the line". Grasshopper and its counsel have had *ten months* to complete discovery in this case. Had they noticed the depositions that are the subject of their Application earlier, any dispute could have been resolved through normal motion practice. In fact, it is only because of Grasshopper's delay in noticing the depositions the last month of discovery and at a time when a regularly noticed motion could no longer be filed, that Grasshopper now finds itself in the position it is in.  As the Court has done in the past, this Court should deny the Application on the grounds that it is not the proper subject of *ex parte* relief.

*Third*, as is evident from Mr. Doroshow's October 6, 2010 letter attached as Exhibit 17 to the accompanying Doroshow Declaration, Mr. Doroshow has told Grasshopper and its counsel he was willing to meet to see if a deposition schedule could be worked out that is mutually convenient to the parties for the limited time that remains prior to the November 1, 2010 discovery cutoff date (again provided there is no ethical issue preventing it).  Yet, Plaintiffs' counsel have refused to meet.  Grasshopper and its counsel should not be allowed to avoid their meet and confer obligations, and to file an *ex parte* Application with this Court, without first meeting with Mr. Doroshow to see if the parties can resolve their differences without Court intervention.  *See* Local Rule 37-1.  Here, as is evident from the absence of any statement of compliance in Grasshopper's *ex parte* Application, Grasshopper and its counsel completely failed to comply with this Rule.  In fact, the only reason an *ex parte* Application was filed (*albeit without any notice*) is because Grasshopper and its counsel recognize that they are now out of time to file

---

any other counsel, after such advise, opposes the application or requested to be present when the application is presented to the Court."  As reflected in the *ex parte* Application and Mr. Harder's accompanying Declaration, no notice was given here.  Doroshow Decl. ¶ 54

a noticed motion prior to the November 1, 2010 discovery cutoff.  Therefore, they don't want any additional time to elapse meeting and conferring when they already know they have no justification for their unexcused ten month delay at this time. This however is absolutely no excuse for failing to satisfy the Court's meet and confer requirements prior to filing a noticed motion.  *Id*.

*Fourth*, while Grasshopper now states it wants this Court to consider allowing it to take the subject depositions after the discovery cutoff, Grasshopper has previously refused to consider any extension of the discovery cutoff or any of the other pretrial deadlines in this case. Doroshow Decl. ¶ 55.  Now that it finds itself in a difficult position because of its ten months of delay and nonfeasance in seeking or taking depositions in this action, this Court should not allow Grasshopper to do what it previously told Accelerated and its counsel it would not due, *i.e*., extend the discovery cutoff deadline so that additional discovery (which Plaintiffs have left to the last minute) can be completed.

## CONCLUSION.

Plaintiff Grasshopper House, LLC ("Grasshopper") and its counsel have no respect for the rule of law:

1. To this day, the continue to disobey this Court's discovery rulings by wrongfully withholding information and documents this Court ordered produced months ago. *Id. ¶* 14-16;

2. They have engaged in improper *ex parte* communications with Accelerated's insurer in an effort to try to convince the insurer to settle this action without opposing counsel's knowledge or consent. *Id. ¶* 49; and

3. Now, this week alone, having never expressed any interest in obtaining any discovery for months, and having in fact told Accelerated and its counsel that they had no interest in obtaining discovery relating to their claims because of their intent to dismiss their First Amended Complaint, they filed two Motions to Compel

relating to written discovery: (a) *they served six months ago in April 2010*; (b) in which they ask this Court to order Accelerated to provide information responsive to 13 interrogatories and 133 document requests *five (5) days in advance of the November 1, 2010 discovery cutoff in direct violation of the Court's Scheduling Order*; and (c) *without allowing Accelerated's counsel the right to even review the parties' Joint Stipulations before they were filed* as mandated by this Court's Local Rules.  *See* Local Rule 37-2.2.  Doroshow Decl. ¶¶ 17-38.

Now, *having never served a deposition notice in this case (much less taken a deposition) for ten months*, they appear before this Court with an *ex parte* Application to compel Accelerated, and its principals and employees to appear for their depositions in Los Angeles on the eve of the November 1, 2010 discovery cutoff because they know they can no longer file a noticed motion due to their delay in noticing and scheduling depositions. Making matters worse, when Accelerated offered to have its deposition and that of Kevin Kelly taken in Los Angeles this week (*which is the exact relief Plaintiffs are now seeking in their ex parte Application*), Plaintiffs' counsel never even bothered to respond to this offer.  *Id. ¶ 45, Ex.* 19.  Moreover, although Accelerated's counsel made it perfectly clear he was willing to meet with Grasshopper's counsel this week to discuss scheduling remaining depositions and discovery in this case, Grasshopper's counsel refused to meet because defense counsel simply requested that both counsel attend and also be prepared to discuss the ethical issue at the same time.  *Id. ¶ 48, Ex.* 17.   If this were not egregious enough, they have now filed this *ex parte* Application *without even giving Accelerated and its counsel notice of the Application before filing it*.  *Id.* ¶ 54.

This Court has repeatedly told the parties it will not grant *ex parte* relief that could have been considered on a regularly noticed basis without a true emergency; and which could have been avoided if the moving party had simply acted diligently

in presenting its motion. If this matter is now considered on an *ex parte* basis, there will be no reason for any party to do anything other than wait as Grasshopper has done here (in this case for nearly a year); until the close of discovery and after a regularly noticed motion can no longer be filed; and then schedule discovery for the first time on the eve of the discovery cutoff; and demand that the Court intervene when discovery is scheduled to close while Plaintiffs have failed to comply with their own discovery obligations. This is obviously not an appropriate matter for *ex parte* consideration, as it is a problem clearly created by Grasshopper's and its counsel's year long delay in conducting discovery and in preparing this case for trial. The *ex parte* Application should therefore be denied, and Grasshopper and its counsel should be sanctioned for filing it at this late date, in an amount no less than $2,750. *See*, Doroshow Decl. at ¶56.[4]

DATED:     October 8, 2010              FOX ROTHSCHILD, LLP


                                         By_____
                                            James E. Doroshow
                                            *Attorneys for Accelerated Recovery
                                            Centers, LLC*

---

[4] Plaintiffs would also like this Court to believe Accelerated has been remiss in failing to provide final expert reports. This too is completely false and disingenuous. What Plaintiffs fail to inform this Court is that, notwithstanding an August 27, 2010 Discovery Order directing them to comply with their long overdue discovery obligations within ten (10) days of the filing of the Order, until recently, Plaintiffs failed to produce information and documents needed for Accelerated's experts to complete their analysis and reports, including information which the Magistrate ordered Plaintiffs to provide weeks ago. Plaintiffs' counsel knows this because counsel discussed the matter before a court reporter and he acknowledged the problem his clients and he had created by this delay. See Doroshow Decl., ¶ 55. In addition, until this Court rules on Plaintiffs' Motion to Dismiss Grasshopper's First Amended Complaint, Accelerated obviously cannot determine what experts will be needed for trial, or what their expected testimony will be.