**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES-GENERAL**

Case No.  CV 09-8128-DMG (PLAx)                                    Date  October 12, 2010

Title:  Grasshopper House, LLC, etc., et al. v. Accelerated Recovery Centers, LLC, et al.

---

☐ U.S. DISTRICT JUDGE

**PRESENT: THE HONORABLE    PAUL L. ABRAMS**

☒ MAGISTRATE JUDGE

| Christianna Howard | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**
NONE

**ATTORNEYS PRESENT FOR DEFENDANTS:**
NONE

**PROCEEDINGS:**     **(IN CHAMBERS)**

The Court is in receipt of the Ex Parte Application of plaintiffs and counterdefendants Grasshopper House, LLC and Passages Silver Strand, LLC and counterdefendant Pax Prentiss (herein referred to collectively as "counterdefendants"), filed on October 7, 2010 (the "Application").  Counterdefendants request that the Court order: 1) defendants and counterclaimants Accelerated Recovery Centers, LLC ("Accelerated"), Kevin Kelly and Jan Holt Watkins (herein referred to collectively as "defendants") to produce for deposition five witnesses either prior to the November 1, 2010, discovery deadline, or shortly thereafter; 2) the depositions to occur at the offices of Passages' counsel in Los Angeles; 3) counsel for Accelerated to limit the form and manner of any objections it may assert at the depositions; and 4) Accelerated to pay counterdefendants' costs and fees in pursuing this matter.  (See Ex Parte Application at pp. 1-2).  Accelerated filed an Opposition to the Ex Parte Application on October 8, 2010.

Counterdefendants represent that the following sequence of events preceded the instant Ex Parte Application: On September 21, 2010, counterdefendants served deposition notices on five of defendants' witnesses for depositions to take place in Atlanta, Georgia on October 6, 7, and 8, 2010; on September 22, 2010, Accelerated served deposition notices and one document request on three of counterdefendants' witnesses for depositions to occur on September 30, 2010, and October 1 and 4, 2010; during a September 23, 2010, meet and confer conference, Accelerated confirmed that the depositions of defendants' five witnesses would proceed on the dates and times listed on their notices, but that counterdefendants objected to the timing of counterdefendants' witnesses' depositions, and these depositions were postponed to occur until after the depositions of defendants' witnesses in Atlanta; on October 2, 2010, Accelerated notified counterdefendants in an email that the depositions of defendants' witnesses were cancelled because counterdefendants had not provided deposition dates for their own three witnesses; on October 3, 2010, counterdefendants provided the dates of October 21, 25, and 29, 2010, for the depositions of their three witnesses and demanded that the five Atlanta depositions occur as scheduled; defendants refused to produce their witnesses for deposition; defendants on October 5, 2005, scheduled and then

cancelled a meet and confer conference regarding this issue; and defendants have still not agreed to produce their five witnesses for depositions or state when they will be available. (Ex Parte Application at pp. 5-7). Defendants contend that counterdefendants "continue to disobey this Court's discovery rulings," have engaged in improper ex parte communications with defendants' insurer, have delayed in seeking to take the subject depositions and did not comply with the applicable requirements in bringing this Application, and have not timely responded to various communications from defendants to try to resolve this issue.

The Application is **denied**. First, in filing the Application, counterdefendants have failed to comply with Local Rule 7-19.1 because they have not advised the Court in writing of the efforts they made, if any, to notify opposing counsel about the Application, and whether opposing counsel intended to oppose the Application or be present when the Application is presented to the Court. See Local Rule 7-19.1. Neither did counterdefendants include the name, address, telephone number and e-mail address of opposing counsel. See Local Rule 7-19.

Additionally, and as the Court has repeatedly advised the parties, ex parte applications are solely for extraordinary relief and **should be used with discretion**. Under the circumstances here, counterdefendants have not shown why it "should be allowed to go to the head of the line in front of all other litigants and receive special treatment" See Mission Power Engineering Co. v. Continental Casualty Co., 883 F.Supp. 488 (C.D. Cal. 1995). Nor have counterdefendants established that they are "without fault in creating the crisis that requires ex parte relief." Id. The Scheduling Order in this action that set the November 1, 2010, discovery deadline was issued on February 22, 2010. (See February 22, 2010, Order, Docket No. 26). Yet **both** parties apparently waited **seven months** and until just over **one** month before the discovery deadline before even serving the deposition requests at issue herein. There is no indication that either party was prevented in any way from serving the deposition requests at an earlier date. The Court finds that the parties' apparent choice to delay propounding the instant discovery in this manner does not amount to an exigent circumstance warranting ex parte relief. In short, good cause for seeking expedited relief or for circumventing the requirements of Local Rule 37 has not been shown, and no extraordinary circumstances justify the ex parte nature of the Application.

