James E. Doroshow (State Bar No. 112920)
jdoroshow@foxrothschild.com
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Tel 310.598.4150 / Fax 310.556.9828

Attorneys for Defendant/Counterclaimant
ACCELERATED Recovery Centers, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRASSHOPPER HOUSE, LLC, a California limited liability company doing business as Passages Malibu, PASSAGES SILVER STRAND, LLC, a California limited liability company,<br><br>        Plaintiffs,<br><br>    v.<br><br>ACCELERATED RECOVERY CENTERS, LLC, a Georgia limited liability company,<br><br>        Defendant. | Case No. CV 09-08128 DMG (PLAx)<br><br>**DEFENDANT AND COUNTERCLAIMANT ACCELERATED RECOVERY CENTERS, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COUNTERDEFENDANTS' MOTION TO EXCLUDE THE EXPERT TESTIMONY OF BRUCE L. ROSS, CPA OR, IN THE ALTERNATIVE, TO COMPEL THE PRODUCTION OF EXPERT WITNESS REPORTS AND DEPOSITION OF MR. ROSS, AND TO PRECLUDE TESTIMONY FROM ANY OTHER UNDISCLOSED EXPERTS; REQUEST FOR MONETARY SANCTIONS**<br><br>Hon. Dolly M. Gee |
| ACCELERATED RECOVERY CENTERS, LLC,<br><br>        Counterclaimant,<br><br>    v.<br><br>GRASSHOPPER HOUSE, LLC, d/b/a Passages Malibu, PASSAGES SILVER STRAND, LLC, CHRIS PRENTISS, and PAX PRENTISS,<br><br>        Counterdefendants. | Hearing Date:   November 2, 2010<br>Time:                10:00 a.m.<br>**Judge:**            Hon. Paul L. Abrams |

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

By filing this Motion, Plaintiffs and Counterdefendants Grasshopper House, LLC and Passages Silver Strand, LLC and Counterdefendant Pax Prentiss (collectively, "Grasshopper") ask the Court to reward them for their repeated and continuing discovery violations in this case.[1]  For months, Grasshopper has done nothing but obstruct the efforts of  Defendant/Counter-claimant, ACCELERATED RECOVERY CENTERS, LLC. (hereafter, "Accelerated") to complete discovery. Since the inception of this case, Grasshopper has failed to comply with Accelerated's basic discovery requests, and it has done so in direct violation of this Court's Orders.  Now, having completely shirked its own discovery obligations and having effectively precluded Accelerated from obtaining and submitting timely expert reports which account for all of the factual and legal issues in this case, Grasshopper seeks to place the blame *on Accelerated* for its inability to produce complete expert reports in accordance with the Court's September 17, 2010 deadline.  (Doc. 26.)[2]

Grasshopper also fails to inform the Court in its moving papers that it has filed a Motion to Dismiss its First Amended Complaint in this action.  Until the Court rules on this Motion, Accelerated obviously cannot complete final expert reports as it is not presently known when or whether the Court will grant this Motion, and until Accelerated knows which claims will remain for trial in this case.[3]

---

[1]  Since this is not a discovery matter, this Motion has been improperly noticed for hearing before the Magistrate, rather than with Judge Gee.  The parties have not consented to the Magistrate conducting all proceedings in this action.  *See* U.S.C. § 636(c)(1) & (2); *Alaniz v. California Processors, Inc.* (9th Cir. (1987) 690 F.2d 717, 270.  As such, the Magistrate should not even hear it.

[2]  The Court's February 22, 2010 Scheduling Order also set October 8, 2010, as the deadline for submitting rebuttal expert disclosures and reports, and November 1, 2010, as the deadline for expert discovery (including the hearing of discovery motions).

[3]  The matter was scheduled for hearing on October 4, 2010, but has now been taken under submission with no ruling to date.  As such, it is not presently known when or whether the Court will grant this Motion.

DEFENDANT AND COUNTERCLAIM PLAINTIFF'S MEMORANDUM OF POINTS
AND AUTHORITIES IN OPPOSITION TO COUNTERDEFENDANTS' MOTION TO
EXCLUDE EXPERT TESTIMONY OR, IN THE ALTERNATIVE, MOTION TO COMPEL

LN1 1128246v1 10/12/10

1   Grasshopper should not be rewarded for its improper behavior.  Had

2   Grasshopper complied with Accelerated's discovery requests and the Court's

3   Orders in a timely fashion – rather than making a mockery out of the discovery

4   process by serving responses that are replete with baseless objections, and

5   necessitating countless discovery motions – Accelerated would have been able to

6   timely submit complete expert disclosures and reports.  Moreover, had Grasshopper

7   filed its Motion to Dismiss at an earlier date, the parties would have known what

8   claims remain in this action.  Accelerated's inability to serve complete expert

9   reports prior to the September 17, 2010 deadline resulted solely from the

10  Grasshopper' efforts to stall discovery, and its failure to file a Motion to Dismiss at

11  an earlier date.   Accordingly, Grasshopper's Motion is completely disingenuous

12  and should be denied in its entirety.[4]

13  ## II.   <u>BACKGROUND.</u>

14  On November 5, 2009, Plaintiffs, GRASSHOPPER HOUSE, LLC

15  (hereafter, "Grasshopper") and PASSAGES SILVER STRAND, LLC (hereafter,

16  "Passages" and collectively with Grasshopper, "Plaintiffs"), filed this action against

17  Accelerated alleging, among others, claims for trademark infringement and false

18  advertising under the Lanham Act based upon purported infringing use of

19  keywords in Internet advertising and alleged misstatements concerning

20  Accelerated's alcoholism treatment programs.  Accelerated filed counterclaims

21  against Plaintiffs and other Counterclaim Defendants, including Pax Prentiss, one

22  of the movants herein.  In its counterclaims, Accelerated alleges among other

23  things that the Counterclaim Defendants are liable for false advertising under the

24  Lanham Act based upon their false and misleading assertions that they can "cure"

25  alcoholism and drug addiction, when they clearly know that a cure for addictive

26

27  _____

28  [4]  In addition, Grasshopper and its counsel should be sanctioned in an amount sufficient to compensate Accelerated
for the expense of having to oppose it.  *See* Doroshow Decl. ¶ 74.

