James E. Doroshow (State Bar No. 112920)
jdoroshow@foxrothschild.com
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Tel 310.598.4150 / Fax 310.556.9828

Attorneys for Defendant/Counterclaimant
ACCELERATED Recovery Centers, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRASSHOPPER HOUSE, LLC, a California limited liability company doing business as Passages Malibu, PASSAGES SILVER STRAND, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>ACCELERATED RECOVERY CENTERS, LLC, a Georgia limited liability company,<br><br>Defendant.<br><br>—————————————————<br><br>AND RELATED COUNTERCLAIMS | Case No. CV 09-08128 DMG (PLAx)<br><br>**DISCOVERY MATTER**<br><br>**ACCELERATED RECOVERY CENTERS, LLC'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO SILVER STRAND'S MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES; AND IN SUPPORT OF ACCELERATED'S REQUEST FOR MONETARY SANCTIONS**<br><br>**Date:          October 26, 2010**<br>**Time:         10:00 a.m.**<br>**Courtrm: G, 9th Floor**<br><br>Discovery Cut Off:  Nov. 1, 2010<br>Pretrial Conference: Jan. 25, 2011<br>Trial Date: February 22, 2011<br><br>Judge:          Hon. Paul L. Abrams |

1

1
2
3
4
5
6
7
8
9
10

This action has now entered the world of the surreal. On October 12, 2010, defendant Accelerated Recovery Centers, LLC ("Accelerated") served its Supplemental Responses To Plaintiff Silver Strand's Interrogatories, exactly within the time frame and in the manner Accelerated's counsel told Silver Strand's counsel it would supplement before Silver Strand filed its unnecessary Motion to Compel. A true and correct copy of Accelerated's Supplemental Interrogatory Responses served on October 12, 2010 are attached as Exhibit 1 to the Supplemental Declaration of James E. Doroshow ("Suppl. Doroshow Decl").  Why then did Silver Strand and its counsel bother filing a Motion to Compel wasting the Court's and counsel's time before first reviewing these Supplemental Interrogatories?

11
12
13
14
15
16
17
18
19
20
21

The answer is clear. Because Silver Strand expressed no interest in receiving supplemental responses until the eve of the November 1, 2010 discovery cutoff, Silver Strand backed itself into a self-created corner where it felt it could not wait for the Supplemental Responses to be served because it no longer had time to file a motion with this Court in case they turned out to be inadequate. In fact, the responses (as Accelerated's counsel represented they would be) are detailed and comprehensive.  *Id*., Ex. 1  Indeed, as Accelerated's counsel had told Silver Strand's counsel when they met to discuss these Interrogatories, they include Accelerated's "best" responses without yet having had the opportunity to depose Chris and Pax Prentiss (who to date have refused to appear for their depositions as noticed).  *Id*., ¶ 2.

22
23
24
25
26

What however makes this matter surreal is not only the fact that Plaintiffs now appear before this Court on a Motion that, if they had bothered to consider filing it earlier in this case, would not have even been necessary, but the position that Plaintiffs and Prentiss are now taking in opposing Accelerated's Motion to

27
28

Supplemental Memo in Opposition to Silver Strand's Motion to Compel
LA1 57857v1 10/11/10

CASE NO:CV 09-08128 DMG (PLAx)

Compel Responses from Chris and Pax Prentiss to Accelerated's Interrogatories.[1] Although Accelerated's counsel met with Prentiss' counsel and did what the rules require him to do (*i.e.*, wait for Prentiss to supplement to see if motion practice could be avoided), for their part, Plaintiffs and Prentiss raced to the Court with a Motion without even giving Accelerated a chance to supplement as they were told Accelerated would. *Id*., ¶ 2. This is not however the end of this bizarre story.

Unlike Accelerated who has now served comprehensive supplemental responses as it represented it would, despite Prentiss' representation in counsel's meet and confer that his clients' supplemental responses would be "thorough," the Supplemental Responses that Prentiss has now served are still largely incomplete (with Prentiss still refusing to respond to several interrogatories). If this were not enough, in Prentiss' Supplemental Responses *they have now asserted objections for the first time that were not even included in their initial Responses*, and which of course have therefore been clearly waived. *Id*., ¶ 3. As unbelievable as this may, however, this too is not the end of this amazing tale.

Having refused to wait for Accelerated to supplement its Interrogatory Responses before filing a Motion, and having served Supplemental Responses of their own which are grossly inadequate and incomplete after representing to Accelerated's counsel they would provide "thorough" supplemental responses, Prentiss and their counsel now appear before this Court complaining that Accelerated's counsel should have conducted *a second meet and confer* (rather than file a Motion) after receiving Prentiss' Supplemental Responses! In other words, if this Court were to adopt Plaintiffs' and Prentiss' "logic," they were free to file a Motion to Compel without waiting for Accelerated to supplement as they were told Accelerated would; but, for their part, Accelerated supposedly acted prematurely in

---

[1] Accelerated's Motion to Compel is scheduled to be heard the same day as this Motion, *i.e.*, October 26, 2010.

Supplemental Memo in Opposition to Silver Strand's Motion to Compel

CASE NO:CV 09-08128 DMG (PLAx)

LA1 57857v1 10/11/10

1  filing its Motion to Compel (even though Accelerated's counsel had (a) already met

2  with opposing counsel, (b) been told he would receive "thorough" supplemental

3  responses, (c) given Prentiss the opportunity to supplement within a reasonable

4  period of time, and (d) then received completely inadequate and incomplete

5  Supplemental Responses in which Prentiss now raises new objections that were not

6  even raised in Prentiss' initial responses)!

7      Plaintiffs' and Prentiss' counsel have not only wasted Accelerated's and this

8  Court's time and resources filing a Motion that never should have been brought.

9  They have also acted in bad faith. This Court should not only deny Silver Strand's

10  Motion to Compel further Interrogatory Responses from Accelerated, it should

11  sanction Plaintiffs'/Prentiss' counsel for filing the Motion in an amount sufficient to

12  compensate Accelerated for the unnecessary expense of having to oppose it. *See*

13  Suppl. Doroshow Decl. at ¶ 4.

14

15

16  DATED:      October __, 2010          FOX ROTHSCHILD, LLP

17

18                                        By_____

19                                          James E. Doroshow
                                            *Attorneys for Accelerated Recovery*
20                                          *Centers, LLC*

21

22

23

24

25

26

27

28

4