James E. Doroshow (State Bar No. 112920)
  jdoroshow@foxrothschild.com
Alan Chen (SBN 224420)
  achen@foxrothschild.com
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-3005
Tel 310.598.4150 / Fax 310.556.9828

Attorneys for Defendant/Counterclaimant
Accelerated Recovery Centers, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRASSHOPPER HOUSE, LLC, a California limited liability company doing business as Passages Malibu, PASSAGES SILVER STRAND, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>ACCELERATED RECOVERY CENTERS, LLC, a Georgia limited liability company,<br><br>Defendant.<br><br>And Related Counterclaims. | Case No. 2:09-CV-08128-DMG (PLA)<br><br>**DISCOVERY MATTER**<br><br>**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ACCELERATED'S MOTION TO COMPEL ADDITIONAL INTERROGATORY RESPONSES FROM CHRIS AND PAX PRENTISS AND FOR SANCTIONS; SUPPLEMENTAL DECLARATION OF JAMES E. DOROSHOW**<br><br>Hearing Date:  October 26, 2010<br>Time:          10:00 a.m.<br>Courtroom:     Courtroom 7<br><br>Discovery Cut-Off: Nov. 1, 2010<br>Pretrial Conf.:    Jan. 25, 2011<br>Trial Date:        Feb. 22, 2011<br><br>Honorable Paul L. Abrams |

LA1 58047v1 10/12/10

Counterdefendants Chris and Pax Prentiss ("Prentiss") know no limits how far they will go in defying the law and the rules and orders of this Court. As the undisputed record in this case makes clear, *four days* after this Court entered its Discovery Order directing Grasshopper to finally comply with its long overdue discovery obligations and sanctioning Grasshopper for failing to do so, Prentiss (through the same counsel) served discovery responses through the same counsel *refusing to answer a single interrogatory or produce a single document*. *See* Doroshow Decl., ¶ 15. At the same time, Chris Prentiss' counsel represented to counsel in an August 30, 2010 letter he would supplement his client's responses "within a week." *Id*. ¶ 17, Ex. E.

Notwithstanding this representation, it then took Prentiss and its counsel *nearly a month* (*i.e.*, until September 27, 2010) to finally serve their first Supplemental Responses to Accelerated's Interrogatories. *Id*., ¶ 21. And, when the Supplemental Interrogatory Responses were finally served *weeks after they were due*, notwithstanding Prentiss' counsel's representation that his clients' supplemental responses would be "thorough," *Prentiss continued to assert objections that had previously been overruled by this Court, and refused to provide any responses to 5 out of 10 Interrogatories*. *Id*., ¶ 21, Exs. H and J.

What then is Prentiss' latest excuse for failing to comply with his discovery obligations? As best as can be determined from their Opposition, Prentiss is making three arguments:

*First*, while still continuing to refuse to answer half of Accelerated's Interrogatories, and having forced Accelerated to file a Motion to Compel to receive them, Prentiss served their Second Supplemental Responses on October 5, 2010, *a week after Accelerated filed its Motion*. *See* Supplemental Doroshow Declaration ("Suppl. Doroshow Decl.") at ¶ 2. Remarkably, while Plaintiffs and their counsel filed their own Motion to Compel without even giving Accelerated a chance to supplement its Interrogatories even though they were told Accelerated

2

CASE NO. CV09-08128 DMG (PLA)     Supplemental Memorandum In Support of Accelerated's Motion to Compel

would do so, Prentiss and its counsel would now like this Court to believe that Accelerated somehow acted improperly and prematurely in filing a Motion to Compel because it didn't give Prentiss *a third opportunity* to supplement after Prentiss served two sets of responses, *i.e.,* its original Responses and its First Set of Supplemental Responses.  In other words, Prentiss would like this Court to adopt a rule that multiple meet and confers are required (including meeting again after forcing a party to file a Motion to Compel after serving completely inadequate responses) as a precondition to filing a Motion to Compel.  The logical extension of this, of course, would be, that a party could simply continue to make cosmetic changes to its supplemental Responses indefinitely; and thereby force a party to wait forever before filing a Motion to Compel because of the chance that the responding party might supplement further after a motion has already been filed! This is not the law and Prentiss and their counsel know it (as is clear from the failure to cite any authority in support of this makeshift "argument").  This again is just more gamesmanship and delay on the part of Prentiss and their counsel designed to divert the Court's attention from their continuing discovery abuse in this case.

*Second*, having never asserted these "objections" in their original or First Supplemental Responses, Prentiss and their counsel have now taken the opportunity to assert a host of *new* "objections" in their Second Supplemental Responses.  *See* Second Suppl. Response Nos. 4, 6, 7, 10 (citing the California Health and Safety Code, and various sections of United States Code and Code of Federal Regulations, *for the first time* months after Prentiss' discovery responses were due, and after two sets of responses had already been served).  As this Court ruled in its August 27, 2010 Discovery Order Re: Defendants' Motion to Compel Discovery and Motion for Protective Order, at pp. 3-4, the failure to serve timely objections to interrogatories results in the *waiver* of such objections.  Here, Prentiss obviously cannot rely upon objections that were not timely asserted as a basis for

refusing to respond to Accelerated's discovery.

*Third*, even the Second Supplemental Responses Prentiss has not belatedly served remain clearly incomplete and deficient. Thus, Prentiss fails to specifically identify documents he has authored, or communications he has had (including on television, over the internet, etc.) involving the treatment or "curing" of alcoholism and other addictive disease (merely stating that he has authored "brochure materials" without identifying what specific documents he is referring to as specifically requested); and (Interrogatory No. 2) (failing to identify specific dates, times, locations, content or manner of communication as clearly requested) (Interrogatory No. 3). *See also* Second Suppl. Response Nos. 4, 8. Making matters worse, Prentiss has still *failed and refused to respond to nearly half of Accelerated's Interrogatories, including by now relying for the first time on objections that were not even raised in his original or first supplemental Responses.* *See* Second Suppl. Response Nos. 5, 6, 7, 10. There is a protective order in place in this case, and it can and should be used instead of boilerplate "privacy" objections that were not timely made; and which lack merit in any event.

For these reasons, and the additional reasons discussed in the Joint Stipulation, Prentiss should be ordered to serve complete Supplemental Responses, without objection, and without further delay. Moreover, Prentiss and their counsel should be sanctioned to compensate Accelerated for the cost of having to prepare and present this Motion. *See* Suppl. Doroshow Decl. at para. 3.

DATED:  October 12, 2010         Respectfully submitted,

FOX ROTHSCHILD LLP


By: /s/ James E. Doroshow
    James E. Doroshow
    Attorneys for Defendant/Counterclaimant
    Accelerated Recovery Centers, LLC