WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
CHARLES J. HARDER (BAR NO. 184593)
  charder@wrslawyers.com
NICHOLAS A. MERKIN (BAR NO. 219604)
  nmerkin@wrslawyers.com
11400 West Olympic Boulevard, Ninth Floor
Los Angeles, California 90064-1582
Telephone: (310) 478-4100/Facsimile: (310) 479-1422

Attorneys for Counterdefendants
GRASSHOPPER HOUSE, LLC;
PASSAGES SILVER STRAND, LLC;
and PAX PRENTISS

LAW OFFICES OF THOMAS A. NITTI
THOMAS A. NITTI (BAR NO. 77590)
  tnitti@prodigy.net
1250 Sixth Street, Suite 205
Santa Monica, California 90401
Telephone: (310) 393-1524/Facsimile: (310) 576-3581

Attorneys for Counterdefendant
CHRIS PRENTISS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRASSHOPPER HOUSE, LLC, a California limited liability company doing business as "Passages Malibu," PASSAGES SILVER STRAND, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>ACCELERATED RECOVERY CENTERS, LLC, a Georgia limited liability company,<br><br>Defendant.<br><br>AND RELATED COUNTER-CLAIM | Case No.: 2:09 CV-08128-DMG (PLAx)<br><br>**ANSWER OF COUNTERDEFENDANTS GRASSHOPPER HOUSE, LLC, PASSAGES SILVER STRAND, LLC, CHRIS PRENTISS AND PAX PRENTISS TO THE FIRST AMENDED COUNTERCLAIMS OF COUNTERCLAIMANT ACCELERATED RECOVERY CENTERS, LLC** |

/ / /

/ / /

-1-
**ANSWER TO FIRST AMENDED COUNTERCLAIMS**
I:\17875\003\Pleadings\Answer 001.wpd

Counterdefendants GRASSHOPPER HOUSE, LLC ("Grasshopper"); PASSAGES SILVER STRAND, LLC ("Passages"); CHRIS PRENTISS and PAX PRENTISS (collectively, "Counterdefendants") and hereby respond to the First Amended Counterclaims (the "Counterclaims") of ACCELERATED RECOVERY CENTERS, LLC ("Counterclaimant") by denying each and every allegation not specifically admitted herein and by further responding as follows:

1. Counterdefendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 1.

2. Counterdefendants deny the allegations of paragraph 2.

3. Counterdefendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 3.

4. Counterdefendants admit the allegations of paragraph 4.

5. Counterdefendants admit the allegations of paragraph 5.

6. This paragraph is no longer operative pursuant to the Court's Order of July 12, 2010 in connection with the Motion to Dismiss the First Amended Counterclaims.

7. This paragraph is no longer operative pursuant to the Court's Order of July 12, 2010 in connection with the Motion to Dismiss the First Amended Counterclaims.

8. This paragraph is no longer operative pursuant to the Court's Order of July 12, 2010 in connection with the Motion to Dismiss the First Amended Counterclaims.

9. Counterdefendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 9.

10. Counterdefendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 10, except as to the allegation that counterdefendants engaged in "unlawful activities," which Counterdefendants deny.

11. Counterdefendants respond that the allegations in the Complaint speak for themselves. Moreover, Counterdefendants are in the process of dismissing the claims in their First Amended Complaint which, once granted, will render the allegations of paragraph 11 moot.

12. Counterdefendants respond that the alleged trademark filing speaks for itself.

13. Counterdefendants respond that the alleged USPTO office action speaks for itself.

14. Counterdefendants respond that the alleged trademark filing speaks for itself.

15. Counterdefendants respond that the alleged trademark filing speaks for itself.

16. Counterdefendants respond that the alleged trademark filing speaks for itself.

17. Counterdefendants respond that the alleged USPTO office action speaks for itself.

18. Counterdefendants respond that the alleged trademark filing speaks for itself.

19. Counterdefendants respond that the alleged trademark filing speaks for itself.

20. Counterdefendants respond that the alleged trademark filing speaks for itself.

21. Counterdefendants respond that the alleged trademark filings and USPTO actions speak for themselves, and the allegations in paragraph 21 call for a legal conclusion.

22. Counterdefendants respond that the alleged filings and office actions speak for themselves. Counterdefendants deny that they failed to comply with any applicable laws or procedures.

