James E. Doroshow, 1112920
Alan Chen, SBN 224420
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA  90067-1506
jdoroshow@foxrothschild.com
achen@foxrothschild.com

Attorneys for Defendant
Accelerated Recovery Centers, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GRASSHOPPER HOUSE, LLC, a California limited liability company doing business as "Passages Malibu," PASSAGES SILVER STRAND, LLC, a California limited liability company,<br><br>      Plaintiffs,<br><br>      vs.<br><br>ACCELERATED RECOVERY CENTERS, LLC, a Georgia Limited liability company,<br><br>      Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No.: CV 09-08128 DMG (PLAx)<br><br>**DECLARATION OF JAMES E. DOROSHOW IN SUPPORT OF ACCELERATED RECOVERY CENTERS, LLC'S *EX PARTE* APPLICATION TO SCHEDULE HEARING ON MOTION TO STRIKE LATE FILED ANSWER**<br><br>Date:        TBD<br>Time:        TBD<br>Department:  7<br><br>Honorable Dolly M. Gee<br><br>Discovery Cutoff:  November 1, 2010<br>Motion Cutoff:    November 1, 2010 |

1      I James. E. Doroshow Declare as follows:

2          1.      I am a partner with the law firm of Fox Rothschild, LLP, counsel of

3   record herein for Defendant and Counterclaimant Accelerated Recovery Centers, LLC

4   ("Accelerated'). I know the following facts based upon first hand knowledge, and if

5   called to testify as a witness, I could and would testify to the truth of those facts.

6          2.      As appears of record herein, on July 12, 2010 this Court entered its Order

7   Re Plaintiffs/Counterdefendants' Motion to Dismiss Accelerated's First Amended

8   Counterclaims ("Order"). This was the third motion filed by Plaintiffs Grasshopper

9   House, LLC and Passages Silver Strand, LLC (collectively "Grasshopper" or

10  "Plaintiffs") asking this Court to dismiss the Lanham Act (false advertising) claims in

11  Accelerated's Counterclaims. In each instance, this Court denied Plaintiffs' Motions to

12  Dismiss my client's Lanham Act (false advertising) claims. At page 11, paragraph 5 of

13  the Court's July 12, 2010 Order, the Court ordered Plaintiffs and Counterdefendants

14  Chris and Pax Prentiss to respond to the First Amended Counterclaims within 15 days,

15  or on or before July 27, 2010. They never did so.

16         3.      Accordingly, on October 12, 2010, I wrote Counterdefendants' counsel

17  (Charles J. Harder and Thomas A. Nitti) a letter informing them I would be asking the

18  Clerk of this Court to enter Grasshopper's and Prentiss' default. A true and correct

19  copy of my August 12, 2010 letter is attached hereto as Exhibit A. The following day,

20  on October 13, 2010, Grasshopper and Prentiss filed their Answer for the first time in

21  this action, including asserting 22 new affirmative defenses that have never been pled

22  before the Answer was filed two and one-half months late. As far as I am aware,

23  Plaintiffs and Prentiss did not seek leave of the Court in filing their Answer two and

24  one-half months late. For the Court's convenience, a true and correct copy of

25  Plaintiffs' and Prentiss' October 13, 2010 Answer is attached hereto as Exhibit B.

26         4.      On October 14, 2010, I sent Mr. Harder and Mr. Nitti a second letter

27  informing them that, because of their late filing of the Answer on behalf of their

28  clients, and because the discovery and motion cutoff dates were November 1, 2010, I

FOX ROTHSCHILD LLP
[Office Address]

2

1  would be filing an *ex parte* Application with this Court to shorten the time for hearing

2  a Motion to strike the late filed Answer, or for other relief.  A true and correct copy of

3  my October 14, 2010 correspondence is attached hereto as Exhibit C. Mr. Nitti

4  (counsel for Chris Prentiss) has never responded to my October 14, 2010

5  correspondence. Mr. Harder (counsel for Plaintiffs and Counterdefendant Pax

6  Prentiss) only responded when I sent him a follow-up email on October 15, 2010, and

7  then responded with a one sentence email stating "We obviously disagree and

8  oppose," without giving any reason for his opposition or any explanation for the late

9  filing of his clients' Answer.  A true and correct copy of my October 15, 2010 email

10  exchange with Mr. Harder on this subject is attached hereto as Exhibit D.

