UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GRASSHOPPER HOUSE, LLC, etc., et al., <br><br> Plaintiffs, <br><br> v. <br><br> ACCELERATED RECOVERY CENTERS, LLC, <br><br> Defendant. <br><br> and related counterclaims. | No. CV 09-8128-DMG (PLAx) <br><br> **ORDER RE: MOTIONS TO COMPEL DISCOVERY** |

In this action, plaintiff and counterdefendant Grasshopper House, LLC ("Grasshopper"), an operator of an alcohol and drug addiction treatment facility, has asserted claims against competitor defendant and counterclaimant Accelerated Recovery Centers ("Accelerated") for trademark infringement and false advertising under the Lanham Act (15 U.S.C. § 1125(a)), based on the alleged infringing use of keywords in internet advertising and alleged misstatements by Accelerated concerning its alcoholism treatment programs. Accelerated filed counterclaims alleging, inter alia, unfair competition under the Lanham Act based upon Grasshopper's allegedly false assertion in advertising that it can "cure" alcoholism and drug addiction, and its unauthorized

use of third parties' keywords in internet advertising.  Now pending before the Court are three discovery motions: 1.  Accelerated's motion to compel counterdefendants Chris Prentiss and Pax Prentiss to provide full responses to Accelerated's interrogatories, filed on October 5, 2010 (the "Accelerated Motion to Compel"); 2.  plaintiff and counterdefendant Passages Silver Strand's ("Passages") motion to compel Accelerated to provide further interrogatory responses, filed on October 5, 2010 (the "Passages Motion to Compel"); and 3.  Grasshopper's motion to compel production of documents from Accelerated, filed on October 5, 2010 (the "Grasshopper Motion to Compel").  All three motions were set for hearing on October 26, 2010, just five days before the November 1, 2010, discovery cut-off established by the District Judge on February 22, 2010.  The Court has concluded that oral argument will not be of material assistance in determining any of the Motions.  Accordingly, the hearings scheduled for October 26, 2010, are **ordered off calendar** (see Local Rule 7-15).

**The Accelerated Motion to Compel**

Counterdefendants Chris Prentiss and Pax Prentiss ("counterdefendants") responded to Accelerated's interrogatories on August 31, 2010.[1]  Accelerated represents that counterdefendants did not answer a single interrogatory, and only raised objections, many of which had already been considered and rejected by the Court in a discovery order issued prior to the time counterdefendants provided their responses. Although counsel for counterdefendants represented that their responses would be supplemented within a week, no such supplementation occurred until September 27, 2010.  Accelerated complains that counterdefendants continue to object to and have failed to provide any responses to five out of ten interrogatories.

Counterdefendants contend, among other things, that Accelerated made no effort to meet and confer concerning their September 27, 2010, supplemental responses before filing this Motion, that they have since (after the instant Motion was filed) served a **second** supplemental

---

[1] As Accelerated does not complain that these responses were untimely, the Court assumes that Accelerated propounded the interrogatories on counterdefendants approximately 30 days earlier, i.e., on or about August 1, 2010.

2

response to the interrogatories, and that Accelerated filed its motion to compel without including counterdefendants' portion of the joint stipulation.[2]  In any event, counterdefendants assert that their Supplemental and Second Supplemental responses to the interrogatories are "responsive and complete."

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, discovery is permitted of "any nonprivileged matter that is relevant to any party's claim or defense."  Generally, Rule 26(b) is to be "liberally interpreted to permit wide-ranging discovery of information," even if that information is not ultimately admitted at trial.  See Comcast of Los Angeles, Inc. v. Top End International, Inc., 2003 WL 22251149, at *2 (C.D. Cal. July 2, 2003); see also Fed.R.Civ.P. 26(b)(1) ("Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.").  Here, as to the Accelerated Motion to Compel, the burden is on counterdefendants, as the party resisting further discovery responses, to show that supplemental responses should not be ordered (Comcast, 2003 WL 22251149, at *2 (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)).  Neither is it the role of the Court in this Motion to determine what evidence the District Judge will actually allow in at a trial in this case.  See, e.g., Colonial Life & Accident Insur. Co. v. Superior Court of Los Angeles County, 31 Cal.3d 785, 791, n. 8 (1982) (quoting Pacific Tel. & Tel. Co. v. Superior Court, 2 Cal.3d 161, 172-73 (1970) ("[Courts] may appropriately give the applicant [for discovery] substantial leeway, especially when the precise issues of the litigation of the governing legal standards are not clearly established [citation]; a decision of relevance for purposes of discovery is in no sense a determination of relevance for purposes of trial.") (brackets in original)).