Furthermore, the District Judge ordered in her February 22, 2010, Order that the discovery deadline is **"NOT THE DATE BY WHICH DISCOVERY REQUESTS OR DISCOVERY MOTIONS MUST BE FILED AND SERVED; IT IS THE DATE BY WHICH ALL DISCOVERY, INCLUDING ALL HEARINGS ON ANY RELATED MOTIONS, IS TO BE COMPLETED,"** and that "[a]ll depositions shall be scheduled to commence sufficiently in advance of the discovery cut-off date to permit their completion and to permit the deposing party enough time to bring any discovery motions concerning the deposition prior to the cut-off date." (See February 22, 2010, Order, Docket No. 26 at p. 2). The District Judge specifically cautioned the parties that "in most cases a planned motion to compel would have to be discussed with opposing counsel approximately **six weeks before the cut-off.**" (Id. (emphasis added)). The parties here have assumed the risk in serving their deposition notices so late in the discovery period (i.e., less than six weeks before the discovery cut-off), with depositions scheduled for less than four weeks before the deadline, that a conflict regarding compliance with the notices might arise -- especially in light of the level of contentiousness that has entered into the dealings between counsel in this action -- and simply waited too long to approach the Court for an order to compel discovery. Nothing prevented them from noticing depositions in a timely manner. Quite simply, the parties did not take advantage of the remedy that was available to them to enforce their rights -- timely serving deposition notices and then, if necessary, seeking relief from the Court. Good cause for seeking this late relief has not been shown.

In any event, regardless of whether the parties have presented grounds to compel the depositions at issue in this action via ex parte application, it appears that neither defendants nor counterdefendants have presented good cause for cancelling or failing to reschedule dates for any of the noticed depositions. As the discovery deadline is rapidly approaching, the Court will exercise its discretion and **order** as follows: **no later than noon, Pacific time, on October 14, 2010**, defendants and counterdefendants shall confer telephonically and set dates for the depositions of the following individuals: 1) the Rule 30(b)(6) corporate designee for defendant Accelerated; 2) defendant Kevin Kelly; 3) defendant Jan Holt Watkins (aka Jan Watkins Kelly); 4) Dr. Tommie Richardson, Medical Director of Accelerated; 5) Nancy Certain, RN of Accelerated; 6) Chris Prentiss; 7) Pax Prentiss; and 8) Anna James, with the first five listed individuals' depositions to occur prior to the depositions of the individuals numbered above as 6, 7, and 8. Depositions 1 through 5 shall take place as originally noticed in Atlanta, Georgia, unless defendants consent to an alternate location. Depositions 6 through 8 shall occur in Los Angeles, California, unless counterdefendants consent to an alternate location. Based on the information in the Application, inadequate notice to produce documents was provided in connection with the deposition of Anna James. Accordingly, the Court **orders** that the Anna James deposition proceed without the production of documents. All eight depositions shall be scheduled to occur **on or before November 1, 2010. No later than 1:00 p.m., Pacific time, on October 14, 2010**, the parties shall send by facsimile to the Court the deposition schedule established by the parties. The Court will then order the depositions to proceed as scheduled. **If the parties are unable on their own to select dates for the depositions by the October 14, 2010, deadline, the parties shall so notify the Court by facsimile at that time**. The Court will then, **unilaterally, and without regard to the parties' schedules**, establish a schedule for these eight depositions on dates selected by the Court, which may include weekends.

Finally, the parties are advised that the conduct of all counsel, parties and witnesses at the depositions must fully comply with the Federal Rules of Civil Procedure, including the making of objections.

All requests for costs, fees, and sanctions in connection with the Application and Opposition are **denied**.


cc:     Counsel of record




Initials of Deputy Clerk____ch____