1   disease does not exist.  In its counterclaims, Accelerated also seeks declaratory

2   relief that the trademarks asserted by Plaintiffs are invalid and/or that Accelerated

3   is not infringing any of the asserted marks.

4          Plaintiffs have brought suit in this Court and in other jurisdictions against

5   various other parties across the country, asserting trademark infringement claims

6   that mirror those asserted in this case.[5]  Until now, Plaintiffs have enjoyed success

7   bullying and threatening their perceived competitors with litigation, causing them

8   to capitulate to Plaintiffs' demands, without ever having to prove their claims.

9   Empowered by their history of aggressive tactics, Plaintiffs then chose to pick a

10  fight with Accelerated, who has not cowered to their baseless threats and bullying

11  tactics.  Accelerated has staunchly defended against Plaintiffs' claims, and has

12  asserted counterclaims based on the Counterclaim Defendants' false advertising in

13  violation of the Lanham Act.

14         Plaintiffs– clearly realizing the weakness of their claims and the strength of

15  Accelerated's counterclaims – have therefore fled from their own claims and have

16  taken every action possible to prevent an unfavorable outcome in this case.  In fact,

17  Plaintiffs have gone so far as to seek the dismissal of their own First Amended

18  Complaint, in the hope that this action would then simply disappear.  (Doc. No.

19  76.)  However, when Accelerated refused to accede to Plaintiffs' demands and

20  discontinue its pursuit of this case, Plaintiffs and Counterclaim Defendants

21  continued to do everything in their power to forestall or end this litigation,

22  including but not limited to stonewalling all of Accelerated's discovery (including

23  deliberately disobeying discovery orders by this Court). (*see* Doc. Nos. 64, 74, 77

24  and 91), and improperly contacting Accelerated's insurance carrier in an effort to

25  ─────────────────────
    [5] Consistent with their pattern of "forum shopping" in an effort to improperly obtain quick default judgments and
26  other advantages over defendants such as Accelerated, Plaintiffs originally filed suit against Accelerated in the
    United States District Court of Oregon in 2009.  However, the Oregon Court dismissed Plaintiffs' action against
27  Accelerated for lack of jurisdiction, writing:  "it appears the only connection this case has with the State of Oregon is
    the location of plaintiff's counsel."  *See* September 13, 2010 Declaration of Kevin Kelly (Doc. No. 78, at ¶¶ 7-8, and
28  Exhibit 2 thereto).

                                                    4
─────────────────────────────────────────────────

1    cut off Accelerated 's funding for legal fees in this action.  (*See* September 22,

2    2010 Declaration of James E. Doroshow (Doc. No. 84).)

3          A.    **Accelerated's Inability to Complete Discovery In**

4                **This Action Due to Grasshopper's and Prentiss' Discovery Abuse.**

5          Accelerated's efforts to try to conduct discovery – and Plaintiffs' efforts to

6    avoid it – are well documented in the recent filings with the Court.  More than six

7    (6) months ago, on March 8, 2010, Accelerated served its First Set of

8    Interrogatories, consisting of 17 interrogatories, along with its First Set of Requests

9    for Production of Documents, consisting of 98 requests.  Some of the

10   interrogatories and document requests addressed factors courts evaluate in

11   analyzing trademark infringement as stated in the leading Ninth Circuit case of

12   *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 349 (9th Cir. 1979), namely:  strength

13   of the mark; proximity of the goods; similarity of the marks; evidence of actual

14   confusion; marketing channels used; type of goods and the degree of care likely to

15   be exercised by the purchaser; and likelihood of expansion of the product lines.

16         On April 12, 2010, Grasshopper served its Responses to Accelerated 's First

17   Set of Requests for Production of Documents, together with a CD containing

18   documents marked GRS 0001-GRS 0472.  The meager 472 pages produced by

19   Grasshopper consisted of 28 pages of print-outs of Yahoo! and Google searches,

20   and certain publicly available documents, namely, the prosecution histories of

21   Grasshopper's federal trademark applications and various court filings.

22         Grasshopper produced *nothing* responsive to many requests.  The production

23   did not include any of the types of documents one would expect to receive from a

24   company that contends it has invested "millions of dollars" in building and

25   promoting its alleged trademarks, such as, for just a few examples: advertising

26   copy, advertising expense records, examples of promotional material, advertising

27   budgets and plans, examples of press coverage and other proof of consumer

28

5

1    recognition, focus group materials, etc.

2        Grasshopper's response was peppered with blanket assertions of attorney-

3    client privilege and work product protection, where clearly none could exist, in

4    many of the aforementioned categories.  Grasshopper did not provide a privilege

5    log.  In numerous responses, Grasshopper indicated a refusal to produce documents

6    based on its contention that responsive documents were protected by a right to

7    "privacy."

8        On April 23, 2010, Grasshopper served by mail its Responses to

9    Accelerated's First Set of Interrogatories.  The Responses were untimely, coming

10   11 days late.  Grasshopper's untimely interrogatory responses to Accelerated 's

11   interrogatories were prefaced with unmeritorious, boilerplate objections, including

12   unmeritorious assertions of privilege and "privacy", and did not provide much of

13   the information requested.

14       Additionally, Grasshopper failed to provide a signed verification along with

15   its responses to Accelerated 's interrogatories, and further failed to provide a

16   privilege log as to any documents that Grasshopper was withholding based on its

17   assertion of the attorney-client privilege and/or work product doctrine.

18       Accelerated 's counsel attempted to meet and confer with Plaintiffs' counsel

19   concerning the deficiencies in Grasshopper's responses to both the interrogatories

20   and document requests.  However, Plaintiffs' counsel failed to properly meet and

21   confer concerning the deficiencies in its discovery responses and the resulting

22   Motion to Compel, which Accelerated filed on July 19, 2010 with this Court.

23   (Doc. No. 65.)  Consistent with its earlier attempts to circumvent its discovery

24   obligations, Grasshopper filed an opposition to Accelerated's Motion to Compel.

25   (Doc. No. 68.)