23. Counterdefendant Grasshopper admits that it has employed keyword advertising. Except as otherwise admitted to herein, Counterdefendants deny the allegations of paragraph 23.

24. Counterdefendant Grasshopper admits that it has employed keyword advertising using its own trademarks, trade names and/or identifiers, such as PASSAGES and PASSAGES MALIBU. Except as otherwise admitted to herein, Counterdefendants generally deny the allegations of paragraph 24.

25. Counterdefendants deny the allegations of paragraph 25.

26. Counterdefendants deny the allegations of paragraph 26.

27. Counterdefendants deny the allegations of paragraph 27.

28. Counterdefendants deny the allegations of paragraph 28. Moreover, the allegations regarding therapists and other counterdefenants who were dismissed from the action are no longer operative pursuant to the Court's Order of July 12, 2010 in connection with the Motion to Dismiss the First Amended Counterclaims.

29. Counterdefendants deny the allegations of paragraph 29. Moreover, the allegations regarding therapists and other counterdefenants who were dismissed from the action are no longer operative pursuant to the Court's Order of July 12, 2010 in connection with the Motion to Dismiss the First Amended Counterclaims.

30. Counterdefendants deny the allegations of paragraph 30. Moreover, the allegations regarding therapists and other counterdefenants who were dismissed from the action are no longer operative pursuant to the Court's Order of July 12, 2010 in connection with the Motion to Dismiss the First Amended Counterclaims.

31. Counterdefendants lack sufficient knowledge or information to form a belief as to the "producer" of the alleged infomercial.

32. Counterdefendants respond that the alleged "infomercial" speaks for itself.

33. Counterdefendants respond that the alleged "infomercial" speaks for itself.

34. Counterdefendants respond that the alleged "infomercial" speaks for itself.

35. Counterdefendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 35.

36. Counterdefendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 36.

37. Counterdefendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 37.

38. Counterdefendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 38.

39. Counterdefendants respond that the alleged webpage speaks for itself.

40. Paragraph 40 is no longer operative pursuant to the Court's Order of July 12, 2010 in connection with the Motion to Dismiss the First Amended Counterclaims.

41. Paragraph 41 is no longer operative pursuant to the Court's Order of July 12, 2010 in connection with the Motion to Dismiss the First Amended Counterclaims.

42. Counterdefendants deny the allegations of paragraph 42.

43. Counterdefendants deny the allegations of paragraph 43.

44. Counterdefendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 44.

45. Counterdefendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 45.

46. Counterdefendants admit the allegations of paragraph 46.

47. Counterdefendants admit the allegations of paragraph 47.

48. Counterdefendants deny the allegations of paragraph 48.

49. Counterdefendants deny the allegations of paragraph 49.

50. Counterdefendants deny the allegations of paragraph 50.

51. Counterdefendants deny the allegations of paragraph 51.

52. Counterdefendants admit the allegations of paragraph 52.

53. Counterdefendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 53.

54. Counterdefendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 54.

55. There are no allegations in paragraph 55 in which to respond.

56. Counterdefendants admit the allegations of paragraph 56, however, Plaintiffs are in the process of dismissing the claims in their First Amended Complaint which, once granted, will render the allegations of paragraph 56 moot.

57. Counterdefendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 57.  Moreover, Plaintiffs are in the process of dismissing the claims in their First Amended Complaint which, once granted, will render the allegations of paragraph 57 moot.

58. Counterdefendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 58.  Moreover, Plaintiffs are in the process of dismissing the claims in their First Amended Complaint which, once granted, will render the allegations of paragraph 58 moot.