11       I declare under penalty of perjury under the laws of the United States that the

12  foregoing is true and correct, and that this Declaration was executed in Los Angeles,

13  California on October 18, 2010.

14

15  Dated:  October 18, 2010               FOX ROTHSCHILD LLP

16

17                     By   */s/ James E. Doroshow*

18                      James E. Doroshow

19

20

21

22

23

24

25

26

27

28

FOX ROTHSCHILD LLP
[Office Address]

# EXHIBIT A



**Fox Rothschild** LLP
ATTORNEYS AT LAW

1800 Century Park East, Suite 300
Los Angeles, CA 90067-1506
Tel 310.598.4150  Fax 310.556.9828
www.foxrothschild.com

James E. Doroshow
Direct Dial: (310) 228-6990
Email Address: jdoroshow@foxrothschild.com

October 12, 2010

Charles J. Harder, Esq.
Wolf Rifkin Shapiro Schulman & Rabkin
11400 W Olympic Blvd 9FL
Los Angeles, CA 90064

Thomas A. Nitti
Law Ofc Thomas A Nitti
1250 6th St #205
Santa Monica, CA 90401-1637

Dear Mr. Harder and Mr. Nitti:

As I am sure you are aware, your clients failed to file an answer to our Amended Counterclaims in this action. Before asking the Clerk to enter your clients' default, I wanted to make sure to bring this to your attention in case I somehow overlooked your Answers (which I have no record of receiving and which are not listed in the Court's Docket Sheet for this matter). I am available to confer with you in advance of filing the request for entry of default should you care to meet with me. Otherwise, we will be filing our request to have your clients' default entered within the next seven days.

Very truly yours,

*[signature]*

James E. Doroshow

JED:jp

A Pennsylvania Limited Liability Partnership

California    Connecticut    Delaware    Florida    Nevada    New Jersey    New York    Pennsylvania

# EXHIBIT B

1  WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
   CHARLES J. HARDER (BAR NO. 184593)
2    charder@wrslawyers.com
   NICHOLAS A. MERKIN (BAR NO. 219604)
3    nmerkin@wrslawyers.com
   11400 West Olympic Boulevard, Ninth Floor
4  Los Angeles, California  90064-1582
   Telephone: (310) 478-4100/Facsimile:  (310) 479-1422

5
   Attorneys for Counterdefendants
6  GRASSHOPPER HOUSE, LLC;
   PASSAGES SILVER STRAND, LLC;
7  and PAX PRENTISS

8  LAW OFFICES OF THOMAS A. NITTI
   THOMAS A. NITTI (BAR NO. 77590)
9    tnitti@prodigy.net
   1250 Sixth Street, Suite 205
10 Santa Monica, California 90401
   Telephone: (310) 393-1524/Facsimile: (310) 576-3581

11
   Attorneys for Counterdefendant
12 CHRIS PRENTISS

13

14              UNITED STATES DISTRICT COURT

15             CENTRAL DISTRICT OF CALIFORNIA

16

17 GRASSHOPPER HOUSE, LLC, a          )  Case No.:  2:09 CV-08128-DMG (PLAx)
   California limited liability company )
18 doing business as "Passages Malibu," )
   PASSAGES SILVER STRAND, LLC,       )  ANSWER OF
19 a California limited liability company, )  COUNTERDEFENDANTS
                                       )  GRASSHOPPER HOUSE, LLC,
20          Plaintiffs,               )  PASSAGES SILVER STRAND,
                                       )  LLC, CHRIS PRENTISS AND
21      v.                            )  PAX PRENTISS TO THE FIRST
                                       )  AMENDED COUNTERCLAIMS
22 ACCELERATED RECOVERY             )  OF COUNTERCLAIMANT
   CENTERS, LLC, a Georgia limited    )  ACCELERATED RECOVERY
23 liability company,                 )  CENTERS, LLC
                                       )
24          Defendant.               )
                                       )
25 _____ )
   AND RELATED COUNTER-CLAIM        )
26 _____ )