The Court has reviewed the challenged interrogatories, counterdefendants' responses, supplemental responses, and second supplemental responses, as well as the contentions of both

---

[2] Counsel by now are well aware of the Court's attitude concerning the conduct of counsel in this matter, of the petty bickering that has colored this litigation, and of the disservice to the parties resulting from such conduct.  The Court will not address the lengthy and tedious litigation history provided by counsel in the motions, or any of the multitude of accusations about discovery violations, past and present, for which relief is not specifically being sought by the various motions.  Instead, this Order addresses only those specific discovery issues raised in the motions.

parties, and finds that Accelerated's arguments concerning the need for supplemental responses are well taken as to most of the interrogatories at issue in the Accelerated Motion to Compel. The Court rules as follows:

Interrogatory No. 2: **granted**

Both counterdefendants must provide a further response specifically identifying, by title and/or description, **all** responsive documents. "Brochure materials" is too vague a term to be responsive.

Interrogatory No. 3: **granted**

Both counterdefendants must provide a further response specifically identifying the subject communications, including the dates and the context of the communications, for the time period January 1, 2007, to the present. To the extent counterdefendants are claiming that the requested information has already been produced in discovery, and that no further responsive information exists, they must each submit a declaration, signed under penalty of perjury, that the previously-produced discovery completely responds to this interrogatory, and must identify which documents are responsive.

Interrogatories Nos. 4, 6, 7, 10: **granted**

Accelerated seeks the names of those individuals of whom counterdefendants are aware who have denied or refuted plaintiffs' ability to cure drug or alcohol addiction, or who have stated they were not cured of addiction by plaintiffs, or who plaintiffs have cured, or who plaintiffs tried but failed to cure. Counterdefendants object to these interrogatories on the basis that disclosing the names of Grasshopper's or Passages' current or former patients, and others with the relevant information, would violate the patients' privacy rights under California law (including the California Constitution), various provisions of the United States Code and Code of Federal Regulations pertaining to the Health Insurance Portability and Accountability Act ("HIPAA"), Pub.L. No. 104-191, 110 Stat. 1936 (codified in scattered sections of 42 U.S.C.), and the United States Constitution. (See Joint Stipulation at pp. 22-25 (citing United States Constitution; 42 U.S.C. §

4

1  290dd-2; 42 C.F.R. § 2.2; 45 C.F.R. § 164.502; California Constitution; Cal. Heath & Safety Code
2  § 11845.5)).

3  Counterdefendants' objections are rejected.  "The privacy interest in one's confidential
4  medical records is conditional and a limited impairment of the right may be allowed if properly
5  justified."  Hutton v. City of Martinez, 219 F.R.D. 164, 166 (N.D. Cal. 2003) (citing Soto v. City of
6  Concord, 162 F.R.D. 603, 618 (N.D. Cal. 1995)).  First, because the Court has federal question
7  jurisdiction over this action (see Complaint at ¶ 4), any privacy or privilege determinations are
8  governed by federal, rather than by California law.  See Fed.R.Ev. 501; see also Hutton, 219
9  F.R.D. at 166 (dismissing assertions of California state privilege, including those rights of privacy
10 "only available explicitly under the California Constitution," as not recognized under federal law);
11 A Helping Hand, LLC v. Baltimore County, 295 F.Supp.2d 585, 592 (D. Md. 2003) (rejecting drug
12 treatment program's argument that discovery of its patients' information would violate state privacy
13 provisions where the lawsuit was governed by federal, rather than state law).  Second, "[e]ven
14 assuming the patient data is covered by HIPAA, the HIPAA regulations permit discovery of
15 protected health information so long as a court order or agreement of the parties prohibits
16 disclosure of the information outside the litigation and requires the return of the information once
17 the proceedings are concluded."  A Helping Hand, LLC, 295 F.Supp.2d at 592; see 45 C.F.R. §
18 164.512(e) (a health care provider may disclose "protected health information in the course of any
19 judicial or administrative proceeding ... [i]n response to an order of a court or administrative
20 tribunal, provided that the covered entity discloses only the protected health information expressly
21 authorized by such order"); see also 42 U.S.C. § 290dd-2(a), (b) (even if a patient does not give
22 consent, records of "the identity, diagnosis, prognosis, or treatment of any patient which are
23 maintained in connection with the performance of any program or activity relating to substance
24 abuse education, prevention, training, treatment, rehabilitation, or research" may be released by
25 a treatment provider "[i]f authorized by an appropriate order of a court of competent jurisdiction
26 granted after application showing good cause"), 20 C.F.R. § 2.2 (same).  Here, Accelerated has
27 filed counterclaims against counterdefendants alleging that counterdefendants' assertions that
28 they can cure addiction are false.  The requested information goes to the heart of that assertion.