26       On August 27, 2010, the Court entered an Order (Doc. No. 74), granting

27   Accelerated's Motion to Compel, and directing Grasshopper to do the following,

28

DEFENDANT AND COUNTERCLAIM PLAINTIFF'S MEMORANDUM OF POINTS
AND AUTHORITIES IN OPPOSITION TO COUNTERDEFENDANTS' MOTION TO
EXCLUDE EXPERT TESTIMONY OR, IN THE ALTERNATIVE, MOTION TO COMPEL
LN1 1128246v1 10/12/10

within ten (10) days of the Court's Order:

      (1)  serve, without objection, supplemental and complete answers to Accelerated's Interrogatory Nos. 1-5, 7-13, and 14-16;

      (2)  produce all non-privileged documents in response to Accelerated's Request for Production of Document Nos. 2, 5, 7-11, 15, 16-25, 28-29, 33, 34, 35, 36-40, 42, 43, 45, 46, 47-54, 55-63, 64, 65, 66, 67, 70, 71, 83-84, 89, 91-93, 95, 96, 97 and 98;

      (3)  produce a detailed privilege log as to any documents that Plaintiff was withholding based on its assertion of the attorney-client privilege and/or work product doctrine;

      (4)  submit a declaration, signed by a corporate officer under penalty of perjury, that all responsive documents in Plaintiff's possession, custody or control have been produced; and

      (5)  submit payment to Accelerated in the amount of $5,000.00, for the reasonable expenses, including attorney's fees, necessary to bring Accelerated's Motion to Compel.

*See* Court's Order of August 27, 2010, granting Accelerated's Motion to Compel (Doc. No. 74.)  The Court also entered a Protective Order on August 27, 2010 (Doc. No. 75), which should have allayed any concerns by Plaintiffs regarding any alleged confidential, private or commercially sensitive information.

      Pursuant to the Court's Order of August 27, 2010, Grasshopper was required to provide its supplemental discovery responses and other items required under the Court's Order by September 13, 2010.  At the request of Plaintiffs' counsel, Accelerated's counsel agreed to an extension of time to allow Grasshopper until September 24, 2010, in which to provide the supplemental discovery responses and other items required under the Court's Order of August 27, 2010.

      Despite the entry of the Court's Order of August 27, 2010, and even after

DEFENDANT AND COUNTERCLAIM PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COUNTERDEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY OR, IN THE ALTERNATIVE, MOTION TO COMPEL

1   allowing Grasshopper an additional seventeen (17) days to produce the required

2   items, as of this writing, ACCELERATED **still** has not received:

3   - Complete Supplemental answers to Accelerated's Interrogatories;

4   - Additional documents requested by Accelerated, including all of Plaintiff's

5     financial records;

6   - A complete privilege log; or

7   - An unqualified declaration from a corporate officer under penalty of perjury

8     attesting that all responsive documents in Plaintiffs' possession, custody and

9     control have been produced.

10      Similarly, Chris and Pax Prentiss have similarly frustrated Accelerated's

11  ability to complete discovery by providing clearly insufficient responses to

12  Accelerated's requests.  Despite this Court's August 27, 2010 Order, on August 31,

13  2010, *four days later*, Counterclaim Defendants Chris and Pax Prentiss – the

14  principals of Grasshopper – served responses to Accelerated's interrogatories and

15  requests for production of documents that:  (1) failed to answer a single

16  interrogatory; (2) failed to produce even a single document; and (3) contained

17  objections that were already considered and rejected by the Court in its August 27,

18  2010 Order.  (*See* Joint Stipulation re: Accelerated Recovery Centers, LLC's

19  Motion to Compel Further Responses from Chris and Pax Prentiss to Accelerated's

20  First Set of Interrogatories; Request for Monetary Sanctions; Declaration of James

21  E. Doroshow (Doc. No. 93).)  Over the next month, Prentiss' counsel continued to

22  stall and play games, by unilaterally granting themselves an extension of time in

23  which to provide supplemental responses to Accelerated's discovery requests, by

24  failing to keep their promises of providing "thorough" supplemental responses, and

25  by failing to timely meet and confer with Accelerated's counsel regarding their

26  insufficient responses.  *Id.* at 7-8.

27      Chris and Pax Prentiss finally served Supplemental Responses to

28

DEFENDANT AND COUNTERCLAIM PLAINTIFF'S MEMORANDUM OF POINTS
AND AUTHORITIES IN OPPOSITION TO COUNTERDEFENDANTS' MOTION TO
EXCLUDE EXPERT TESTIMONY OR, IN THE ALTERNATIVE, MOTION TO COMPEL
LN1 1128246v1 10/12/10

1  Accelerated's Interrogatories on September 27, 2010 – one month after the Court's

2  August 27th Order, approximately four weeks after the Prentiss' initial deficient

3  discovery responses were served, *and ten (10) days after the parties were required*

4  *to submit their expert disclosures pursuant to the Court's Scheduling Order*.

5  Their Supplemental Responses to Accelerated's Interrogatories were *still* largely

6  nonresponsive and incomplete, as Chris and Pax Prentiss have objected to and

7  refused to provide any substantive response to half of Accelerated's Interrogatories.

8  As a result of the Counterclaim Defendants' refusal to answer Accelerated's

9  discovery requests, Accelerated was forced to file yet another Motion to Compel.

10  (Doc. No. 93.)  As of the date of this filing, that Motion remains pending and Chris

11  and Pax Prentiss have yet to fully answer Accelerated's Interrogatories, which are

12  directly relevant to the Counterclaim Defendants' advertising claims that they have

13  developed a "cure" for alcoholism and drug addiction.

14          To date, Chris and Pax Prentiss have also failed and refused to appear for

15  their deposition as noticed by Accelerated in the first week of October 2010.

16      **B.    The Court's Expert Designation Order and Other**

17              **Pretrial Deadlines.**

18          Pursuant to the Court's February 22, 2010 Scheduling Order (Doc. No. 26),

19  the discovery cut-off date in this case is November 1, 2010, and a Pretrial

20  Conference is scheduled for January 25, 2011, with the trial scheduled to begin on

21  February 22, 2011.  The Court's Scheduling Order set the Expert Disclosure and

22  Report Deadline for September 17, 2010, the Rebuttal Expert Disclosure and

23  Report Deadline for October 8, 2010, and the Expert Discovery Cut-Off (including

24  the hearing of discovery motions) for November 1, 2010.