59. There are no allegations in paragraph 59 in which to respond.

60. Counterdefendants deny the allegations of paragraph 60.

61. Counterdefendants deny the allegations of paragraph 61.

62. Counterdefendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 62.

63. There are no allegations in paragraph 63 in which to respond.

1  64.  Counterdefendants deny the allegations of paragraph 64.
2  65.  Counterdefendants deny the allegations of paragraph 65.
3  66.  Counterdefendants deny the allegations of paragraph 66.
4  67.  Counterdefendants deny the allegations of paragraph 67.
5  68.  Counterdefendants deny the allegations of paragraph 68.
6  69.  Counterdefendants deny the allegations of paragraph 69.
7  70.  This paragraph is no longer operative pursuant to the Court's Order of July 12, 2010 in connection with the Motion to Dismiss the First Amended Counterclaims.
10 71.  This paragraph is no longer operative pursuant to the Court's Order of July 12, 2010 in connection with the Motion to Dismiss the First Amended Counterclaims.
13 72.  This paragraph is no longer operative pursuant to the Court's Order of July 12, 2010 in connection with the Motion to Dismiss the First Amended Counterclaims.
16 73.  This paragraph is no longer operative pursuant to the Court's Order of July 12, 2010 in connection with the Motion to Dismiss the First Amended Counterclaims.
19 74.  This paragraph is no longer operative pursuant to the Court's Order of July 12, 2010 in connection with the Motion to Dismiss the First Amended Counterclaims.
22 75.  This paragraph is no longer operative pursuant to the Court's Order of July 12, 2010 in connection with the Motion to Dismiss the First Amended Counterclaims.
25 76.  This paragraph is no longer operative pursuant to the Court's Order of July 12, 2010 in connection with the Motion to Dismiss the First Amended Counterclaims.

## AFFIRMATIVE DEFENSES

1. The Counterclaims, and each of them, fail to state a claim upon which relief may be granted.

2. The Counterclaims, and each of them, should be dismissed for lack of subject matter jurisdiction.

3. Counterclaimant's damages, if any, were not proximately caused by Counterdefendants.

4. The Counterclaims, and each of them, are barred by the doctrine of unclean hands and *en pari delicto*.

5. The Counterclaims, and each of them, are frivolous and advanced in bad faith for a stated improper purpose.

6. Counterclaimant failed to mitigate its damages, if any.

7. The Counterclaims, and each of them, are subject to the economic loss rule.

8. Counterclaimant's damages, if any, were caused by a third party or by the Counterclaimant itself.

9. The Counterclaims, and each of them, are barred by the applicable statute of limitations.

10. The Counterclaims, and each of them, barred by the doctrine of laches.

11. The Counterclaims, and each of them, are barred by the doctrine of waiver.

12. The Counterclaims, and each of them, are barred by the doctrine of estoppel.

13. Counterdefendants did not undertake any actions that were deceptive; or that constitute a false statement or misrepresentation of fact; or that create a likelihood of confusion as to course, sponsorship or affiliation with respect to

Counterclaimant's and Counterdefendants' respective businesses, services and products.

14. To the extent that Counterdefendants have used any marks that Counterdefendants do not own or have a right to use in the manner in which they were used, as alleged in the Counterclaims, any such use constitutes a fair use of such marks.

15. To the extent that Counterdefendants have used any marks that Counterdefendants do not own or have a right to use in the manner in which they were used, as alleged in the Counterclaims, any such use does not constitute use in commerce of such marks.

16. The marks to which Counterclaimant claims to own are generic, are not distinctive, and have acquired no secondary meaning.

17. Counterclaimant has not alleged facts, and Counterdefendants have not engaged in conduct, that entitles Counterclaimant to an award of attorneys' fees.

18. Counterdefendants have not willfully infringed on any of the alleged marks complained of in the Counterclaims.

19. Counterclaimant's claims for injunctive relief are barred because, even if Counterclaimant was to prevail, there is an adequate remedy at law.

20. Counterclaimant has suffered no damages and/or the damages that it claims are speculative, and therefore, not recoverable.

21. At all times, Counterdefendants have acted in a commercially reasonable and lawful manner.

/ / /
/ / /
/ / /
/ / /
/ / /

22. Counterclaimant lacks standing to bring any claims based on trademark, because it is not the owner of any of the alleged marks identified in the Counterclaims.

Dated: October 13, 2010     WOLF, RIFKIN, SHAPIRO,
                            SCHULMAN & RABKIN, LLP

                            By: /s/
                            ────────────────────────────
                            CHARLES J. HARDER
                            Attorneys for Plaintiffs and Counterdefendants
                            GRASSHOPPER HOUSE, LLC;
                            PASSAGES SILVER STRAND, LLC; and
                            PAX PRENTISS


Dated: October 13, 2010     LAW OFFICES OF THOMAS A. NITTI

                            By: /s/
                            ────────────────────────────
                            THOMAS A. NITTI
                            Attorneys for Counterdefendant
                            CHRIS PRENTISS

-10-
ANSWER TO FIRST AMENDED COUNTERCLAIMS