27 / / /

28 / / /

                              -1-

Case 2:09-cv-08128-DMG-PLA   Document 112-2   Filed 10/18/10   Page 8 of 22   Page ID
#:4548
Case 2:09-cv-08128-DMG-PLA   Document 108   Filed 10/13/10   Page 2 of 10   Page ID
#:4521

1       Counterdefendants GRASSHOPPER HOUSE, LLC ("Grasshopper");

2   PASSAGES SILVER STRAND, LLC ("Passages"); CHRIS PRENTISS and PAX

3   PRENTISS (collectively, "Counterdefendants") and hereby respond to the First

4   Amended Counterclaims (the "Counterclaims") of ACCELERATED RECOVERY

5   CENTERS, LLC ("Counterclaimant") by denying each and every allegation not

6   specifically admitted herein and by further responding as follows:

7       1.    Counterdefendants lack sufficient knowledge or information to form a

8   belief as to the truth or falsity of the allegations of paragraph 1.

9       2.    Counterdefendants deny the allegations of paragraph 2.

10       3.    Counterdefendants lack sufficient knowledge or information to form a

11   belief as to the truth or falsity of the allegations of paragraph 3.

12       4.    Counterdefendants admit the allegations of paragraph 4.

13       5.    Counterdefendants admit the allegations of paragraph 5.

14       6.    This paragraph is no longer operative pursuant to the Court's Order of

15   July 12, 2010 in connection with the Motion to Dismiss the First Amended

16   Counterclaims.

17       7.    This paragraph is no longer operative pursuant to the Court's Order of

18   July 12, 2010 in connection with the Motion to Dismiss the First Amended

19   Counterclaims.

20       8.    This paragraph is no longer operative pursuant to the Court's Order of

21   July 12, 2010 in connection with the Motion to Dismiss the First Amended

22   Counterclaims.

23       9.    Counterdefendants lack sufficient knowledge or information to form a

24   belief as to the truth or falsity of the allegations of paragraph 9.

25       10.    Counterdefendants lack sufficient knowledge or information to form a

26   belief as to the truth or falsity of the allegations of paragraph 10, except as to the

27   allegation that counterdefendants engaged in "unlawful activities," which

28   Counterdefendants deny.

**ANSWER TO FIRST AMENDED COUNTERCLAIMS**

I:\17875\003\Pleadings\Answer 001.wpd

Case 2:09-cv-08128-DMG-PLA   Document 112-2   Filed 10/18/10   Page 9 of 22   Page ID
#:4549
Case 2:09-cv-08128-DMG-PLA   Document 108   Filed 10/13/10   Page 3 of 10   Page ID
#:4522

1    11.    Counterdefendants respond that the allegations in the Complaint

2  speak for themselves.  Moreover, Counterdefendants are in the process of

3  dismissing the claims in their First Amended Complaint which, once granted, will

4  render the allegations of paragraph 11 moot.

5    12.    Counterdefendants respond that the alleged trademark filing speaks

6  for itself.

7    13.    Counterdefendants respond that the alleged USPTO office action

8  speaks for itself.

9    14.    Counterdefendants respond that the alleged trademark filing speaks

10  for itself.

11    15.    Counterdefendants respond that the alleged trademark filing speaks

12  for itself.

13    16.    Counterdefendants respond that the alleged trademark filing speaks

14  for itself.

15    17.    Counterdefendants respond that the alleged USPTO office action

16  speaks for itself.

17    18.    Counterdefendants respond that the alleged trademark filing speaks

18  for itself.

19    19.    Counterdefendants respond that the alleged trademark filing speaks

20  for itself.

21    20.    Counterdefendants respond that the alleged trademark filing speaks

22  for itself.

23    21.    Counterdefendants respond that the alleged trademark filings and

24  USPTO actions speak for themselves, and the allegations in paragraph 21 call for a

25  legal conclusion.

26    22.    Counterdefendants respond that the alleged filings and office actions

27  speak for themselves.  Counterdefendants deny that they failed to comply with any

28  applicable laws or procedures.