As such, the Court finds that Accelerated's need for this information outweighs the privacy concerns expressed by counterdefendants. The Protective Order already established in this case adequately safeguards against the privacy concerns raised by counterdefendants in the Joint Stipulation. Accordingly, counterdefendants' objections to these interrogatories are **denied**. See Hutton, 219 F.R.D. at 167.  The Court orders that counterdefendants fully respond to these interrogatories for the time frame January 1, 2007, to the present.  To the extent counterdefendants desire to do so, the responsive information may be produced pursuant to the Protective Order previously entered in this action.

Interrogatory No. 5: **granted**

Accelerated alleges that plaintiff Grasshopper has marketed itself as able to cure addiction, and has presented evidence that counterdefendant Pax Prentiss has written in a book authored by counterdefendant Chris Prentiss that Pax Prentiss' ability to overcome his drug addiction "was the start of what has become the world's most successful treatment center." Joint Stipulation, Ex. H. Whether Pax Prentiss has used drugs or alcohol in the last five years, despite his claims to have been cured of addiction, is thus relevant to the claims of Accelerated.  Counterdefendants must respond to this interrogatory.

Interrogatory No. 8: **denied**

By referencing specific documents previously produced, which counterdefendants represent describe their treatment programs, counterdefendants rely on Fed.R.Civ.P. 33(d) to respond to this interrogatory.  The response is sufficient.  In any event, as Accelerated attacks counterdefendants' allegedly false claims to be able to cure addiction, how they go about that treatment is not relevant.

**The Passages Motion to Compel**

Passages propounded interrogatories on Accelerated on April 23, 2010.  Responses were served on June 4, 2010.  On September 20, 2010, Passages started the Local Rule 37 meet and confer process by sending Accelerated the necessary letter regarding the purportedly insufficient responses.  Despite an alleged agreement by Accelerated to provide further responses, no further

responses have been provided. Accelerated, however, complains that Passages, having done nothing for four months, and just one month before the discovery cut-off, has waited too long to seek to compel further responses. In any event, Accelerated served supplemental responses on Passages on October 12, 2010, "within the time frame and in the manner Accelerated's counsel told [Passage's] counsel it would supplement before [Passages] filed its unnecessary Motion to Compel." Supplemental Declaration of James E. Doroshow, ¶ 2.

The interrogatories in the Passages Motion to Compel relate to Accelerated's counterclaims. The Court, having reviewed the supplemental responses provided by Accelerated, finds that the following interrogatory responses are adequate, and need not be supplemented: **Interrogatories Nos. 2, 4, 6**. The following interrogatories must be supplemented, but only to the extent that for any individuals identified in response to the interrogatories, other than parties to this action or individuals aligned with plaintiffs, Accelerated must provide their contact information: **Interrogatories Nos. 3, 5, 7, 11**. As for **Interrogatory No. 10**, to the extent Accelerated intends to present evidence of its damages from the financial data provided by counterdefendants Chris and Pax Prentiss, it must state those facts from that data upon which it will rely to support its alleged damages. To the extent it intends to present evidence of its damages from sources other than the financial data provided by counterdefendants Chris and Pax Prentiss, it must state those facts upon which it will rely. To the extent Accelerated has not done so, the supplemental interrogatory responses served on October 12, 2010, and the supplemental responses to be served pursuant to this Order, must be verified, under oath, by a corporate officer.

**The Grasshopper Motion to Compel**

Grasshopper propounded 133 requests for documents on Accelerated on April 23, 2010. Accelerated served written responses and objections on June 4, 2010, in which it acknowledged that it has responsive documents, and agreed to produce them. On August 3, 2010, having received no documents, Grasshopper initiated the Local Rule 37 meet and confer procedure. As of September 20, 2010, despite Accelerated's alleged representations that it would produce documents, it had still not produced a single document in this action. A second meet and confer

occurred on September 21, 2010, and a third meeting occurred two days later, at which Accelerated purportedly represented that it would not produce documents. As with the Passages Motion to Compel, Accelerated complains in the Grasshopper Motion to Compel that Grasshopper, having done nothing for two months to seek further responses, and just one month before the discovery cut-off, has waited too long to seek to compel further responses. Accelerated also contends that many of the document requests relate to plaintiff's First Amended Complaint, and that since Grasshopper intends to dismiss the First Amended Complaint, and as Grasshopper's counsel has previously taken the position that it does not need documents from Accelerated related to those claims, it need not provide those documents. Grasshopper has since changed course, and now seeks documents as to each of the 133 original document requests.[3] Accelerated also informed Grasshopper that a protective order would be needed prior to production of any confidential documents, if any such documents were requested. A protective order was entered on August 27, 2010.