25          Plaintiffs did not serve any expert disclosures in this case.

26          At the same time, Grasshopper's failure to produce the discovery requested

27  by Accelerated and required by the Court's Order of August 27, 2010, made it

28

DEFENDANT AND COUNTERCLAIM PLAINTIFF'S MEMORANDUM OF POINTS
AND AUTHORITIES IN OPPOSITION TO COUNTERDEFENDANTS' MOTION TO
EXCLUDE EXPERT TESTIMONY OR, IN THE ALTERNATIVE, MOTION TO COMPEL
LN1 1128246v1 10/12/10

impossible for Accelerated to disclose its experts and serve expert reports prior to the September 17, 2010 deadline.  As they undoubtedly intended Grasshopper's and Prentiss' failure to produce relevant information and documentation has also served to forestall the scheduling of the Prentiss' depositions, which the Counterclaim Defendants have similarly avoided.  All of this information is needed in order for Accelerated's experts to conclude their reports.

Also, until the Court rules on Plaintiffs' Motion to Dismiss their First Amended Complaint, Accelerated and its experts obviously do not know what claims remain in this action, and they cannot prepare final expert reports until the Court issues its ruling on this Motion.

By serving its Expert Disclosures on September 17, 2010, Accelerated did the very best it could given Plaintiffs' and Counterclaim Defendants' efforts to avoid discovery.  When Accelerated does submit a final expert report on damages, it will obviously comment on the amount of Grasshopper's profits to be disgorged based on Accelerated's claims.  Such opinions simply cannot be adequately reached or commented upon without first receiving all of the discovery that Accelerated has been trying so hard to obtain, and which Grasshopper and Prentiss have tried so hard to withhold.  Therefore, at the September 17, 2010 deadline, Accelerated did the most it could do, by identifying its damages expert, Bruce L. Ross, CPA.  (*See* Doc. No. 96-1, at ¶ 1.)

Further, although Accelerated anticipates that it may utilize the services of an expert with respect to the veracity of the Counterclaim Defendants' advertising claims that they have developed a "cure" for alcoholism and drug abuse, Accelerated has been unable to designate its expert or submit a report because the Counterclaim Defendants have not been forthcoming with their discovery responses, which seek information regarding, among other things, the alleged bases (scientific, psychiatric and otherwise), for their claims.  Without obtaining the

DEFENDANT AND COUNTERCLAIM PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COUNTERDEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY OR, IN THE ALTERNATIVE, MOTION TO COMPEL
LN1 1128246v1 10/12/10

1    necessary documentation, interrogatory answers and depositions of the

2    Counterclaim Defendants Chris and Pax Prentiss (who claim to have developed the

3    "cure"), Accelerated is not even able to fully determine what **kind** of expert is

4    needed to analyze those claims.  Therefore, again, Accelerated did the most it could

5    do, by reserving the right to call an expert "in the field of drug and alcohol

6    addiction treatment and/or psychiatry, to testify regarding the falsity of the

7    Counterclaim Defendants' claim that they have developed a 'cure' for alcoholism

8    and drug addiction."  *Id.*  at ¶ 2.

9        Additionally, as noted, even the necessary scope of the opinions to be

10   included in Accelerated's expert reports are unclear at this time because Plaintiffs'

11   pending Motion to Dismiss the First Amended Complaint has rendered uncertain

12   the claims that will be presented at trial in this case.

13       Remarkably, after all of their efforts to avoid discovery (*including*

14   *deliberately disobeying Orders by this Court*), Grasshopper and Prentiss now have

15   the audacity to claim that Accelerated should be precluded from offering any expert

16   testimony at trial because Accelerated did not produce final expert reports prior to

17   the September 17, 2010 deadline.   The disingenuousness and temerity of

18   Grasshopper's and Prentiss' attempt to blame Accelerated for its inability to meet

19   the September 17th deadline is no more apparent than in the Counterclaim

20   Defendants' following admission:

21

22              This claim that Counterdefendants have not provided sufficient
                discovery is false.  In fact, Counterdefendants provided
23              thousands of pages of documents, deposition testimony and
                interrogatory responses, ***and supplemented their production on***
24              ***September 24, 2010 by providing additional financial***
                ***information***.[6]

25   (Counterdefendants' Memorandum and Points of Authorities in Support of Motion

26

27   ──────────────────

28   [6]   In fact, in direct defiance of this Court's discovery order, no underlying financial records were produced.
     Plaintiffs merely produced what is a self-serving summary of their revenues and profits.

1  to Exclude Expert Testimony (Doc. No. 96), at 4.) (Emphasis added.)  Thus, while

2  conceding that they did not provide any financial information *until September 24,*

3  *2010*, they nevertheless contend that Accelerated should have produced an expert

4  report on damages *a week earlier*.

5       It is Grasshopper and Prentiss– and only Grasshopper and Prentiss – who are

6  to blame for the delays experienced during discovery in this case.  They have made

7  it impossible for Accelerated to produce complete expert reports prior to the

8  September 17, 2010 deadline.  They have made it impossible for the parties to

9  complete discovery in accordance with the remaining deadlines established by the

10  Court.  They have also introduced uncertainty as to what claims will remain for

11  trial by filing a belated Motion to Dismiss their First Amended Complaint on the

12  eve of the discovery cutoff and expert disclosure deadlines.  Finally, they have

13  placed the remaining deadlines, including the trial date, in jeopardy.  Accordingly,

14  their Motion is entirely baseless and was filed in bad faith, and should be denied.

15  **III.   ARGUMENT.**

16       **A.   Grasshopper's and Prentiss' Motion Should be Denied because**

17           **Accelerated's Inability to Submit Complete Expert Disclosures and**

18           **Expert Reports Prior to September 17, 2010 was Substantially**

19           **Justified Given Plaintiffs' and Prentiss' Misconduct.**

20       Grasshopper and Prentiss inappropriately seek sanctions against Accelerated

21  pursuant to Federal Rule of Civil Procedure 37(c), which provides, in relevant part,

22  as follows:

23           If a party fails to provide information or identify a witness as
           required by Rule 26(a) or (3), the party is not allowed to use

24           that information or witness to supply evidence on a motion, at a
           hearing, or at a trial, *unless the failure was substantially*

25           *justified or is harmless*.