Case 2:09-cv-08128-DMG-PLA   Document 112-2   Filed 10/18/10   Page 10 of 22   Page ID
#:4550
Case 2:09-cv-08128-DMG-PLA   Document 108   Filed 10/13/10   Page 4 of 10   Page ID
#:4523

23.   Counterdefendant Grasshopper admits that it has employed keyword advertising.  Except as otherwise admitted to herein, Counterdefendants deny the allegations of paragraph 23.

24.   Counterdefendant Grasshopper admits that it has employed keyword advertising using its own trademarks, trade names and/or identifiers, such as PASSAGES and PASSAGES MALIBU.  Except as otherwise admitted to herein, Counterdefendants generally deny the allegations of paragraph 24.

25.   Counterdefendants deny the allegations of paragraph 25.

26.   Counterdefendants deny the allegations of paragraph 26.

27.   Counterdefendants deny the allegations of  paragraph 27.

28.   Counterdefendants deny the allegations of paragraph 28.  Moreover, the allegations regarding therapists and other counterdefenants who were dismissed from the action are no longer operative pursuant to the Court's Order of July 12, 2010 in connection with the Motion to Dismiss the First Amended Counterclaims.

29.   Counterdefendants deny the allegations of paragraph 29.  Moreover, the allegations regarding therapists and other counterdefenants who were dismissed from the action are no longer operative pursuant to the Court's Order of July 12, 2010 in connection with the Motion to Dismiss the First Amended Counterclaims.

30.   Counterdefendants deny the allegations of paragraph 30.  Moreover, the allegations regarding therapists and other counterdefenants who were dismissed from the action are no longer operative pursuant to the Court's Order of July 12, 2010 in connection with the Motion to Dismiss the First Amended Counterclaims.

31.   Counterdefendants lack sufficient knowledge or information to form a belief as to the "producer" of the alleged infomercial.

ANSWER TO FIRST AMENDED COUNTERCLAIMS

Case 2:09-cv-08128-DMG-PLA   Document 112-2   Filed 10/18/10   Page 11 of 22   Page ID
#:4551
Case 2:09-cv-08128-DMG-PLA   Document 108   Filed 10/13/10   Page 5 of 10   Page ID
#:4524

1    32.    Counterdefendants respond that the alleged "infomercial" speaks for

2    itself.

3    33.    Counterdefendants respond that the alleged "infomercial" speaks for

4    itself.

5    34.    Counterdefendants respond that the alleged "infomercial" speaks for

6    itself.

7    35.    Counterdefendants lack sufficient knowledge or information to form a

8    belief as to the truth or falsity of the allegations of paragraph 35.

9    36.    Counterdefendants lack sufficient knowledge or information to form a

10   belief as to the truth or falsity of the allegations of paragraph 36.

11   37.    Counterdefendants lack sufficient knowledge or information to form a

12   belief as to the truth or falsity of the allegations of paragraph 37.

13   38.    Counterdefendants lack sufficient knowledge or information to form a

14   belief as to the truth or falsity of the allegations of paragraph 38.

15   39.    Counterdefendants respond that the alleged webpage speaks for itself.

16   40.    Paragraph 40 is no longer operative pursuant to the Court's Order of

17   July 12, 2010 in connection with the Motion to Dismiss the First Amended

18   Counterclaims.

19   41.    Paragraph 41 is no longer operative pursuant to the Court's Order of

20   July 12, 2010 in connection with the Motion to Dismiss the First Amended

21   Counterclaims.

22   42.    Counterdefendants deny the allegations of paragraph 42.

23   43.    Counterdefendants deny the allegations of paragraph 43.

24   44.    Counterdefendants lack sufficient knowledge or information to form a

25   belief as to the truth or falsity of the allegations of paragraph 44.

26   45.    Counterdefendants lack sufficient knowledge or information to form a

27   belief as to the truth or falsity of the allegations of paragraph 45.

28   46.    Counterdefendants admit the allegations of paragraph 46.

-5-

ANSWER TO FIRST AMENDED COUNTERCLAIMS

Case 2:09-cv-08128-DMG-PLA   Document 108   Filed 10/13/10   Page 6 of 10   Page ID
#:4525

1    47.    Counterdefendants admit the allegations of paragraph 47.