The District Judge ordered on February 22, 2010, that the discovery deadline in this action (November 1, 2010) is **"NOT THE DATE BY WHICH DISCOVERY REQUESTS OR DISCOVERY MOTIONS MUST BE FILED AND SERVED; IT IS THE DATE BY WHICH ALL DISCOVERY, INCLUDING ALL HEARINGS ON ANY RELATED MOTIONS, IS TO BE COMPLETED,"** and that "[a]ny motion challenging the adequacy of responses to discovery must be filed, served and calendared sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date, if the motion is granted." (See February 22, 2010, Order, Docket No. 26 at pp. 2-3). Accelerated argues that the filing of the Grasshopper Motion to Compel is at odds with the discovery deadline. Accelerated implicitly contends that it cannot be expected to provide responses to 133 document requests prior to November 1, 2010.

---

[3] While plaintiffs have moved to dismiss the First Amended Complaint without prejudice, Accelerated has opposed that motion (Docket No. 78). The motion has been taken under submission by the District Judge, and is still pending. Docket Nos. 89, 90. As Accelerated has opposed dismissal of the First Amended Complaint, it should not be surprised that Grasshopper now seeks documents related to the First Amended Complaint.

8

Nevertheless, Accelerated did represent, back in June, 2010, that as to most, if not all, of the requests, it would "produce all responsive, non-privileged documents, if any, within its custody and control." It then did not produce anything. While Grasshopper delayed in bringing this failure to the Court's attention, Accelerated should not be rewarded for not producing the relevant documents as promised (or at a minimum, those documents **not** related to the claims in the First Amended Complaint), and then waiting for the clock to run out. Indeed, Accelerated has now had close to six months to produce responsive documents, and does not dispute Grasshopper's contention that it has not produced a single document. The Court has considered the District Judge's order concerning the discovery cut-off, the remaining time before that deadline arrives, the parties' positions concerning representations made by both sides, the amount of time that Accelerated has had since the requests were first made to gather responsive documents, and the burden to respond within the time remaining, and concludes that Grasshopper is entitled to documents responsive to its requests.[4] Accordingly, Accelerated will have to produce all responsive documents in its possession, custody or control.[5]

Based on the foregoing, IT IS ORDERED THAT:

1.  The Accelerated Motion to Compel (Docket No. 91) is **granted and denied** as set forth above. Consistent with the Court's discussion supra, counterdefendants are ordered to provide all supplemental interrogatory responses **no later than November 1, 2010**. Counterdefendants shall also produce a verification, signed under penalty of perjury, that all of the interrogatory responses are true and correct.

2.  The Passages Motion to Compel (Docket No. 95) is **granted and denied** as set forth above. Consistent with the Court's discussion supra, Accelerated is ordered to provide all supplemental interrogatory responses **no later than November 1, 2010.** To the extent

---

[4] The Court finds that all of the discovery ordered herein as to the three motions can be produced consistent with the District Judge's discovery order and cut-off deadline.

[5] The Court **overrules** Accelerated's various other boilerplate objections raised to the document requests -- including relevance, vagueness, and the assertions of equal accessability, burden of production, and that the requests are overbroad -- as not well-taken and/or lacking substantiation.

9

Accelerated has not done so, the supplemental interrogatory responses served on October 12, 2010, and the supplemental responses to be served pursuant to this Order, must be verified, under oath, by a corporate officer.

3.  The Grasshopper Motion to Compel (Docket No. 94) is **granted** as set forth above. Consistent with the Court's discussion <u>supra</u>, Accelerated is ordered to provide all documents responsive to Grasshopper's requests[6] **no later than November 1, 2010.** Accelerated shall also produce a detailed privilege log containing those documents, if any, that it is withholding from production based on its assertion of the attorney-client privilege and/or work-product doctrine. To the extent Accelerated produces any document or other information that is designated confidential in nature, such document or information may be produced pursuant to the Protective Order previously entered in this action. Concurrently with this production of documents, Accelerated shall submit a declaration, signed by a corporate officer under penalty of perjury, that all responsive documents in its possession, custody or control have been produced.

4.  The parties' requests for sanctions under Fed.R.Civ.P. 37 are **denied**.

**IT IS SO ORDERED**.

DATED: October 19, 2010

_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

---

[6] If the First Amended Complaint is dismissed prior to November 1, 2010, then those requests for documents that relate solely to the claims raised in the First Amended Complaint need not be produced.