26  Fed. R. Civ. P. 37(c)(1).  (Emphasis added.)

27       "The Ninth Circuit Court of Appeals gives wide latitude to a district court's

28

12

DEFENDANT AND COUNTERCLAIM PLAINTIFF'S MEMORANDUM OF POINTS
AND AUTHORITIES IN OPPOSITION TO COUNTERDEFENDANTS' MOTION TO
EXCLUDE EXPERT TESTIMONY OR, IN THE ALTERNATIVE, MOTION TO COMPEL
LN1 1128246v1 10/12/10

1  exercise of discretion to issue sanctions for failure to disclose an expert." *Wertz v.*
2  *Target Corp.*, No. 08-CV-78, 2009 WL 635655, *2 (E.D. Cal. March 10, 2009),
3  citing *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir.
4  2001).  Exclusion of expert evidence based on discovery violations is a "harsh
5  remedy" and is "generally improper absent undue prejudice to the other side." *Id.*
6  at *2 and *3, citing *Amersham Pharmacia Biotech, Inc. v. Perkin*, 190 F.R.D. 644
7  (N.D. Cal. 2000).

8  **1.  <u>Accelerated's Inability to Disclose its Experts and Expert</u>**
9  **<u>Reports Prior to September 17, 2010 Was Substantially Justified.</u>**

10  When considering whether a party's inability to disclose its expert report is
11  justified, the court should examine:  (1) the explanation, if any, for the failure to
12  disclose; (2) prejudice to the opposing party; (3) the potential for curing the breach
13  by granting a continuance; and (4) the importance of the testimony. *Wertz*, *supra*
14  (citations omitted).  Each of these factors weigh against granting Grasshopper's and
15  Prentiss' Motion here.

16  *First*, Accelerated's failure to serve complete expert disclosures and expert
17  reports prior to the cut-off date is justified and explained by the fact that the
18  Plaintiffs and Counterclaim Defendants have prevented Accelerated from
19  conducting even the most basic discovery at every step of this case.  As of
20  September 17, 2010, the Counterclaim Defendants still had not provided
21  Accelerated with *any* financial information, thereby preventing Accelerated's
22  damages expert from providing a complete report on damages, including a
23  calculation of the disgorgement damages to which Accelerated is entitled under its
24  claims.  Although Counterclaim Defendants had approximately *six (6) months* to
25  gather and produce this evidence in response to Accelerated's requests, they assert
26  that Accelerated's failure to provide an expert report within *ten (10) days* at best
27  after only limited financial information was produced on September 24, 2010 (*i.g.*,
28

DEFENDANT AND COUNTERCLAIM PLAINTIFF'S MEMORANDUM OF POINTS
AND AUTHORITIES IN OPPOSITION TO COUNTERDEFENDANTS' MOTION TO
EXCLUDE EXPERT TESTIMONY OR, IN THE ALTERNATIVE, MOTION TO COMPEL
LN1 1128246v1 10/12/10

1    a week *after* Accelerated's expert report was due), requires the preclusion of any

2    such opinion testimony.  Grasshopper's and Prentiss' argument is both

3    disingenuous and offensive, and also completely ignores the fact that several key

4    depositions regarding damages to expert disclosure and reporting have yet to occur

5    due to the Prentiss' refusal to appear for their depositions as noticed.

6         Similarly, Grasshopper/Prentiss have completely prevented Accelerated from

7    selecting an expert and obtaining an expert report by circumventing discovery

8    regarding the factual and/or scientific basis for their advertising and commercial

9    claims that they have a "cure" for alcoholism and drug addiction.  For example,

10   Chris and Pax Prentiss have refused to provide substantive answers to one half of

11   Accelerated's interrogatories and have refused to produce any documentation in

12   response to Accelerated's requests, many of which relate to the bases for

13   Counterclaim Defendants' claims and their data concerning their alleged "cure"

14   rate for its patients.  Counterclaim Defendants' failure to respond to Accelerated's

15   written discovery requests has also prevented Accelerated from fully preparing for

16   and obtaining the depositions of the Prentisses, which further explains

17   Accelerated's inability to identify the most appropriate expert and serving an expert

18   report at this time.

19        It is of course completely disingenuous for Counterclaim Defendants to

20   argue that Accelerated was required to submit expert reports when they have

21   continuously rebuffed Accelerated's reasonable attempts to conclude discovery that

22   will form the foundation of those reports.  Under Rule 26(a)(2), a party's expert

23   report must contain "a complete statement of all opinions the expert will express

24   and the basis and reasons for them… and the data or other information considered

25   by the witness in forming them."  Fed. R. Civ. P. 26(a)(2)(i) and (ii).  Had

26   Accelerated produced its expert reports on or before September 17, 2010, without

27   its experts having had the benefit of reviewing and commenting upon all of the

28

DEFENDANT AND COUNTERCLAIM PLAINTIFF'S MEMORANDUM OF POINTS
AND AUTHORITIES IN OPPOSITION TO COUNTERDEFENDANTS' MOTION TO
EXCLUDE EXPERT TESTIMONY OR, IN THE ALTERNATIVE, MOTION TO COMPEL
LN1 1128246v1 10/12/10

1  relevant documentation and deposition testimony provided in the case, Grasshopper

2  and Prentiss would have undoubtedly and unfairly sought to prevent Accelerated's

3  experts from opining at trial about pertinent matters that they were prevented from

4  including in any reports submitted prior to that date.  Both problems were created

5  entirely by Plaintiffs' and Counterclaim Defendants' misconduct, and they should

6  not benefit from it by having Accelerated's experts precluded or limited at trial.

7       In *Estate of Gonzalez v. Hickman*, No. ED CV 05-00660, 2007 WL 3237635

8  (C.D. Cal., June 28, 2007), the Court denied the defendants' motion to preclude

9  certain expert testimony on the grounds that the opinions were not timely disclosed.