2    48.    Counterdefendants deny the allegations of paragraph 48.

3    49.    Counterdefendants deny the allegations of paragraph 49.

4    50.    Counterdefendants deny the allegations of paragraph 50.

5    51.    Counterdefendants deny the allegations of paragraph 51.

6    52.    Counterdefendants admit the allegations of paragraph 52.

7    53.    Counterdefendants lack sufficient knowledge or information to form a

8    belief as to the truth or falsity of the allegations of paragraph 53.

9    54.    Counterdefendants lack sufficient knowledge or information to form a

10   belief as to the truth or falsity of the allegations of paragraph 54.

11   55.    There are no allegations in paragraph 55 in which to respond.

12   56.    Counterdefendants admit the allegations of paragraph 56, however,

13   Plaintiffs are in the process of dismissing the claims in their First Amended

14   Complaint which, once granted, will render the allegations of paragraph 56 moot.

15   57.    Counterdefendants lack sufficient knowledge or information to form a

16   belief as to the truth or falsity of the allegations of paragraph 57.  Moreover,

17   Plaintiffs are in the process of dismissing the claims in their First Amended

18   Complaint which, once granted, will render the allegations of paragraph 57 moot.

19   58.    Counterdefendants lack sufficient knowledge or information to form a

20   belief as to the truth or falsity of the allegations of paragraph 58.  Moreover,

21   Plaintiffs are in the process of dismissing the claims in their First Amended

22   Complaint which, once granted, will render the allegations of paragraph 58 moot.

23   59.    There are no allegations in paragraph 59 in which to respond.

24   60.    Counterdefendants deny the allegations of paragraph 60.

25   61.    Counterdefendants deny the allegations of paragraph 61.

26   62.    Counterdefendants lack sufficient knowledge or information to form a

27   belief as to the truth or falsity of the allegations of paragraph 62.

28   63.    There are no allegations in paragraph 63 in which to respond.

-6-

1    64.    Counterdefendants deny the allegations of paragraph 64.

2    65.    Counterdefendants deny the allegations of paragraph 65.

3    66.    Counterdefendants deny the allegations of paragraph 66.

4    67.    Counterdefendants deny the allegations of paragraph 67.

5    68.    Counterdefendants deny the allegations of paragraph 68.

6    69.    Counterdefendants deny the allegations of paragraph 69.

7    70.    This paragraph is no longer operative pursuant to the Court's Order of
8  July 12, 2010 in connection with the Motion to Dismiss the First Amended
9  Counterclaims.

10   71.    This paragraph is no longer operative pursuant to the Court's Order of
11  July 12, 2010 in connection with the Motion to Dismiss the First Amended
12  Counterclaims.

13   72.    This paragraph is no longer operative pursuant to the Court's Order of
14  July 12, 2010 in connection with the Motion to Dismiss the First Amended
15  Counterclaims.

16   73.    This paragraph is no longer operative pursuant to the Court's Order of
17  July 12, 2010 in connection with the Motion to Dismiss the First Amended
18  Counterclaims.

19   74.    This paragraph is no longer operative pursuant to the Court's Order of
20  July 12, 2010 in connection with the Motion to Dismiss the First Amended
21  Counterclaims.

22   75.    This paragraph is no longer operative pursuant to the Court's Order of
23  July 12, 2010 in connection with the Motion to Dismiss the First Amended
24  Counterclaims.

25   76.    This paragraph is no longer operative pursuant to the Court's Order of
26  July 12, 2010 in connection with the Motion to Dismiss the First Amended
27  Counterclaims.