10  In holding that the defendants were justified in their delay, the Court opined as

11  follows:

12       Plaintiffs were substantially justified in seeking to delay the
         exchange of expert reports, since the opinions contained in the
13       reports are based in large part on information that could only be
         obtained through fact discovery (e.g., the depositions of
14       defendants and the information in [the defendant's] file).  For
         reasons addressed in a number of prior orders, defendants
15       unnecessarily delayed producing the central file; this in turn
         required postponement of depositions.
16

17  *Id.* at *6.

18       Clearly the Court's reasoning in *Gonzalez* applies equally here.  The expert

19  opinions to be exchanged by Accelerated will be based in large part on information

20  that can only be obtained through complete factual discovery from Grasshopper

21  and Prentiss, including their financial information and their scientific or other bases

22  for claiming to have a "cure" for alcoholism and drug addiction.  Yet, the

23  Counterclaim Defendants have needlessly and improperly refused to fully answer

24  Accelerated's interrogatories or supply all documentation requested by

25  Accelerated.  This, in turn, has resulted in the postponement of depositions of key

26  witnesses, including but not limited to Chris and Pax Prentiss.  Under *Gonzalez*,

27  Accelerated's delay in producing its expert reports is justifiable because it resulted

28

DEFENDANT AND COUNTERCLAIM PLAINTIFF'S MEMORANDUM OF POINTS
AND AUTHORITIES IN OPPOSITION TO COUNTERDEFENDANTS' MOTION TO
EXCLUDE EXPERT TESTIMONY OR, IN THE ALTERNATIVE, MOTION TO COMPEL
LN1 1128246v1 10/12/10

1   from the Counterclaim Defendants' discovery misconduct.  Thus, the first factor –

2   Accelerated's explanation for the allegedly untimely disclosure of its experts –

3   clearly weighs against granting this Motion.

4        The second and fourth factors -- prejudice to Accelerated and the importance

5   of the testimony, respectively – also weigh in favor denying the Motion.  As an

6   initial matter, Accelerated has yet to determine whether it will even be obtaining a

7   damages expert, as it has just received Counterclaim Defendants' financial limited

8   information and may be able to utilize such evidence in support of its counterclaims

9   without the need for an expert.  However, Accelerated submits that opinion

10  testimony will be very important with respect to its substantive claims against the

11  Counterclaim Defendants – not to mention the importance to the public interest in

12  general – based on the Counterclaim Defendants' false and misleading commercial

13  claims that they have a "cure" for drug and alcohol addiction.

14       Accelerated would be highly prejudiced if it is precluded from offering such

15  expert testimony, when its inability to provide a timely report was the sole result of

16  the Counterclaim Defendants' efforts to avoid liability by continuously shirking

17  their discovery obligations.  Indeed, by granting the sanctions requested by the

18  Counterclaim Defendants, it would reward the very conduct that Rules 26 and 37

19  seek to prevent.  *See Connecticut General Life Ins. Co. v. New Images of Beverly*

20  *Hills*, 482 F.3d 1091, 1097 (9th Cir. 2007) ("In deciding whether to impose case-

21  dispositive sanctions, the most critical factor is not merely delay or docket

22  management concerns, but truth.  'What is most critical for case-dispositive

23  sanctions, regarding risk of prejudice and of less drastic sanctions, is ***whether the***

24  ***discovery violations 'threaten to interfere with the rightful decision of the***

25  ***case***.'""); *Continental Laboratory Products, Inc. v. Medax International, Inc.*, 195

26  F.R.D. 675, 676 (S.D. Cal. 2000) ("The purpose of these rules is to encourage

27  timely disclosure of expert witnesses ***and to curb dilatory litigation tactics***.").

28

1    By ignoring their discovery obligations in this case – in complete disregard
2    of the Court's Orders – the Grasshopper/Prentiss have prevented Accelerated from
3    obtaining and producing expert reports prior to the September 17, 2010 deadline.
4    The filing of the instant Motion to Exclude a mere two weeks after the cut-off date
5    plainly evidences that Counterclaim Defendants' discovery avoidance tactics were
6    *designed* to prejudice Accelerated, and to hinder it from fully presenting its case.
7    The final factor – the potential for curing the breach by granting a
8    continuance – also supports the denial of the Motion.  The only "harm" which
9    Counterclaim Defendants claim is their inability to produce a rebuttal report prior
10   to the October 8, 2010 deadline and their alleged inability to take the depositions of
11   Accelerated's expert witnesses prior to the November 1, 2010 cut-off date.
12   However, Accelerated is not opposed to the Court granting the alternative relief
13   sought by the Counterclaim Defendants in their Motion, which is an extension of
14   the deadlines stated in the Court's Scheduling Order for the limited purpose of
15   expert discovery (in addition to extending the deadline for Accelerated's disclosure
16   of experts and expert reports).[7]  Accordingly, it is clear that alternative remedies
17   exist and that Counterclaim Defendants' request for the preclusion of Accelerated's
18   expert reports is unnecessary, and completely inappropriate given the
19   circumstances of this case.
20   For these reasons, Accelerated's inability to completely disclose experts and
21   serve expert reports prior to the September 17, 2010 cut-off date was clearly
22   substantially justified.  As a result, Grasshopper's and Prentiss' Motion should be
23   denied.
24
25   ---
     [7] Accelerated is amenable to the Counterclaim Defendants' request that the Court grant an extension of time with
26   respect to the deadlines stated in the Court's Scheduling Order regarding the disclosure of expert reports, rebuttal
     reports, and expert discovery (including depositions), provided that:  (1) Counterclaim Defendants' efforts to
27   forestall fact discovery cease: (2) any extensions of the expert deadlines do not affect the trial date, and (3) the
     Plaintiffs and Counterclaim Defendants are not permitted to submit any expert disclosures or reports of their own
28   (other than rebuttal experts), since they have already failed to make any expert disclosures prior to the September 17,
     2010 deadline.