28

-7-

ANSWER TO FIRST AMENDED COUNTERCLAIMS

## AFFIRMATIVE DEFENSES

1.      The Counterclaims, and each of them, fail to state a claim upon which relief may be granted.

2.      The Counterclaims, and each of them, should be dismissed for lack of subject matter jurisdiction.

3.      Counterclaimant's damages, if any, were not proximately caused by Counterdefendants.

4.      The Counterclaims, and each of them, are barred by the doctrine of unclean hands and *en pari delicto*.

5.      The Counterclaims, and each of them, are frivolous and advanced in bad faith for a stated improper purpose.

6.      Counterclaimant failed to mitigate its damages, if any.

7.      The Counterclaims, and each of them, are subject to the economic loss rule.

8.      Counterclaimant's damages, if any, were caused by a third party or by the Counterclaimant itself.

9.      The Counterclaims, and each of them, are barred by the applicable statute of limitations.

10.     The Counterclaims, and each of them, barred by the doctrine of laches.

11.     The Counterclaims, and each of them, are barred by the doctrine of waiver.

12.     The Counterclaims, and each of them, are barred by the doctrine of estoppel.

13.     Counterdefendants did not undertake any actions that were deceptive; or that constitute a false statement or misrepresentation of fact; or that create a likelihood of confusion as to course, sponsorship or affiliation with respect to

ANSWER TO FIRST AMENDED COUNTERCLAIMS

1    Counterclaimant's and Counterdefendants' respective businesses, services and

2    products.

3         14.     To the extent that Counterdefendants have used any marks that

4    Counterdefendants do not own or have a right to use in the manner in which they

5    were used, as alleged in the Counterclaims, any such use constitutes a fair use of

6    such marks.

7         15.     To the extent that Counterdefendants have used any marks that

8    Counterdefendants do not own or have a right to use in the manner in which they

9    were used, as alleged in the Counterclaims, any such use does not constitute use in

10    commerce of such marks.

11         16.     The marks to which Counterclaimant claims to own are generic, are

12    not distinctive, and have acquired no secondary meaning.

13         17.     Counterclaimant has not alleged facts, and Counterdefendants have

14    not engaged in conduct, that entitles Counterclaimant to an award of attorneys'

15    fees.

16         18.     Counterdefendants have not willfully infringed on any of the alleged

17    marks complained of in the Counterclaims.

18         19.     Counterclaimant's claims for injunctive relief are barred because,

19    even if Counterclaimant was to prevail, there is an adequate remedy at law.

20         20.     Counterclaimant has suffered no damages and/or the damages that it

21    claims are speculative, and therefore, not recoverable.

22         21.     At all times, Counterdefendants have acted in a commercially

23    reasonable and lawful manner.

24    / / /

25    / / /

26    / / /

27    / / /

28    / / /

-9-

ANSWER TO FIRST AMENDED COUNTERCLAIMS

1        22.    Counterclaimant lacks standing to bring any claims based on

2  trademark, because it is not the owner of any of the alleged marks identified in the

3  Counterclaims.

4

5  Dated: October 13, 2010         WOLF, RIFKIN, SHAPIRO,
                                     SCHULMAN & RABKIN, LLP

6

7                                    /s/
                       By:_____

8                         CHARLES J. HARDER
                       Attorneys for Plaintiffs and Counterdefendants

9                       GRASSHOPPER HOUSE, LLC;
                       PASSAGES SILVER STRAND, LLC; and

10                    PAX PRENTISS

11

12

13  Dated: October 13, 2010         LAW OFFICES OF THOMAS A. NITTI

14                                    /s/
                       By:_____

15                       THOMAS A. NITTI
                       Attorneys for Counterdefendant

16                    CHRIS PRENTISS

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO FIRST AMENDED COUNTERCLAIMS

# EXHIBIT C



**Fox Rothschild** LLP
ATTORNEYS AT LAW

1800 Century Park East, Suite 300
Los Angeles, CA 90067-1506
Tel 310.598.4150  Fax 310.556.9828
www.foxrothschild.com

James E. Doroshow
Direct Dial:  (310) 228-6990
Email Address:  jdoroshow@foxrothschild.com

October 14, 2010

**VIA EMAIL AND FACSIMILE**

Charles J. Harder, Esq.
Wolf Rifkin Shapiro Schulman & Rabkin
11400 W Olympic Blvd 9FL
Los Angeles, CA 90064
Fax:310-479-1422

Thomas A. Nitti
Law Ofc Thomas A Nitti
1250 6th St #205
Santa Monica, CA 90401-1637
Fax:  310-576-3581

Re:     **Grasshopper House, LLC v. Accelerated Recovery Centers, LLC**

Dear Mr. Harder and Mr. Nitti:

I see that your offices filed an Answer on behalf of your clients yesterday on October 13, 2010. As you were clearly aware from the Court July 12, 2010 Order Re Plaintiffs/Counterdefendants' Motion to Dismiss Amended Counterclaim, your clients were given 15 days from the entry of the Order to file a responsive pleading.  Order, page 11, paragraph 5.  As such, a responsive pleading was due on or before July 27, 2010.