DEFENDANT AND COUNTERCLAIM PLAINTIFF'S MEMORANDUM OF POINTS
AND AUTHORITIES IN OPPOSITION TO COUNTERDEFENDANTS' MOTION TO
EXCLUDE EXPERT TESTIMONY OR, IN THE ALTERNATIVE, MOTION TO COMPEL
LN1 1128246v1 10/12/10

## 2.   Accelerated's Inability to Disclose its Experts and Expert Reports Prior to September 17, 2010 is also Harmless.

It is also clear that Accelerated's inability to provide expert reports prior to the September 17, 2010 cut-off date is harmless.  In making the determination of whether the failure to timely disclose an expert report is harmless, the court may consider "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence."  *Manneh v. Inverness Medical Innovations, Inc.*, No. 08cv653, 2010 WL 3212129, *2 (S.D. Cal. Aug. 12, 2010).

The first and second factors – the prejudice against the Counterclaim Defendants and their ability to cure that prejudice – weighs in favor of denying the Motion.  The only "prejudice" that Counterclaim Defendants allege relates to their ability to submit rebuttal expert reports and conduct expert discovery before those deadlines pass.  However, the Counterclaim Defendants concede that a continuance of those deadlines will prevent them from suffering any such prejudice.  Moreover, the Counterclaim Defendants would be able to cure any further alleged prejudice by producing the required discovery and deponents in a timely fashion, so that Accelerated can submit its expert disclosures and reports as soon as possible.

Further, Accelerated is agreeable to Counterclaim Defendants' requests for an extension of time – and joins in it – so long as any such extensions do not affect the trial date (and subject to the remaining provisos stated in footnote 7, above).  As such, the third factor also weighs in favor of denying the Counterclaim Defendants' Motion.

The fourth and final factor – Accelerated's alleged bad faith or willfulness in not timely disclosing the evidence – also supports a finding of harmlessness. Accelerated's inability to disclose its experts and expert reports prior to the

September 17, 2010 deadline was the sole result of Grasshopper and Prentiss shirking their discovery obligations over the past six (6) months.  Accelerated filed a timely motion to compel this evidence, which Motion was granted by the Court, yet Grasshopper and Prentiss defied this Court's Order, continued to play games and refused to supply the required discovery.  Accelerated has been diligent in seeking to conclude discovery, while Grasshopper and Prentiss have not.

Moreover, Counterclaim Defendants' contention that Accelerated has also acted improperly by failing to produce documentation and/or answers to their interrogatories, is both irrelevant and factually incorrect.  *See* Accelerated's Counterstatement of Alleged Noncompliance with Rule 26 Obligations (Doc. No. 100), and supporting Declaration of James E. Doroshow.  As an initial matter, any alleged failure by Accelerated to produce answers and/or documentation in response to the Counterclaim Defendants' discovery requests has no bearing whatsoever on the instant Motion to Exclude Accelerated's experts.

More importantly, the Counterclaim Defendants' representations regarding Accelerated's alleged discovery violations are also completely inaccurate.  As this Court knows from the Motion to Dismiss that Plaintiffs have recently filed, after eleven months of litigation and on the eve of the November 1, 2010 discovery cut-off, Plaintiffs are now asking this Court to allow them to dismiss all claims in their First Amended Complaint.  As such, it is not entirely clear what discovery Plaintiffs remain interested in obtaining at this late date.  In fact, they have repeatedly represented to defense counsel that they no longer need or expect any discovery from Accelerated related to the First Amended Complaint, at least until the Court rules of Plaintiffs' Motion to Dismiss.  *Id.*

After Plaintiffs served their discovery requests, they sat by for months making no efforts whatsoever to follow up with or seek to compel Accelerated to supply responses to its discovery requests.  In fact, it was not until October 5, 2010,

1   less than one month before the November 1, 2010 discovery cutoff that Plaintiffs

2   filed their discovery motions, asking the Court for the first time to order

3   supplemental responses to 13 interrogatories and documents responsive to 133

4   requests on October 26, 2010, *five days before the November 1, 2010 discovery cut-*

5   *off.*  In so doing, Plaintiffs are clearly acting in direct violation of this Court's

6   February 22, 2010 Scheduling Order, which provides, in relevant part, that "[a]ny

7   motion challenging the adequacy of responses to discovery must be filed, served

8   and calendared sufficiently in advance of the discovery cut-off date to permit the

9   response to be obtained before that date, if the motion is granted."  (Doc. No. 26, at

10  ¶ A.3.)

11      Nor has Accelerated refused to supply depositions of its representatives, as

12  alleged by Counterclaim Defendants.  Plaintiffs never noticed Accelerated's

13  depositions until September 21, 2010, six weeks before the discovery deadline.

14  (Doc. No. 100.)  When Plaintiffs did so, Accelerated and its counsel readily agreed

15  to the depositions in Atlanta, Georgia (where Accelerated resides) if Plaintiffs

16  would merely confirm dates for their own depositions (which had been noticed to

17  be taken for the preceding week).  *Id.*  Yet, when asked to do so, and while insisting

18  that Accelerated's depositions proceed as noticed, Plaintiffs completely ignored

19  requests for dates for their depositions for a week until Accelerated threatened to

20  cancel the depositions and file a motion with the Court.  *Id.*  Making matters worse,

21  Plaintiffs are now insisting that their depositions take place the last two weeks in

22  October, well after the September 17, 2010 expert disclosure cut-off, just

23  immediately prior to the November 1st discovery deadline, and on dates when

24  Accelerated's counsel is unavailable.  *Id.*

25      In any event, as recently as October 6, 2010, Accelerated's counsel sent

26  Plaintiffs' counsel a letter, asking him to meet to discuss convenient dates for both

27  parties' depositions.  *Id.*  Rather than respond to this letter, Plaintiffs filed a motion

28

DEFENDANT AND COUNTERCLAIM PLAINTIFF'S MEMORANDUM OF POINTS
AND AUTHORITIES IN OPPOSITION TO COUNTERDEFENDANTS' MOTION TO
EXCLUDE EXPERT TESTIMONY OR, IN THE ALTERNATIVE, MOTION TO COMPEL
LN1 1128246v1 10/12/10

with the Court, contending that Accelerated has failed and refused to produce its principals for deposition.  As shown, their assertions are patently false, and demonstrate the continued games that Plaintiffs and Counterclaim Defendants are continuing to play with discovery, in an effort to avoid their liability in this case.  Any bad faith conduct in completing discovery lies with Plaintiffs and Counterclaim Defendants, and not with Accelerated.  Accordingly, this final factor weighs in favor of finding that Accelerated's inability to submit is expert disclosures and reports prior to the September 17, 2010 deadline is harmless.  Therefore, for this reason as well the Motion to Exclude should be denied.