Since you failed to respond in a timely manner (in fact filed an Answer two and one-half months after it was due), and filed the Answer on the eve of the discovery cutoff date, my office will be filing a Motion to Strike the Answer and asking the Court to enter your clients' default.  Since the motion cutoff date is November 1, 2010, and because of your late filing of the Answer at this time, we do not have time to hear this Motion on a regularly noticed basis.  Accordingly, I am going to be filing an *ex parte* Application with the Court to hear the matter on shortened notice,

A Pennsylvania Limited Liability Partnership

California     Connecticut     Delaware     Florida     Nevada     New Jersey     New York     Pennsylvania

Charles J. Harder, Esq.
Thomas A. Nitti, Es2q.
October 14, 2010
Page 2

or after the motion cutoff date.  Please let me know immediately if you intend to oppose this Application so we can inform the Court of your position.

Very truly yours,

*[signature]*

James E. Doroshow

LA1 58377v1 10/14/10

# EXHIBIT D

## Doroshow, James E.

**From:** Charles Harder [charder@wrslawyers.com]
**Sent:** Friday, October 15, 2010 10:01 AM
**To:** Doroshow, James E.
**Subject:** Re: Grasshopper House, LLC v. Accelerated Recovery Centers, LLC

We obviously disagree and oppose.

----- Original Message -----
From: Doroshow, James E. <JDoroshow@foxrothschild.com>
To: LeBrane, Claudia A. <CLeBrane@foxrothschild.com>; Charles Harder; tnitti@prodigy.net <tnitti@prodigy.net>
Sent: Fri Oct 15 09:51:28 2010
Subject: RE: Grasshopper House, LLC v. Accelerated Recovery Centers, LLC

Since you have not responded, we will inform the Court that you have failed to do so.

From: LeBrane, Claudia A.
Sent: Thursday, October 14, 2010 12:09 PM
To: 'Charles Harder (charder@wrslawyers.com)'; 'tnitti@prodigy.net'
Cc: Doroshow, James E.
Subject: Grasshopper House, LLC v. Accelerated Recovery Centers, LLC

Dear Mr. Harder and Mr. Nitti:

Attached please find correspondence of today's date from Mr. Doroshow regarding the above matter.

Claudia A. LeBrane
Legal Administrative Assistant to
James E. Doroshow
and Ismael Bautista
Fox Rothschild LLP
1800 Century Park East, Suite 300
Los Angeles, California 90067
Direct Tel: 310-598-4163
Fax: 310-556-9828
clebrane@foxrothschild.com <mailto:l@foxrothschild.com>
www.foxrothschild.com <http://www.foxrothschild.com/>

P Help save our environment by printing this document only if necessary.

ATTENTION:

IRS CIRCULAR 230 DISCLOSURE:
Pursuant to Treasury Regulations, any tax advice contained in this communication
(including any attachments) is not intended or written to be used, and cannot be
used or relied upon by you or any other person, for the purpose of (i) avoiding
penalties under the Internal Revenue Code, or (ii) promoting, marketing or
recommending to another party any tax advice addressed herein.
-------------------------------------------
This e-mail contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for
the use of the Individual(s) named above. If you are not the intended recipient

10/18/2010

of this e-mail, or the employee or agent responsible for delivering this to the
intended recipient, you are hereby notified that any dissemination or copying
of this e-mail is strictly prohibited. If you have received this e-mail in error,
please immediately notify us by telephone at (215)-299-2167 or notify us by
e-mail at helpdesk@foxrothschild.com.  Also, please mail a hardcopy of the e-mail
to Fox Rothschild LLP, 2000 Market Street, Philadelphia PA 19103-3291 via the
U.S. Postal Service.  We will reimburse you for all expenses incurred.

Thank you.

10/18/2010