**B.**      **An Appropriate Remedy Would Be to Grant a Limited Extension of Time for Accelerate to Submit its Expert Reports, for Counterclaim Defendants to Submit any Rebuttal Reports, and to Conclude any Related Expert Discovery.**

Courts have declined to enter the harsh sanction of striking an untimely expert report, preferring instead to extend deadlines for the submission of the parties' disclosures and reports.  *See e.g.*, *Leeds v. United States*, No. 08cv100, 2010 WL 2196099, *2 (S.D. Cal. June 1, 2010); *Lopez v. Chertoff*, No. CV 07-1566, 2009 WL 2423471, *2 (E.D. Cal. Aug. 5, 2009); *Pacific Information Resources, Inc. v. Musselman*, No. C06-2306, 2008 WL 2338512, at *1-2 (N.D. Cal. June 4, 2008).

In their Motion, the Counterclaim Defendants have requested, as an alternative form of relief, *i.*e., that the Court should enter an Order directing Accelerated to provide its expert witness reports and to make its experts available for deposition after the discovery cut-off in this matter.  Accelerated submits that because its inability to provide expert reports and disclosures prior to the September 17, 2010 deadline was based solely on the Counterclaim Defendants' inexcusable refusal to serve timely and complete responses to Accelerated's

1  discovery requests, no Order compelling Accelerated to submit expert reports is

2  needed or justified.

3      However, Accelerated *is* amenable to the Counterclaim Defendants' request

4  that the Court grant an extension of time with respect to the deadlines stated in the

5  Court's Scheduling Order regarding the disclosure of expert reports, rebuttal

6  reports, and expert discovery (including depositions), provided that: (1)

7  Counterclaim Defendants' efforts to forestall fact discovery cease: (2) any

8  extensions of the expert deadlines do not affect the trial date, and (3) the Plaintiffs

9  and Counterclaim Defendants are not permitted to submit any expert disclosures or

10  reports of their own (other than rebuttal experts), since they have already failed to

11  make any expert disclosures prior to the September 17, 2010 deadline.  Assuming

12  the Counterclaim Defendants do not present any further obstacles with regard to

13  discovery, Accelerated will fully comply with the Court's Scheduling Order and

14  will promptly disclose any necessary experts and reports, without the need for a

15  separate Court Order compelling it to do so.   Accelerated will also make its expert

16  witnesses available for deposition at the appropriate time, if requested.

17      Accelerated further submits that given the Counterclaim Defendants'

18  apparent assertion that they would have conducted depositions of Accelerated's

19  experts had they been disclosed before *or* after the September 17, 2010 deadline, it

20  would represent a complete windfall to the Counterclaim Defendants if they were

21  to be awarded any costs or expenses associated with conducting depositions of

22  Accelerated's experts.  Accordingly, Accelerated requests that the Court deny the

23  Counterclaim Defendants' request for any expenses associated with conducting

24  depositions of Accelerated's expert witnesses.

25  / / /

26  / / /

27  / / /

28

C.   **Counterclaim Defendants' Request for Monetary Sanctions
Against Accelerated Should Also be Denied; And Grasshopper/Prentiss and
their Counsel Should Be Sanctioned For Filing this Motion.**

There is no basis for any award of monetary sanctions against
ACCELERATED or its counsel for their inability to submit Accelerated's expert
disclosures prior to the September 17, 2010 cut-off date.  Rule 37(a)(5)(A)
authorizes the Court to "require the party or deponent ***whose conduct necessitated
the motion, the party or attorney advising that conduct, or both*** to pay the
movant's reasonable expenses incurred in making the motion, including attorneys'
fees."  (Emphasis added.)  However, the Rule goes on to state that the Court ***must
not*** order this payment if "the opposing party's nondisclosure, response or
objection was substantially justified" or "other circumstances make an award of
expenses unjust."  Fed. R. of Civ. P. 37(a)(5)(A) (ii) and (iii).

As discussed above, Accelerated's inability to fully disclose its experts and
expert reports prior to September 17, 2010 was the sole result of the Plaintiffs' and
Counterclaim Defendants' efforts to forestall the entire discovery process, and late
filing of a Motion to Dismiss.  Therefore, Accelerated's conduct was substantially
justified.  Further, the circumstances surrounding Accelerated's failure to submit
expert disclosures and reports prior to September 17th were clearly beyond its
control.

Accordingly, an award of expenses or monetary sanctions against
Accelerated would be unjust, and the Counterclaim Defendants' request for
sanctions should therefore be denied.  In fact, this Court should order
Grasshopper/Prentiss and their counsel to pay Accelerated's costs (including
attorney's fees) in opposing this Motion.  Doroshow Decl. ¶ 74.

IV.   **CONCLUSION.**

For each of the foregoing reasons, Defendant and Counterclaimant

23

Accelerated Recovery Centers, LLC, respectfully requests that the Court enter an Order:

(1)     Denying Plaintiffs' and Counterclaim Defendants' Motion to Exclude Accelerated's expert reports, including their request for the exclusion of Accelerated's expert reports, expert testimony, and monetary sanctions;

(2)     Extending the deadline for Accelerated (only) to submit its expert disclosures and reports;

(3)     Extending the deadline for Plaintiffs and Counterclaim Defendants to submit their rebuttal expert disclosures and reports, if any, to twenty-one (21) days after Accelerated has submitted its expert disclosures and reports; and

(4)     Extending the deadline for expert discovery for forty-five (45) days after Accelerated has submitted its expert disclosures and reports;

(5)     Award Accelerated monetary sanctions in the amount of $5,750 to compensate it for the expense of having to oppose this Motion.

DATED:      October 12, 2010             FOX ROTHSCHILD, LLP

                                         By: /s/ James E. Doroshow    .
                                         James E. Doroshow
                                         *Attorneys for Accelerated Recovery Centers, LLC*

DEFENDANT AND COUNTERCLAIM PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COUNTERDEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY OR, IN THE ALTERNATIVE, MOTION TO COMPEL

LN1 1128246v1 10/12/10